**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re 2u, Inc., Securities Class Action | Case 1:19-cv-07390-RA |

**MEMORANDUM OF LAW IN SUPPORT OF ERIK FJELLBORG'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................... 1

II.    SUMMARY OF THE CONSOLIDATED ACTIONS...................................................... 2

III.   ARGUMENT............................................................................................................ 4

    a.    The PLSRA Standard for Appointing Lead Plaintiff................................................ 4

    b.    Mr. Fjellborg Is the "Most Adequate Plaintiff" under the Exchange Act ................. 5

        1.    Mr. Fjellborg Has Satisfied the PSLRA's Procedural Requirements ................6

        2.    Mr. Fjellborg Has the Largest Financial Interest in the Relief Sought
            by the Class ...........................................................................................6

    c.    Mr. Fjellborg Is Qualified Under Rule 23 ................................................................. 7

        1.    Mr. Fjellborg's Claims Are Typical of the Claims of the Class .......................8

        2.    Mr. Fjellborg's Will Fairly and Adequately Represent the Class'
            Interests ................................................................................................9

        3.    This Court Should Approve Mr. Fjellborg's Choice of Counsel......................10

IV.    CONCLUSION....................................................................................................... 10

i

## TABLE OF AUTHORITIES

**Cases**

*Huang v. Airmedia Group Inc.*, 1:15-cv-4966 (ALC)
  2015 WL 10846763, at *2 (S.D.N.Y. Nov. 10, 2015) ................................................................. 8

*In re Bear Stearns Co. Inc. Deriv., & ERISA Litig.*,
  No. 08 M.D.L. 1963, 2009 WL 50132, (S.D.N.Y. Jan. 5, 2009) ................................................. 1

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
  No. 16cv03495, 2016 WL 5867497 (S.D.N.Y. Oct. 4, 2016) ......................................... 7, 8, 10

*In re Drexel Burnham Lambert*,
  960 F.2d 285 (2d Cir. 1992) ....................................................................................................... 9

*Indergit v. Rite Aid Corp.*,
  293 F.R.D. 632 (S.D.N.Y. 2013) ............................................................................................... 9

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 112,120 (S.D.N.Y. 2010) ....................................................................................... 7

*Kux-Kardos v. VimpelCom, Ltd.*,
  151 F. Supp. 3d 471 (S.D.N.Y. 2016) ....................................................................................... 6

*Logan v. QRx Pharma Ltd.*,
  No. 15 CIV. 4868, 2015 WL 5334024 (S.D.N.Y. Sept. 14, 2015) ............................................ 8

*Peters v. Jinkosolar Holding Co., Ltd.*,
  2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ............................................................................. 8

**Statutes**

15 U.S.C. § 78j(b) .......................................................................................................................... 1

15 U.S.C. § 78t(a) ........................................................................................................................... 1

15 U.S.C. § 78u-4, *et seq.* ..................................................................................................... passim

**Rules**

Fed. R. Civ. P. 23 .......................................................................................................................... 11

Fed. R. Civ. P. 23(a) ................................................................................................................ 10.11

Fed. R. Civ. P. 23(a)(4) ............................................................................................................ 2,8,9

Putative class member Erik Fjellborg, by his counsel, respectfully submits this memorandum of law pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order appointing Mr. Fjellborg as lead plaintiff and approving his selection of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") to serve as lead counsel under 15 U.S.C. § 78u-4(a)(3)(B)(v).

Mr. Fjellborg believes that he has the largest financial interest in the outcome of this litigation and is thus presumptively entitled to be appointed lead plaintiff and that his choice of counsel should be approved.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## I.      INTRODUCTION

This securities class action alleges claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, against 2U, Inc. ("2U" or the "Company") and certain of its current executives for violations of federal securities laws on behalf of all persons and entities who purchased 2U securities between February 25, 2018 and July 30, 2019 both dates inclusive (the "Class Period").[1]

Mr. Fjellborg is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed lead plaintiff on behalf of all investors who purchased 2U securities during the Class

---

[1] On August 26, 2019, the Court consolidated the action captioned *Harper v. 2U, Inc., et al.*, Case 1:19-cv-07390-RA, which alleges a class period of February 25, 2019 through July 30, 2019 ("*Harper* Action"), and the action captioned *Chinn v. 2U, Inc., et al.*, Case 1:19-cv-07479-RA, which alleges a class period of February 26, 2019 through July 30, 2019 ("*Chinn* Action").  *See* ECF No. 10, *Harper* Action.  For the purposes of appointing the lead plaintiff, the longer class period alleged in the *Harper* Action governs.  *See e.g.*, *In re Bear Stearns Co. Inc. Deriv., & ERISA Litig.*, No. 08 M.D.L. 1963, 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) (noting that when initial complaints allege multiple class periods, "the lead plaintiff analysis should utilize the most inclusive class period because it encompasses more potential class members") (citation omitted).

Period.  Mr. Fjellborg incurred losses of approximately $74,342 on his Class Period transactions in 2U securities. *See* Exhibit A (Mr. Fjellborg's Sworn certification pursuant to the PSLRA) to the Declaration of Jeffrey P. Campisi in Support of Erik Fjellborg's Motion for Appointment as Lead Plaintiff and Appointment of Lead Counsel, dated October 7, 2019 ("Campisi Decl."); Exhibit B (Chart reflecting Erik Fjellborg's estimated losses).

In addition to asserting the largest financial interest in this litigation, Mr. Fjellborg also meets the applicable requirements of Rule 23 because (1) his claims arise from the same course of events as those of the other Class members, (2) he relies on similar legal theories to prove Defendants' liability, and (3) he has retained experienced counsel and is committed to vigorously prosecuting the Action.

Further, Mr. Fjellborg fully understands the lead plaintiff's obligations under the PSLRA, and is willing and able to undertake the responsibilities of a lead plaintiff to guarantee vigorous prosecution of the Action.  *See* Campisi Decl. Ex. A.  Therefore, Mr. Fjellborg respectfully requests that the Court approve his choice of Kaplan Fox as lead counsel for the Class.  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").  Kaplan Fox is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors.  *See* Campisi Decl., Ex. C.

Accordingly, Mr. Fjellborg respectfully requests that the Court appoint him lead plaintiff for the proposed Class, and approve his selection of lead counsel.

## II.    SUMMARY OF THE CONSOLIDATED ACTIONS

2U, based in Lanham, Maryland, is an education technology company that works with universities to provide online graduate programs and certificates for working adults.  *Harper*

Action, ECF No. 1, ¶ 2.  It is alleged that during the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. *Id.* ¶ 8; *Chinn* Action, ECF No. 1, ¶ 3.[2]

During the Class Period, Defendants issued materially false and misleading statements regarding 2U's business model and cash flows, as well as the competitive pressures facing 2U. *Chinn* Action, ECF No. 1, ¶ 3.  Specifically, Defendants failed to disclose that: (i) 2U's business model needed to undergo substantial adjustment to compete in an increasingly saturated online education market and the Company's cash flows were inadequate for maintaining its purported growth trajectory; (ii) the Company would not be able to take advantage of promised economies of scale, as the cost of creating content and attracting and retaining students increased, rather than diminished, as the Company grew in size and complexity; (iii) the growth rate in revenue from enrollments was decelerating and had plateaued; and (iv) as a result of the foregoing, 2U was experiencing accelerating losses, its business plan was unsustainable, and Defendants lacked any reasonable basis for 2U's Class Period projections and financial forecasts.  *Id*.

On February 26, 2018, 2U released its fourth quarter and fiscal year 2017 financial results and provided 2018 guidance. *Id*. ¶ 4. In the release announcing the results, Defendant Paucek described the Company as being "'at the forefront of the digital transformation in higher education.'" *Id*.  A year later, in February 2019, 2U released its fourth quarter and fiscal year 2018 financial results and provided guidance for 2019. On the Company's conference call accompanying this release, Defendant Paucek stated in unequivocal terms that the Company had a sound business model: "I'm telling you our business is resilient, it's diversified, and it's

---

[2] The named Defendants are the Company; Christopher J. Paucek, the Company's CEO ("Paucek"); and Catherine A. Graham, the Company's CFO ("Graham") (collectively referred to as the "Defendants").

growing." Defendant Paucek also stated that "the company is fully funded," and Defendant Graham represented that the Company was on track to grow revenues, from $411.8 million in fiscal 2018 to a range of $546.6 to $550.8 million in fiscal 2019. *Id.*

On April 8, 2019, 2U announced that it was acquiring Trilogy Education Services, Inc. ("Trilogy"), "a workforce accelerator that prepares adult learners for high-growth careers in the digital economy, for $750 million in cash and stock" – a merger that was supposed to "'accelerate [2U's] path to [achieving] $1 billion in revenue.'" *Id.* ¶ 5. The merger closed on May 22, 2019.

Two months later, on July 30, 2019, 2U released its second quarter 2019 financial results. *Id.* ¶ 6. On the Company's conference call, Defendant Paucek explained that 2U was "moderating [its] outlook for the business in the short term." *Id.* In addition, 2U stated that it expected to suffer losses of between $157.5 million and $151.5 million for the year, a *300%* year-over-year increase. Defendant Paucek also disclosed that the Company needed to significantly curtail expansion plans that had been announced only a few months earlier, in November 2018, stating that the growth story had been a "mistake" and he now needed to "level set" with the investment community. *Id.*

On this news, the price of 2U stock collapsed, falling to a close of $12.80 per share, down 65% on extremely heavy trading volume. *Id.* ¶ 7. All told, the trading price of 2U stock fell from a high of over $98 per share during the Class Period to just $12.80 per share following the announcement of the Company's second quarter 2019 financial results and adjusted 2019 outlook, a decline of *more than 86%*. *Id.*

### III. ARGUMENT

#### a. The PLSRA Standard for Appointing Lead Plaintiff

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the

Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1), 78u-4(3)(B)(i). Specifically, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I)  of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as lead plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. 15 U.S.C. § 78u-4(a)(3)(B).

Under the relevant sections of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person which:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### b.  Mr. Fjellborg Is the "Most Adequate Plaintiff" under the Exchange Act

Mr. Fjellborg is the "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements. In addition, he has duly signed and filed a certification

stating that he is willing to serve as the representative party on behalf of the class. *See* Campisi Decl., Ex. A. Finally, Mr. Fjellborg has selected and retained counsel experienced in the prosecution of securities class actions to represent the class. *See id.*, Ex. C (Kaplan Fox Firm Resume). Accordingly, Mr. Fjellborg satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff, and therefore, he should be appointed lead plaintiff.

### 1. Mr. Fjellborg Has Satisfied the PSLRA's Procedural Requirements

The first the *Harper* Actions was filed on August 7, 2019 and Notice was published over *Business Wire*, a national wire service, the same day. *See id.*, Ex. D. Accordingly, the time period in which class members may move to be appointed lead plaintiff in this case expires on October 7, 2019. *See* 15 U.S.C. § 78u-4(a)(3)(A). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Mr. Fjellborg has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

### 2. Mr. Fjellborg Has the Largest Financial Interest in the Relief Sought by the Class

Under the relevant sections of the Exchange Act, a rebuttable presumption exists whereby the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff to lead the action. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Specifically, courts in this district consider the following factors to determine which party had the largest financial interest: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered. *Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp.3d 471, 476 (S.D.N.Y. 2011) (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (2009)). Here, Mr. Fjellborg suffered substantial losses of approximately $74,342 on his Class Period transactions in 2U securities. *See* Campisi Decl., Ex.

B.  Mr. Fjellborg is not aware of any other movant with a larger financial interest and believes he has the largest financial interest of any lead plaintiff movant.  Therefore, Mr. Fjellborg believes he is presumptively entitled to appointment as the lead plaintiff.

### c.  Mr. Fjellborg Is Qualified Under Rule 23

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1)   the class is so numerous that joinder of all members is impracticable;
> (2)   there are questions of law or fact common to the class;
> (3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representatives.  *See In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16cv03495, 2016 WL 5867497, at \*4 (S.D.N.Y. Oct. 4, 2016) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA, however, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'") (internal citation omitted); *Kux-Kardos*, 151 F. Supp. 3d at 477 (quoting *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112,120 (S.D.N.Y. 2010) ("[T]he moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining

7

requirements until the lead plaintiff moves for class certification.  As detailed below, Mr. Fjellborg satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as lead plaintiff for the Action.

### 1. Mr. Fjellborg's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, (2) the claims are based on the same legal theory, and (3) the purported class members and proposed lead plaintiff were injured by the same conduct.  *See Peters v. Jinkosolar Holding Co., Ltd.*, 2012 WL 946875, at \*11 (S.D.N.Y. 2012); *In re Deutsche Bank*, 2016 WL 5867497, at \*5 ("The typicality requirement is satisfied if each class member's claim 'arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'") (internal citations omitted); *Huang v. Airmedia Group Inc.*, 1:15-cv-4966 (ALC), 2015 WL 10846763, at \*2 (S.D.N.Y. Nov. 10, 2015).

The claims asserted by Mr. Fjellborg are based on the same legal theory and arise out of the same course of events as the other purported class members' claims.  Mr. Fjellborg purchased shares of 2U securities, as did each member of the proposed class, at prices artificially inflated by Defendants' false and misleading statements and was damaged thereby.  *Logan v. QRx Pharma Ltd.*, No. 15 CIV. 4868, 2015 WL 5334024, at \*3 (S.D.N.Y. Sept. 14, 2015) (finding the typicality requirement met where movants' claims and injuries arose from the same conduct from which the other class members' claims and injuries arose).  Thus, Mr. Fjellborg satisfies the typicality requirement of Rule 23(a).

### 2.     Mr. Fjellborg Will Fairly and Adequately Represent the Class' Interests

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4).  A lead plaintiff is adequate where it has retained counsel that is "qualified, experienced and generally able to conduct the litigation" and does not have interests that are "antagonistic" to the class that it seeks to represent.  *Indergit v. Rite Aid Corp.*, 293 F.R.D. 632, 654 (S.D.N.Y. 2013) (citing *In re Drexel Burnham Lambert*, 960 F.2d 285, 291 (2d Cir. 1992)).  Lastly, the proposed lead plaintiff must have a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Huang*, 2015 WL 10846763, at *2 (quoting *Kaplan*, 240 F.R.D. 88, 93-94).  Here, Mr. Fjellborg's interests are clearly aligned with the members of the proposed class, and there is no evidence of any antagonism between his interests and those of the class.  As detailed above, his claims raise similar questions of law and fact as claims of the members of the class, and Mr. Fjellborg's claims are typical of the members of the class.

Further, Mr. Fjellborg has demonstrated his adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff.  *See* Campisi Decl., Ex. A.  Having suffered substantial losses, Mr. Fjellborg will be a zealous advocate on behalf of the class.  In addition, Mr. Fjellborg has selected Kaplan Fox—counsel highly experienced in prosecuting securities class actions—to represent it. *Id.* Ex. C.  Thus, the close alignment of interests between Mr. Fjellborg and other class members, and his strong desire to prosecute this class action on behalf of the proposed class, provide ample reason to grant his motion for appointment as lead plaintiff in this class action.  Accordingly, Mr. Fjellborg satisfies the prerequisites for appointment as lead plaintiff pursuant to the Exchange Act.

**3.**     **This Court Should Approve Mr. Fjellborg's Choice of Counsel**

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re Deutsche Bank*, 2016 WL 5867497, at \*5 ("There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'") (internal citations omitted). Mr. Fjellborg has retained Kaplan Fox to represent him and to serve as lead counsel to pursue this litigation on behalf of himself and the class. Kaplan Fox possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, including in this District. *See* Campisi Decl., Ex. C. Thus, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

## IV. CONCLUSION

For all of the foregoing reasons, Mr. Fjellborg respectfully requests that the Court: (1) appoint him as lead plaintiff; (2) approve his selection of Kaplan Fox as lead counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated: October 7, 2019                    Respectfully submitted,

*/s/           Jeffrey P. Campisi*
Jeffrey P. Campisi
Jason A. Uris
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
Email: jcampisi@kaplanfox.com
          juris@kaplanfox.com

*Attorneys for Movant Erik Fjellborg*

10

## CERTIFICATE OF SERVICE

I, Jeffrey P. Campisi, hereby certify that, on  October 7, 2019, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

*/s/        Jeffrey P. Campisi*
Jeffrey P. Campisi