**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON HARPER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> 2U, INC., CHRISTOPHER J. PAUCEK, and CATHERINE A. GRAHAM, <br><br> Defendants. | No. 1:19-cv-07390-RA <br><br> Judge Ronnie Abrams <br><br> <u>CLASS ACTION</u> <br><br> <u>ORAL ARGUMENT REQUESTED</u> |
| ANNE M. CHINN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> 2U, INC., CHRISTOPHER J. PAUCEK and CATHERINE A. GRAHAM, <br><br> Defendants. | 1:19-cv-07479-RA <br><br> Judge Ronnie Abrams |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PUBLIC**
**SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO**
**FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF**
**<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTUAL BACKGROUND .............................................................................................. 3

ARGUMENT ....................................................................................................................... 5

I.      THE ACTIONS SHOULD BE CONSOLIDATED ............................................... 5

II.     CHICAGO TEACHERS SHOULD BE APPOINTED LEAD PLAINTIFF ..................... 6

        A.      The PSLRA Standard for Appointing Lead Plaintiff ............................................. 7

        B.      Chicago Teachers Is the "Most Adequate Plaintiff" ................................................ 8

                1.      Chicago Teachers' Motion Is Timely ............................................................ 8

                2.      Chicago Teachers Has a Substantial Financial Interest .............................. 8

                3.      Chicago Teachers Satisfies Rule 23's Typicality and Adequacy
                        Requirements ...................................................................................................... 9

                        a.      Chicago Teachers' Claims Are Typical of Those of the
                                Class .......................................................................................................... 9

                        b.      Chicago Teachers Satisfies the Adequacy Requirement of
                                Rule 23 ....................................................................................................... 10

                4.      Chicago Teachers Is Precisely the Type of Lead Plaintiff Congress
                        Envisioned When It Passed the PSLRA ................................................... 11

III.    CHICAGO TEACHERS' SELECTION OF LEAD COUNSEL MERITS APPROVAL 12

CONCLUSION.................................................................................................................... 13

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albert Fadem Trust v. Citigroup Inc.*,
    239 F. Supp. 2d 344 (S.D.N.Y. 2002).....................................................................................5, 6

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ...............................................................................................5

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001).....................................................................................................12

*In re Elan Corp. Sec. Litig.*,
    No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ...............................10

*Faig v. Bioscrip, Inc.*,
    No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)..............................8, 9

*Glauser v. EVCI Career Colls. Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ...............................................................................................3

*Hom v. Vale, S.A.*,
    No. 1:15-CV-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ...................................1

*Kemp v. Universal Am. Fin. Corp.*,
    No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ....................................8

*In re KIT Dig., Inc. Sec. Litig.*,
    293 F.R.D. 441 (S.D.N.Y. 2013) .............................................................................................11

*Kux-Kardos v. VimpelCom, Ltd.*,
    151 F. Supp. 3d 471 (S.D.N.Y. 2016)........................................................................................9

*Lowinger v. Global Cash Access Holdings, Inc.*,
    No. 08 Cv. 3516 (SWK), 2008 WL 2566558 (S.D.N.Y. June 26, 2008) ..................................6

*Micholle v. Ophthotech Corp.*,
    No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018).........................7, 11, 12

*In re Orion Sec. Litig.*,
    No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ......................................6

*Peifa Xu v. Gridsum Holding Inc.*,
    No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) ....................................5

*Randall v. Fifth St. Fin. Corp.*,
No. 15-cv-7759, 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ....................................................9

*Reitan v. China Mobile Games & Entm't Grp., Ltd. (China Mobile)*,
68 F. Supp. 3d 390 (S.D.N.Y. 2014)..............................................................................11, 12

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016).................................9

## Rules & Statutes

Fed. R. Civ. P. 23 ............................................................................................................. *passim*

Fed. R. Civ. P. 42(a) ................................................................................................................6

15 U.S.C. § 78u-4(a) *et seq.*............................................................................................ *passim*

## Docketed Cases

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
No. 04-cv-08141 (S.D.N.Y.)...............................................................................................12, 13

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
No. 08-md-01963 (S.D.N.Y.) ..................................................................................................13

*Eastwood Enters. v. Farha*,
No. 07-cv-01940 (M.D. Fla.) ...................................................................................................12

*In re Fannie Mae 2008 Sec. Litig.*,
No. 08-cv-07831 (S.D.N.Y.)......................................................................................................13

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
No. 09-md-02027 (S.D.N.Y.) ...................................................................................................13

## Other Authorities

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ......................3, 11, 12

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679....................................................3

Proposed Lead Plaintiff Public School Teachers' Pension & Retirement Fund of Chicago ("Chicago Teachers") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for the entry of an Order: (i) consolidating the above-captioned actions (the "Action"); (ii) appointing Chicago Teachers as Lead Plaintiff on behalf of the Class of all persons and entities that purchased or otherwise acquired 2U, Inc. ("2U" or the "Company") securities between February 26, 2018 and July 30, 2019, inclusive (the "Class Period")[1]; (iii) approving Chicago Teachers' selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Chicago Teachers—a sophisticated institutional investor—respectfully submits that it should be appointed Lead Plaintiff on behalf of all investors who acquired 2U securities during the Class Period (the "Class"), and who were damaged as a result of Defendants' alleged fraud. The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act against 2U and certain of its executive officers (collectively, the "Defendants").

---

[1] The first-filed action captioned *Harper v. 2U, Inc.*, No. 19-cv-07390 (S.D.N.Y.), brought claims on behalf of persons and entities that purchased or otherwise acquired 2U securities between February 25, 2019 and July 30, 2019. Subsequent to the filing of the *Harper* Action, a substantively similar action was filed captioned *Chinn v. 2U, Inc.*, No. 19-cv-07479 (S.D.N.Y.), bringing claims on behalf of all purchasers of the common stock of 2U between February 26, 2018 and July 30, 2019. Generally for the purposes of lead plaintiff appointment, the most expansive class period governs. *See Hom v. Vale, S.A.*, No. 1:15-CV-9539-GHW, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) (collecting cases).
.

1

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed below, Chicago Teachers respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Chicago Teachers incurred losses of **$2,137,518.06** on its Class Period transactions in 2U securities as calculated on a last-in-first-out ("LIFO") basis.[2] Accordingly, Chicago Teachers has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of federal securities laws—an interest believed to be greater than that of any other qualified movant.

In addition to asserting a substantial financial interest in this litigation, Chicago Teachers also meets the typicality and adequacy requirements of Rule 23 because: (i) its claims arise from the same course of events as those of the other Class members, (ii) it relies on similar legal theories to prove Defendants' liability, and (iii) it has retained experienced counsel and is committed to vigorously prosecuting the Action. Furthermore, the PSLRA's legislative history shows that a large, sophisticated institutional investor like Chicago Teachers is precisely the type

---

[2]     A copy of the Certification of Chicago Teachers, signed by Charles A. Burbridge, as Executive Director of Chicago Teachers ("Certification"), is attached as Exhibit A to the Declaration of Francis P. McConville (the "McConville Decl."). The Certification sets forth all transactions of Chicago Teachers in 2U securities during the Class Period. In addition, a table reflecting the calculation of financial losses sustained by Chicago Teachers on its Class Period transactions in 2U securities ("Loss Analysis") is attached as Exhibit B to the McConville Decl.

of investor that Congress intended to empower to lead securities class action litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685; *see also Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("the PSLRA was passed . . . to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one") (citation omitted).

Finally, pursuant to the PSLRA, Chicago Teachers respectfully requests that the Court approve the selection of Labaton Sucharow as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Chicago Teachers respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its choice of Lead Counsel.

## FACTUAL BACKGROUND

2U, headquartered in Lanham, Maryland, is an educational technology company that partners with nonprofit colleges and universities to offer online degree programs through a cloud-based "software-as-a-service" platform.

During the Class Period, defendants issued materially false and misleading statements regarding 2U's business model and cash flows, as well as the competitive pressures facing 2U. Specifically, defendants failed to disclose that: (i) 2U's business model needed to undergo substantial adjustment to compete in an increasingly saturated online education market and the

Company's cash flows were inadequate for maintaining its purported growth trajectory; (ii) the Company would not be able to take advantage of promised economies of scale, as the cost of creating content and attracting and retaining students increased, rather than diminished, as the Company grew in size and complexity; (iii) the growth rate in revenue from enrollments was decelerating and had plateaued; and (iv) as a result of the foregoing, 2U was experiencing accelerating losses, its business plan was unsustainable, and defendants lacked any reasonable basis for 2U's Class Period projections and financial forecasts.

On February 26, 2018, 2U released its fourth quarter and fiscal year 2017 financial results and provided 2018 guidance. In the release announcing the results, defendant Paucek described the Company as being "at the forefront of the digital transformation in higher education." A year later, in February 2019, 2U released its fourth quarter and fiscal year 2018 financial results and provided guidance for 2019. On the Company's conference call accompanying this release, Defendant Christopher J. Paucek ("Paucek") stated in unequivocal terms that the Company had a sound business model: "I'm telling you our business is resilient, it's diversified, and it's growing." Paucek also stated that "the company is fully funded," and defendant Graham represented that the Company was on track to grow revenues, from $411.8 million in fiscal 2018 to a range of $546.6 to $550.8 million in fiscal 2019.

On April 8, 2019, 2U announced that it was acquiring Trilogy Education Services, Inc. ("Trilogy"), "a workforce accelerator that prepares adult learners for high-growth careers in the digital economy, for $750 million in cash and stock"—a merger that was supposed to "accelerate [2U's] path to [achieving] $1 billion in revenue." The merger closed on May 22, 2019.

Two months later, on July 30, 2019, 2U released its second quarter 2019 financial results. On the Company's conference call, Paucek explained that 2U was "moderating [its] outlook for

the business in the short term" and, "[e]xcluding the expected financial impact of Trilogy, this implies a step down in revenue expectations for the rest of the business."  In addition, 2U stated that it expected to suffer losses of between $157.5 million and $151.5 million for the year, a 300 percent year-over-year increase.  Paucek also disclosed that the Company needed to significantly curtail expansion plans that had been announced only a few months earlier, in November 2018, stating that the growth story had been a "mistake" and he now needed to "level set" with the investment community.

On this news, the price of 2U stock collapsed, falling to a close of $12.80 per share, down 65 percent on extremely heavy trading volume.  All told, the trading price of 2U stock fell from a high of over $98 per share during the Class Period to just $12.80 per share following the announcement of the Company's second quarter 2019 financial results and adjusted 2019 outlook, a decline of more than 86 percent.

## ARGUMENT

## I.     THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) ("[T]he Court shall not make the determination of the most adequate plaintiff until after the decision on the motion to consolidate is rendered.") (quotation marks and citation omitted).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve common questions of law or fact."  *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018) (citation omitted).  "A determination on the issue of

consolidation is left to the sound discretion of the Court." *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990); *Zicklin v. Breuer*, 534 F. Supp. 745, 749 (S.D.N.Y. 1982)). "[C]onsolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports." *Lowinger v. Global Cash Access Holdings, Inc.*, No. 08 Cv. 3516 (SWK), 2008 WL 2566558, at *1 (S.D.N.Y. June 26, 2008) (quoting *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006)). "[S]light differences in the facts alleged and legal issues raised do not preclude consolidation." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008).

The Actions are well-suited for consolidation. The complaint filed in each of the Actions alleges that Defendants violated the Exchange Act. Each action sets forth identical allegations relating to similar parties, transactions, and events—primarily Defendants' materially false and misleading statements and omissions concerning the sustainability of the Company's business model. Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Rule 42(a). Accordingly, Chicago Teachers respectfully requests that the Court consolidate the Actions, and any other subsequently-filed action.

## II.     CHICAGO TEACHERS SHOULD BE APPOINTED LEAD PLAINTIFF

Chicago Teachers respectfully submits that it should be appointed Lead Plaintiff because it filed the instant motion in a timely manner, has a substantial financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A.  The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018).  Under the framework

7

established by the PSLRA, Chicago Teachers is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B.    Chicago Teachers Is the "Most Adequate Plaintiff"

#### 1.    Chicago Teachers' Motion Is Timely

Chicago Teachers filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on *BusinessWire,* a widely-circulated, national, business-oriented news wire service, on August 7, 2019.  *See* Notice, McConville Decl., Ex. C.  Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before October 7, 2019.  Chicago Teachers filed its motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

#### 2.    Chicago Teachers Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Kemp v. Universal Am. Fin. Corp*., No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).

Chicago Teachers incurred a substantial loss of **$2,137,518.06** on its transactions in 2U securities on a LIFO basis during the Class Period.  *See* Loss Analysis, McConville Decl., Ex. B; *see also Faig v. Bioscrip, Inc*., No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *2 (S.D.N.Y. Dec. 19, 2013) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff").  Accordingly, Chicago Teachers has a substantial financial interest as a qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate

plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-7759 (LANK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3.  Chicago Teachers Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *In re Third Ave. Mgmt. LLC Sec. Litig.,* No. 16-cv-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016). At the lead plaintiff selection stage all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Kux-Kardos v. VimpelCom, Ltd.,* 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016); *see also Faig*, 2013 WL 6705045, at *3 ("[A]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.") (citation omitted). Here, Chicago Teachers unquestionably satisfies both requirements.

### a.  Chicago Teachers' Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Faig*, 2013 WL 6705045, at *3. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Chicago Teachers' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Chicago Teachers alleges that Defendants made material misstatements and omissions regarding the sustainability of 2U's business model in violation of the federal securities laws. Chicago Teachers, as did all of the members of the Class, purchased 2U securities in reliance on Defendants' alleged misstatements and omissions and was damaged

9

thereby.  Because Chicago Teachers' claims arise from the same course of events as do the claims of other class members, the typicality requirement is satisfied.  *See Ophthotech*, 2018 WL 1307285, at *6.

### b.    Chicago Teachers Satisfies the Adequacy Requirement of Rule 23

Chicago Teachers likewise satisfies the adequacy requirement of Rule 23.  The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4). Courts in this District assess a movant's adequacy based on: "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members."  *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (citing *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, No. 08 MDL No. 1963(RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009)).

Chicago Teachers will fairly and adequately represent the interests of the proposed Class. Chicago Teachers unquestionably has resources sufficient to pursue the Action to a successful conclusion.  Chicago Teachers has also retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* Section III, and timely submitted its choice to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).

Furthermore, no antagonism exists between Chicago Teachers's interests and those of the absent Class members; rather, the interests of Chicago Teachers and Class members are squarely aligned.  Chicago Teachers suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution

of this action.

Finally, there is no proof that Chicago Teachers is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Chicago Teachers satisfies the adequacy requirement.

### 4. Chicago Teachers Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

In addition to satisfying the requirements of Rule 23, Chicago Teachers—a large, sophisticated institutional investor—is precisely the type of investor Congress envisioned, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34. To this end, many courts, including courts in this District, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See, e.g., Reitan v. China Mobile Games & Entm't Grp., Ltd. (China Mobile)*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs"); *In re KIT Dig., Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs"); *Ophthotech*, 2018 WL

11

1307285, at *6 (noting that "courts have a preference for appointing institutional investors as lead plaintiffs").

Chicago Teachers is the paradigmatic lead plaintiff as contemplated by the PSLRA. Chicago Teachers' understanding of the responsibilities of a lead plaintiff is based, in part, on its experience serving as lead plaintiff in securities class actions and its demonstrated history of securing recoveries on behalf of defrauded investors, which will benefit the Class. *See Eastwood Enters. v. Farha*, No. 07-cv-01940 (M.D. Fla.) (Chicago Teachers secured a $200 million recovery as co-lead plaintiff with Labaton Sucharow serving as co-lead counsel).

Accordingly, Chicago Teachers has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel.

## III.   CHICAGO TEACHERS' SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Chicago Teachers has selected the law firm of Labaton Sucharow to represent the Class. Labaton Sucharow has excelled as lead counsel in numerous actions on behalf of defrauded investors, including noteworthy cases in this District. For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1

12

billion for injured investors; and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-01963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-02027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-07831 (S.D.N.Y.). Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, McConville Decl., Ex. D.

In light of the foregoing, the Court should approve Chicago Teachers' selection of Labaton Sucharow as Lead Counsel for the Class. The Court can be assured that, by approving Chicago Teachers' choice of counsel, the Class will receive the highest caliber of representation.

## CONCLUSION

For the foregoing reasons, Chicago Teachers respectfully requests that the Court grant its motion and enter an Order: (i) consolidating the above-captioned actions; (ii) appointing Chicago Teachers as Lead Plaintiff; (iii) approving Chicago Teachers' selection of Labaton Sucharow as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED: October 7, 2019

Respectfully submitted,

*/s/ Francis P. McConville*

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700

13

Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant
Public School Teachers' Pension &
Retirement Fund of Chicago, and
Proposed Lead Counsel for the Class*

14