**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In Re 2u, Inc., Securities Class Action* | No. 1:19-cv-07390-RA |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEKALB COUNTY PENSION FUND FOR (1) APPOINTMENT AS LEAD PLAINTIFF AND (2) APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND.................................................................................................... 3

ARGUMENT ........................................................................................................................... 4

I.    DEKALB SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS .............. 4

    A.    The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff ....... 4

    B.    Under the PSLRA, DeKalb Should Be Appointed Lead Plaintiff ......................... 6

        1.    DeKalb Filed a Timely Motion.................................................................. 6

        2.    DeKalb Has the Largest Financial Interest in the Relief Sought by the Class ........................................................................................................... 6

        3.    DeKalb Meets Rule 23's Typicality and Adequacy Requirements ............ 7

II.   DEKALB'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED ................................................................................................................ 10

CONCLUSION....................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Baughman v. Pall Corp.*,
   250 F.R.D. 121 (E.D.N.Y. 2008) ...................................................................................5, 7

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ................................................................................7, 8, 9

*In re Gen. Elec. Sec. Litig.*,
   No. 09 Civ. 1951 (DC),
   2009 WL 2259502 (S.D.N.Y. July 29, 2009) ...............................................................7, 9

*In re Gentiva Sec. Litig.*,
   281 F.R.D. 108 (E.D.N.Y. 2012) .......................................................................................1

*Hom v. Vale, S.A.*,
   No. 1:15-cv-9539-GHW,
   2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ......................................................................1

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
   No. 11 Civ. 0917 (BSJ) (JCF),
   2011 WL 2078010 (S.D.N.Y. May 19, 2011) ...................................................................9

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................................................................7

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
   275 F.R.D. 187 (S.D.N.Y. 2011) ...................................................................................8, 9

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
   No. CV 09-3007 (SJF) (AKT),
   2010 WL 3924862 (E.D.N.Y. Aug. 17, 2010)...................................................................7

*Quan v. Advanced Battery Techs., Inc.*,
   No. 11 Civ. 2279 (CM),
   2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011)....................................................................8

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014)................................................................................10

*In re Symbol Techs., Inc. Sec. Litig.*,
   No. 05-CV-3923 (DRH)(JO),
   2006 WL 1120619 (E.D.N.Y. Apr. 26, 2006) ..................................................................6

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) .......................................................................................5

ii

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
    780 F.3d 597 (4th Cir. 2015) ............................................................................................11

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4)............................................................................................8

DeKalb County Pension Fund[1] ("DeKalb") respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of its motion for the entry of an order (1) appointing DeKalb as Lead Plaintiff for the Consolidated Action[2] and (2) approving DeKalb's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## PRELIMINARY STATEMENT

This securities class action is brought on behalf of a putative class (the "Class") of investors who purchased or otherwise acquired 2U common stock from February 26, 2018 through July 30, 2019, both dates inclusive (the "Class Period"),[3] seeking to recover damages caused by the defendants' violations of the federal securities laws and to pursue remedies under

---

[1]    All internal citations and quotations are omitted, and all emphases are added unless otherwise noted.

[2]    Two actions were initially filed.  The first-filed action commenced on August 7, 2019 is *Harper v. 2U, Inc., et al.*, No. 1:19-cv-07390-RA (the "*Harper* Action"). The second-filed action is *Chinn v. 2U, Inc., et al.*, No. 1:19-cv-07479-RA (the "*Chinn* Action").  Both Actions name 2U, Inc. ("2U" or the "Company") as a defendant.  *Harper* Action, ECF No. 1 ("*Harper* Compl.") at ¶ 14; *Chinn* Action, ECF No. 1 ("*Chinn* Compl.") at ¶ 12.  The *Harper* and *Chinn* Actions also name as individual defendants Christopher J. Paucek ("Paucek"), 2U's Chief Executive Officer ("CEO") and a director, and Catherine A. Graham, 2U's Chief Financial Officer ("CFO") during the Class Period (collectively, with 2U, the "Defendants").  *Harper* Compl. ¶¶ 15-16; *Chinn* Compl. ¶¶ 13-14.  On August 27, 2019, the Court consolidated the *Harper* and *Chinn* actions (the "Consolidated Action"). ECF No. 10, *Harper* action.

[3]    The *Harper* Action is brought on behalf of "persons and entities that purchased or otherwise acquired 2U securities between February 25, 2019 and July 30, 2019[.]" *Harper* Compl. ¶¶ 1, 28.  The *Chinn* Action alleges a longer class period, February 26, 2018 to July 30, 2019, and is brought on behalf of "all purchasers of the common stock of 2U[.]" *Chinn* Compl. ¶¶ 1, 53.  Based on the circumstances here, for the purposes of "determining a lead plaintiff . . . the longer, most inclusive class period . . . is proper[.]" *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012); *see Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) (collecting cases, and finding the "use of the longer, more inclusive class period" proper for the purpose of a lead plaintiff motion).  DeKalb's losses have been calculated under the more inclusive class period that begins on February 26, 2018.

1

Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

With respect to the appointment of a lead plaintiff to oversee the Consolidated Action, Congress established a presumption in the PSLRA that requires the Court to appoint the most adequate plaintiff as the Lead Plaintiff for the Actions "[a]s soon as practicable[.]" 15 U.S.C. § 78u-4(a)(3)(B)(ii). The most adequate plaintiff is the person who has the "largest financial interest" in the litigation and who also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

With losses of approximately $419,992.61, DeKalb, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. DeKalb also satisfies Rule 23's typicality and adequacy requirements. DeKalb's claims are typical of the Class's claims because it suffered losses on its 2U investment as a result of Defendants' allegedly false and misleading statements. Further, DeKalb has no conflict with the Class and will adequately protect the Class's interests given its significant stake in the litigation and its conduct to date in prosecuting the litigation, which includes undertaking the careful deliberation required to decide to seek appointment as lead plaintiff, the submission of the requisite certification, and the selection of experienced class counsel. Accordingly, DeKalb is the presumptive Lead Plaintiff.

If appointed Lead Plaintiff, DeKalb is entitled to select, subject to the Court's approval, Lead Counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). DeKalb has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it has substantial securities class action experience.

For the reasons summarized above and those explained more fully below, DeKalb's motion should be granted in its entirety.

## FACTUAL BACKGROUND

2U is an educational technology company that partners with nonprofit colleges and universities to offer online degree programs through a cloud-based "software-as-a-service" platform. *Harper* Compl. ¶ 2; *Chinn* Compl. ¶¶ 2, 12, 18-19.  The Company is headquartered in Lanham, Maryland.  *Harper* Compl. ¶ 14; *Chinn* Compl. ¶¶ 2, 12.  The Company's stock trades on the NASDAQ exchange under the ticker symbol "TWOU."  *Harper* Compl. ¶ 14; *Chinn* Compl. ¶ 12.

The Class Period begins on February 26, 2018 when 2U released its fourth quarter and fiscal year 2017 financial results and provided 2018 guidance. *Chinn* Compl. ¶¶ 4, 20.  On that date, Defendant Paucek falsely and/or misleadingly described the Company as leading a transformation that was occurring in the market, that the Company was "'at the forefront of the digital transformation in higher education,'" (Chinn Compl. ¶¶ 4, 21), 2U was in "heavy growth mode" and insulated from competition due in part to 2U's belief that "we're the only company right now that is – that goes very deep on both depth and breath." *Chinn* Compl. ¶ 21.

The Actions allege that throughout the Class Period, defendants continued to issue false and/or misleading statements regarding the Company's business model, cash flows, and the competitive pressures it was facing.  *Chinn* Compl. ¶¶ 3, 22-37; *see also Harper* Compl. ¶¶ 7, 19-23.  Specifically, the Actions allege that: there were fundamental flaws in 2U's business model that made it unsustainable; the cost to attract marginal students was actually increasing; the Company was not insulated from competition; 2U's student enrollment growth rate was decelerating and trending to decline; the Company faced program-specific issues negatively impacting its performance; and there was no reasonable basis to issue 2U's financial projections

3

and forecasts. *Chinn* Compl. ¶ 37; *see also Harper* Compl. ¶ 23. The Actions allege that on May 7, 2019 the Company reported poor first quarter 2019 results and lowered the Company's financial guidance, but Defendant Paucek still insisted that there were no "challenges . . . attributable to weakness in [2U's] efficiency" and that "2U is still very much a growth story." *Chinn* Compl. ¶¶ 38-40; *Harper* Compl. ¶ 21. On this news, 2U's stock price declined over 25% in a single day of trading to close at $44.77. *Chinn* Compl. ¶¶ 38-40; *Harper* Compl. ¶¶ 21-22.

The full truth was revealed on July 30, 2019 when the Company announced that it was expecting to lose between $157.5 and $151.5 million for the year, representing a 300% year over year increase in losses. *Chinn* Compl. ¶ 42-43; *Harper* Compl. ¶¶ 24-26. Defendant Paucek announced that 2U's ambitious growth strategy was failing as costs skyrocketed, the Company's business model would need to be substantially changed.  *Chinn* Compl. ¶¶ 42-44; *Harper* Compl. ¶¶ 24-26.  He also described 2U's prior growth story as a "mistake," stated that he needed to "level set" with the investment community, and revealed that the Company would be reducing its 2019 guidance substantially. *Chinn* Compl. ¶ 44.

Following the release of the new guidance and defendant Paucek's admissions, the price of 2U stock fell 65% in one day to close at $12.80 per share on July 31, 2019 on extremely heavy trading volume. *Chinn* Compl. ¶ 45; *Harper* Compl. ¶ 27. 2U stock fell from a Class Period high of approximately $98 per share, to $12.80 following the July 30, 2019 announcements, representing a decline of approximately 86%. *Chinn* Compl. ¶ 45.

## ARGUMENT

### I.    DEKALB SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

#### A.    The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules

4

of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B). It provides that within 20 days of the filing of the first such action, the plaintiff in that action is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008) (citing 15 U.S.C. § 78u-4(a)(3)(A)).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members[.]" Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Baughman*, 250 F.R.D. at 125 (describing the PSLRA's process for determining the "most adequate plaintiff"); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009) (same).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Baughman*, 250 F.R.D. at 125.

5

**B.**      **Under the PSLRA, DeKalb Should Be Appointed Lead Plaintiff**

As discussed below, DeKalb should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, DeKalb holds the largest financial interest of any movant, and otherwise satisfies Rule 23's typicality and adequacy requirements.

**1.      DeKalb Filed a Timely Motion**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint was required to publish notice within twenty (20) days of its filing.  Here, counsel for first-filed plaintiff Aaron Harper published notice of the lead plaintiff deadline via *Business Wire* on August 7, 2019.  *See* Ex. A[4]; *see also In re Symbol Techs., Inc. Sec. Litig.*, No. 05-CV-3923 (DRH)(JO), 2006 WL 1120619, at *2 (E.D.N.Y. Apr. 26, 2006) (considering publication in *Business Wire* to be sufficient to satisfy the PSLRA's notice requirement).  Thus, any member of the proposed Class was required to seek to be appointed Lead Plaintiff within 60 days after publication of this Action's notice, *i.e.*, on or before October 7, 2019.  Thus, DeKalb's motion is timely filed.  Additionally, pursuant to 15 U.S.C. § 78u-4(a)(2), DeKalb timely signed and submitted the requisite certification, identifying all of its relevant 2U trades during the Class Period, and detailing DeKalb's suitability to serve as Lead Plaintiff in this case.  *See* Ex. B.  The PSLRA's procedural requirements have therefore been met.

**2.      DeKalb Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[4]      All Exhibits referenced herein are annexed to the Declaration of James M. Wilson, Jr. in Support of DeKalb's Motion for (1) Appointment as Lead Plaintiff and (2) Approval of Lead Counsel, dated October 7, 2019.

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have often looked to four factors in the inquiry: (1) the number of shares purchased by the movant during the class period; (2) the number of net shares purchased by the movant during the class period; (3) the total net funds expended by the movant during the class period; and (4) the approximate losses suffered by the movant. *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *see also Baughman*, 250 F.R.D. at 125; *In re Gen. Elec. Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *3 (S.D.N.Y. July 29, 2009). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g.*, *Baughman*, 250 F.R.D. at 125; *Gen. Elec.*, 2009 WL 2259502, at *4.

During the Class Period, DeKalb purchased 13,079 total shares and 10,009 net shares of 2U common stock, expended $361,246.08 in net funds, and suffered losses of approximately $419,992.61 when calculated using a last in, first out ("LIFO") and first in, first out ("FIFO") methodology. *See* Ex. C. DeKalb is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3.    DeKalb Meets Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA also requires that the lead plaintiff satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B). When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV 09-3007 (SJF) (AKT), 2010 WL 3924862, at *5 (E.D.N.Y. Aug. 17, 2010); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191(S.D.N.Y. 2008) ("At this stage of the

7

litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).

DeKalb's claims are clearly typical of the Class's claims. DeKalb purchased 2U shares during the Class Period, suffered damages as a result of the Company's false and misleading statements, and possesses claims against 2U and certain of its officers under the federal securities laws. Because the factual and legal bases of DeKalb's claims are similar, if not identical, to those of the Class's claims, DeKalb necessarily satisfies the typicality requirement. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279 (CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as the other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts with the interests of the class as a whole. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and

(2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *Gen. Elec.*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel.").

As evidenced by the representations in its certification, DeKalb's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Kokkinis v. Aegean Marine Petroleum Network Inc.*, No. 11 Civ. 0917 (BSJ) (JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *Blackmoss*, 252 F.R.D. at 191 (same). Moreover, DeKalb is an experienced class representative, having helped to recover many millions of dollars for class members as a Lead Plaintiff in prior cases. DeKalb was a Co-Lead Plaintiff in *In re Maxim Integrated Products, Inc., Securities Litigation*, Civil Action No. C-08-00832-PVT (N.D. Cal.), in which $173 million was recovered for the class. DeKalb was also sole Lead Plaintiff in *In re ArthroCare Corporation Securities Litigation,* Civil Action No. C-08-00574-SS (W.D. Tex.), in which $74 million was recovered for the class.

DeKalb has selected and retained highly competent counsel to litigate the claims on behalf of itself and the Class. As explained below in Section III, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. In fact, two of the partners at the Faruqi Firm, Robert Killorin and James Wilson, successfully represented DeKalb in the prior securities class actions *ArthroCare* and *Maxim*, mentioned above. *See* Ex. D. Consequently, DeKalb is more than adequate to represent the Class and has chosen competent counsel.

In light of the foregoing, DeKalb respectfully submits that it is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Consolidated Action.

9

## II.   DEKALB'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is entitled to select and retain lead counsel for the Class, subject to the Court's approval.  DeKalb has selected the Faruqi Firm to be Lead Counsel for the Class.  The Faruqi Firm is a minority-owned and woman-owned law firm and, as reflected in the firm's resume, possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities class actions.  *See* Ex. D; *see also Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions.  The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995.  Faruqi & Faruqi achieved successful outcomes in many of these cases.").  For example, the Faruqi Firm has previously obtained significant recoveries for injured investors.  *See, e.g.*, *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal.) (where, as sole lead counsel for the class, the firm obtained final approval of a $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2017) (appointed as sole lead counsel in the federal action and, together with lead counsel in the parallel state action, obtained final approval of a $13 million global settlement of the state and federal actions); *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-

213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Derivative Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a substantial recovery for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm also is currently litigating several prominent securities class actions. *See, e.g.*, *Loftus v. Primero Mining Corp.*, No. 16-01034-BRO (RAOx) (C.D. Cal) (appointed as sole lead counsel for the class); *Attigui v. Tahoe Resources, Inc.*, No. 2:18-cv-01868-RFB-NJK (D. Nev.) (same); *DeSmet v. Intercept Pharmaceuticals Inc.*, No. 1:17-cv-07371-LAK

11

(S.D.N.Y.) (same); *Khanna v. Ohr Pharmaceutical Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.)

(same); *Lee v. Synergy Pharmaceuticals, Inc.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.)

(appointed as co-lead counsel for the class); *Smith v. CV Sciences, Inc.*, No. 2:18-cv-01602-JAD-

PAL (appointed as sole lead counsel for the class).

## CONCLUSION

For the foregoing reasons, DeKalb respectfully requests that the Court (1) appoint

DeKalb as Lead Plaintiff for the Consolidated Action; (2) approve DeKalb's selection of the

Faruqi Firm as Lead Counsel for the Class; and (3) grant such other relief as the Court may deem

just and proper.

Dated: October 7, 2019

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:  */s/ James M. Wilson, Jr.*

Nadeem Faruqi
Lubna Faruqi
Robert W. Killorin (*Pro Hac Vice motion to
be made*)
James M. Wilson, Jr.
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fax: (212) 983-9331
E-mail: nfaruqi@faruqilaw.com
lfaruqi@faruqilaw.com
rkillorin@faruqilaw.com
jwilson@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff
DeKalb County Pension Fund and
[Proposed] Lead Counsel for the Class*

12