UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re 2U, INC., SECURITIES CLASS ACTION | x<br>:<br>:<br>: | Civil Action No. 1:19-cv-07390-RA<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>x | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL |

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..................................................................................................1

II.     SUMMARY OF THE ACTION..........................................................................2

III.    ARGUMENT.........................................................................................................4

        A.      The Pension Fund Should Be Appointed Lead Plaintiff..........................4

                1.      The Pension Fund's Motion Is Timely .........................................4

                2.      The Pension Fund Possesses the Largest Financial Interest ........5

                3.      The Pension Fund Otherwise Satisfies Rule 23...........................5

        B.      The Pension Fund's Selection of Counsel Should Be Approved ............7

IV.     CONCLUSION.....................................................................................................9

Cases\4830-0667-5880.v1-10/7/19

## I.    INTRODUCTION

Presently pending before this Court is a consolidated securities class action brought on behalf of purchasers of 2U, Inc. ("2U" or the "Company") securities against the Company and two of its senior executive officers for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act").[1]  The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, the Pension Fund is the "most adequate plaintiff" to represent the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

The Pension Fund respectfully submits that it should be appointed as lead plaintiff as it is an experienced and sophisticated institutional investor with ample resources and the capability to oversee complex litigation.  In addition to timely filing its motion, the Pension Fund has a significant financial interest.  And, the Pension Fund meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of those of absent class members and the Pension Fund will fairly and adequately represent the putative class's interests.  The Pension Fund has also selected Robbins Geller, a firm with extensive experience prosecuting securities class actions like this, to serve as lead counsel for the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  *See, e.g.*, §III.B, *infra*.

---

[1]    On August 27, 2019, this Court entered a Joint Stipulation which, *inter alia*, consolidated *Harper v. 2U, Inc.*, No. 1:19-cv-7390-RA and *Chinn v. 2U, Inc.*, No. 1:19-cv-7479-RA. The *Harper* Action alleged a class period between February 25, 2019 and July 30, 2019, and the *Chinn* Action alleged a class period between February 26, 2018 and July 30, 2019.  While the minor difference in the class period start date will be resolved with the filing of a consolidated complaint, for purposes of this motion, the National Elevator Industry Pension Fund (the "Pension Fund") uses the longest class period of the two Actions.  *See, e.g.*, *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006) (finding that "the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members").

- 1 -

Accordingly, the Pension Fund's motion should be granted.

## II.    SUMMARY OF THE ACTION[2]

Defendant 2U, headquartered in Lanham, Maryland, is an educational technology company that partners with nonprofit colleges and universities to offer online degree programs through a cloud-based "software-as-a-service" platform.  2U's common stock is listed on the Nasdaq Stock Market under the ticker symbol TWOU.

The complaints allege that during the Class Period, defendants issued materially false and misleading statements regarding 2U's business model and cash flows, as well as the competitive pressures facing 2U.  Specifically, defendants failed to disclose that: (i) 2U's business model needed to undergo substantial adjustment to compete in an increasingly saturated online education market and the Company's cash flows were inadequate for maintaining its purported growth trajectory; (ii) the Company would not be able to take advantage of promised economies of scale, as the cost of creating content and attracting and retaining students increased, rather than diminished, as the Company grew in size and complexity; (iii) the growth rate in revenue from enrollments was decelerating and had plateaued; and (iv) as a result of the foregoing, 2U was experiencing accelerating losses, its business plan was unsustainable, and defendants lacked any reasonable basis for 2U's Class Period projections and financial forecasts.  As a result of defendants' false statements, the price of 2U common stock was artificially inflated to more than $98 per share during the Class Period.

On February 26, 2018, 2U released its fourth quarter and fiscal year 2017 financial results and provided 2018 guidance.  In the release announcing the results, defendant Paucek described the

---

[2]    The factual background is a summary of the allegations in the *Chinn* Complaint.  *See Chinn*, ECF No. 1.

Company as being "'at the forefront of the digital transformation in higher education.'" *Chinn* ECF No. 1 at ¶4. A year later, in February 2019, 2U released its fourth quarter and fiscal year 2018 financial results and provided guidance for 2019. On the Company's conference call accompanying this release, defendant Paucek stated in unequivocal terms that the Company had a sound business model: "I'm telling you our business is resilient, it's diversified, and it's growing." *Id.* Defendant Paucek also stated that "the company is fully funded," and defendant Graham represented that the Company was on track to grow revenues, from $411.8 million in fiscal 2018 to a range of $546.6 to $550.8 million in fiscal 2019. *Id.*

On April 8, 2019, 2U announced that it was acquiring Trilogy Education Services, Inc., "a workforce accelerator that prepares adult learners for high-growth careers in the digital economy, for $750 million in cash and stock" – a merger that was supposed to "'accelerate [2U's] path to [achieving] $1 billion in revenue.'" *Chinn* ECF No. 1 at ¶5. The merger closed on May 22, 2019.

Two months later, on July 30, 2019, 2U released its second quarter 2019 financial results. On the Company's conference call, defendant Paucek explained that 2U was "moderating [its] outlook for the business in the short term" and, "[e]xcluding the expected financial impact of Trilogy, this implies a step down in revenue expectations for the rest of the business." *Chinn* ECF No. 1 at ¶6. In addition, 2U stated that it expected to suffer losses of between $157.5 million and $151.5 million for the year, a 300% year-over-year increase. Defendant Paucek also disclosed that the Company needed to significantly curtail expansion plans that had been announced only a few months earlier, in November 2018, stating that the growth story had been a "mistake" and he now needed to "level set" with the investment community. *Id.* On this news, 2U shares fell over 65%, causing substantial harm to investors.

Cases\4830-0667-5880.v1-10/7/19

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the Pension Fund and other class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   The Pension Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Pension Fund meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.   The Pension Fund's Motion Is Timely

On August 7, 2019, notice of the first-filed complaint was published on *Business Wire* and advised class members of the pendency of action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff by no later than 60 days from the date of the notice, or by October 6, 2019.  *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.  October 6, 2019 was a Sunday; thus, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is

- 4 -

not a Saturday, Sunday, or legal holiday," is October 7, 2019.  Therefore, the Pension Fund filed within the applicable deadline and its motion should be considered for lead plaintiff appointment.

### 2.      The Pension Fund Possesses the Largest Financial Interest

During the Class Period, the Pension Fund purchased 42,093 shares of 2U common stock and suffered over $1 million in losses due to defendants' alleged misconduct.  *See* Rosenfeld Decl., Exs. B, C.[3]  To the best of its counsel's knowledge, no other plaintiff claims a larger financial interest than the Pension Fund.  Therefore, the Pension Fund satisfies the PSLRA's "largest financial interest" requirement.

### 3.      The Pension Fund Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "'The typicality threshold is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise.'"  *Buker v. L&L Energy, Inc.*,  No. 1:13-cv-06704-RA-AJP, ECF No. 25 at 2 (S.D.N.Y. Dec. 23, 2013) (Abrams, J) (citation omitted).  The adequacy requirement of Rule 23 "'is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'"  *Id.* at 3 (citation omitted).

The Pension Fund satisfies the typicality requirement because, just like all other class members, it: (1) purchased 2U securities during the Class Period; (2) was adversely affected by

---

[3]    The Pension Fund's losses are over $1.5 million when calculated under the first in, first out ("FIFO") accounting methodology, and over $1.02 million under the last-in, first-out ("LIFO") accounting methodology.

defendants' false and misleading statements; and (3) suffered damages thereby.  In addition, the Pension Fund is an adequate representative of the class because its interests are aligned with the putative class and there is no evidence of any antagonism between the Pension Fund's interests and the class's interests.  The Pension Fund's substantial loss provides the requisite interest to ensure vigorous advocacy.  In addition, as shown below, the Pension Fund has retained competent and experienced counsel to prosecute these claims.

Founded in 1962, the Pension Fund is a multiemployer employee benefit plan with more than $7 billion in assets under management overseen for the benefit of over 47,000 members.[4]  The Pension Fund is precisely the type of institutional investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA:  "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."  *In re Cendant Corp. Litig*., 264 F.3d 201, 273 (3d Cir. 2001); *see City of Monroe Emps' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors.").

Accordingly, the Pension Fund has made a *prima facie* showing that it satisfies the typicality and adequacy requirements for the purposes of this motion.

---

[4]   The Pension Fund's Benefit Plan website, https://www.neibenefits.org/members/pension-plan/, contains additional information about its management, history, and policies.

Cases\4830-0667-5880.v1-10/7/19

## B.    The Pension Fund's Selection of Counsel Should Be Approved

"'The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.'"    *L&L Energy*, ECF No. 25 at 3 (quoting 15 U.S.C. §78u-4(a)(3)(B)(v)).  Here, the Pension Fund has selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.  Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[5]  District courts throughout the nation, including this Court, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g.*, *Danker v. Papa John's Int'l*, No. 1:18-cv-07927-RA, ECF No. 45 (S.D.N.Y. Jan. 9, 2019) (appointing Robbins Geller as lead counsel in securities case); *City of Westland Police and Fire Ret. Sys. v. Philip Morris Int'l Inc.*, No. 1:18-cv-08049-RA, ECF No. 82 (S.D.N.Y. Feb. 25, 2019) (appointing Robbins Geller as co-lead counsel in securities case); *see also Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. Aug. 10, 2015) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job.  Congratulations.").

---

[5]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com/.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[6] And, while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, most recently a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Thus, the Court can be assured that by approving the Pension Fund's choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

---

[6]    *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

## IV.   CONCLUSION

The Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Pension Fund respectfully requests that the Court grant its motion.

DATED:  October 7, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
VINCENT M. SERRA

s/ *David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
BRIAN E. COCHRAN
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
bcochran@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 9 -

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE
JOHN M. McINTIRE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202/362-0041
202/362-2640 (fax)
lmalone@odonoghuelaw.com
jmcintire@odonoghuelaw.com

Additional Counsel for [Proposed] Lead Plaintiff

- 10 -

Cases\4830-0667-5880.v1-10/7/19

CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2019, I caused to be served the foregoing document upon all counsel of record through filing of these materials with the Court's Case Management and Electronic Case Filing System.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
     & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

Cases\4830-0667-5880.v1-10/7/19