**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re 2U, Inc., Securities Class Action | Case No. 1:19-cv-07390-RA |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE EMPLOYEES'
RETIREMENT SYSTEM OF THE PUERTO RICO ELECTRIC POWER AUTHORITY
FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF COUNSEL**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

I.      PRELIMINARY STATEMENT ................................................................................1

II.     SUMMARY OF RELEVANT FACTS ......................................................................2

III.    ARGUMENT..............................................................................................................5

        A.      ERS-PREPA Should Be Appointed As Lead
                Plaintiff ..........................................................................................................5

                1.      ERS-PREPA Has Timely Moved For Appointment
                        As Lead Plaintiff..................................................................................6

                2.      ERS-PREPA Has The Largest Financial Interest In
                        The Relief Sought ................................................................................6

                3.      ERS-PREPA Satisfies The Requirements Of Rule 23................................8

        B.      ERS-PREPA's Selection Of Counsel Should Be
                Approved.........................................................................................................8

IV.     CONCLUSION...........................................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                                **Page(s)**

*In re BP, PLC Sec. Litig.*,
  758 F. Supp. 2d 428 (S.D. Tex. 2010) ................................................................................... 1

*In re Elan Corp. Sec. Litig.*,
  No. 1:08-CV-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ............................... 1

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................................. 8

*In re Millennial Media, Inc. Sec. Litig.*,
  87 F. Supp. 3d 563 (S.D.N.Y. 2015)...................................................................................... 8

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
  256 F.R.D. 620 (E.D. Wis. 2009) .......................................................................................... 1

*Sgalambo v. McKenzie*,
  268 F.R.D. 170 (S.D.N.Y. 2010) ....................................................................................... 6, 7

**Statutes, Rules and Other Authorities**

15 U.S.C. § 78u-4(a)(3) ........................................................................................... *passim*

15 U.S.C. §§ 78j(b) and 78t(a)............................................................................................. 1

Fed. R. Civ. P. 23............................................................................................................ *passim*

H.R. Conf. Rep. No. 104-369 ........................................................................................ 7, 8

The Employees' Retirement System of the Puerto Rico Electric Power Authority ("ERS-PREPA") respectfully submits this memorandum of law in support of its motion for: (i) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (ii) approval of their selection of the law firm of Abraham, Fruchter & Twersky, LLP ("AF&T") to serve as Lead Counsel for the class.

## I.    PRELIMINARY STATEMENT

The above-captioned securities fraud class action (the "Action") is brought on behalf of purchasers of 2U, Inc. ("2U" or the "Company") common stock during the period of February 26, 2018, through July 30, 2019, inclusive (the putative "Class Period").[1]   The claims asserted arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a).

Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest in the relief sought by the class" who also makes a *prima facie* showing of being a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[1] On August 26, 2019, the Court consolidated the action captioned *Harper v. 2U, Inc. et al.*, 1:19-cv-07390-RA (S.D.N.Y.) (the "*Harper* Action"), which alleges a class period of February 25, 2019 through July 30, 2019, and the action captioned *Chinn v. 2U, Inc. et al.*, No. 1:19-cv-07479 (S.D.N.Y.) (the "*Chinn* Action"), which alleges a class period of February 26, 2018 through July 30, 2019.  For the purpose of appointing Lead Plaintiff under the PSLRA, the longest, most inclusive class period alleged governs.  *See In re Elan Corp. Sec. Litig.,* No. 1:08-CV-08761-AKH, 2009 WL 1321167, at *1 (S.D.N.Y. May 11, 2009); *see also Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010).  Accordingly, the class period alleged in the *Chinn* Action (February 26, 2018 through July 30, 2019) is relied upon for this Motion.

Here, ERS-PREPA makes this Motion seeking appointment as Lead Plaintiff based upon its belief that it has the largest financial interest in the relief sought; and that it is otherwise a typical and adequate representative of the Class.  Further, ERS-PREPA, as a sophisticated institutional investor, is the exact type of plaintiff that Congress sought to have serve as Lead Plaintiff when it enacted the PSLRA.  ERS-PREPA has a real financial interest in the litigation, experience serving as Lead Plaintiff in other securities class actions, and the ability to supervise and monitor counsel.  As set forth in greater detail below, ERS-PREPA fully understands the Lead Plaintiff's obligations to the class under the PSLRA and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous and efficient prosecution of this action.

ERS-PREPA has also demonstrated its adequacy through its selection and retention of AF&T, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the class.  Therefore, as discussed in greater detail below, ERS-PREPA respectfully requests that this Court grant its motion for appointment as Lead Plaintiff, and approval of its selection of counsel.

## II.    SUMMARY OF RELEVANT FACTS

2U is an educational technology company that partners with colleges and universities to offer online degree programs through a cloud-based "software-as-a-service" platform.

On February 26, 2018, 2U released its fourth quarter and fiscal year 2017 financial results and provided 2018 guidance.  The Company projected fiscal 2018 revenue in the range of $397.7 to $402.7 million and full-year net losses in the range of $45.0 to 42.8 million.  Defendants also stated that "2U is now at the forefront of the digital transformation in higher education" and the "strength of [its] business performance … sets [it] up nicely for 2018."

2

On a conference call that day, defendant Paucek explained that 2U was insulated from competition in part because it was "the only company right now that is – that goes very deep on both depth and breath." He also stated that 2U was in "heavy growth mode" and was successfully investing in the long-term health of the business.

On May 3, 2018, the Company released its first quarter 2018 financial results and adjusted its guidance for 2018. Discussing the first quarter 2018 results, defendant Paucek stated that, "[o]ur pipeline also continues to be strong, giving us confidence in our revenue expectations in that core segments in future years." He also stated that 2U's "short course business [was] thriving," that 2U was "opening up new market channels for short courses," and that 2U had "enough confidence in the short course business to raise full year revenue guidance significantly by over $8 million." Defendant Graham described 2U as the educational version of "Amazon" and stated that 2U was "reinvesting to take advantage of momentum."

On November 5, 2018, in a press release announcing the Company's third quarter 2018 financial results and adjusting its guidance for fiscal 2018, defendant Paucek stated that the Company's "[s]trong year-over-year growth combined with our stepped-up program launch targets for 2019, 2020 and 2021, have put 2U on the path to $1.0 billion in revenue." On a conference call accompanying the Company's third quarter 2018 financial results, defendant Paucek stated, in pertinent part:

> Competition is and always will be relevant, but we believe increased adoption is an opportunity for us, not a challenge. We're winning. Higher education as a whole is fully embracing online education. They're realizing this is something they need to do and do it soon. Our current partners are asking us for more, and it's clear to me, we need to be in a position to say yes.
>
> That means investing more today to drive scale over the long term. Powering more educational offerings at scale creates more options for students, which ultimately drives more outcomes and it will make us a much larger and stronger company in the long run.

3

So I say to you, if you're an investor interested in long-term growth and long-term cash generation, 2U is for you. If you're an investor that believes in plowing cohort profitability back into growth, 2U is for you.

On February 25, 2019, the Company released its fiscal year 2018 financial results and provided financial guidance for fiscal 2019. Defendant Paucek reaffirmed that "the company [was] fully funded," and defendant Graham explained that the Company's revenue was on track to further grow from $411.8 million in fiscal 2018 to $546.6 to $550.8 million in fiscal 2019.

On April 8, 2019, the Company announced that it was acquiring Trilogy, an adult-focused online educational company, for $750 million in cash and stock. When the Company announced the Trilogy acquisition, defendant Paucek represented it would "accelerate [the Company's] path to $1 billion in revenue by one year from 2022 to 2021 . . . ."

On May 7, 2019, 2U announced disappointing financial results for the first quarter 2019 and lowered the Company's financial guidance. Defendants blamed tougher admission standards at its college partners and revealed that 2U was experiencing declines in expected graduate program enrollments. Nonetheless, defendant Paucek stated that 2U saw no "challenges . . . attributable to weakness in [the Company's] efficiency" and reassured investors that "2U is still very much a growth story." On this news, the price of 2U stock declined over 25% in a single trading day, on abnormally high volume of over 7 million shares traded, to close at $44.77 per share on May 8, 2019.

Then, on July 30, 2019, 2U announced second quarter 2019 financial resultsand significantly reduced its previously issued guidance for fiscal year 2019, including projected net losses for fiscal 2019 that amounted to a 300% year-over-year increase. In addition, defendant Paucek disclosed that 2U was "moderating [its] outlook for the business in the short term" and, "[e]xcluding the expected financial impact of Trilogy, this implies a step down in revenue

4

expectations for the rest of the business."  On this news, the price of 2U stock declined 65% in a single trading day, on extremely high volume of over 54 million shares traded, to close at $12.80 per share on July 31, 2019.  All told, the trading price of 2U's stock fell from its Class Period high of more than $98 per share to just $12.80 per share following the announcement of 2U's second quarter 2019 financial results and adjusted outlook for 2019, a decline of over 86%.

## III.   ARGUMENT

### A.   ERS-PREPA Should Be Appointed As Lead Plaintiff

The PSLRA provides a method for determining the "most adequate plaintiff" to serve as Lead Plaintiff in a securities fraud class action.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  *First*, the plaintiff must file a complaint or make a timely motion to be appointed lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).  *Second*, the proposed lead plaintiff needs to have "the largest financial interest in the relief being sought by the [C]lass."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *Third*, the proposed lead plaintiff needs to "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

Here, ERS-PREPA believes it is the "most adequate plaintiff" because it satisfies all three elements.  Accordingly, ERS-PREPA should be appointed as Lead Plaintiff.

#### 1.   ERS-PREPA Has Timely Moved For Appointment As Lead Plaintiff

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  On August 7, 2019, notice of the action brought by plaintiff Harper was published via *Business Wire* and provided October 7, 2019*, i.e.,* the last day that is within 60 days of the publication of notice of the filing of the *Harper* Complaint, as the

5

deadline to submit lead plaintiff applications.[2]  ERS-PREPA satisfies this requirement through the filing of this Motion.

### 2.    ERS-PREPA Has The Largest Financial Interest In The Relief Sought

ERS-PREPA should be appointed Lead Plaintiff because it has the largest financial interest in this litigation as a result of having suffered losses from their purchases of 2U common stock during the Class Period.  *See* Twersky Decl., Ex. 2.  To the best of ERS-PREPA's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation, either individually or as an appropriate group.  Accordingly, ERS-PREPA has the largest financial interest among those seeking appointment as Lead Plaintiff, and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3.    ERS-PREPA Satisfies The Requirements Of Rule 23

A Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23.'"  *Sgalambo v. McKenzie*, 268 F.R.D.

---

[2] *See* notice of *Harper* Action filed in *Business Wire* on August 7, 2019, attached as Ex. 1 to the Declaration of Mitchell M.Z. Twersky ("Twersky Decl.") filed herewith.

170, 173 (S.D.N.Y. 2010) (citation omitted).  Here, ERS-PREPA satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

ERS-PREPA's claims are typical of the claims of other purchasers of 2U securities.  The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *McKenzie*, 268 F.R.D. at 173-74 (citation omitted).  Here, the claims of ERS-PREPA are typical because, like all members of the putative class, it purchased 2U securities during the Class Period at prices artificially inflated by defendants' materially false and misleading statements and omissions and suffered damages when the truth was revealed.  ERS-PREPA's claims arise from the same course of events as all class members and require the same legal arguments in order to prove defendants' liability.  As such, ERS-PREPA satisfies the typicality requirement.

ERS-PREPA similarly satisfies the adequacy requirement of Rule 23 to "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class ...."  *McKenzie*, 268 F.R.D. at 174 (citation omitted).

ERS-PREPA satisfies these elements because its substantial financial stake in the outcome of this litigation provides the incentive to vigorously represent the claims of the class, and they do not have interests that are antagonistic to the class.  ERS-PREPA has also retained experienced counsel.  *See infra*, § B; *see also* Twersky Decl., Ex. 3.  Moreover, ERS-PREPA, a sophisticated institutional investor, is exactly the type of investor that Congress sought to encourage to lead securities class actions when it enacted the PSLRA.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role

of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *In re Millennial Media, Inc. Sec. Litig*., 87 F. Supp. 3d 563, 570 (S.D.N.Y. 2015) (institutional investors are "the type of investor Congress prefers as lead plaintiff"); *see also In re eSpeed, Inc. Sec. Litig*., 232 F.R.D. 95, 99 (S.D.N.Y. 2005) ("The fact that the PSLRA was designed to favor institutional investors should be taken into account when determining what constitutes a reasonable group of 'members.'").

ERS-PREPA fully understands the PSLRA requirements of a Lead Plaintiff and is committed to vigorously and effectively representing the interests of all members of the class. Accordingly, ERS-PREPA satisfies the requirements of Section 21(a)(3)(B) and is presumptively the most adequate plaintiff.  This presumption has not been, and cannot be, rebutted by proof that ERS-PREPA "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Therefore, for the reasons stated above, the Court should appoint ERS-PREPA as Lead Plaintiff.

### B.      ERS-PREPA's Selection Of Counsel Should Be Approved

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not disturb a proposed lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  ERS-PREPA has selected and retained AF&T to serve as Lead Counsel.  AF&T has the commitment and ability to accomplish the required tasks because it has extensive experience and is highly competent in prosecuting similar actions.  *See, e.g., Utesch v. Lannett Company Inc.*, *et al.,* No. 2:16-cv-05932 (WB), ECF No. 53 (E.D. Pa. Mar. 20, 2017) (appointing AF&T lead counsel); *accord, e.g., Godinez v. Alere Inc.*, et al., No. 1:16-cv-10766 (PBS), ECF No. 152 (D. Mass. Dec.

8

22, 2017) (appointing AF&T co-lead counsel); *Silverstrand Investments v. AMAG Pharmaceuticals et al.*, No. 1:10-cv-10470 (NMG), ECF No. 24 (D. Mass Jul. 27, 2010) (appointing AF&T lead counsel); *In re SunEdison, Inc. Sec. Litig.*, No. 16-md-02742-PKC, ECF No. 103 (S.D.N.Y. Dec. 22, 2016) (same). The firm resume of AF&T, the proposed Lead Counsel, is submitted for the Court's convenience. *See* Twersky Decl., Ex. 3.

## IV.   CONCLUSION

For the reasons set forth herein, respectfully requests that the Court: (i) appoint ERS-PREPA as Lead Plaintiff; and (ii) approve ERS-PREPA's selection of the law firm of Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel for the class.

Dated: October 7, 2019                      Respectfully submitted,

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

                     /s/ *Mitchell M.Z. Twersky*

Mitchell M.Z. Twersky (MT-6739)
Atara Hirsh (AH-6771)
Sean M. Handron-O'Brien (*Pro Hac Vice* Forthcoming)
One Penn Plaza, Suite 2805
New York, New York 10119
Tel. (212) 279-5050
Fax. (212) 279-3655
*MTwersky@aftlaw.com*
*AHirsh@aftlaw.com*
*SHandronobrien@aftlaw.com*

    - and -

Ian D. Berg (*Pro Hac Vice* Forthcoming)
Takeo A. Kellar (*Pro Hac Vice* Forthcoming)
11622 El Camino Real, Suite 100
San Diego, California 92130
Tel. (858) 764-2580
Fax. (858) 764-2582
*IBerg@aftlaw.com*
*TKellar@aftlaw.com*

9

*Attorneys for the Employees' Retirement System of the Puerto Rico Electric Power Authority, and Proposed Lead Counsel for the Class*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under the penalty of perjury that on October 7, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

/s/ *Mitchell M.Z. Twersky*

Mitchell M.Z. Twersky
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, New York 10119
Tel. (212) 279-5050
Fax. (212) 279-3655
*MTwersky@aftlaw.com*

11