# EXHIBIT 3



## New York | California

**aftlaw.com**

---

## FIRM RESUME

---

Abraham, Fruchter & Twersky, LLP ("AF&T" or the "Firm") works to protect shareholder rights, bring claims on behalf of consumers who have been damaged by false advertising or the improper marketing of goods or services, and to protect individuals, businesses, and investment funds from unfair business practices. AF&T's attorneys have a broad range of experience in representing investors in securities and shareholder litigation in both trial and appellate courts throughout the United States. In regard to shareholder rights, we litigate individual and representative actions involving among other things, claims of corporate fraud, mismanagement, anti-competitive conduct, insider trading and breaches of fiduciary duties. The Firm seeks to protect investors and maximize recoveries through the diligent and capable representation of our clients. AF&T also represents consumer fraud victims as well as those damaged by anti-competitive conduct, such as collusive price fixing, and has participated in cases involving, among others, mortgage lenders, banks, broker-dealers, consumer product manufacturers and insurance companies.

AF&T maintains offices located in New York, New York and San Diego, California. Our Firm's lawyers pride themselves on their diligence, professionalism, courtesy, responsiveness and capacity to deal with the most complex legal and factual issues. As a consequence of these qualities, skills and experiences, we have achieved favorable results in the cases we have litigated and have successfully litigated issues of first impression.

## FIRM PRACTICE AREAS

---

### Securities Fraud Litigation

AF&T's Securities Fraud Litigation practice includes the prosecution of shareholder actions on behalf of purchasers or sellers of public and private securities, and relates to the misrepresentation of, or failure to disclose, material facts to investors. AF&T has represented clients in pursuit of their individual and class action claims. Typically, actions brought by the Firm's Securities Fraud Litigation practice group allege violations of the Securities Exchange Act of 1934 and the Securities Act of 1933.

AF&T has been appointed to serve as lead counsel to a class in several securities actions that are pending in federal court. To best protect our client's and the class's interests AF&T brings an intense focus and tenacious advocacy to the lead plaintiff stage of a securities case. This tenacity allows AF&T to vigorously protect the interests of our clients throughout the lead plaintiff appointment process. In many cases AF&T was the only firm to detect and raise unique issues pertaining to the presumptive lead plaintiff movant which led to the appointment of AF&T's client over the presumptive lead plaintiff. A list of actions where AF&T has been appointed lead or co-lead counsel includes:

> In *Godinez v. Alere et al.*, No. 1:16-cv-10766-PBS (D. Mass) AF&T was appointed lead counsel representing a group of Glazer Funds. This case has survived a motion to dismiss.

> In *Utesch v. Lannett Company et al.*, No. 2:16-cv-05932-WB (E.D. Pa.) AF&T, representing the University of Puerto Rico Retirement System, was appointed lead counsel to the class after AF&T raised a conflict of interest argument concerning the presumptive lead plaintiff's selected counsel.

> In *Boston Retirement System v. Volkswagen AG et al.*, No. 3:16-cv-03435-CRB (N.D. Cal.) AF&T, representing the Puerto Rico Government Employees and Judiciary Retirement Systems Administration, was appointed lead counsel to the class.

> In *In re Finisar Corp. Sec. Litig.*, No. 5:11-cv-01252-EJD (N.D. Cal.) AF&T, representing the Oklahoma Firefighters Pension and Retirement System was appointed lead counsel to the class. This case is pending after a successful appeal to the Ninth Circuit.

> In *Carvelli v. Ocwen Financial Corp.*, No. 9:17-cv-80500-RLR (S.D. Fl.) AF&T, representing the University of Puerto Rico Retirement System, won a significant lead plaintiff argument that resulted in an evidentiary hearing and AF&T's institutional investor client being appointed lead plaintiff over two individual investors with higher losses.

> In *Beltran v. Terraform Global, Inc, et al.*, No. 5:15-cv-04981-BLF (N.D. Cal.), AF&T, representing Pyramid Holdings, Inc., was appointed lead class counsel and has been diligently prosecuting the case.

> In *Paradise Wire & Cable Defined Benefit Pension Plan et al., v. Weil et al.*, No. 1:17-cv-00132 (D. Md.) AF&T was appointed sole lead counsel in this case and has recently filed an amended complaint.

AF&T's lawyers have substantial experience succesfully resolving securities and shareholder actions, including resolving *In re Peregrine Systems, Inc. Securities Litigation,* 2002 U.S. Dist. LEXIS 27690 (S.D.Cal.), where AF&T served as co-lead counsel representing a class of shareholders who acquired Peregrine securities in exchange for their shares of stock in

certain companies that were acquired by Peregrine. Along with a class of open-market purchasers, a settlement of approximately $117.5 million was obtained to resolve all claims, despite the company's bankruptcy filing, the lack of any insurance proceeds to contribute to the settlement and the dissolution of Arthur Anderson, LLP, the company's auditor, which was responsible for certifying the relevant false and misleading financial statements. Of the settlement amount, approximately $65 million was obtained from individual corporate officers and directors, amounting to one of the largest recoveries from individual defendants in a case of this nature. As a result of AF&T's efforts, its clients, the class of investors who acquired their Peregrine shares through a stock exchange pursuant to a prospectus, received a recovery that was approximately three times greater than those shareholders who acquired their shares in the open market.

In *Citiline Holdings, Inc. v. iStar Financial, Inc.,* No. 08-cv-3612-RWS (S.D.N.Y), AF&T served as Co-Lead Counsel and helped procure a settlement fund of $29 million on behalf of a class of damaged investors.

In *In re Global Crossing Securities Litigation,* 2005 U.S. Dist. LEXIS 16232 (S.D.N.Y.), where our firm's lawyers represented purchasers of Asia Global Crossing securities, our attorneys helped achieve an incredibly strong recovery for the benefit of the Asia Global Crossing shareholders in an amount equal to 8% of the funds recovered in the entire Global Crossing case, when they only suffered 1% of the losses.

*In re: Dreyfus Aggressive Growth Mutual Fund Litigation,* 98 CV 4318 (HB) (S.D.N.Y.), is a case in which a member of the Firm served on the executive committee of a class action brought on behalf of purchasers of two mutual funds for damages arising from misleading statements made in the offering prospectuses. Plaintiffs settled their claims for $18.5 million in cash.

A representative list of additional actions that have been successfully resolved by AF&T includes:

> *In re Fuqi International Inc. Securities Litigation*, No. 1:10-cv-02515-DAB (S.D.N.Y.) ($8.6 million);
>
> *Brown v. China Integrated Energy, Inc. et al*., No. 2:11-cv-02559-MMM (C.D. Cal.) ($2.5 million);
>
> *Silverstrand Investments, et al., v. AMAG Pharmaceuticals, Inc., et al.*, No. 1:10-cv-10470-NMG (D. Mass) ($3.75 million);
>
> *In re Giant Interactive Group, Inc. Sec. Litig.,* No. 07-cv-10588-RWS (S.D.N.Y.) ($13 million);

*In re Warner Chilcott Lt. Sec. Litig.,* No. 06-cv-11515-WHP (S.D.N.Y.) ($16.5 million);

*Liberty Cap. Group, Inc. v. Kongzhong Corp.,* No. 04-cv-6746-SAS (S.D.N.Y.) ($7.5 million); and

*In re Internap Network Serv. Corp. Sec. Litig.,* No. 08-cv-3462-JOF (N.D. Ga.) ($9.5 million).

In addition to AF&T's substantial class action practice, AF&T has also been incredibly successful in pursuing direct action recoveries. AF&T often seeks to resolve claims prior to filing a complaint. As such, the recoveries obtained are often not public information. However, our publicly disclosed work representing institutional investors with respect to direct action ("opt-out") claims against AIG is representative of the Firm and the services we provide. In connection with the class action titled *In re American International Group, Inc. 2008 Securities Litigation*, No. 1:08-cv-04772 (S.D.N.Y.) against AIG, among others, AF&T filed direct actions on behalf of funds related to the General Electric Pension Funds and Lord Abbett & Co. LLC mutual funds.

### <u>Antitrust Litigation</u>

AF&T's antitrust practice is designed to protect consumers and businesses from anticompetitive behavior such as price fixing, bid rigging, and price discrimination. AF&T has prosecuted cases alleging violations of the Sherman Act, Clayton Act, and state antitrust laws. AF&T brings a uniquely thorough approach to the antitrust cases that it chooses to prosecute. This allows AF&T's team of attorneys to focus on antitrust cases that best protect the interests of our clients.

AF&T has represented plaintiffs in connection with several antitrust class actions. A list of these actions is below:

*In re Payment Card Interchange Fee and Merchant-Discount Antitrust Litigation.,* No. 1:05-md-01720 (E.D.N.Y.);

*In re SSA Bonds Antitrust Litigation,* No. 1:16-cv-03711 (S.D.N.Y.);

*In re Treasury Securities Auction Antitrust Litigation,* No. 1:15-md-02673 (S.D.N.Y.);

*In re Domestic Airline Travel Antitrust Litigation*, No. 1:15-mc-01404 (D. D.C.);

*In re Delta/Airtrain Baggage Fee Antitrust Litigation*, No. 1:09-md-02089 (N.D. Ga.); and

*In re International Air Transportation Surcharge Antitrust Litigation*, No. 3:06-md-01793 (N.D. Ca.).

**Insider Trading**

AF&T's Insider Trading practice focuses on both federal and state law claims that seek to remedy and/or prevent unlawful insider trading by corporate insiders. These actions include claims that arise out of short-swing insider trading in violation of Section 16(b) of the Securities Exchange Act of 1934 which prohibits a statutorily defined insider from purchasing and selling on issuers shares within a six month period. The Firm's attorneys are among the leading experts in the nation with respect to 16(b) litigation, and have been at the forefront of obtaining favorable court rulings that have both enabled substantial recoveries for the ultimate benefit of investors and helped prevent future acts of corporate malfeasance associated with short-swing insider trading.

In one such 16(b) action, AF&T successfully resolved the matter for a cash settlement of $20 million. In another 16(b) case, AF&T achieved a $9.4 million settlement following a successful appeal to the U.S. Court of Appeals for the Eleventh Circuit.

In another case, former Judge John S. Martin of the U.S. District Court for the Southern District of New York complimented the lawyers at AF&T for the work they had done in securing a $20 million settlement of an insider trading case by stating in a written decision that:

> Here, the shareholders of Illinois Superconductor received a $20,000,000.00 benefit as the sole result of the diligence and sagacity of Plaintiffs counsel.

*Steiner v. Williams*, No. 99 Civ. 10186 (JSM), 2001 U.S. Dist. LEXIS 7097, at \*7-8 (S.D.N.Y. May 31, 2001).

In addition to bringing cases under Section 16(b), AF&T has been at the forefront of efforts to cause corporate insiders to disgorge the proceeds of insider trading profits earned during the time period the issuer's financial results were improperly reported or other material facts were improperly concealed from members of the investing public. These cases have involved asserting claims arising under state law principles of fiduciary duty in shareholder derivative actions which are described in the section below. In one such case, Defendants agreed to pay $4.5 million to settle claims of unlawful insider trading. *Silverberg v. Gold, et al.* ("*Dendreon*"), C.A. No. 7646-VCP (Del. Ch.).  AF&T also secured a substantial victory at the Delaware Supreme Court in *Sandys v. Pincus et al.,* C.A. No. 157, 2016 (Del. Supreme Court). In the Sandys' case AF&T represented a shareholder who alleges that members of Zynga's management breached their fiduciary duties by selling stock in a secondary offering based on insider information.

**Shareholder Derivative Litigation**

AF&T's Shareholder Derivative Litigation practice focuses on actions brought by shareholders of a corporation in order to obtain a recovery on behalf of that corporation from a corporate insider or other party for a violation of state or federal law that has caused damage to

5

the corporation. Often, these actions seek to disgorge corporate insiders of the proceeds realized from self-interested transactions that deprive the company and its public shareholders of the true value of the assets involved or from insiders exploiting their positions for their own personal gain. Many of these actions also result in remedial corporate governance changes designed to prevent recurrent wrongdoing.

Among the shareholder derivative cases in which AF&T has served as a lead counsel is *Kahn v. Buttner*, Index No. 650320/2008 (Sup. Ct. N.Y. Cty.) where a controlling shareholder would pay $2.9 million to a settlement fund for the sole benefit of Value Line Inc.'s shareholders who held 13.5% of Value Line Inc.'s stock, representing a recovery for the minority shareholders of more than 85% of the maximum amount of monetary damages recoverable if shareholders were successful at trial and on appeal.

Our Shareholder Derivative Litigation practice also extends to cases involving the reckless management of a company's operations that causes damage to the company. One action making such allegations in which members of the Firm played a leading role was brought on behalf of the Bank of New York Corporation against corporate insiders with respect to the damage caused to the company by their failure to properly institute the internal controls necessary to prevent money laundering. After the denial of a motion to dismiss, the taking of substantial pre-trial discovery and the defeat of an effort to have the case decided by a special committee, the case was resolved for a cash payment of $26.5 million for the benefit of the Bank of New York.

AF&T's Shareholder Derivative Litigation practice also places great emphasis on achieving substantive corporate governance reform. For example, members of the Firm had a leading role in gaining significant and valuable remedial benefits designed to prevent a recurrence of corporate malfeasance at ImClone Systems Inc. (in addition to gaining a cash payment of $8.75 million). AF&T also served as lead counsel in a derivative shareholder action against Merck & Co. related to the company's misconduct surrounding its pain reliever Vioxx. The Firm successfully brought about material corporate governance reform, which the presiding Judge described as "far reaching and act[ing] to position Merck at the forefront of sound corporate governance and risk management practices," "ensur[ing] scientific integrity and drug patient safety," and "provid[ing] substantial benefit to Merck and its shareholders because they may serve to prevent future liability from the sale of potentially dangerous drugs." The corporate governance changes, which provided, *inter alia*, for a Chief Medical Officer to act as an advocate for patient safety, were similarly praised by industry analysts as something "every pharma company should have..." Likewise, in *In re Schering-Plough Corp. Shareholders Derivative Litig.*, Master Derivative Docket Civ. Action No. 01-1412, 2008 U.S. Dist. LEXIS 2569 (D. N.J. Jan. 14, 2008), the Firm was responsible for obtaining comprehensive corporate governance changes at Schering-Plough Corporation. Also, AF&T served as a lead counsel in a shareholder derivative action brought on behalf of Google, Inc. in which substantial governance reforms were achieved. *In re Google Inc. Shareholder Deriv. Litig.*, No. 11 Civ. 4248 (P JH) (N.D. Cal.). Under the terms of the settlement, Google was required to spend at least $50 million per year principally on its product quality operations, policy enforcement, and User Safety Initiative collectively.

6

More recently, in approving the settlement of a shareholder derivative action brought on behalf of CytRx Corporation, Vice Chancellor Laster of the Delaware Court of Chancery stated that:

> I will tell you that it would be a wonderful thing, I think for the state of stockholder litigation in this country if this was more an example of the types of suits that were usually seen . . . . I think you guys did a fine job. I'm not going to be overly effusive because I actually think that this is the type of thing litigation ordinarily ought to be.

## Corporate Transactions & Shareholder Rights

AF&T's Corporate Transactions & Shareholder Rights practice handles cases dealing with transactions in which the interests of minority shareholders or limited partners are eliminated through either the sale of the entity's underlying assets or through the sale of the entity itself. In such transactions, corporate officers may be liable for advancing the financial or corporate interests of the controlling shareholder(s) or general partner(s) at the expense of minority investors. These cases often arise under Section 14(a) of the Securities Exchange Act of 1934 and state law principles requiring corporate officers and controlling shareholders to discharge their fiduciary duties with loyalty, care and prudence.

Members of the Firm have been active in this practice area, and the Firm has represented public institutions in challenging these transactions. For example, AF&T achieved a settlement of $10.5 million in a case brought on behalf of the limited partners of a series of limited partnerships controlled by Jones Intercable, Inc. The Firm also achieved a $5 million case settlement in a transaction involving the sale of a cable television system owned by American Cable TV Partners V, L.P. Another notable case led by AF&T resulted in an approximately 20% increase in the price offered in a management buyout of the minority interests of an investment trust.

## Consumer Fraud

Consumers often feel powerless to stop major corporations from engaging in wrongful conduct, whether it be in the form of an improper fee or charge, an undelivered service, or a product that simply does not live up to expectations based on the company's advertising and labeling. AF&T regularly fights to protect consumers who have been wronged, no matter how small the individual damages.

As an example, AF&T achieved a favorable ruling from a New York State Appellate Court on an issue of first impression barring mortgage lenders from charging New York State residents a fax fee in connection with the provision of mortgage payoff statements and holding that consumers had an implied private right of action to recover any such fees paid. The decision was "Decision of the Day" in the November 19, 1999, edition of The New York Law Journal and is reported as *Negrin v. Norwest Mortgage, Inc.* (163) A.D.2d 39, 700 N.Y.S.2d 184 (2d Dep't 1999).

7

AF&T also played a key role in a series of cases brought in state and federal courts in California and New Jersey on behalf of consumers across the country against leading sunscreen manufacturers in the U.S. alleging the false advertising and labeling of sunscreen products.  As a consequence of the Firm's efforts, sunscreen labeling in the U.S. was changed and significant monetary recoveries were obtained for the benefit of consumers.

## FIRM ATTORNEYS

*Jeffrey S. Abraham,* **Partner**

Following his graduation from Columbia University School of Law, Mr. Abraham worked for one year as a corporate securities lawyer for a mid-size New York City law firm.  Thereafter, Mr. Abraham joined what, at the time, was the largest firm specializing in plaintiffs' securities litigation, a firm then known as Milberg Weiss Bershad Specthrie & Lerach.  After working at Milberg Weiss for several years, Mr. Abraham left to start the Law Offices of Jeffrey S. Abraham, which subsequently merged with and into Fruchter & Twersky, LLP, to become AF&T.

Mr. Abraham's practice at Milberg Weiss focused on the prosecution of shareholder class actions on behalf of defrauded investors with the occasional representation of corporate clients in various litigation matters.  Among the class actions which he was active in prosecuting during his tenure at Milberg Weiss were *In Re Crazy Eddie Securities Litigation,* 97 Civ. 87-0033 (E.D.N.Y.) in which a recovery in excess of $76 million was achieved for defrauded investors, and *Axton Candy & Tobacco Co., Inc. v. Alert Holdings Inc., (Alert Holdings Income Limited Partnership Litigation),* 92-Z-1191 (D. Colo.), in which a recovery of $60 million was achieved for defrauded investors.  Mr. Abraham also successfully defended the appeal challenging the terms of that settlement before the Tenth Circuit. *See Hillman v. Webley,* 1996 U.S. App. LEXIS 25702 (10th Cir. 1996).

At AF&T, Mr. Abraham continues to focus on securities and shareholder litigation.  During his tenure at the Firm, Mr. Abraham has served as lead counsel in many cases, including: *In re Peregrine Securities Litigation,* Civil No. 02cv870-J (S.D. Cal.) in which a settlement of approximately $117.5 million was achieved notwithstanding the company's bankruptcy, the lack of insurance proceeds to contribute to the settlement, and the dissolution of the company's auditors who shared liability.  In another case, Mr. Abraham acted as co-lead counsel on behalf of purchasers of the securities of Asia Global Crossing in connection with *In Re Global Crossing Securities Litigation,* 02 CV 910 (S.D.N.Y.) in which a pro rata recovery was achieved for the Asia Global Subclass members that far exceeded the pro rata recovery obtained by the other defrauded investors in Global Crossing securities.

On another occasion, in a case arising under the short-swing insider trading provisions of Section 16(b) of the Securities Exchange Act of 1934, Mr. Abraham assisted in achieving a cash recovery of $20 million (without the benefit of insurance coverage) which at the time was

the largest known cash recovery under that statute. Judge John S. Martin, Jr., the former U.S. Attorney for the Southern District of New York and the presiding Judge in the action, complimented the Firm's performance in the case in stating "the shareholders of Illinois Semiconductor Company received a $20,000,000.00 benefit as the sole result of the diligence and sagacity of Plaintiffs counsel." *Steiner v. Williams; Levy v. Southbrook Int'l Investments, Ltd.,* 2001 U.S. Dist. LEXIS 7097, at *20 (S.D.N.Y. May 31, 2001).

Other cases in which Mr. Abraham has had a primary litigation role include: *City Partnership Co. v. Jones Intercable, Inc.*, Civil Action No. 99-WM-1051 (D. Colo.), in which a recovery of $10 million was achieved on behalf of investors with respect to the sale of cable television systems and *City Partnership Co. v. IR-TCI Partners V, L.P.*, Civil Action No. 99-RB-2122 (D. Colo.) in which $5 million was recovered on behalf of limited partners with respect to the sale of a cable television system to a business affiliate of the general partner.

Mr. Abraham has successfully argued appeals in the U.S. Courts of Appeals for the Second, Third, Tenth, and Eleventh Circuits.

Mr. Abraham is admitted to practice in the Courts of the State of New York, the United States District Courts for the Southern District of New York, Eastern District of New York and District of Colorado, and the U.S. Courts of Appeal for the Second, Third, Fourth, Seventh, Ninth, Tenth, and Eleventh Circuits as well as before the U.S. Supreme Court.

### *Jack G. Fruchter,* **Partner**

Mr. Fruchter is a *cum laude* graduate of the Benjamin N. Cardozo School of Law. Prior to founding the law firm of Fruchter & Twersky, LLP whose name was later changed to Abraham, Fruchter & Twersky, LLP, Mr. Fruchter was employed by the enforcement division of the U.S. Securities and Exchange Commission as well as a litigation associate at the law firm of Hughes Hubbard and Reed, LLP in New York City.

Mr. Fruchter has played a lead role in many of the securities fraud class actions litigated by our firm, including AirGate PCS, Inc., Printcafe Software, Inc., KhongZhong Ltd., Warner Chilcott Limited, Giant Interactive Group, Inc. and iStar Financial, Inc.

In *Liberty Capital Group, Inc. v. Kongzhong Corporation,* 04-CV06746SAS (S.D.N.Y.), for example, Mr. Fruchter took the lead in a securities class action alleging that the issuer's registration statement in connection with an IPO failed to disclose that the issuer had breached its service agreement with its primary customer, China Mobile Communications Corporation, resulting in sanctions against the issuer and a strained relationship with the customer. The case settled for 20% of the maximum provable damages, which is well in excess of the average recovery of 2-3% of damages in securities fraud litigation.

Mr. Fruchter has also focused on short-swing insider trading actions pursuant to the provisions of Section 16(b) of the Securities Exchange Act of 1934.  Mr. Fruchter has appeared at SEC staff meetings to discuss pending issues concerning Section 16(b) litigation and has been referred to as a leading practitioner in the field of Section 16(b) litigation. Romeo & Dye, Comprehensive Section 16 Outline 288 (June 2003).

Mr. Fruchter is admitted to practice in the Courts of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the United States Courts of Appeals for the Third and Eleventh Circuits.  Mr. Fruchter has also routinely appeared *pro hac vice* in Courts throughout the United States.

### *Mitchell M.Z. Twersky,* **Partner**

Following his graduation from the Georgetown University Law Center, Mr. Twersky was employed for several years as a commercial and civil litigation associate for a boutique litigation firm in New York City. In 1996 he founded the law firm of Fruchter & Twersky, LLP, which later changed its name to Abraham, Fruchter & Twersky, LLP.

At Abraham, Fruchter & Twersky, LLP, Mr. Twersky has focused on, among other things, short-swing insider trading actions pursuant to the provisions of Section 16(b) of the Securities Exchange Act of 1934.  Mr. Twersky played a lead role in *Levy v. Office Depot, Inc.*, in which a shareholder of Purchasepro.com alleged that as a consequence of the CEO of Office Depot serving on the Board of Directors of Purchasepro.com, Office Depot's trades in Purchasepro.com securities violated the insider trading provision of Section 16(b).  Following PurchasePro.com's bankruptcy filing, AF&T was retained by the Debtor with the Bankruptcy Court's approval to continue with the prosecution of the action on the Debtor's behalf.  The case settled for $9.4 million, more than half of the recoverable profits, after the Firm's successful appeal to the U.S. Court of Appeals for the Eleventh Circuit.

Mr. Twersky also played a lead role in a settlement valued at $38 million in *Rosenberg v. Delta Airlines, Inc.,* an action commenced in Delaware District Court against Delta Air Lines on behalf of Priceline.com for violations of the insider trading provisions of Section 16(b). He also played a lead role in a $20 million cash settlement of a Section 16(b) action in *Levy v. Southbrook International Investments, Ltd., et al.* brought in U.S. District Court for the Southern District of New York where Judge John S. Martin, Jr. in praising AF&T's work stated "counsel's effort here provided a bonanza to the corporation...as the sole result of the diligence and sagacity of Plaintiff's counsel." 2001 U.S. Dist. LEXIS 7097, at *20 (S.D.N.Y. May 31, 2001).

Mr. Twersky has appeared several times at SEC staff meetings to discuss pending issues concerning Section 16(b) litigation, has provided the SEC with written comments concerning the proposed promulgation of SEC Rules pertaining to Section 16(b) (Comments with respect to *Proposed Rule: Ownership Reports and Trading by Officers, Directors and Principal Security Holders, Release Nos. 34-49895, 35-27861, IC-26471* (June 21, 2004),

available at www.sec.gov) and has been referred to as a leading practitioner in the field of Section 16(b) litigation. Romeo & Dye, Comprehensive Section 16 Outline 288 (June 2003).

Mr. Twersky has also played a leading role in AF&T's consumer and antitrust class action litigation. Mr. Twersky achieved a favorable ruling from a New York State Appellate Court on an issue of first impression barring mortgage lenders from charging New York State residents a fax fee in connection with the provision of mortgage payoff statements and holding that consumers had an implied private right of action to recover any such fees paid. The decision was "Decision of the Day" in the November 19, 1999, edition of The New York Law Journal and is reported as *Negrin v. Norwest Mortgage, Inc.* (163) A.D.2d 39, 700 N.Y.S.2d 184 (2d Dep't 1999).

Mr. Twersky has also played a key role in a series of cases brought by the Firm in state and federal courts in California and New Jersey on behalf of consumers across the country against leading sunscreen manufacturers in the U.S. alleging the false advertising and labeling of sunscreen products. As a consequence of the Firm's efforts, sunscreen labeling in the U.S. was changed and significant monetary recoveries were obtained for the benefit of consumers.

Mr. Twersky also plays a prominent role in the *Utesch v. Lannett Company et al.*, case. The complaint alleges that the Defendants concealed their involvement in a conspiracy to fix the prices of generic drugs in violation of the antitrust laws which severely damaged its shareholders when the truth was disclosed.

Mr. Twersky has also led the litigation team in the *In re Finisar Corp. Sec. Litig.*, case. The team was successful on appeal and the district judge's dismissal order was reversed. The case is currently pending. Additionally, in the *Boston Retirement System v. Volkswagen AG et al.*, case Mr. Twersky led the team of attorneys that alleged the defendants made misstatements in bond offerings.

Mr. Twersky has been interviewed and quoted widely by the media, including the *Los Angeles Times*, *The New York Times*, *The New York Post*, *The Miami Herald*, and *The Wall Street Journal*. Mr. Twersky has also appeared on television and radio programs, including NBC's *Today in New York*, Comcast's *Nitebeat*, and National Public Radio's *Marketplace*.

Mr. Twersky has served on the Federal Regulation of Securities Committee of the American Bar Association as well as its Civil Litigation and SEC Enforcement Matters and Annual Review of Federal Securities Regulation Subcommittees.

Mr. Twersky is admitted to practice in the Courts of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, the U.S. Courts of Appeal for the First, Second, Third, Seventh, Ninth and Eleventh Circuits, and the Supreme Court of the United States of America. Mr. Twersky has also routinely appeared *pro hac vice* in Courts throughout the United States.

*Atara Hirsch,* **Of Counsel**

Ms. Hirsch concentrates her practice in securities litigation and institutional investor relations. Ms. Hirsch is a graduate of Brooklyn Law School and is admitted to practice before the Courts of the State of New York, the United States District Court for the Southern District of New York and the United States District for the Eastern District of New York.

Ms. Hirsch serves as the Firm's Director of Institutional Investor Services, advising public and private institutions throughout the world with respect to shareholder rights related to class action and individual direct action claims arising under U.S. federal and state securities laws. Ms. Hirsch is a frequent speaker on securities litigation issues, particularly as they relate to the rights and responsibilities of institutional investors. Ms. Hirsch has addressed the National Conference on Public Employee Retirement Systems, the Native American Finance Conference and the Florida Public Pension Trustees Association, and has authored, "Custodians Leave Investor Money on the Table" *(PERSist,* National Conference on Public Employee Retirement Systems (Fall 2009)) detailing the myriad of issues that may arise when pension funds rely solely on their custodians to monitor their stock portfolio.

*Ian D. Berg,* **Of Counsel**

Mr. Berg is an experienced litigator, representing public and private institutional investors and has helped recover over $4 billion for clients and class members who invested in public companies. Ian has strong skills in all aspects of complex litigation, including developing and implementing strategies, conducting discovery, and negotiating favorable resolutions. Ian has argued *successfully* before federal courts throughout the country, including the Ninth Circuit Court of Appeals and First Circuit Court of Appeals.

Mr. Berg is playing, or has recently played, a leading role in the following actions:

*Lord Abbett Affiliated Fund, Inc., et al. v. American International Group, Inc. et al.*, 1:15-cv-00774-LTS (S.D.N.Y.) (Direct Action, pending)

*General Electric Pension Trust, et al. v. American International Group, Inc. et al.*, 1:15-cv-00957-LTS (S.D.N.Y.) (Direct Action, resolved)

*In re Finisar Corp. Sec. Litig.*, 5:11-cv-01635-EJD (N.D. Cal.) (Class Action, pending)

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 (CRB); BRS v. Volkswagen AG, et al., 16-cv-3435 (N.D. Cal.) ("Bondholder Securities Action") (Class Action, pending)

*City of Orlando Police Pension Fund v. Page*, 4:13-cv-02038-PJH (N.D. Cal.) (Google Shareholder Deriv. Action, resolved)

*Silverstrand Investments, et al. v. Amag Pharmaceuticals, Inc.*, 10-cv-10470-NMG (D. Mass.) (Class Action, resolved)

12

*Brown v. China Integrated Energy, Inc.*, 2:11-cv-02559-BRO (C.D. Cal.) (Class Action, resolved)

Mr. Berg is also involved in the firm's case development and lead plaintiff appointment process for our clients, analyzing their interests and best options to maximize their recovery. Ian has recently played a prominent role in AF&T's successful representation of institutional investors in lead plaintiff contests in the following representative securities fraud class actions:

*In re SunEdison, Inc. Sec. Litig.* MDL No. 02742 (PKC); *Pyramid Holdings, Inc. v. TerraForm Global, Inc. et al*, 1:16-cv-07981-PKC (S.D.N.Y.)

*Perlmutter v. Intuitive Surgical, Inc. et al*, 5:10-cv-03451-LHK (N.D. Cal.)

*In re Finisar Corp. Sec. Litig.*, 5:11-cv-01635-EJD (N.D. Cal.)

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 (CRB); BRS v. Volkswagen AG, et al., 16-cv-3435 (N.D. Cal.) ("Bondholder Securities Action")

*Brown v. China Integrated Energy, Inc.*, 2:11-cv-02559-BRO (C.D. Cal.)

Mr. Berg is most proud of his work educating investors about securities litigation. Towards that goal, Ian has been a speaker on various topics and has authored or co-authored the following articles: "Other People's Money: The Unrealized Conflicts of Securities Lending" (Wall Street Lawyer, July 2010); "Why Institutional Investors Opt-Out of Securities Fraud Class Actions and Pursue Direct Individual Actions" (PLI Securities Litigation and Enforcement Institute, July 23, 2009); "Credit Rating Agencies: Out of Control and in Need of Reform" (Securities Litigation & Regulation Reporter, June 30, 2009); "Ruling Warns Funds to Follow Class Actions" (Pensions & Investments, December 8, 2008); and "The 7th Circuit Sends a Strong Message: Institutions Must Monitor Securities Class Actions Claims" (The NAPPA Report, August 2008).

### *Lawrence D. Levit,* **Of Counsel**

Mr. Levit has specialized in class action litigation for approximately twenty years, primarily representing shareholders and consumers. Prior to joining AF&T, Mr. Levit was a partner at a mid-size law firm until 2002, where he was involved in actions that recovered hundreds of millions of dollars for class members. While at AF&T, he has served as co-lead counsel in *In re Peregrine Systems, Inc. Securities Litigation,* No. 02- CV-0870-BEN (RBB) (S.D. Cal.), representing a class of claimants for violations of the federal securities laws. A settlement was obtained for approximately $117.5 million, with approximately $65.5 million of that amount being obtained from individual corporate officers and directors, one of the largest recoveries directly from individuals in a case of this nature. The investors represented by the Firm (*i.e.,* those who acquired their Peregrine shares as a result of a stock exchange pursuant to a prospectus) received a recovery that was approximately three times greater than shareholders who acquired their shares by purchasing them on the open market. In another recent action, *Liberty Capital Group, Inc. v. KongZhong Corp.,* No. 1:04-CV-06746-SAS (S.D.N.Y.), Mr. Levit served co-lead counsel and was responsible for settling the

13

action for 20% of the maximum provable damages, well in excess of the average recovery of 2-3% of damages in securities fraud litigation.

Mr. Levit is a graduate of Franklin and Marshall College. He also received an M.A. in Political Science from the Eagleton Institute of Politics. Mr. Levit is a graduate of Brooklyn Law School where he was the Second Circuit Editor for the Law Review. He published an article entitled: *Habeas Corpus and the Exhaustion Doctrine: Daye Lights Dark Corner of the Law,* 50 Brooklyn Law Review 565 (1984).

Mr. Levit is a member of the New York and New Jersey bars and is admitted to practice before the United States District Courts for the Southern District of New York, the Eastern District of New York and the District of Colorado as well as the United States Courts of Appeal for the Second, Third, and Fourth Circuits.

### *Todd Kammerman,* Of Counsel

Mr. Kammerman focuses his practice on securities class action litigation, shareholder derivative litigation, and commercial litigation. Prior to joining Abraham, Fruchter & Twersky, LLP as Of Counsel in 2017, Mr. Kammerman was a partner at Milberg LLP where he practiced for over 14 years. A sample of Mr. Kammerman's successful litigations include *In re CMS Energy Securities Litigation*, No. 02-72004 (E.D. Mich.) ($200 million recovery); *In re Royal Dutch/Shell Transport ERISA Litigation*, No. 04-1398 (D.N.J.) ($90 million recovery); *Scheiner v. i2 Technologies*, No. 01-0418 (N.D. Tex.) ($87.8 million recovery); and *Mich II Holdings LLC v. Schron*, No. 600736/10 (Sup. Ct. N.Y. Cnty.) (represented certain defendants in connection with real estate dispute and successfully litigated motion to dismiss all claims against those defendants).

Mr. Kammerman played a leading role in the *Platinum Partners Value Arbitrage Fund, LP, et al. v. Chicago Board Options Exchange, Inc. and Options Clearing Corporation*, No. 10 CH 54472 (Ill. Cir. Ct. Cook Cnty.) litigation, including litigating the successful appeal leading to the precedent-setting decision, reported at 2012 IL App (1st) 112903 (Ill. App. Ct. 2012), where the Illinois Appellate Court, First District, reversed the previous dismissal of the case on regulatory immunity grounds, and held that regulatory immunity does not apply where self-regulated organizations privately disclose information about the price adjustment of a stock option to selected market participants before that information is made publicly available.

Mr. Kammerman played a pivotal role in the *In re Comverse Technology, Inc. Derivative Litigation,* No. 601272/06 (Sup. Ct. N.Y. Cnty.) ($62 million recovery), particularly in drafting the appellate briefs which led to the seminal New York Appellate Division opinion, reported at 56 A.D.3d 49 (1st Dept 2008), clarifying the standards of demand futility, and holding that a board of directors loses the protection of the business judgment rule where there is evidence of self-dealing and poor judgment by the directors. He was also a member of the team that litigated the appeal in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* before the United States Supreme Court, in which the Supreme Court issued an opinion defining the pleading standard for scienter in all federal securities fraud cases, and is reported at 551 U.S. 308 (2007).

14

Mr. Kammerman has been selected as a New York Metro Super Lawyer from 2014-2018. While attending the Benjamin N. Cardozo School of Law, Mr. Kammerman was named an Alexander Fellow, and through the associated fellowship he worked as a judicial intern in the chambers of the Honorable Joseph A. Greenaway, Jr., United States District Judge in Newark, New Jersey.

Mr. Kammerman is a member of the bars of the States of New York and New Jersey and is admitted to practice before the United States Courts of Appeals for the Third and Eleventh Circuits and the United States District Courts for the District of New Jersey, Southern and Eastern Districts of New York, and Eastern District of Michigan.

### *Takeo A. Kellar,* **Of Counsel**

Mr. Kellar practices out of the Firm's San Diego office and concentrates his practice in the area of securities litigation on behalf of public and private institutional investors. Prior to joining Abraham, Fruchter & Twersky, LLP, Mr. Kellar practiced securities litigation at Bernstein, Litowitz, Berger & Grossmann LLP, where he prosecuted securities fraud and derivative shareholder actions on behalf of institutional investors. Mr. Kellar has helped obtain significant recoveries on behalf of class members in several nationwide securities class actions, including *In re William Securities Litigation* ($311 million), *In re Maxim Integrated Products, Inc. Securities Litigation* ($173 million), *In re New Century Securities Litigation* ($125 million) and *Atlas v. Accrediited Home Lenders Holding Co.* ($22 million settlement). Mr. Kellar also worked on the trial team responsible for successfully prosecuting the *In re Clarent Corp. Securities Litigation,* which resulted in a favorable jury verdict for shareholders against the company's former CEO. In addition, Mr. Kellar has assisted in successfully prosecuting and settling important shareholder derivative cases pertaining to corporate waste such as the Apollo Group, Inc. and the Activision, Inc. stock option backdating cases.

Mr. Kellar is a graduate of the University of California, Riverside (B.A.) and the University of San Diego School of Law (J.D.). Mr. Kellar is admitted to practice in the State of California and before the United States District Courts for the Northern, Central and Southern Districts of California.

### *Michael J. Klein*, **Of Counsel**

Mr. Klein focuses his practice on securities litigation, shareholder derivative litigation, and litigation under the Employee Retirement Income Security Act of 1974 ("ERISA").

Prior to joining Abraham, Fruchter & Twersky, LLP in 2019, Mr. Klein practiced law at Stull, Stull & Brody for almost fifteen years. Examples of litigation in which Mr. Klein had substantial responsibility include: *Overby v. Tyco International, Ltd.*, Case No. 02-CV-1357-B (D.N.H.) (recovery of $70.525 million in cash to the company's 401(k) plan in a case alleging the company's stock was artificially inflated; Mr. Klein participated in over eighty days of deposition testimony); *National City Corporation Sec., Derivative & ERISA Litig.*, 1:08-cv-

15

07000-PAG (N.D. Ohio) (recovery of $43 million in cash to the company's 401(k) plan in a case alleging the company's stock was artificially inflated); *Zilhaver v. UnitedHealth Group, Inc.*, Case No. 06-cv-2237 (JMR) (D. Minn.) (recovery of $17 million in cash to the company's 401(k) plan in a case alleging the company's stock was artificially inflated); *In re 2014 Avon Products, Inc. ERISA Litig.*, 1:14-cv-10083-LGS (S.D.N.Y.) (recovery of $6.25 million in cash to the company's 401(k) plan in a case alleging the company's stock was artificially inflated); *In Re SunTrust Banks, Inc. ERISA Litigation*, Docket No. 1:08-cv-03384-RWS (N.D. Ga.) (recovery of $4.75 million in cash to the company's 401(k) plan in a case alleging the company's stock was artificially inflated); *Griffin v. Flagstar Bancorp, Inc.*, 2:10-cv-10610-PDB-MKM (E.D. Mich.) (recovery of $3 million in cash to the company's 401(k) plan, representing 85% of likely recoverable damages, was recognized as "excellent" by the court, in a case alleging the company's stock was artificially inflated).

Mr. Klein has also prosecuted several cases seeking to enforce federal securities laws, causing disclosures required thereunder.

Mr. Klein was named by *Super Lawyers* magazine as a Super Lawyer in 2016 – 2017.

Mr. Klein received his undergraduate degree in 2001 from Emory University and his J.D., with honors, from the University of Connecticut School of Law in 2004. While at the University of Connecticut, Mr. Klein served as an Executive Editor of the Connecticut Law Review.

Mr. Klein is a member of the New York and Connecticut State Bars and is admitted to practice before the Supreme Court of the United States, the United States Courts of Appeals for the Second, Third, Fifth, Sixth, Ninth and Eleventh Circuits, and the United States District Courts for the Southern, Eastern and Western Districts of New York, the District of Connecticut, the Northern District of Illinois, the Eastern District of Wisconsin, the Eastern District of Michigan, and the District of Colorado.

### *Wei Chen,* Associate

Ms. Chen is an Associate in our New York office where she focuses on securities litigation. She is a graduate of the City University of New York School of Law where she was a recipient of the Charles H. Revson Public Interest Fellowship and a final round participant in the CUNY Moot Court competition. Ms. Chen is admitted to practice in the states of New York, New Jersey, and Connecticut in addition to the U.S. District Court of New Jersey.  She is fluent in both the Mandarin and Cantonese dialects of Chinese as well as Taiwanese.

### *Sean M. Handron-O'Brien*, Associate

Mr. Handron-O'Brien works in the New York office where he focuses on securities class action litigation and related market research. He is a graduate of New England School of Law Boston (J.D.), where he was taught by legal experts in the fields of corporate law, bankruptcy, and the Uniform Commercial Code.  He earned his bachelor's degree from the University of

Massachusetts at Amherst's Isenberg School of Business, graduating cum laude after concentrating on finance and operations management.

Mr. Handron-O'Brien is admitted to practice in both New York and Massachusetts.