UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON HARPER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> 2U, INC., CHRISTOPHER J. PAUCEK, and CATHERINE A. GRAHAM, <br><br> Defendants. | Case No. 1:19-cv-07390-RA |
| ANNE M. CHINN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> 2U, INC., CHRISTOPHER J. PAUCEK and CATHERINE A. GRAHAM, <br><br> Defendants. | Case No. 1:19-cv-07479-RA |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF FIYYAZ PIRANI FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF <u>LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT ............................................................................................................................. 3

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES.. 3

II.     PIRANI SHOULD BE APPOINTED LEAD PLAINTIFF ................................................. 5

      A.      Pirani is willing to serve as a Class Representative and has timely filed this
           motion to be appointed Lead Plaintiff. ................................................................... 5

      B.      Pirani has the "largest financial interest" in the Action. ....................................... 6

      C.      Pirani otherwise satisfies the Requirements of Rule 23......................................... 7

III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........... 9

CONCLUSION......................................................................................................................... 10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085,
  2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018)................................................7, 8

*Bassin v. Decode Genetics, Inc.*,
  230 F.R.D. 313 (S.D.N.Y. 2005) .........................................................................................4

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
  141 F.R.D. 229 (2d Cir. 1992) .............................................................................................8

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008) ........................................................................................4

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
  2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018)..................................................6

*Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*,
  2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018)....................................................9

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) .........................................................................................9

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001).................................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
  2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007).................................................6, 10

*In re Drexel Burnham Lambert Grp., Inc.*,
  960 F.2d 285 ........................................................................................................................8

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
  2009 WL 2259502, 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009).........................4

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ............................................................................................9

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) .....................................................................................6

*In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS),
  2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) ......................................................8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................................7

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) .................................................................................4

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) .................................................................................8

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)......................................................................................4

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ..................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ................................................................................9

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)..............................................6

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993).......................................................................................4

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
    2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017)........................................6

*Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008).........................................................................9

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ...............................................................1, 5, 7, 9

## Rules

Fed. R. Civ. P. 23............................................................................................... *passim*

Fed. R. Civ. P. 42....................................................................................................3, 4

Fiyyaz Pirani ("Pirani") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Pirani as Lead Plaintiff on behalf of persons and entities that purchased or otherwise acquired 2U, Inc. ("2U" or the "Company") securities between February 26, 2018 and July 30, 2019, inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that 2U and certain of its officers defrauded investors in violation of the Exchange Act. 2U investors, including Pirani, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of 2U securities to fall sharply, damaging Pirani and other 2U investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his purchases of 2U securities during the Class Period, Pirani incurred losses of approximately $2,965,641. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Accordingly, Pirani believes that he has the largest financial interest in the relief sought in the Related Actions.

Beyond his considerable financial interest, Pirani also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class.

1

In order to fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Pirani has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Pirani respectfully requests that the Court enter an order appointing Pirani as Lead Plaintiff and approving Pirani's selection of Pomerantz as Lead Counsel.

### STATEMENT OF FACTS

As alleged in the Complaint in the first-filed of the Related Actions, 2U is an education technology company that works with universities to provide online graduate programs and certificates for working adults. *See generally Harper v. 2U, Inc. et al*, Docket No. 1:19-cv-07390 (S.D.N.Y. Aug 07, 2019), Dkt. No. 1 ("Complaint").

On May 7, 2019, the Company lowered its revenue guidance for fiscal 2019 to a range of $534 to $537 million, from prior guidance range of $546.6 to $550.8 million, due to declining average enrollments in some of its largest graduate programs.

On this news, the Company's share price fell $15.16, or nearly 26%, to close at $44.77 per share on May 8, 2019, on unusually heavy trading volume.

Then on July 30, 2019, after the market closed, the Company reported a larger-than-expected loss for second quarter 2019. The Company also revised its guidance for fiscal 2019, expecting a net loss between $157.5 and $151.5 million, compared to prior net loss guidance between $79.0 and $77.2 million, because it would "moderate [its] grad program launch cadence."

On this news, the Company's share price fell $23.70, or nearly 65%, to close at $12.80 per share on July 31, 2019, on unusually heavy trading volume.

The Complaint alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) the Company faced increasing competition in online education and particularly regarding graduate programs; (2) the Company faced certain program-specific issues that negatively impacted its performance; (3) as a result, the Company's business model was not sustainable; (4) the Company would slow its program launches; and (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Class members have suffered significant losses and damages.

## ARGUMENT

**I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

3

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action is brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of 2U' securities and subsequently damaged the Class when the Company's share price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 WL 2259502, 2009 U.S. Dist. LEXIS 69133, at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## II.     PIRANI SHOULD BE APPOINTED LEAD PLAINTIFF

Pirani should be appointed Lead Plaintiff because, to his knowledge, Pirani has the largest financial interest in the Related Actions and otherwise satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

 (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Pirani satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.     Pirani is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff.

On August 7, 2019, counsel for plaintiff in the first-filed of the Related Actions caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities fraud class action had been filed against Defendants and which

advised investors in 2U securities that they had 60 days—*i.e.*, until October 7, 2019—to file a motion to be appointed as lead plaintiff (the "PSLRA Notice").  *See* Lieberman Decl., Ex. B. Pirani has timely filed the instant motion pursuant to the PSLRA Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Pirani satisfies the first requirement to serve as Lead Plaintiff of the Class.

> **B.      Pirani has the "largest financial interest" in the Action.**

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Pirani has the largest financial interest of any 2U investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

187238, at \*3 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Pirani: (1) purchased 80,000 shares of 2U securities; (2) expended $4,316,331 on purchases of 2U securities; (3) retained all of his shares of 2U securities; and (4) incurred losses of $2,965,641 in connection with his transactions in 2U securities. *See* Lieberman Decl., Ex. A.  To the extent that Pirani possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.    Pirani otherwise satisfies the Requirements of Rule 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23".  *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at \*8 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.").  Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re*

7

*Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 U.S. Dist. LEXIS 57591, at *8.  Here, the Complaints in the Related Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all class members, including Pirani.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291) (2d Cir. 1992)).  "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'"  *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

Pirani's claims are typical of those of the Class.  Pirani alleges, as do all Class members, that Defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning 2U.  Pirani, as did all members of the Class, purchased 2U securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove 2U' share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

8

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Pirani has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Related Actions, and submits his choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between Pirani's interests and the interests of the Class.  Pirani has submitted a sworn Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses incurred by Pirani demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

III.    **LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  *See also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)). *See also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Pirani has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. D. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Lieberman Decl., Ex. D. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066). As a result of Pomerantz's extensive experience in securities litigation and class actions involving issues similar to those raised in the Related Actions, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of the Related Actions. Thus, the Court may be assured that by approving the selection of counsel by Pirani, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Pirani respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Pirani as Lead Plaintiff; and (3) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel for the Class.

Dated:  October 7, 2019                              Respectfully submitted,

                                                     POMERANTZ LLP

                                                     */s/ Jeremy A. Lieberman*
                                                     Jeremy A. Lieberman
                                                     J. Alexander Hood II
                                                     600 Third Avenue, 20th Floor
                                                     New York, NY 10016
                                                     Telephone: (212) 661-1100
                                                     Facsimile: (212) 661-8665
                                                     Email: jalieberman@pomlaw.com
                                                     Email: ahood@pomlaw.com

                                                     POMERANTZ LLP
                                                     Patrick V. Dahlstrom
                                                     10 South LaSalle Street, Suite 3505
                                                     Chicago, Illinois 60603
                                                     Telephone: (312) 377-1181
                                                     Facsimile: (312) 377-1184
                                                     Email: pdahlstrom@pomlaw.com

                                                     *Counsel for Lead Plaintiff Movant*
                                                     *and Proposed Lead Counsel for the Class*

                                                     BRONSTEIN, GEWIRTZ
                                                     & GROSSMAN, LLC
                                                     Peretz Bronstein
                                                     60 East 42nd Street, Suite 4600
                                                     New York, NY 10165
                                                     Telephone: (212) 697-6484
                                                     Facsimile: (212) 697-7296
                                                     Email:  peretz@bgandg.com

                                                     *Additional Counsel for Lead Plaintiff Movant*

11