**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re 2U, Inc., Securities Class Action

---

This Document Relates To:

    ALL ACTIONS.

Case No.: 1:19-cv-7390-RA

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO**
**TRANSFER VENUE TO THE DISTRICT OF MARYLAND**
**PURSUANT TO 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ........................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND...........................................1

III.  ARGUMENT..............................................................................................2

      1.    The Locus of Operative Facts Is in the District of Maryland ......................4
      2.    Transfer to the District of Maryland Will Serve the Convenience of
            the Parties and Witnesses.................................................................4
      3.    Plaintiffs' Choice of Forum Is Entitled to Virtually No Weight ................6
      4.    The Interests of Justice and Judicial Economy Weigh in Favor of
            Transfer........................................................................................6
      5.    The Remaining Factors Do Not Militate Against Transfer ........................7

IV.   CONCLUSION...........................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahrens v. CTI Biopharma Corp.*,
16 Civ. 1044 (PAE), 2016 WL 2932170 (S.D.N.Y. May 19, 2016) .........................................5

*Billing v. Commerce One, Inc.*,
186 F. Supp. 2d 375 (S.D.N.Y. 2002).....................................................................................7

*City of Pontiac Gen. Emps. Ret. Sys. v. Stryker Corp.*,
No. 10 Civ. 376, 2010 WL 2035130 (S.D.N.Y. May 21, 2010)...........................................6, 7

*In re Collins & Aikman Corp. Sec. Litig.*,
438 F. Supp. 2d 392 (S.D.N.Y. 2006)...................................................................................4, 6

*Doshi v. Gen. Cable Corp.*,
Nos. 13 Civ. 7409, 8634 (RA), 2014 WL 12774226 (S.D.N.Y. Feb. 5, 2014)
(Abrams, J.)............................................................................................................... *passim*

*Elec. Workers Pension Fund, Local 103 I.B.E.W. v. Nuvelo, Inc.*,
Nos. 07 Civ. 975, 1229, 1777, 1953(HB), 2007 WL 2068107 (S.D.N.Y. July
19, 2007) .................................................................................................................................4

*Erickson v. Corinthian Colls., Inc.*,
No. 13 Civ. 4308(PKC), 2013 WL 5493162 (S.D.N.Y. Oct. 1, 2013)..................................4, 7

*Garity v. Tetraphase Pharms. Inc.*,
No. 1:18-cv-06797 (ALC), 2019 WL 2314691 (S.D.N.Y. May 30, 2019) ..............................5

*In re Global Cash Access Holdings, Inc. Sec. Litig.*,
No. 08 Civ. 3516 (SWK), 2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008) ...............................6

*IKB Int'l S.A. v. Wilmington Tr. Co.*,
No. 16-CV-4917 (RA), 2017 WL 4084052 (S.D.N.Y. Sept. 14, 2017)
(Abrams, J.)............................................................................................................................3

*Jackson v. Avis Rent A Car Sys., LLC*,
No. 14 Civ. 1658 LLS, 2015 WL 1004299 (S.D.N.Y. Mar. 6, 2015) .....................................3

*MBCP Peerlogic LLC v. Critical Path, Inc.*,
No. 02 Civ. 3310(SWK), 2002 WL 31729626 (S.D.N.Y. Dec. 5, 2002) .................................4

*In re McDermott Int'l, Inc., Sec. Litig.*,
Nos. 08 Civ. 9943, 10615 (DC)/09 Civ. 570 (DC), 2009 WL 1010039
(S.D.N.Y. Apr. 13, 2009).........................................................................................................4

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
   599 F.3d 102 (2d Cir. 2010)..................................................................................3

*Steck v. Santander Consumer USA Holdings, Inc.*,
   No. 14-CV-6942 (JPO), 2015 WL 3767445 (S.D.N.Y. June 17, 2015) ....................................7

*In re Stillwater Mining Co. Sec. Litig.*,
   No. 02 Civ. 2806 (DC), 2003 WL 21087953 (S.D.N.Y. May 12, 2003)..............................4, 6

**Statutes**

15 U.S.C. § 78aa(a)..................................................................................3

28 U.S.C. § 1404(a) ................................................................................2, 3

Securities Exchange Act of 1934 § 10(b) .......................................................2

Securities Exchange Act of 1934 § 20(a) .......................................................2

**Other Authorities**

U.S. COURTS, FED. COURT MGMT., *United States District Courts — National
   Judicial Caseload Profile* ..................................................................7

Defendants 2U, Inc. ("2U" or the "Company"), Christopher J. Paucek, and Catherine A. Graham ("Individual Defendants," and collectively, with 2U, "Defendants"), by and through their undersigned counsel, respectfully submit this memorandum in support of their motion to transfer venue of this putative securities fraud class action to the United States District Court for the District of Maryland.

## I.   PRELIMINARY STATEMENT

This Court and numerous others have consistently "observed that 'transfer of a securities-fraud action to the district where the issuer is headquartered . . . [is] routine as a practical matter.'" *Doshi v. Gen. Cable Corp.*, Nos. 13 Civ. 7409, 8634 (RA), 2014 WL 12774226, at *3 (S.D.N.Y. Feb. 5, 2014) (Abrams, J.) (alteration in original) (citation omitted).  This is because that is normally where the alleged misconduct occurred, the defendants reside, and the relevant witnesses are located.  And that is true in this case.

2U is headquartered in Lanham, Maryland (not New York), both of the Individual Defendants work and live in Maryland (not New York), the alleged misstatements were made in Maryland (not New York), and the relevant employees who will be the principal witnesses work in Maryland (not New York).  In other words, this action has no connection whatsoever to New York and Defendants respectfully request that this Court transfer it to the District of Maryland.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

2U is a publicly-traded Delaware corporation with its headquarters in Lanham, Maryland. *Chinn v. 2U, Inc., et al.*, No. 1:19-cv-07479 (filed Aug. 9, 2019), ECF No. 1 ("Chinn Complaint"), ¶ 12; *Harper v. 2U, Inc., et al.*, No. 1:19-cv-07390 (filed Aug. 7, 2019), ECF No. 1 ("Harper Complaint"), ¶ 14 (collectively, "Complaints").  2U is a global leader in education technology that partners with nonprofit colleges and universities to offer online graduate programs, short courses, boot camps, and certificates for students and working adults.  *See* Chinn Compl. ¶ 12; Harper

1

Compl. ¶ 2; Declaration of Matthew Norden ("Decl.") ¶ 2.  Most of 2U's corporate officers and the heads of 2U's marketing, finance, strategy and engagement, human resources, and legal departments all work at 2U's headquarters in Maryland.  Decl. ¶ 4.  Both of the Individual Defendants, Christopher Paucek, 2U's Chief Executive Officer, and Catherine Graham, its Chief Financial Officer, work at 2U's headquarters in Maryland.  *Id.* ¶¶ 10-11.  Mr. Paucek lives in Annapolis, Maryland and Ms. Graham lives in Chevy Chase, Maryland, both in the District of Maryland.  *Id.*

On August 7, 2019, Plaintiff Aaron Harper filed a complaint against Defendants alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and SEC mgmtb-5 on behalf of a class of persons who purchased 2U stock between February 25, 2019, and July 30, 2019.  Harper Compl. ¶¶ 1, 9.  Two days later, Plaintiff Anne M. Chinn filed a similar complaint against the same Defendants but did so on behalf of a purchasers between February 26, 2018, and July 30, 2019.  Chinn Compl. ¶ 1.  Despite the different class periods, both Complaints allege that certain statements made by Defendants in 2U's press releases issued from the Company's Maryland headquarters and on quarterly earnings conference calls during which Defendants spoke from the Company's Maryland headquarters—except for one conference call that took place in Boston, Massachusetts—were false or misleading.  *See* Decl. ¶¶ 5-6.

The Complaints do not allege that any event relevant to the claims or the alleged misstatements occurred in New York.  Nor does it identify any witnesses who reside in New York.  2U has two offices in New York (in Brooklyn and Manhattan), but neither is mentioned in the Complaints and none of the challenged statements were made there.

### III.    ARGUMENT

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . .."  28

U.S.C. § 1404(a). Defendants, as the moving party, must establish by clear and convincing evidence that the action should be transferred. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).

"The threshold question in deciding transfer of venue . . . is whether the action could have been brought in the transferee forum." *Jackson v. Avis Rent A Car Sys., LLC*, No. 14 Civ. 1658 LLS, 2015 WL 1004299, at *2 (S.D.N.Y. Mar. 6, 2015) (citations omitted); *IKB Int'l S.A. v. Wilmington Tr. Co.*, No. 16-CV-4917 (RA), 2017 WL 4084052, at *2 (S.D.N.Y. Sept. 14, 2017) (Abrams, J.). Maryland is undeniably an appropriate venue for this dispute since a federal securities action "may be brought . . . in the district wherein the defendant is found or is an inhabitant or transacts business," and all Defendants are located in Maryland. 15 U.S.C. § 78aa(a). Defendants do not expect Plaintiffs to dispute this.

Once the threshold requirement is met, the second question is whether transfer is appropriate. *IKB Int'l*, 2017 WL 4084052, at *3. Factors relevant to that inquiry include:

> (1) the locus of operative facts; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of the relevant documents and the relative ease of access to sources of proof; (5) the relative means of the parties; (6) the availability of process to compel the attendance of unwilling witnesses; (7) the forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* (quoting *Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 477 (S.D.N.Y. 2006)). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *Doshi*, 2014 WL 12774226, at *5 (quoting *D.H. Blair & Co., v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). In this case, the relevant factors strongly favor transfer to the District of Maryland.

### 1.    The Locus of Operative Facts Is in the District of Maryland

As this Court (and others) have recognized, "the locus of operative events in a securities action is where the alleged misrepresentations were made[]" (*Doshi*, 2014 WL 12774226, at *2 (citations omitted)), not where they are received, as Plaintiffs allege.  *See* Chinn Compl. ¶ 9; Harper Compl. ¶ 11; *see also In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 397 (S.D.N.Y. 2006) ("[I]t is well-settled that [m]isrepresentations are deemed to 'occur' in the district where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received.") (internal quotations and citations omitted).  Each of the alleged misrepresentations was made in Maryland, from the Company's headquarters, except for statements made on the May 3, 2018 earnings conference call that took place in Boston, Massachusetts.  Decl. ¶ 6.  Accordingly, the first factor weighs heavily in favor of transfer.  *See, e.g.*, *Doshi*, 2014 WL 12774226, at *2 (locus of operative facts favored transfer to where statements made); *Erickson v. Corinthian Colls., Inc.*, No. 13 Civ. 4308(PKC), 2013 WL 5493162, at *6–7 (S.D.N.Y. Oct. 1, 2013) (same); *In re McDermott Int'l, Inc., Sec. Litig.*, Nos. 08 Civ. 9943, 10615 (DC)/09 Civ. 570 (DC), 2009 WL 1010039, at *5 (S.D.N.Y. Apr. 13, 2009) (same); *Elec. Workers Pension Fund, Local 103 I.B.E.W. v. Nuvelo, Inc.*, Nos. 07 Civ. 975, 1229, 1777, 1953(HB), 2007 WL 2068107 at *5 (S.D.N.Y. July 19, 2007) (same); *In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806 (DC), 2003 WL 21087953, at *4 (S.D.N.Y. May 12, 2003) (same); *MBCP Peerlogic LLC v. Critical Path, Inc.*, No. 02 Civ. 3310(SWK), 2002 WL 31729626, at *5 (S.D.N.Y. Dec. 5, 2002) (same).

### 2.    Transfer to the District of Maryland Will Serve the Convenience of the Parties and Witnesses

District courts routinely transfer securities fraud class actions to the district where the defendant company is headquartered because the case will "'focus almost entirely on the defendants' conduct.'"  *Doshi*, 2014 WL 12774226, at *3 (quoting *In re Nematron Corp. Sec.*

4

*Litig.*, 30 F.Supp.2d 397, 402 (S.D.N.Y. 1998)); *see also Ahrens v. CTI Biopharma Corp.*, 16 Civ. 1044 (PAE), 2016 WL 2932170, at *4 (S.D.N.Y. May 19, 2016) ("While there is no *per se* rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered, such transfers to the issuer's home district are routine as a practical matter.") (citations omitted).  Because 2U is headquartered in Maryland and the Individual Defendants work and reside there, the first part of this factor clearly supports transfer.

As for non-party witnesses, the Complaints do not identify any and Defendants are not aware of any.  This Court has previously acknowledged, however, that where securities claims are based upon alleged misstatements, "the key witnesses are frequently officers and employees . . . who participated in drafting or distributing [those] statements." *Doshi*, 2014 WL 12774226, at *3 (alteration in original) (quoting *In re Global Cash Access Holdings, Inc. Sec. Litig.*, No. 08 Civ. 3516 (SWK), 2008 WL 4344531, at *4 (S.D.N.Y. Sept. 18, 2008)).  The overwhelming majority of 2U's employees involved in the Company's earnings process are found at the Company's headquarters in Maryland, where all but one of the statements were made and distributed.  Decl. ¶¶ 5-9.  2U's personnel located in New York did not have a meaningful role in drafting or distributing any of the alleged misstatements, nor did they speak on any of the earnings calls.  *Id.* ¶ 8.  In any event, the few 2U employees who had some role in the earnings process and do not work in Maryland frequently travel there on company business and will not be inconvenienced if they must do so in connection with this action.  *Id.* ¶ 9.

Thus, "the convenience of the parties and witnesses factor supports transfer." *Doshi*, 2014 WL 12774226, at *3; *see also Garity v. Tetraphase Pharms. Inc.*, No. 1:18-cv-06797 (ALC), 2019 WL 2314691, at *3 (S.D.N.Y. May 30, 2019) (same); *Ahrens v. Cti Biopharma Corp.*, 16 Civ. 1044 (PAE), 2016 WL 2932170, at *4 (S.D.N.Y. May 19, 2016) (same).

### 3. Plaintiffs' Choice of Forum Is Entitled to Virtually No Weight

As a putative securities class action on behalf of persons scattered throughout the nation, Plaintiffs' decision to file in New York instead of Maryland is "entitled to substantially less deference" than the weight normally given to a plaintiff's chosen forum. *In re Global Cash*, 2008 WL 4344531, at *7; *accord Doshi*, 2014 WL 12774226, at *4. Indeed, no weight should be given to Plaintiffs' choice because, as discussed above, this action has no connection whatsoever to New York. *See Doshi*, 2014 WL 12774226, at *4 ("[T]he weight accorded to a plaintiff's choice of forum diminishes where the operative facts lack a meaningful connection to the chosen forum.") (quoting *Erickson*, 2013 WL 5493162, at *2); *In re Collins & Aikman*, 438 F. Supp. 2d at 398 ("[T]he operative facts in this litigation bear little, if any, connection to the Southern District of New York, a circumstance that diminishes the deference accorded to plaintiff's choice.") (citations omitted); *In re Stillwater*, 2003 WL 21087953, at *5 (affording less weight to plaintiff's choice of forum because the company's single institutional meeting in New York and trading of its stock on the NYSE were not "material connections" to New York). So, this factor does not militate against transfer to Maryland.

### 4. The Interests of Justice and Judicial Economy Weigh in Favor of Transfer

The interests of justice and judicial economy favor transfer to the District of Maryland for three reasons. First, "the operative events, most of the key witnesses, and all of the Defendants are located in" the District of Maryland. *Doshi*, 2014 WL 12774226, at *4; *City of Pontiac Gen. Emps. Ret. Sys. v. Stryker Corp.*, No. 10 Civ. 376, 2010 WL 2035130, at *5 (S.D.N.Y. May 21, 2010).

Second, this action is at the very earliest stage as a lead plaintiff has not been appointed, a consolidated complaint has not been filed, and Defendants have not filed their motion to dismiss.

A transfer to the District of Maryland will therefore "not cause any undue delay," nor will it waste judicial or party resources. *Doshi*, 2014 WL 12774226, at *4; *Stryker*, 2010 WL 2035130, at *5.

Finally, Maryland has fewer pending cases than this District. *See Billing v. Commerce One, Inc.*, 186 F. Supp. 2d 375, 379 (S.D.N.Y. 2002) ("The dockets of the competing districts are relevant to this inquiry.") (citation omitted); *Stryker*, 2010 WL 2035130, at *5 (same). As of June 30, 2019, the number of pending cases per judgeship in this district was 668; in the District of Maryland it was 560. ADMIN. OFFICE OF THE U.S. COURTS, FED. COURT MGMT., *United States District Courts — National Judicial Caseload Profile*, available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2019.pdf (last visited Sept. 18, 2019).

Accordingly, the interests of justice and case efficiency weigh in favor of transferring this case to the District of Maryland.

### 5. The Remaining Factors Do Not Militate Against Transfer

The remaining factors are neutral and do not militate against transfer. Virtually all of the documents reasonably expected to be relevant will be found in Maryland at the Company's headquarters, but this Court has correctly noted this factor is not particularly important in light of technology. *Doshi*, 2014 WL 12774226, at *4. The relative means of the parties is largely irrelevant in a putative securities class action because the class will not be burdened if class counsel litigates the case in Maryland. *Erickson*, 2013 WL 5493162, at *7 ("[A]bsent demonstration of an undue burden on the plaintiff class, this factor is neutral in a securities class action.") (quoting *In re Nematron*, 30 F. Supp. 2d at 405); *Steck v. Santander Consumer USA Holdings, Inc.*, No. 14-CV-6942 (JPO), 2015 WL 3767445, at *3 n.2 (S.D.N.Y. June 17, 2015) (citation omitted). Both this forum and the District of Maryland "'are equally capable of applying federal securities laws.'"

*Doshi*, 2014 WL 12774226, at \*4 (quoting *In re Global Cash*, 2008 WL 4344531, at \*7).  And

Defendants do not know of any potential witness that will be unwilling to testify.

## IV.    CONCLUSION

Four of the nine factors undeniably favor transfer, and none of the others weigh against it.

Accordingly, Defendants request that the Court grant their Motion and transfer this case to the

District of Maryland.


Dated: October 16, 2019                                    Respectfully Submitted,
        Washington, D.C.

        **LATHAM & WATKINS LLP**

        /s/ J. Christian Word
        J. Christian Word (*pro hac vice*)
        555 Eleventh Street, NW
        Suite 1000
        Washington DC 20004
        (202) 637-2200
        christian.word@lw.com

        *Attorney for Defendants 2U, Inc., Christopher J.*
        *Paucek, and Catherine A. Graham*

8