UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON HARPER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>2U, INC., CHRISTOPHER J. PAUCEK, and CATHERINE A. GRAHAM,<br><br>Defendants. | Case No.  1:19-cv-07390-RA |
| ANNE M. CHINN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>2U, INC., CHRISTOPHER J. PAUCEK and CATHERINE A. GRAHAM,<br><br>Defendants. | Case No.  1:19-cv-07479-RA |

**MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF FIYYAZ PIRANI FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS**

Movant Pirani[1] respectfully submits this memorandum of law in further support of his motion for consolidation of the Related Actions, appointment as Lead Plaintiff, and approval of his selection of Pomerantz as Lead Counsel (Dkt. No. 39); and in opposition to the competing motions of (i) Public School Teachers Pension & Retirement Fund of Chicago ("Chicago Teachers") (Dkt. No. 21); and (ii) National Elevator Industry Pension Fund ("National Elevator") (Dkt. No. 31).[2]

## PRELIMINARY STATEMENT

This is a class action securities fraud lawsuit on behalf of investors in 2U securities. As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or group of movants with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Pirani, having suffered nearly *$3 million* in losses in connection with his purchases of 2U securities as a result of the alleged fraud at issue in the Related Actions, and having retained 80,000 shares of 2U stock at the end of the Class Period. The table below sets forth the losses of Pirani compared to those of the other movants:

---

[1] All capitalized terms herein are defined in Pirani's moving brief, unless otherwise indicated. *See* Dkt. No. 41.

[2] Six other competing movants or movant groups initially filed competing motions seeking appointment as Lead Plaintiff: (i) the Employees' Retirement System of the Puerto Rico Electric Power Authority (Dkt. No. 27); (ii) Anders-Christian Moeller (Dkt. No. 17); (iii) DeKalb County Pension Fund (Dkt. No. 24); (iv) Erik Fjellborg (Dkt. No. 11); (v) Edward Hackman and Herbert Saunders (Dkt. No. 35); and (vi) Aaron Harper (Dkt. No. 13). All of the foregoing movants subsequently either withdrew their motions or filed notices of non-opposition to the competing motions, acknowledging that having reviewed the competing motions, they did not appear to have the "largest financial interest" in the Related Actions within the meaning of the PSLRA. *See* Dkt Nos. 44, 49-53.

1

| Movant | Loss[3] | Retained Shares |
|---|---|---|
| Fiyyaz Pirani | $2,965,641 | 80,000 |
| Public School Teachers Pension & Retirement Fund of Chicago | $2,137,518 | 34,375 |
| National Elevator Industry Pension Fund | $1,022,100 | 42,093 |

Pirani's loss is significantly larger than that of any competing movant.  The movant with the next largest loss, Chicago Teachers, incurred a loss of only $2.1 million—more than $800,000 less than that of Pirani.  In addition, Pirani retained 80,000 shares of 2U stock at the end of the Class Period, more than the other two competing movants combined.  As such, by any relevant metric, Pirani has the greatest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff.  *See*, *e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004) (same); *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, 16-CV-03495 (AT) (BCM), 2016 U.S. Dist. LEXIS 139215, at *11 (S.D.N.Y. Oct. 4, 2016) (considering net shares purchased (*i.e.*, retained shares) alongside loss in assessing financial interest).

Pirani also satisfies the typicality and adequacy requirements of Rule 23.  Pirani, like all members of the Class, purchased 2U securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those

---

[3] Most courts agree that the preferred method to calculate financial losses requires Class Period sales to be matched to purchases on a last-in, first-out ("LIFO") basis, rather than on a first-in, first-out ("FIFO") basis.  *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-102 (S.D.N.Y. 2005).  Accordingly, all loss figures discussed herein reflect calculation on a LIFO basis. Pirani's loss is the same calculated on either a LIFO or FIFO basis.

misrepresentations or omissions.  These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23.  *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at \*8 (S.D.N.Y. Apr. 4, 2018).  Pirani's significant losses give him "a sufficient interest in the outcome of the case to ensure vigorous advocacy," Pirani is aware of no conflict between his interests and those of the putative Class, and in Pomerantz, Pirani has retained qualified and experienced class counsel.  *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011).

For the reasons set forth herein, Pirani respectfully submits that his motion should be granted in its entirety, and that the competing motions should be denied.

## ARGUMENT

### I.   Pirani Should Be Appointed Lead Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest must "make a *prima facie* showing that they meet [the requirements of] Rule 23".  *Aude*, 2018 U.S. Dist. LEXIS 57591, at \*8; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).  Once this presumption is triggered, it may be rebutted upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).  Here, the most adequate class representative is Pirani.

### A.   Pirani Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not

provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this Judicial District, the Second Circuit, and around the country recognize that the amount of financial loss is the most significant factor to be considered. *See*, *e.g.*, *Foley*, 272 F.R.D. at 128 ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors, the approximate loss suffered by the movant"); *Chahal*, 2018 U.S. Dist. LEXIS 104185, at *12 (equating financial interest with economic loss); *Nurlybaev*, 2017 U.S. Dist. LEXIS 187238, at *3 (same); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511  (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Second to financial loss, courts frequently consider net shares purchased during the class period (*i.e.*, retained shares) as another measure of financial interest.  *See*, *e.g.*, *Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2716, 1997 WL 461036, at *5 (N.D. Ill. 1997) (considering net shares purchased (*i.e.*, retained shares) alongside net loss in assessing financial interest); *Deutsche Bank*, 2016 U.S. Dist. LEXIS 139215, at *11 (same); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008) (same).

Under either of the foregoing analyses, no movant seeking appointment as lead plaintiff in the Related Actions has alleged a larger financial interest in the litigation than Pirani.  The following chart summarizes Pirani's substantial financial interest compared to that of the other two competing movants:

4

| Movant | Loss | Retained Shares |
|---|---|---|
| Fiyyaz Pirani | $2,965,641 | 80,000 |
| Public School Teachers Pension & Retirement Fund of Chicago | $2,137,518 | 34,375 |
| National Elevator Industry Pension Fund | $1,022,100 | 42,093 |

As shown above, Pirani suffered a loss of nearly *$3 million* in connection with his Class Period purchases of 2U stock. Chicago Teachers, the movant with the next largest loss, incurred a loss more than $800,000 less than that of Pirani. In addition, Pirani retained 80,000 shares of 2U stock at the end of the Class Period, more than National Elevator (42,093) and Chicago Teachers (34,375) *combined*. As such, Pirani clearly has the greatest financial interest in this litigation within the meaning of the PSLRA.

### B.   Pirani Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Pirani has also made the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23. *See Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *Kaplan*, 240 F.R.D. at 94. First, Pirani's claims satisfy the typicality requirement of Rule 23(a)(3) because his claims in the Related Actions are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See*, *e.g.*, *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010). Second, Pirani satisfies the adequacy requirement of Rule 23(a)(4) because "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to

ensure vigorous advocacy." *Foley*, 272 F.R.D. at 131; *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

To overcome the strong presumption entitling Pirani to appointment as Lead Plaintiff, the PSLRA requires ***"proof"*** that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

Finally, as discussed in greater detail below, Pirani has further demonstrated his adequacy by selecting Pomerantz—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class.

* * * *

Because Pirani has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

## II.    Pirani's Selection Of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese*, 589 F. Supp. 2d at 398); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Here, Pirani has selected Pomerantz as Lead Counsel for the Class.  As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions, and

6

has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  In 2018 alone, Pomerantz secured a settlement of nearly $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.–Petrobras—the largest securities class action settlement in a decade—and an $80 million settlement on behalf of Yahoo Inc. investors. *See* Dkt. No. 43-4.  Thus, the Court may be assured that by approving the selection of counsel by Pirani, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Pirani respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

Dated:  October 21, 2019

Respectfully submitted,

POMERANTZ LLP

*/s/ J. Alexander Hood II*
J. Alexander Hood II
Jeremy A. Lieberman
Jonathan D. Lindenfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: ahood@pomlaw.com
Email: jalieberman@pomlaw.com
Email: jlindenfeld@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant Fiyyaz*
*Pirani and Proposed Lead Counsel for the*
*Class*