# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| AARON HARPER,<br>*Individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>    v.<br><br>2U, INC.,<br>CHRISTOPHER J. PAUCEK and<br>CATHERINE A. GRAHAM,<br><br>    Defendants. | Civil Action No. TDC-19-3455 |
| ANNE M. CHINN,<br>*Individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>    v.<br><br>2U, INC.,<br>CHRISTOPHER J. PAUCEK and<br>CATHERINE A. GRAHAM,<br><br>    Defendants. | Civil Action No. TDC-20-1006 |

## ORDER

On August 7, 2019, Aaron Harper, the plaintiff in *Harper v. 2U, Inc.*, No. TDC-19-03455 ("the *Harper* Action") filed a class action Complaint in the United States District Court for the Southern District of New York alleging federal securities law violations by Defendants 2U, Inc., Christopher J. Paucek, and Catherine A. Graham (collectively "the Defendants"). *Harper* Action, ECF No. 1. On August 9, 2019, Anne Chinn, the plaintiff in *Chinn v. 2U, Inc.*, No. TDC-20-1006

("the *Chinn* Action"), filed a separate class action in the Southern District of New York also alleging federal securities law violations by the Defendants. *Chinn* Action, ECF No. 1. Both cases have since been transferred to this Court.

Pending before this Court is a Motion to: (1) consolidate both actions pursuant to Federal Rule of Civil Procedure 42(a) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (2) appoint Fiyyaz Pirani as the lead plaintiff in the consolidated action; and (3) approve Pomerantz LLP as lead counsel ("the Motion"). *See Harper* Action, ECF No. 39. The Motion is uncontested. Before these cases were transferred to this Court, all parties had stipulated to consolidating them under the caption *In Re 2U, Inc. Securities Class Action*. Pursuant to the PSLRA, the Court must consolidate related actions before appointing a lead plaintiff and lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(ii) (2018). Pursuant to Rule 42(a), where both cases involve the same class action claims against the Defendants, and all parties have stipulated and agreed to consolidate these two actions, the Court will grant the Motion as to consolidation.

As to the appointment of a lead plaintiff, in a securities class action such as this one, it is the Court's responsibility to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Although other putative class members previously sought to serve as the lead plaintiff, there is presently only one movant, Fiyyaz Pirani, who seeks to be appointed as the lead plaintiff in this matter. Under the PSLRA:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

2

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal
    Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

  All parties agree, and the Court finds, that Pirani satisfies each of these requirements. In response to a published notice, Pirani filed a timely Motion for Appointment of Lead Plaintiff. He has submitted evidence that he has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As for Rule 23, at this stage of the litigation, the Court's inquiry is whether the movant has "stated a prima facie case of typicality and adequacy." *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 350 (D. Md. 2003) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001)). Typicality is established by the fact that Pirani's claims arise from alleged misrepresentations by the Defendants that artificially inflated the share price of 2U, Inc. and then allegedly damaged Pirani when the share price fell after the disclosure of these misrepresentations. This is the same theory stated in the original complaint in both cases. As for the adequacy requirement, the lead plaintiff must "fairly and adequately protect the interests of the class" without a conflict of interest with the absent class members. Fed. R. Civ. P. 23(a)(4); *Ward v. Dixie Nat'l Life Ins. Co.*, 595 F.3d 164, 179-80 (4th Cir. 2010). Here, there is no allegation of any conflict of interest regarding Pirani or his counsel. Moreover, his counsel, Pomerantz LLP, has extensive experience litigating securities class actions as lead counsel. Where all of the requirements have been satisfied, the Court will appoint Pirani as the lead plaintiff.

  Finally, Pirani also seeks, with the consent of the parties, the Court's approval of his selection of Pomerantz LLP as his counsel. The PSLRA provides that the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for N. Dist. of California*,

586 F.3d 703, 712 (9th Cir. 2009) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)).  Here, where there are no objections to Pirani's choice of counsel, and that counsel has extensive experience in securities litigation, the Court approves Pirani's choice of Pomerantz LLP.

For the foregoing reasons, it is hereby ORDERED that:

1. Pirani's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Counsel, *Harper* Action, ECF No. 39, is GRANTED.

2. These cases will be consolidated under the caption *In Re 2U, Inc. Securities Class Action*, with both case numbers, but with all filings docketed in Case No. TDC-19-3455 only.

3. Fiyyaz Pirani is appointed as the lead plaintiff for these consolidated actions.

4. Pomerantz LLP is appointed as the lead counsel for these consolidated actions.

Date:  June 1, 2020         /s/ *Theodore D. Chuang*
　　　　　　　　　　　　　　　THEODORE D. CHUANG
　　　　　　　　　　　　　　　United States District Judge