**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE 2U, INC. SECURITIES CLASS ACTION | Consolidated Case No. 8:19-cv-03455-TDC |

**NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

In further support of their Motion to Dismiss (Dkt. No. 144), the Exchange Act Defendants respectfully submit the Fourth Circuit Court of Appeals' decision in *In re Triangle Capital Corporation Securities Litigation*, No. 19-2162, 2021 WL 667085 (4th Cir. Feb. 22, 2021) (Ex. A).

In *Triangle Capital*, the Fourth Circuit affirmed the decision of the U.S. District Court for the Eastern District of North Carolina granting the defendants' motion to dismiss the plaintiff's securities fraud class action for failure to allege particularized facts giving rise to a strong inference of scienter and denying leave to amend. *Id*. at *1. The Fourth Circuit's holdings are directly relevant to a number of issues in Defendants' Motion to Dismiss and Plaintiffs' Opposition (Dkt. No. 156).

First, the plaintiff alleged that a strong inference of scienter was supported by allegations that the defendants received adverse advice about the company's business strategy. *Id.* at *6. The Fourth Circuit disagreed because "[plaintiff] never specifies when this advice was given, how firm in their conviction these investment advisors were in recommending that Triangle should avoid mezzanine deals moving forward, or what a mix of mezzanine and unitranche investments should

1

look like." *Id*. ("[O]missions and ambiguities count against inferring scienter, for plaintiffs must state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.").[1]

Second, the plaintiff argued that certain subsequent statements by the defendants were actually admissions that their earlier statements were false. The Fourth Circuit examined each of these statement and concluded that plaintiff "cannot connect the backwards-looking statements of [defendants] to actual contemporaneous knowledge" that the earlier statements were false and that the plaintiff's "argument is purely speculative." *Id.* at *7 ("Of course, many bad investments will, in retrospect, look like the 'wrong strategic call.'"). Indeed, "'[t]he use of these statements amounts to little more than pleading fraud by hindsight.'" *Id*. (quoting *In re Biogen Inc. Sec. Litig.*, 857 F.3d 34, 44 (1st Cir. 2017)).[2]

Third, with respect to the plaintiff's reliance on the departure of one of the defendants, the Fourth Circuit found "it difficult to give this regime change any weight toward a scienter inference" without allegations of the defendants' "contemporaneous knowledge" of facts inconsistent with their statements. *Id.* at *8.[3]

Fourth, the Court again rejected "generalized motives—which are shared by all companies—as insufficient to plead scienter under the PSLRA." *Id.* (citation omitted).[4]

---

[1] *See* Defendants' Motion to Dismiss ("Mot.") at 13-14, 26-27; Defendants' Reply in Support of Defendants' Motion to Dismiss (Dkt. No. 157) ("Reply") at 2-5.

[2] *See* Mot. at 21-22; Reply at 14-15.

[3] *See* Mot. at 18-20; Reply at 7.

[4] *See* Mot. at 20; Reply at 6-7.

And finally, the Fourth Circuit evaluated all of the facts alleged and held that the "much stronger inference" is that the defendants did not act with fraudulent intent. *Id.*[5]   In particular, "that Defendants in hindsight chose the wrong strategy in 2014 and 2015, and then made the reflexive choice to move away from it in 2016, 'is not enough to support an inference of scienter.'" *Id.* (citation omitted).   The Fourth Circuit also noted that "[t]he breadth of Defendants' risk disclosures to investors further strengthens the competing inference of innocence." *Id.* at *9.[6]


Dated: March 2, 2021

Respectfully submitted,

**LATHAM & WATKINS LLP**

/s/ J. Christian Word
J. Christian Word (Bar No.: 26400)
Sarah A. Tomkowiak (admitted *pro hac vice*)
555 Eleventh Street, NW
Suite 1000
Washington DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
christian.word@lw.com
sarah.tomkowiak@lw.com

*Attorneys for Defendants 2U, Inc., Christopher J. Paucek, Catherine A. Graham, Harsha Mokkarala, Paul A. Maeder, Robert M. Stavis, Gregory K. Peters, Timothy M. Haley, Valerie B. Jarrett, Earl Lewis, Coretha M. Rushing, Sallie L. Krawcheck, John M. Larson, Edward S. Macias, and Mark J. Chernis*

---

[5] *See* Mot. at 20-22; Reply at 8-9.

[6] *See* Mot. at 23-25; Reply at 9-10.

3