UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE 2U, INC. SECURITIES CLASS ACTION | Consolidated Case Nos. TDC-19-3455 and TDC-20-1006 |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this response to Defendants' Notice of Supplemental Authority (Dkt. No. 161) in further opposition to Defendants' Motion to Dismiss (Dkt. No. 144). *In re Triangle Capital Corporation Securities Litigation*, No. 19-2162, 2021 WL 667085 (4th Cir. Feb. 22, 2021) (Dkt No. 161-1) ("*Triangle*") is diametrically opposed to this Action.

*Triangle* involved a "legitimate, subjective business judgment" call made by the company, which eventually turned out to be unsuccessful.[1] The complaint was devoid of *any* allegations that defendants had contemporaneous knowledge that their business strategy was failing.[2] Indeed, Plaintiffs' own "key" evidence - a publicly available research report issued by a financial advisory firm - directly "contradict[ed]" plaintiff's argument.[3] The report gave credence to defendants' strategy, as did some of defendants' competitors and industry professionals.[4] The Court analogized the factual scenario in *Triangle* to that presented in *Yates*, where "the plaintiffs claimed that the defendant fraudulently failed to disclose that the company

---

[1] *Id*. at *9.
[2] *Id*. at *7.
[3] *Id*.
[4] *Id*.

{00425063;1 }                                1

implemented an incorrect interpretation of a new financial accounting standard."[5]  In *Yates*, as in *Triangle*, "'[t]he more plausible inference [was] that there was an honest disagreement over the proper application of a challenging new accounting standard.'"[6]

Far from an "honest disagreement" or a "legitimate, subjective business judgment," the Complaint (Dkt. No. 92) ("Compl.")  in this Action alleges that, according to several confidential witnesses, Defendants *had contemporaneous knowledge* and closely monitored 2U's enrollment numbers, alerting Defendants to the declining enrollments no later than February 2018.[7]  The confidential witnesses' accounts are corroborated by the Spruce Report, which found that at least four of 2U's top seven programs suffered significant enrollment declines as early as 2017.[8]  The Spruce Report relied on evidence obtained from Defendants' own clients.  To mask these critical issues, Defendants stopped disclosing in 2017 the "Platform Revenue Retention Rate," a metric that reflected 2U's program-specific performance. [9]

In *Triangle*, plaintiff also conceded lack of a particular motive.[10]  Here, no such concessions arise and the Complaint alleges specific allegations of motive.  For example, the Complaint alleges suspicious insider sales by Paucek.[11]  Additionally, unlike the departure at issue in *Triangle*, Defendant Graham's departure was "temporally connected to the alleged corrective disclosure of the Company's failing growth plans and decreased financial projections[,]" occurring just three weeks after the end of the class period when the full truth of

---

[5] *Id*. at *8 (citing *Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874, 881-83 (4th Cir. 2014)).
[6] *Id*. (quoting *Yates* 744 F.3d at 887).
[7] *See*, *e.g.*, Compl. ¶¶356-58.
[8] Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss (Dkt. No. 155) ("Opposition") at 26.
[9] *Id*. at 26-27.
[10] *Triangle* at *6.
[11] Compl. ¶¶368-370.

the fraud was revealed, and analysts connected his resignation to the disclosure.[12]  And, while

defendants in *Triangle* warned investors of competition, here Defendants *downplayed*

competition ("Quite the opposite . . . we're winning contracts from competitors.").[13]

In sum, *Triangle* does not help Defendants.  Their motion to dismiss should be denied.


Dated:  March 4, 2021                                       Respectfully submitted,

                                                            **POMERANTZ LLP**

                                                            */s/ Emma Gilmore*
                                                            Jeremy A. Lieberman (admitted *pro hac vice*)
                                                            Emma Gilmore (admitted *pro hac vice*)
                                                            Villi A. Shteyn (admitted *pro hac vice*)
                                                            600 3rd Avenue, 20th Floor
                                                            New York, NY  10016
                                                            Tel:  212-661-1100
                                                            Fax: 917-463-1044
                                                            Email: jalieberman@pomlaw.com
                                                                  egilmore@pomlaw.com
                                                                  vshteyn@pomlaw.com

                                                            *Counsel for Lead Plaintiff Fiyyaz Pirani and
                                                            Lead Counsel for the Class*

                                                            **GOLDMAN & MINTON, P.C.**
                                                            Thomas J. Minton – No. 03370
                                                            3600 Clipper Mill Rd., Suite 201
                                                            Baltimore, MD 21211
                                                            Tel: (410) 783-7575
                                                            Fax: (410) 783-1711
                                                            Email: tminton@charmcitylegal.com

                                                            *Counsel for Lead Plaintiff Fiyyaz Pirani*

                                                            **LABATON SUCHAROW LLP**
                                                            James W. Johnson (admitted *pro hac vice*)
                                                            Serena P. Hallowell (admitted *pro hac vice*)
                                                            Lara A. Goldstone (admitted *pro hac vice*)
                                                            140 Broadway
                                                            New York, NY 10005

---

[12] *Id*. ¶¶ 371-373.
[13] Compl. ¶ 161.

Telephone: (212) 907-0700
Fax: (212) 818-0477
jjohnson@labaton.com
shallowell@labaton.com
lgoldstone@labaton.com

*Counsel for Additional Named Plaintiff
Oklahoma City Employee Retirement System
and Additional Counsel for Lead Plaintiff
Fiyyaz Pirani and for the Class*