**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE 2U, INC. SECURITIES CLASS ACTION | Consolidated Case No. 8:19-cv-03455-TDC <br><br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS GOLDMAN SACHS & CO. LLC, CREDIT SUISSE SECURITIES (USA) LLC, CITIGROUP GLOBAL MARKETS INC., COMPASS POINT RESEARCH & TRADING, LLC, KEYBANC CAPITAL MARKETS INC., AND MACQUARIE CAPITAL (USA) INC. TO CONSOLIDATED CLASS ACTION COMPLAINT** |

**ANSWER AND AFFIRMATIVE DEFENSES
TO CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants Goldman Sachs & Co. LLC, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., Compass Point Research & Trading, LLC, Keybanc Capital Markets Inc., and Macquarie Capital (USA) Inc. (the "Underwriter Defendants"), by their undersigned counsel, hereby answer the Consolidated Class Action Complaint (Dkt. No. 92) (the "Consolidated Complaint")[1] of Lead Plaintiff Fiyyaz Pirani ("Pirani" or "Lead Plaintiff") and Additional Named Plaintiff Oklahoma City Employees Retirement System ("OKCERS") (collectively, "Plaintiffs"), dated July 30, 2020.

Except as otherwise expressly admitted below, the Underwriter Defendants deny each and every allegation of the Consolidated Complaint.  The Underwriter Defendants deny any liability to Plaintiffs and deny that Plaintiffs are entitled to any relief.

**RESPONSES TO SPECIFIC ALLEGATIONS**

**I.     INTRODUCTION**

1.     The Underwriter Defendants deny the allegations set forth in Paragraph 1 of the Consolidated Complaint, except they admit that Plaintiffs purport to bring this class action for alleged violations of the federal securities laws.

2.     The allegations set forth in Paragraph 2 of the Consolidated Complaint are not directed at the Underwriter Defendants and therefore require no response because the Underwriter Defendants are only named in Counts III and IV of the Consolidated Complaint.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 2 of the Consolidated Complaint, except they admit that Plaintiffs purport to bring this federal class action under the statutes cited therein against the Exchange Act Defendants.

---

[1] Unless otherwise defined, this Answer utilizes the defined terms from the Consolidated Complaint.

3.      The allegations set forth in Paragraph 3 of the Consolidated Complaint related to OKCERS' claim under Section 15 of the Securities Act are not directed at the Underwriter Defendants and therefore require no response because the Underwriter Defendants are only named in Counts III and IV of the Consolidated Complaint.  Further, in its Memorandum Opinion, dated August 5, 2021, the Court dismissed OKCERS' Section 12(a)(2) cause of action as to the Underwriter Defendants and the individual Securities Act Defendants.  As such, any allegations in Paragraph 3 related to OKCERS' Section 12(a)(2) claim against the Underwriter Defendants require no response.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 3 of the Consolidated Complaint related to OKCERS' Section 12(a)(2) claim against the Underwriter Defendants and OKCERS' Section 15 claim.  The Underwriter Defendants deny the remaining allegations set forth in Paragraph 3 of the Consolidated Complaint, except they admit that OKCERS purports to bring this federal class action under the statutes cited therein against the Securities Act Defendants.

4.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Sentence 1 of Paragraph 4 of the Consolidated Complaint.  The allegations set forth in Sentence 2 of Paragraph 4 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Sentence 2 of Paragraph 4 of the Consolidated Complaint.

## II.    JURISDICTION AND VENUE

5.      The allegations set forth in Paragraph 5 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 5 of

the Consolidated Complaint, except they admit that Plaintiffs purport to bring this action under the statutes cited therein.

6.    The allegations set forth in Paragraph 6 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 6 of the Consolidated Complaint, except they admit that Plaintiffs purport to bring this action under the statutes cited therein.

7.    The allegations set forth in Paragraph 7 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 7 of the Consolidated Complaint, except they admit that Plaintiffs purport to base jurisdiction over this matter on the statutes cited therein.

8.    The allegations set forth in Paragraph 8 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 8 of the Consolidated Complaint, except they admit that Plaintiffs purport to base venue over this matter on the statutes cited therein.  Further, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations involving defendants other than the Underwriter Defendants.

9.    The allegations set forth in Paragraph 9 of the Consolidated Complaint are not directed at the Underwriter Defendants and therefore require no response because the Underwriter Defendants are only named in Counts III and IV of the Consolidated Complaint. Further, the allegations set forth in Paragraph 9 of the Consolidated Complaint contain legal

3

conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Consolidated Complaint.

## III.    VIOLATIONS OF THE EXCHANGE ACT

10 – 429.    The allegations set forth in Paragraphs 10 through 429 of the Consolidated Complaint are not directed at the Underwriter Defendants and therefore require no response because the Underwriter Defendants are only named in Counts III and IV of the Consolidated Complaint.  Further, as noted in the Consolidated Complaint, the allegations related to Counts III and IV are, "in effect, a separate complaint" from the allegations related to Counts I and II.  *See* Consolidated Complaint ¶ 430.  To the extent a response is required, the Underwriter Defendants deny all of the allegations set forth in Paragraphs 10 through 429 of the Consolidated Complaint.

## IV.    SECURITIES ACT ALLEGATIONS

430.    The allegations set forth in Paragraph 430 of the Consolidated Complaint related to OKCERS' claim under Section 15 of the Securities Act are not directed at the Underwriter Defendants and therefore require no response because the Underwriter Defendants are only named in Counts III and IV of the Consolidated Complaint.  Further, in its Memorandum Opinion, dated August 5, 2021, the Court dismissed OKCERS' Section 12(a)(2) cause of action as to the Underwriter Defendants and the individual Securities Act Defendants.  As such, any allegations in Paragraph 430 related to OKCERS' Section 12(a)(2) claim against the Underwriter Defendants require no response.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 430 of the Consolidated Complaint related to OKCERS' Section 12(a)(2) claim against the Underwriter Defendants and OKCERS' Section 15 claim.  The Underwriter Defendants deny the remaining allegations set forth in Paragraph 430

of the Consolidated Complaint, except they admit that OKCERS purports to bring this federal class action under the statutes cited therein against the Securities Act Defendants.

431. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Sentences 1 and 2 of Paragraph 431 of the Consolidated Complaint. Further, the allegations set forth in Sentence 3 of Paragraph 431 contain legal conclusions and questions of law to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Sentence 3 of Paragraph 431 of the Consolidated Complaint.

432 – 446. The allegations set forth in Paragraphs 432 through 446 of the Consolidated Complaint are not directed at the Underwriter Defendants and therefore require no response.

447. Goldman admits the allegations set forth in Paragraph 447 of the Consolidated Complaint.

448. Credit Suisse admits the allegations set forth in Paragraph 448 of the Consolidated Complaint.

449. Citigroup admits the allegations set forth in Paragraph 449 of the Consolidated Complaint.

450. Compass Point admits the allegations set forth in Paragraph 450 of the Consolidated Complaint.

451. KeyBanc admits the allegations set forth in Paragraph 451 of the Consolidated Complaint.

452. Macquarie admits the allegations set forth in Paragraph 452 of the Consolidated Complaint.

453.     The Underwriter Defendants deny the allegations set forth in Paragraph 453 of the Consolidated Complaint, except they admit that the Offering Materials describe the share and total underwriting discounts and commissions to be paid to the Underwriter Defendants.  The Underwriter Defendants respectfully refer to the Offering Materials referenced in Paragraph 453 for a complete and accurate description of their contents.

454.     The Underwriter Defendants admit that 2U filed a Preliminary Prospectus Supplement with the SEC on May 21, 2018, and on May 23, 2018, 2U filed a Prospectus Supplement with the SEC.  The Underwriter Defendants respectfully refer to the Prospectus Supplement and Registration Statement for a complete and accurate description of their contents. The Underwriter Defendants deny the remaining allegations in Paragraph 454 of the Consolidated Complaint.

455.     The Underwriter Defendants deny the allegations set forth in Paragraph 455 of the Consolidated Complaint, except they admit that the Company issued shares on May 25, 2018 in the aggregate principal amount of $300 million.  Further, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to who signed the Registration Statement, but they admit that Paucek, Graham, and certain of the Director Defendants' signatures appear on the Registration Statement.  The Underwriter Defendants respectfully refer to the Offering Materials referenced in Paragraph 455 for a complete and accurate description of their contents.

456.     The Underwriter Defendants deny the allegations set forth in Paragraph 456 of the Consolidated Complaint.

457.     The Underwriter Defendants deny the allegations set forth in Paragraph 457 of the Consolidated Complaint, except they admit that the 2017 10-K contained the quotation set forth

in Paragraph 457 of the Consolidated Complaint.  The Underwriter Defendants respectfully refer to the 2017 10-K referenced in Paragraph 457 of the Consolidated Complaint for a complete and accurate description of its contents.

458.   The Underwriter Defendants deny the allegations set forth in Paragraph 458 of the Consolidated Complaint, except they admit that the 2017 10-K contained the quotation set forth in Paragraph 458 of the Consolidated Complaint.  The Underwriter Defendants respectfully refer to the 2017 10-K referenced in Paragraph 458 of the Consolidated Complaint for a complete and accurate description of its contents.

459.   The Underwriter Defendants deny the allegations set forth in Paragraph 459 of the Consolidated Complaint, except they admit that the 2017 10-K contained the quotation set forth in Paragraph 459 of the Consolidated Complaint, but with added emphasis.  The Underwriter Defendants respectfully refer to the 2017 10-K referenced in Paragraph 459 of the Consolidated Complaint for a complete and accurate description of its contents.

460.   The Underwriter Defendants deny the allegations set forth in Paragraph 460 of the Consolidated Complaint, except they admit that the 2017 10-K contained the quotation set forth in Paragraph 460 of the Consolidated Complaint.  The Underwriter Defendants respectfully refer to the 2017 10-K referenced in Paragraph 460 of the Consolidated Complaint for a complete and accurate description of its contents.

461.   The Underwriter Defendants deny the allegations set forth in Paragraph 461 of the Consolidated Complaint, except they admit that the 2017 10-K contained the quotation set forth in Paragraph 461 of the Consolidated Complaint.  The Underwriter Defendants respectfully refer to the 2017 10-K referenced in Paragraph 461 of the Consolidated Complaint for a complete and accurate description of its contents.

462.    The Underwriter Defendants deny the allegations set forth in Paragraph 462 of the Consolidated Complaint, except they admit that the 2017 10-K contained the quotation set forth in Paragraph 462 of the Consolidated Complaint.  The Underwriter Defendants respectfully refer to the 2017 10-K referenced in Paragraph 462 of the Consolidated Complaint for a complete and accurate description of its contents.

463.    The allegations set forth in Paragraph 463 of the Consolidated Complaint relate to statements that the Court held were not actionable in its Memorandum Opinion, dated August 5, 2021, and therefore require no response.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 463 of the Consolidated Complaint, except they admit that the 2017 10-K contained the quotations set forth in Paragraph 463 of the Consolidated Complaint, but with added emphasis.  The Underwriter Defendants respectfully refer to the 2017 10-K referenced in Paragraph 463 of the Consolidated Complaint for a complete and accurate description of its contents.

464.    The allegations set forth in Paragraph 464 of the Consolidated Complaint relate to statements that the Court held were not actionable in its Memorandum Opinion, dated August 5, 2021, and therefore require no response.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 464 of the Consolidated Complaint.  The Underwriter Defendants respectfully refer to the 2017 10-K referenced in Paragraph 464 of the Consolidated Complaint for a complete and accurate description of its contents.

465.    The allegations set forth in Paragraph 465 of the Consolidated Complaint relate to statements that the Court held were not actionable in its Memorandum Opinion, dated August 5, 2021, and therefore require no response.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 465 of the Consolidated Complaint,

except they admit that the 2017 10-K contained the quotation set forth in Paragraph 465 of the Consolidated Complaint, but with added emphasis. The Underwriter Defendants respectfully refer to the 2017 10-K referenced in Paragraph 465 of the Consolidated Complaint for a complete and accurate description of its contents.

466.    The allegations set forth in Paragraph 466 of the Consolidated Complaint relate to statements that the Court held were not actionable in its Memorandum Opinion, dated August 5, 2021, and therefore require no response. To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 466 of the Consolidated Complaint.

467.    The allegations set forth in Paragraph 467 of the Consolidated Complaint relate to statements that the Court held were not actionable in its Memorandum Opinion, dated August 5, 2021, and therefore require no response. To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 467 of the Consolidated Complaint, except they admit that the 2017 10-K contained the quotations set forth in Paragraph 467 of the Consolidated Complaint. The Underwriter Defendants respectfully refer to the 2017 10-K referenced in Paragraph 467 of the Consolidated Complaint for a complete and accurate description of its contents.

468.    In its Memorandum Opinion, dated August 5, 2021, the Court found that risk factors 2 through 5, as set forth in Paragraph 468 of the Consolidated Complaint, were not actionable and, therefore, the allegations set forth in Paragraph 468 related to these risk factors require no response. Further, the allegations set forth in Paragraph 468 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations set forth in

9

Paragraph 468 of the Consolidated Complaint and deny that the allegations present a fair and accurate description of 2U.

469.    The allegations set forth in Paragraph 469 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 469 of the Consolidated Complaint and deny that the allegations present a fair and accurate description of 2U.  The Underwriter Defendants respectfully refer to the Offering Materials referenced in Paragraph 469 for a complete and accurate description of their contents.

470 – 479.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny the allegations set forth in Paragraphs 470 through 479 related to any such statements.  The Underwriter Defendants deny the remaining allegations in Paragraphs 470 through 479 of the Consolidated Complaint.

480.    The Underwriter Defendants deny the allegations set forth in Paragraph 480 of the Consolidated Complaint.

481 – 499.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny the allegations set forth in Paragraphs 481 through 499 related to any such statements.  The Underwriter Defendants deny the remaining allegations in Paragraphs 481 through 499 of the Consolidated Complaint.

500.    The Underwriter Defendants deny the allegations set forth in Paragraph 500 of the Consolidated Complaint, except they admit that 2U held an earnings call on February 25, 2019, and respectfully refer to the audio recording of that call for a complete and accurate description

of its contents. In addition, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny the allegations set forth in Paragraph 500 related to any such statements. The Underwriter Defendants deny the remaining allegations in Paragraph 500 of the Consolidated Complaint.

501. The Underwriter Defendants deny the allegations set forth in Paragraph 501 of the Consolidated Complaint. Further, the Underwriter Defendants deny that the allegations set forth in Paragraph 501 present a fair and accurate description of 2U. The Underwriter Defendants respectfully refer to the Offering Materials and 2U's public filings for a description of 2U and its operations at the time of the Offering.

502. The Underwriter Defendants deny the allegations set forth in Paragraph 502 of the Consolidated Complaint, except they admit that 2U held an earnings call on May 7, 2019, and respectfully refer to the audio recording of that call for a complete and accurate description of its contents. The Underwriter Defendants deny the remaining allegations in Paragraph 502 of the Consolidated Complaint.

503. The Underwriter Defendants respectfully refer to public sources for a true and accurate record of the trading prices and volumes of 2U stock. The Underwriter Defendants deny the remaining allegations set forth in Paragraph 503 of the Consolidated Complaint.

504. The Underwriter Defendants deny the allegations set forth in Paragraph 504 of the Consolidated Complaint.

505. The Underwriter Defendants deny the allegations set forth in Paragraph 505 of the Consolidated Complaint, except they admit that 2U held an earnings call on July 30, 2019, and respectfully refer to the audio recording of that call for a complete and accurate description of its

11

contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 505 of the Consolidated Complaint.

506.    The Underwriter Defendants deny the allegations set forth in Paragraph 506 of the Consolidated Complaint, except they admit that 2U held an earnings call on July 30, 2019, and respectfully refer to the audio recording of that call for a complete and accurate description of its contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 506 of the Consolidated Complaint.

507.    The Underwriter Defendants deny the allegations set forth in Paragraph 507 of the Consolidated Complaint, except they admit that 2U held an earnings call on July 30, 2019, and respectfully refer to the audio recording of that call for a complete and accurate description of its contents.  The Underwriter Defendants deny the remaining allegations in Paragraph 507 of the Consolidated Complaint.

508.    The Underwriter Defendants respectfully refer to public sources for a true and accurate record of the trading prices and volumes of 2U stock.  The Underwriter Defendants deny the remaining allegations in Paragraph 508 of the Consolidated Complaint.

509.    The allegations set forth in Paragraph 509 of the Consolidated Complaint related to OKCERS' claim under Section 15 of the Securities Act are not directed at the Underwriter Defendants and therefore require no response because the Underwriter Defendants are only named in Counts III and IV of the Consolidated Complaint.  Further, in its Memorandum Opinion, dated August 5, 2021, the Court dismissed OKCERS' Section 12(a)(2) cause of action as to the Underwriter Defendants and the individual Securities Act Defendants.  As such, any allegations in Paragraph 509 related to OKCERS' Section 12(a)(2) claim against the Underwriter Defendants require no response.  To the extent a response is required, the Underwriter

12

Defendants deny the allegations set forth in Paragraph 509 of the Consolidated Complaint related to OKCERS' Section 12(a)(2) claim against the Underwriter Defendants and OKCERS' Section 15 claim.  The Underwriter Defendants deny the remaining allegations set forth in Paragraph 509 of the Consolidated Complaint, except they admit that OKCERS purports to bring this federal class action under the statutes cited therein.

510.    The allegations set forth in Paragraph 510 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 510 of the Consolidated Complaint, except they admit that 2U sold approximately 3.33 million shares of common stock in the Offering.

511.    The allegations set forth in Paragraph 511 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 511 of the Consolidated Complaint.

512.    The allegations set forth in Paragraph 512 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 512 of the Consolidated Complaint.

513.    The allegations set forth in Paragraph 513 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 513 of the Consolidated Complaint.

13

514.    The allegations set forth in Paragraph 514 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 514 of the Consolidated Complaint.

## COUNT III

### For Violations of Section 11 of the Securities Act
### Against All of the Securities Act Defendants

515.    In response to Paragraph 515 of the Consolidated Complaint, the Underwriter Defendants respectfully repeat and reallege each and every response to Paragraphs 430 through 514 in the Consolidated Complaint set forth above as if fully set forth herein.

516.    The Underwriter Defendants deny the allegations set forth in Paragraph 516 of the Consolidated Complaint, except they admit that OKCERS purports to bring a claim pursuant to Section 11 of the Securities Act on behalf of the Securities Act Class against all of the Securities Act Defendants.

517.    The allegations set forth in Paragraph 517 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 517 of the Consolidated Complaint.

518.    The allegations set forth in Paragraph 518 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required, except that the Underwriter Defendants deny allegations of false statements or omissions in connection with the Offering.

519.    The allegations set forth in Paragraph 519 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a

14

response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 519 of the Consolidated Complaint.

520.   The Underwriter Defendants deny the allegations set forth in Paragraph 520 of the Consolidated Complaint.

521.   The allegations set forth in Paragraph 521 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 521 of the Consolidated Complaint.

522.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 522 of the Consolidated Complaint.

523.   The allegations set forth in Paragraph 523 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 523 of the Consolidated Complaint.

524.   The allegations set forth in Paragraph 524 of the Consolidated Complaint contain legal conclusions and questions of law to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraph 524 of the Consolidated Complaint.

## COUNT IV

**For Violations of Section 12(a)(2) of the Securities Act**
**Against All of the Securities Act Defendants**

525.   In response to Paragraph 525 of the Consolidated Complaint, the Underwriter Defendants respectfully repeat and reallege each and every response to Paragraphs 430 through 514 in the Consolidated Complaint set forth above as if fully set forth herein.

526 – 533.    The allegations set forth in Paragraphs 526 through 533 of the Consolidated Complaint relate to OKCERS' Section 12(a)(2) claim against the Underwriter Defendants, which were dismissed by the Court in its Memorandum Opinion, dated August 5, 2021, and therefore require no response.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraphs 526 through 533 of the Consolidated Complaint.

### COUNT V

**For Violations of Section 15 of the Securities Act
Against Paucek, Graham, and the Director Defendants**

534.    In response to Paragraph 534 of the Consolidated Complaint, the Underwriter Defendants respectfully repeat and reallege each and every response to Paragraphs 430 through 514 in the Consolidated Complaint set forth above as if fully set forth herein.

535 – 544.    The allegations set forth in Paragraphs 535 through 544 of the Consolidated Complaint are not directed at the Underwriter Defendants and therefore require no response because the Underwriter Defendants are only named in Counts III and IV of the Consolidated Complaint.  To the extent a response is required, the Underwriter Defendants deny the allegations set forth in Paragraphs 535 through 544 of the Consolidated Complaint.

### PRAYER FOR RELIEF

The Underwriter Defendants deny that Plaintiffs or members of the putative class are entitled to the requested relief, or any relief, against the Underwriter Defendants.

### JURY DEMAND

The Underwriter Defendants admit that Plaintiffs purport to demand a jury trial.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Consolidated Complaint, the Underwriter Defendants, without conceding that they bear the burden of proof as to any of the

16

following issues, and while reserving the right to assert additional or different defenses based upon additional evidence developed in discovery or otherwise, allege as follows:

### First Affirmative Defense

The Consolidated Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part by the applicable statute of limitations.

### Third Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because persons who did not purchase in the Offering lack standing under Section 11 of the Securities Act.

### Fourth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because the Underwriter Defendants did not make any material misstatements or material omissions and the Underwriter Defendants are not responsible in law or fact for any material misstatements or material omissions by others.

### Fifth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because the Underwriter Defendants had no duty to disclose any facts allegedly not disclosed.

## Sixth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because any alleged misrepresentations or omissions for which the Underwriter Defendants are allegedly responsible were not material.

## Seventh Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because the substance of any information that was allegedly misrepresented in and/or omitted from the Offering Materials was, in fact, represented accurately and/or disclosed.

## Eighth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because any allegedly material information allegedly omitted from the Offering Materials was already disclosed and/or publicly known.

## Ninth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because the Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

## Tenth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because the Consolidated Complaint fails to the extent that the statements about which OKCERS complains were non-actionable statements of opinion.

18

### Eleventh Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time the Offering Materials became effective, that the statements in the Offering Materials were true, and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

### Twelfth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because the Underwriter Defendants did not know, and in the exercise of reasonable care could not have known, that the Offering Materials contained an untrue statement of a material fact or omitted to state a material fact necessary in order to make any statement, in light of the circumstances under which it was made, not misleading.

### Thirteenth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part to the extent that the acts or omissions alleged in the Consolidated Complaint relate to portions of the Offering Materials reviewed by experts retained to assist in preparing such documents, including but not limited to independent auditors, tax specialists, and legal counsel, as to which the Underwriter Defendants had no reasonable grounds to believe, and did not believe, that any statements contained therein were misleading, including without limitation that the Underwriter Defendants were entitled to rely and did rely reasonably and in good faith upon the written opinion of issuer's counsel and other representations and opinions provided to the

Underwriter Defendants in connection with the Offering Materials that, subject to the conditions stated therein, the Offering Materials did not violate Section 11 of the Securities Act.

## Fourteenth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because the conduct of persons and/or entities other than the Underwriter Defendants was a superseding or intervening cause of any damage, loss, or injury sustained by OKCERS and members of the putative class.

## Fifteenth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because the Underwriter Defendants are not liable to OKCERS and members of the putative class for any damages to the extent OKCERS and members of the putative class have incurred no legally cognizable injury or damages.

## Sixteenth Affirmative Defense

OKCERS and other members of the putative class are barred from recovery for damages, in whole or in part, because they failed to make reasonable efforts to mitigate any such damages.

## Seventeenth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because any depreciation in the market price of 2U's stock resulted from factors other than the purported misstatements or omissions alleged in the Consolidated Complaint.

## Eighteenth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of

20

OKCERS and members of the putative class or others over which the Underwriter Defendants had no control.

### Nineteenth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because OKCERS' and members of the putative class' damages, if any, are due to the negligence or other acts or omissions, of persons or entities other than the Underwriter Defendants; however, in the event that a finding is made that negligence exists on the part of the Underwriter Defendants, which proximately contributed to OKCERS' and members of the putative class' damages alleged in the Consolidated Complaint, the Underwriter Defendants' liability, if any, should be reduced, at least, by an amount proportionate to the amount by which the comparative negligence, or other acts or omissions, of such other person or entities contributed to the happening of the incident and alleged damages upon which OKCERS and members of the putative class seek recovery.

### Twentieth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because, if any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, and if OKCERS and any members of the putative class were aware of that statement or omission, then OKCERS and such members of the putative class cannot prevail.

21

**Twenty-First Affirmative Defense**

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrines.

**Twenty-Second Affirmative Defense**

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because of OKCERS' and members of the putative class' inequitable conduct and unclean hands.

**Twenty-Third Affirmative Defense**

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because the Underwriter Defendants are not liable to OKCERS and members of the putative class in connection with any purchase of securities offered in the Offering that (i) were not offered in the United States pursuant to the Offering Materials, or (ii) were not sold or purchased in the United States.

**Twenty-Fourth Affirmative Defense**

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because the claims in the Consolidated Complaint fail to the extent that the statements for which the Underwriter Defendants are allegedly responsible are covered by the safe-harbor provisions in the Private Securities Litigation Reform Act.

**Twenty-Fifth Affirmative Defense**

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because any alleged misstatements were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

22

### Twenty-Sixth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because OKCERS' and members of the putative class' claims are not properly maintainable as a class action.

### Twenty-Seventh Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because OKCERS and members of the putative class are not entitled to recover attorneys' fees or other costs and disbursements.

### Twenty-Eighth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part against the Underwriter Defendants as to which this Court lacks general or specific personal jurisdiction.

### Twenty-Ninth Affirmative Defense

OKCERS' Section 11 claim against the Underwriter Defendants is barred in whole or in part because if and to the extent the Offering Materials and materials incorporated therein are determined to have contained false or misleading statements (which the Underwriter Defendants deny), OKCERS and the putative class either knew or should have known about the matters alleged in the Complaint, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by OKCERS and the putative class from the purchase and sale of the offered securities, and bars any recovery to the extent thereof.

23

## Thirtieth Affirmative Defense

The Underwriter Defendants adopt by reference any applicable defense pleaded by any other Defendant not expressly set forth herein to the extent applicable to the Underwriter Defendants.

## Thirty-First Affirmative Defense

The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

Dated:  September 16, 2021

**PAUL HASTINGS LLP**

/s/ *Barry G. Sher* _____
Barry G. Sher (admitted *pro hac vice)*
Kevin P. Broughel (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Fax: (212) 319-4090
barrysher@paulhastings.com
kevinbroughel@paulhastings.com

Behnam Dayanim (Bar No.: 22442)
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1737
Fax: (202) 551-0237
bdayanim@paulhastings.com

*Attorneys for Defendants Goldman Sachs &*
*Co. LLC, Credit Suisse Securities (USA) LLC,*
*Citigroup Global Markets Inc., Compass*
*Point Research & Trading, LLC, KeyBanc*
*Capital Markets Inc., and Macquarie Capital*
*(USA) Inc.*

24

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 16, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Barry G. Sher*
BARRY G. SHER