**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE 2U, INC. SECURITIES CLASS ACTION | Consolidated Case No. 8:19-cv-03455-TDC |

**2U DEFENDANTS' ANSWER TO PLAINTIFFS'**
**CONSOLIDATED CLASS ACTION COMPLAINT**

**ANSWER**

The 2U Defendants,[1] by and through their undersigned counsel, respectfully submit their Answer and Affirmative Defenses to court-appointed Lead Plaintiff Fiyyaz Pirani ("Pirani" or "Lead Plaintiff") and Additional Named Plaintiff Oklahoma City Employee Retirement System ("OKCERS" or "Additional Named Plaintiff," and together with Pirani, "Plaintiffs") Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Complaint") (ECF No. 92). On August 5, 2021, the Court entered an order which dismissed OKCERS' Section 12(a)(2) claims against Mr. Paucek, Ms. Graham, and the Director Defendants. Accordingly, these individuals are not required to answer Plaintiffs' allegations supporting those claims.

**PREAMBLE**

Defendant 2U is a leading education technology company that partners with nonprofit colleges and universities to build, deliver, and support their online educational offerings. A principal piece of its business is 2U's Graduate Program Segment through which 2U provides the technology and services necessary to support its nonprofit university partners in delivering their degree programs online. 2U generates revenue from student enrollments in its university partners' programs by receiving a portion of the tuition that enrolled students pay its partners.

Between February 2018 and May 2019, 2U reported six consecutive quarters of record enrollment and revenue in its Graduate Program Segment. Relatedly, 2U met or exceeded its

---

[1] The Complaint identifies Christopher J. Paucek, Catherine A. Graham, and Harsha Mokkarala as the "Executive Defendants," and Paul A. Maeder, Robert M. Stavis, Gregory K. Peters, Timothy M. Haley, Valerie B. Jarrett, Earl Lewis, Coretha M. Rushing, Sallie L. Krawcheck, John M. Larson, Edward S. Macias, and Mark J. Chernis as the "Director Defendants." 2U, Inc. ("2U), the Executive Defendants, and the Director Defendants are identified in this Answer as the "2U Defendants." Further, 2U and the Executive Defendants are identified in this Answer as the "EA Defendants" and 2U, Mr. Paucek, Ms. Graham, and the Director Defendants are identified in this Answer as the "SA Defendants."

1

publicly disclosed revenue and Adjusted EBITDA guidance for each of these quarters.  In May 2019, however, 2U candidly alerted investors that, for the first time, it expected enrollments to decline in the second quarter, and, for that reason, 2U lowered its revenue and Adjusted EBITDA guidance.  In July 2019, 2U disclosed that enrollments did decline in the second quarter of 2019 as expected and disclosed in May 2019.  2U also disclosed in July 2019 that its outlook for the remainder of 2019 had deteriorated further than expected.  As a result, 2U announced reduced guidance in the Graduate Program Segment for the remainder of the year.

Plaintiffs cannot claim that 2U overstated its actual enrollments, revenue, Adjusted EBITDA or any other financial metric during the putative Class Period.  Instead, they must claim that 2U should have predicted its future demise despite the undeniable fact that 2U continued to exceed expectations.  Plaintiffs' theory simply makes no sense.  None of the 2U Defendants' statements about 2U's business or its future prospects were false or misleading in any way.  To the contrary, the 2U Defendants were honest and accurate at all times when speaking to investors.

For this reason, the 2U Defendants deny any and every allegation that suggests or implies that any public statement was false or misleading or any 2U Defendant otherwise engaged in improper or illegal conduct.  The 2U Defendants specifically deny that they violated the federal securities laws.  They further deny that they made any false or misleading statements, that they caused Plaintiffs or any member of the putative class any recoverable damages, and that they acted negligently, in bad faith, or with the requisite fraudulent intent.  They also deny that they controlled any person who violated the federal securities laws.  Accordingly, Plaintiffs are not entitled to any relief for any of the claims they assert.

The 2U Defendants deny each and every allegation contained in the Complaint, except as specifically herein admitted, and any factual averment admitted herein is admitted only to the

specific fact alleged and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or in the Complaint as a whole.  Moreover, except to the extent expressly admitted herein, the 2U Defendants specifically deny any allegations contained in the Complaint's headings, footnotes, appendices, table of contents, or images.  Unless otherwise defined, capitalized terms shall refer to the capitalized terms defined in the Complaint, but any such use is not an acknowledgement or admission of any characterization Plaintiffs may ascribe to such capitalized terms.  With respect to any purported document cited to or quoted in the Complaint, the 2U Defendants do not admit that the documents are relevant or admissible in this action, and the 2U Defendants reserve all objections as to relevance and admissibility.  The Complaint contains purported excerpts from, and references to, a number of documents and third-party publications and the 2U Defendants refer to the respective documents and third-party publications for their complete and accurate contents, and deny any allegations inconsistent with those documents or publications.  Any factual averment admitted is done so based upon a Defendant's personal knowledge to the extent the Defendant has such knowledge and otherwise upon information and belief.  The 2U Defendants reserve the right to change, supplement, and amend their answer if and when new information is revealed to them.  The 2U Defendants deny that evidentiary support will exist for the allegations set forth in the Complaint and deny that relevant facts are known only by the 2U Defendants or are exclusively within their custody or control.

The foregoing general denials and responses are incorporated by reference into the following specific responses to Plaintiffs' allegations.

## RESPONSES TO SPECIFIC ALLEGATIONS

1. The 2U Defendants admit that Plaintiffs purport to bring this putative class action, but deny that the 2U Defendants violated the federal securities laws in any way.

3

2.       The 2U Defendants admit that Plaintiffs purport to bring a putative class action under Section 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, but deny that the EA Defendants violated the federal securities laws in any way, and deny that any member of the putative class suffered damages.

3.       The 2U Defendants admit that OKCERS purports to bring a putative class action under Sections 11, 12(a)(2), and 15 of the Securities Act, against the SA Defendants, but deny that the SA Defendants violated the federal securities laws in any way, and deny that any person or entity can trace their 2U common stock to the Registration Statement.  The 2U Defendants deny the remaining allegations in Paragraph 3.  The 2U Defendants further note that on August 5, 2021, the Court entered an order which dismissed OKCERS' Section 12(a)(2) claims against Mr. Paucek, Ms. Graham, and the Director Defendants.

4.       The 2U Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 4, and on that basis, deny them.

5.       The EA Defendants admit that the Exchange Act claims Plaintiffs purport to bring arise under Sections 10(b) and 20(a) of the Exchange Act, but deny that the EA Defendants violated the federal securities laws in any way.

6.       The SA Defendants admit that the Securities Act claims Plaintiffs purport to bring arise under Sections 11, 12(a)(2), and 15 of the Securities Act, but deny that the SA Defendants violated the federal securities laws in any way.

7.       The 2U Defendants admit that this Court has subject matter jurisdiction over this action.

8.       The 2U Defendants admit that 2U is headquartered in this judicial district and thus venue is proper in this district, but deny the remaining allegations of Paragraph 8.

9. The 2U Defendants deny the allegations in Paragraph 9.

10. The EA Defendants admit, as stated in the 2017 10-K, that 2U's "[r]evenue was $286.8 million, an increase of 39.3% from $205.9 million for the year ended December 31, 2016," and that 2U "increased the number of 2U-powered graduate programs from one to 37." To the extent Paragraph 10 purports to quote or describe documents or statements made by the EA Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or statements. The EA Defendants deny the remaining allegations in Paragraph 10.

11. To the extent Paragraph 11 purports to quote or describe documents or statements made by the Executive Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or statements. The EA Defendants deny the remaining allegations in Paragraph 11.

12. To the extent Paragraph 12 purports to quote or describe documents or statements made by the Executive Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or statements. The EA Defendants deny the remaining allegations in Paragraph 12.

13. The EA Defendants admit that on March 26, 2018, analysts at Credit Suisse published a report, which Plaintiffs quote accurately but in part and with added emphasis. The EA Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report. The EA Defendants deny the remaining allegations in Paragraph 13.

14. The EA Defendants admit that on April 24, 2018, analysts at Barrington Research published a report, which Plaintiffs quote accurately but in part and with added emphasis. The EA

Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report. The EA Defendants deny the remaining allegations in Paragraph 14.

15. To the extent Paragraph 15 purports to quote or describe documents or statements made by the EA Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or statements. The EA Defendants deny the remaining allegations in Paragraph 15.

16. The EA Defendants deny the allegations in Paragraph 16.

17. To the extent Paragraph 17 purports to quote or describe documents or statements made by the EA Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or statements. The EA Defendants deny the remaining allegations in Paragraph 17.

18. The EA Defendants deny the allegations in Paragraph 18.

19. The EA Defendants deny the allegations in Paragraph 19.

20. The EA Defendants deny the allegations in Paragraph 20.

21. The EA Defendants deny the allegations in Paragraph 21.

22. The EA Defendants admit that Spruce Point Capital Management published a short report in July of 2018 ("Spruce Point Report"). The EA Defendants further admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 22.

23. To the extent Paragraph 23 purports to quote or describe documents or statements made by the EA Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or

6

statements. The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 23.

24. The EA Defendants admit that on August 2, 2018, BMO Capital Markets published a report and admit that on August 12, 2018, Macquarie Research published a report. The EA Defendants admit that Plaintiffs accurately excerpt quotes from those reports. The EA Defendants refer to those reports for their complete and accurate contents, and deny any allegations inconsistent with the reports. The EA Defendants deny the remaining allegations in Paragraph 24.

25. The EA Defendants admit that Mr. Paucek presented at an August 14, 2018 KeyBanc Capital Markets Technology Leadership Forum, which Plaintiffs quote accurately but in part and with added emphasis. The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 25.

26. The EA Defendants admit that Mr. Paucek presented at an August 14, 2018 KeyBanc Capital Markets Technology Leadership Forum, which Plaintiffs quote accurately but in part and with added emphasis. The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 26.

27. The EA Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 27, and on that basis, deny them.

28. The EA Defendants admit that on August 14, 2018, Macquarie Research published a report, which Plaintiffs quote accurately but in part and with added emphasis. The EA

7

Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report.  The EA Defendants deny the remaining allegations in Paragraph 28.

29.     The EA Defendants admit that 2U held an earnings call on November 5, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 29.

30.     The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 30.

31.     The EA Defendants deny the allegations in Paragraph 31.

32.     The EA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 32.

33.     The EA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 33.

34.     The EA Defendants admit that on February 25, 2019, Macquarie Research published a report, which Plaintiffs quote accurately but in part.  The EA Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report.  The EA Defendants deny the remaining allegations in Paragraph 34.

35.     The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call and the accompanying presentation for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 35.

36.     The EA Defendants deny the allegations in Paragraph 36.

37.     The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 37.

38.     The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 38.

39.     The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 39.

40.     The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 40.

41.     The EA Defendants refer to public sources for a true and accurate record of the trading prices of 2U stock.  The EA Defendants deny the remaining allegations in Paragraph 41.

42.     The EA Defendants admit that 2U held an earnings call on July 30, 2019, and refer to the audio recording of that call and the accompanying presentation for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 42.

43.     The EA Defendants admit that 2U held an earnings call on July 30, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 43.

44. The EA Defendants admit that 2U held an earnings call on July 30, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 44.

45. The EA Defendants refer to public sources for a true and accurate record of the trading prices of 2U stock. The EA Defendants deny the remaining allegations in Paragraph 45.

46. The EA Defendants admit that on July 31, 2019, Macquarie Research published a report and admit that on July 31, 2019, Oppenheimer published a report. The EA Defendants further admit that Plaintiffs excerpt quotes from these reports accurately but with added emphasis. The EA Defendants refer to those reports for their complete and accurate contents, and deny any allegations inconsistent with the reports. The EA Defendants deny the remaining allegations in Paragraph 46.

47. The EA Defendants refer to public sources for a true and accurate record of the trading prices of 2U stock. The EA Defendants deny the remaining allegations in Paragraph 47.

48. The EA Defendants admit that Lead Plaintiff Pirani was appointed to serve as Lead Plaintiff in this action by Order of this Court dated June 1, 2020, and deny the remaining allegations in Paragraph 48.

49. The EA Defendants lack knowledge or information sufficient to form a belief as to whether Named Plaintiff OKCERS was created under the authority granted by Chapter 11 of the Oklahoma State Statutes on January 21, 1958, to provide pension and survivor benefits to all full-time civilian employees of The City of Oklahoma City, and on that basis, denies that allegation. The EA Defendants deny the remaining allegations in Paragraph 49.

50. The EA Defendants admit the allegations in Paragraph 50.

51.     The EA Defendants admit that Mr. Paucek is the co-founder of 2U, and served as the Company's Chief Executive Officer throughout the putative Class Period.  The EA Defendants further admit that Mr. Paucek sits on the Company's Board of Directors.  The EA Defendants admit that Mr. Paucek sold 300,290 shares pursuant to a pre-scheduled and non-discretionary 10b-5 plan during the putative Class Period.  The EA Defendants deny the remaining allegations in Paragraph 51.

52.     The EA Defendants admit the allegations in Paragraph 52.

53.     The EA Defendants admit the allegations in Paragraph 53.

54.     The EA Defendants admit the allegations in Paragraph 54.

55.     The EA Defendants admit the allegations in Paragraph 55.

56.     The EA Defendants admit, as stated in the 2018 10-K, that its revenue for its Graduate Program Segment was $348.361 million, and its total revenue was $411.769 million. The EA Defendants further admit that the 2018 10-K also stated that its profitability for the Graduate Program Segment was $16.839 million, and its total profitability was $17.655 million. The EA Defendants further admit, as stated in the 2019 10-K, that its profitability for its Graduate Programs Segment was $5.77 million, with a $29.716 million loss for its Alternative Credential Segment, and its total profitability was a $23.946 million loss.  The EA Defendants refer to those documents for the full and complete descriptions of 2U's business and deny any allegations inconsistent with those documents.  The EA Defendants deny the remaining allegations in Paragraph 56.

57.     The EA Defendants refer to the 2017 10-K and the 2018 10-K for the full and complete description of 2U's business during the putative class period and deny any allegation in

11

Paragraph 57 inconsistent with those documents. The EA Defendants deny the remaining allegations in Paragraph 57.

58.    The EA Defendants refer to the 2017 10-K and the 2018 10-K for the full and complete description of 2U's business during the putative class period and deny any allegation in Paragraph 58 inconsistent with those documents. The EA Defendants deny the remaining allegations in Paragraph 58.

59.    The EA Defendants deny the allegations in Paragraph 59.

60.    The EA Defendants admit that Mr. Paucek presented at a June 7, 2018 Citi Global Perspectives & Solutions Conference. The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 60.

61.    The EA Defendants admit that on February 27, 2018, 2U filed the 2017 10-K, and that the 2017 10-K included the quoted language. The EA Defendants further admit, as stated in the 2017 10-K, that marketing and sales costs for 2017 were $150.9 million, total costs were $317.89 million, and total revenue was $286.752 million. The EA Defendants refer to that document for the full and complete description of 2U's business. The EA Defendants deny the remaining allegations in Paragraph 61.

62.    The EA Defendants admit that the 2017 10-K included the quoted language, and refer to the 2017 10-K filing for its complete and accurate contents. The EA Defendants deny the remaining allegations in Paragraph 62.

63.    The EA Defendants refer to the 2017 10-K and the 2018 10-K for the full and complete description of 2U's business during the putative class period and deny any allegation in Paragraph inconsistent with those documents. To the extent Paragraph 63 purports to quote or

describe documents or statements made by the EA Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or statements. The EA Defendants deny the remaining allegations in Paragraph 63.

64. The EA Defendants admit the 2017 10-K included the quoted language, and refer to the 2017 10-K filing for its complete and accurate contents. The EA Defendants deny the remaining allegations in Paragraph 64.

65. The EA Defendants admit, as stated in the 2017 10-K, that 2U was "incorporated as a Delaware corporation in April 2008 and completed [its] initial public offering in April 2014." The EA Defendants refer to the 2017 10-K for the full and complete description of 2U's business and deny any allegation in Paragraph inconsistent with those documents. To the extent Paragraph 65 purports to quote or describe documents or statements made by the EA Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or statements. The EA Defendants deny the remaining allegations in Paragraph 65.

66. The EA Defendants deny the allegations in Paragraph 66.

67. The EA Defendants admit that Mr. Paucek presented at a June 7, 2018 Citi Global Perspectives & Solutions Conference and July 14, 2018 KeyBanc Capital Markets Technology Leadership Forum. The EA Defendants refer to those transcripts for their complete and accurate contents, and deny any allegations inconsistent with the transcripts. The EA Defendants deny the remaining allegations in Paragraph 67.

68. The EA Defendants admit, as stated in the 2017 10-K, that 2U "increased the number of 2U-powered graduate programs from one to 37." The EA Defendants further admit

that 2U held an earnings call on February 26, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 68.

69.     The EA Defendants refer to the 2017 10-K and the 2018 10-K for the full and complete description of 2U's business during the putative class period and deny any allegation in Paragraph inconsistent with those documents.  To the extent Paragraph 69 purports to quote or describe documents or statements made by the EA Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or statements.  The EA Defendants deny the remaining allegations in Paragraph 69.

70.     The EA Defendants refer to the 2017 10-K and the 2018 10-K for the full and complete description of 2U's business during the putative class period and deny any allegation in Paragraph inconsistent with those documents.  To the extent Paragraph 70 purports to quote or describe documents or statements made by the EA Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or statements.  The EA Defendants deny the remaining allegations in Paragraph 70.

71.     The EA Defendants deny the allegations in Paragraph 71.

72.     The EA Defendants deny the allegations in Paragraph 72.

73.     The EA Defendants admit, as stated in the 2017 10-K, that 2U's "ability to effectively manage any significant growth of new offerings and increasing student enrollment will depend on a number of factors, including our ability to . . . satisfy existing students in, and attract and enroll new students for, our offerings."  The EA Defendants further admit, as stated in the

2017 10-K, that 2U's "continued growth and profitability depends on our and our university clients' ability to successfully scale newly launched offerings." The EA Defendants refer to that document for the full and complete description of 2U's business. The EA Defendants deny the remaining allegations in Paragraph 73.

74. To the extent Paragraph 74 purports to quote or describe documents or statements made by the EA Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or statements. The EA Defendants deny the remaining allegations in Paragraph 74.

75. To the extent Paragraph 75 purports to quote or describe documents or statements made by the EA Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or statements. The EA Defendants deny the remaining allegations in Paragraph 75.

76. The EA Defendants admit that Ms. Graham presented at a February 28, 2018 KeyBanc Capital Markets Technology Leadership Forum. The EA Defendants refer to the transcript of Ms. Graham's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 76.

77. The EA Defendants admit that Ms. Graham presented at a February 28, 2018 KeyBanc Capital Markets Technology Leadership Forum. The EA Defendants refer to the transcript of Ms. Graham's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 77.

78. The EA Defendants admit the 2017 10-K included the quoted language, and refer to the 2017 10-K filing for its complete and accurate contents. The EA Defendants deny the remaining allegations in Paragraph 78.

79. The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 79.

80. The EA Defendants refer to the 2017 10-K and the 2018 10-K for the full and complete description of 2U's business during the putative class period and deny any allegation in Paragraph inconsistent with those documents. To the extent Paragraph 80 purports to quote or describe documents or statements made by the EA Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or statements. The EA Defendants deny the remaining allegations in Paragraph 80.

81. The EA Defendants admit that Ms. Graham presented at an August 8, 2018 Oppenheimer Technology, Internet & Communications Conference. The EA Defendants refer to the transcript of Ms. Graham's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 81.

82. The EA Defendants admit that Mr. Paucek presented at an August 14, 2018 KeyBanc Capital Markets Technology Leadership Forum. The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 82.

83.     The EA Defendants admit that 2U held an earnings call on November 5, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 83.

84.     The EA Defendants deny the allegations in Paragraph 84.

85.     The EA Defendants deny the allegations in Paragraph 85.

86.     The EA Defendants deny the allegations in Paragraph 86.

87.     The EA Defendants admit that Mr. Mokkarala previously served as 2U's Chief Marketing Officer and Chief Revenue Officer.  The EA Defendants deny the remaining allegations in Paragraph 87.

88.     The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 88.

89.     The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 89.

90.     The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 90.

91.     The EA Defendants deny the allegations in Paragraph 91.

92.     To the extent Paragraph 92 purports to quote or describe documents or statements made by the EA Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or statements. The EA Defendants deny the remaining allegations in Paragraph 92.

93.     The EA Defendants deny the allegations in Paragraph 93.

94.     The EA Defendants deny the allegations in Paragraph 94.

95.     The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 95.

96.     The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 96.

97.     The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 97.

98.     The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 98.

99.     The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 99.

100.    The EA Defendants deny the allegations in Paragraph 100.

101.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 101.

102. The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The EA Defendants deny the remaining allegations in Paragraph 102.

103. The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The EA Defendants deny the remaining allegations in Paragraph 103.

104. The EA Defendants deny the allegations in Paragraph 104.

105. The EA Defendants deny the allegations in Paragraph 105.

106. The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The EA Defendants deny the remaining allegations in Paragraph 106.

107. The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The EA Defendants deny the remaining allegations in Paragraph 107.

108. The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The EA Defendants deny the remaining allegations in Paragraph 108.

109. The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The EA Defendants deny the remaining allegations in Paragraph 109.

110. The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.

111.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 113.

114.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 114.

115.    The EA Defendants admit that The Century Foundation published an article on September 12, 2019, and refer to that article for its full and complete contents, and deny any allegations inconsistent with the article.  The EA Defendants deny the remaining allegations in Paragraph 115.

116.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 116.

117.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 117.

118.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 118.

119.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 119.

120.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 120.

121.    The EA Defendants deny the allegations in Paragraph 121.

122.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 122.

123.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 123.

124.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 124.

125.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 125.

126.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 126.

127.     The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 127.

128.     The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 128.

129.     The EA Defendants deny the allegations in Paragraph 129.

130.     The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 130.

131.     The EA Defendants deny the allegations in Paragraph 131.

132.     The EA Defendants admit, as stated in the 2017, 2018, and 2019 10-Ks, that USC programs accounted for 27% of 2U's revenue in 2017, 21% in 2018, and 15% in 2019, and Simmons programs accounted for 17% of 2U's revenue in 2017, 13% in 2018, and 8% in 2019 and that those two schools contributed 44%, 34%, and 23% of 2U's revenue in 2017, 2018, and 2019, respectively.  The EA Defendants refer to those documents for the full and complete description of 2U's business.  The EA Defendants deny the remaining allegations in Paragraph 132.

133.     The EA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call and accompanying presentation for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations Paragraph 133.

134.     The EA Defendants deny the allegations in Paragraph 134.

22

135.   The EA Defendants deny the allegations in Paragraph 135.

136.   The EA Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 136 regarding a BMO report, and on that basis, deny them.   The EA Defendants deny the remaining allegations in Paragraph 136.

137.   The EA Defendants admit that 2U held an earnings call on February 26, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 137.

138.   The EA Defendants admit that 2U held an earnings call on February 26, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 138.

139.   The EA Defendants admit that 2U held an earnings call on February 26, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 139.

140.   The EA Defendants admit that 2U held an earnings call on February 26, 2018, and refer to the audio recording of that call and the accompanying press release for the complete and accurate statements made by the EA Defendants.   The EA Defendants deny the remaining allegations in Paragraph 140.

141.   The EA Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 141, and on that basis, deny them.

142.   The EA Defendants admit that on May 3, 2018, the EA Defendants released 2U's financial results for the first quarter of 2018.  The EA Defendants further admit that 2U held an earnings call on May 3, 2019, and refer to the audio recording of that call for the complete and

23

accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 142.

143. The EA Defendants admit that 2U held an earnings call on May 3, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 143.

144. The EA Defendants admit that 2U held an earnings call on May 3, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 144.

145. The EA Defendants admit that 2U held an earnings call on May 3, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 145.

146. The EA Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 146, and on that basis, deny them.

147. The EA Defendants admit that on July 19, 2018, Spruce Point published a report, which the Plaintiffs quoted accurately but in part. The EA Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report. The EA Defendants deny the remaining allegations in Paragraph 147, including that the Spruce Point Report is true and accurate.

148. The EA Defendants admit that on July 19, 2018, Spruce Point published a report, and the EA Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report. The EA Defendants deny the remaining allegations in Paragraph 148, including that the Spruce Point Report is true and accurate.

24

149.    The EA Defendants admit that on July 19, 2018, Spruce Point published a report, which the Plaintiffs quoted accurately but in part.  The EA Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report.  The EA Defendants deny the remaining allegations in Paragraph 149, including that the Spruce Point Report is true and accurate.

150.    The EA Defendants admit that on July 19, 2018, Spruce Point published a report, which the Plaintiffs quoted accurately but in part.  The EA Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report.  The EA Defendants deny the remaining allegations in Paragraph 150, including that the Spruce Point Report is true and accurate.

151.    The EA Defendants deny the allegations in Paragraph 151.

152.    The EA Defendants deny the allegations in Paragraph 152.

153.    The EA Defendants admit that on August 1, 2018, Macquarie Research published a report, which Plaintiffs have quoted accurately but in part and with added emphasis.  The EA Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report.  The EA Defendants deny the remaining allegations in Paragraph 153.

154.    The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 154.

155.    The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 155.

156. The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 156.

157. The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 157.

158. The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 158.

159. The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 159.

160. The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 160.

161. The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 161.

162. The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 162.

163.     The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 163.

164.     The EA Defendants admit that on August 2, 2018, BMO Capital Markets published a report.  The EA Defendants further admit that Plaintiffs excerpt quotes from that report accurately, but with added emphasis.  The EA Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report.  The EA Defendants deny the remaining allegations in Paragraph 164.

165.     The EA Defendants admit that on August 2, 2018, Credit Suisse published a report. The EA Defendants further admit that Plaintiffs excerpt quotes from that report accurately.  The EA Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report.  The EA Defendants deny the remaining allegations in Paragraph 165.

166.     The EA Defendants admit that on August 12, 2018, Macquarie Research published a report.  The EA Defendants further admit that Plaintiffs excerpt quotes from that report accurately, but with added emphasis.  The EA Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report.  The EA Defendants deny the remaining allegations in Paragraph 166.

167.     The EA Defendants admit that Mr. Paucek presented at an August 14, 2018 KeyBanc Capital Markets Technology Leadership Forum.  The EA Defendants refer to the transcript for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants further admit that on August 2, 2018, 2U increased the estimate of the number of new programs it hoped to launch over the next few years. The EA Defendants deny the remaining allegations in Paragraph 167.

168. The EA Defendants admit that Mr. Paucek presented at an August 14, 2018 KeyBanc Capital Markets Technology Leadership Forum. The EA Defendants refer to the transcript for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 168.

169. The EA Defendants admit that on August 14, 2018, Macquarie Research published a report. The EA Defendants further admit that Plaintiffs excerpt quotes from this report accurately, but with added emphasis. The EA Defendants refer to the report for its complete and accurate contents, and deny any allegations inconsistent with the report. The EA Defendants deny the remaining allegations in Paragraph 169.

170. The EA Defendants admit that Mr. Paucek presented at a September 13, 2018 BMO Capital Markets Back to School Conference. The EA Defendants refer to the transcript for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 170.

171. The EA Defendants deny the allegations in Paragraph 171.

172. The EA Defendants admit that on November 5, 2018, 2U filed its 2018 third quarter 10-Q and an 8-K, which is available on 2U's investor website. The EA Defendants further admit that Plaintiffs excerpt quotes from the 8-K accurately, but with added emphasis. The EA Defendants refer to the 8-K and 10-Q for its complete and accurate contents, and deny any allegations inconsistent with the press release.

173. The EA Defendants admit that 2U held an earnings call on November 5, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 173.

174.    The EA Defendants admit that 2U held an earnings call on November 5, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 174.

175.    The EA Defendants admit that 2U held an earnings call on November 5, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 175.

176.    The EA Defendants admit that 2U held an earnings call on November 5, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 176.

177.    The EA Defendants admit that 2U held an earnings call on November 5, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.

178.    The EA Defendants admit that 2U held an earnings call on November 5, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 178.

179.    The EA Defendants admit that on November 6, 2018, BMO Capital Markets published a report.  The EA Defendants further admit that Plaintiffs excerpt quotes from this report accurately.  The EA Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report.  The EA Defendants deny the remaining allegations in Paragraph 179.

180.    The EA Defendants admit that on November 6, 2018, Oppenheimer published a report.  The EA Defendants further admit that Plaintiffs excerpt quotes from this report accurately, but with added emphasis.  The EA Defendants refer to that report for its complete and accurate

29

contents, and deny any allegations inconsistent with the report. The EA Defendants deny the remaining allegations in Paragraph 180.

181. The EA Defendants admit that Mr. Paucek presented at a November 9, 2018 Baron Investment Conference. The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 181.

182. The EA Defendants admit that Mr. Paucek presented at a November 9, 2018 Baron Investment Conference. The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 182.

183. The EA Defendants admit that Mr. Paucek presented at a November 28, 2018 Credit Suisse Technology, Media & Telecom Conference. The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 183.

184. The EA Defendants admit that Mr. Paucek presented at a November 28, 2018 Credit Suisse Technology, Media & Telecom Conference. The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 184.

185. The EA Defendants admit that Mr. Paucek presented at a November 28, 2018 Credit Suisse Technology, Media & Telecom Conference. The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations

inconsistent with the transcript.  The EA Defendants deny the remaining allegations in Paragraph 185.

186.    The EA Defendants admit that Mr. Paucek presented at a November 28, 2018 Credit Suisse Technology, Media & Telecom Conference.  The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript.  The EA Defendants deny the remaining allegations in Paragraph 186.

187.    The EA Defendants deny the allegations in Paragraph 187.

188.    The EA Defendants admit that on February 26, 2019, 2U filed its 2018 10-K, which is available on 2U's investor website.  The EA Defendants refer to the 2018 10-K filing for its complete and accurate contents.  The EA Defendants deny the remaining allegations in Paragraph 188.

189.    The EA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 189.

190.    The EA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 190.

191.    The EA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call and the accompanying presentation for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 191.

192.    The EA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 192.

193.    The EA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 193.

194.    The EA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 194.

195.    The EA Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195, and on that basis, deny the allegations.

196.    The EA Defendants admit that on February 25, 2019, Macquarie Research published a report.  The EA Defendants further admit that Plaintiffs excerpt quotes from this report accurately.  The EA Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report.

197.    The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call and the accompanying presentation for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 197.

198.    The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 198.

199.    The EA Defendants refer to public sources for a true and accurate record of the trading prices of 2U's stock.  The EA Defendants further admit that on May 8, 2019, Barrington Research published a report and admit that on May 8, 2019, Oppenheimer published a report.  The EA Defendants further admit that Plaintiffs excerpt quotes from these reports accurately, but with added emphasis.  The EA Defendants refer to those reports for their complete and accurate contents, and deny any allegations inconsistent with the reports.  The EA Defendants deny the remaining allegations in Paragraph 199.

200.    The EA Defendants deny the allegations in Paragraph 200.

201.    The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 201.

202.    The EA Defendants deny the allegations in Paragraph 202.

203.    The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 203.

204.    The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 204.

205.    The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 205.

206.    The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 206.

207.    The EA Defendants admit that on May 8, 2019, Macquarie Research, BMO Capital Markets and Credit Suisse each published a report. The EA Defendants further admit that Plaintiffs excerpt quotes from these reports accurately, but with added emphasis. The EA Defendants refer to those reports for their complete and accurate contents, and deny any allegations inconsistent with the reports. The EA Defendants deny the remaining allegations in Paragraph 207.

208.    The EA Defendants admit that 2U held an earnings call on July 30, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 208.

209.    The EA Defendants admit that 2U held an earnings call on July 30, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 209.

210.    The EA Defendants admit that 2U held an earnings call on July 30, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 210.

211.    The EA Defendants admit that 2U held an earnings call on July 30, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 211.

212.    The EA Defendants refer to public sources for a true and accurate record of the trading prices of 2U stock. The EA Defendants deny the remaining allegations in Paragraph 212.

213.    The EA Defendants admit that on July 31, 2019, Oppenheimer published a report. The EA Defendants further admit that Plaintiffs excerpt quotes from that report accurately, but with added emphasis.  The EA Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report.  The EA Defendants deny the remaining allegations in Paragraph 213.

214.    The EA Defendants admit that on July 31, 2019, Oppenheimer and BMO Capital Markets each published a report.  The EA Defendants further admit that on August 12, 2019, William Blair published a report.  The EA Defendants further admit that Plaintiffs excerpt quotes from these reports accurately, but with added emphasis.  The EA Defendants refer to those reports for their complete and accurate contents, and deny any allegations inconsistent with the reports. The EA Defendants deny the remaining allegations in Paragraph 214.

215.    The EA Defendants deny the allegations in Paragraph 215.

216.    The EA Defendants admit that on February 26, 2018, 2U filed a press release on Form 8-K.  The EA Defendants refer to that press release for its complete and accurate contents, and deny any allegations inconsistent with that press release.  The EA Defendants deny the remaining allegations in Paragraph 216.

217.    The EA Defendants admit that 2U held an earnings call on February 26, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.

218.    The EA Defendants admit that 2U held an earnings call on February 26, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 218.

219.    The EA Defendants deny the allegations in Paragraph 219.

35

220.    The EA Defendants admit that 2U held an earnings call on February 26, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 220.

221.    The EA Defendants deny the allegations in Paragraph 221.

222.    The EA Defendants admit that 2U held an earnings call on February 26, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 222.

223.    The EA Defendants deny the allegations in Paragraph 223.

224.    The EA Defendants admit that 2U held an earnings call on February 26, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 224.

225.    The EA Defendants deny the allegations in Paragraph 225.

226.    The EA Defendants refer to the 2017 10-K for its complete and accurate contents, and deny any allegations inconsistent with the 2017 10-K.

227.    The EA Defendants admit that Ms. Graham presented at a February 28, 2018 KeyBanc Capital Markets Emerging Technology Summit.  The EA Defendants refer to the transcript of Ms. Graham's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript.  The EA Defendants deny the remaining allegations in Paragraph 227.

228.    The EA Defendants deny the allegations in Paragraph 228.

229.    The EA Defendants admit that Ms. Graham presented at a February 28, 2018 KeyBanc Capital Markets Emerging Technology Summit.  The EA Defendants refer to the transcript of Ms. Graham's presentation for its complete and accurate contents, and deny any

allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 229.

230. The EA Defendants deny the allegations in Paragraph 230.

231. The EA Defendants admit that Ms. Graham presented at a February 28, 2018 KeyBanc Capital Markets Emerging Technology Summit. The EA Defendants refer to the transcript of Ms. Graham's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 231.

232. The EA Defendants deny the allegations in Paragraph 232.

233. The EA Defendants admit that on May 3, 2018, 2U filed its 2018 first quarter 10-Q, which is available on 2U's investor website. The EA Defendants refer to that 10-Q for its complete and accurate contents, and deny any allegations inconsistent with that 10-Q.

234. The EA Defendants admit that on May 3, 2018, 2U filed a press release on Form 8-K. The EA Defendants refer to that press release for its complete and accurate contents, and deny any allegations inconsistent with that press release.

235. The EA Defendants admit that on May 3, 2018, 2U filed a press release, which is available on 2U's investor website. The EA Defendants admit that Plaintiffs excerpt quotes from that press release accurately, but with added emphasis. The EA Defendants refer to that press release for its complete and accurate contents, and deny any allegations inconsistent with that press release.

236. The EA Defendants deny the allegations in Paragraph 236.

237.     The EA Defendants admit that 2U held an earnings call on May 3, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.

238.     The EA Defendants admit that 2U held an earnings call on May 3, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 238.

239.     The EA Defendants deny the allegations in Paragraph 239.

240.     The EA Defendants admit that 2U held an earnings call on May 3, 2018, and refer to the audio recording of that call for the complete and accurate statements made by Henry Chien and the EA Defendants.

241.     The EA Defendants admit that 2U held an earnings call on May 3, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 241.

242.     The EA Defendants deny the allegations in Paragraph 242.

243.     The EA Defendants admit that 2U held an earnings call on May 3, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 243.

244.     The EA Defendants deny the allegations in Paragraph 244.

245.     The EA Defendants admit that Mr. Mokkarala presented at a June 5, 2018 Robert W. Baird & Co. Global Consumer, Technology & Services Conferences.  The EA Defendants refer to the transcript of Mr. Mokkarala's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript.   The EA Defendants lack knowledge or

information sufficient to form a belief as to the remaining allegations in Paragraph 245, and on that basis, deny them.

246. The EA Defendants admit that Mr. Mokkarala presented at a June 5, 2018 Robert W. Baird & Co. Global Consumer, Technology & Services Conferences, which is available on 2U's investor website. The EA Defendants refer to the transcript of Mr. Mokkarala's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 246, and on that basis, deny them.

247. The EA Defendants deny the allegations in Paragraph 247.

248. The EA Defendants admit that Mr. Mokkarala presented at a June 5, 2018 at the Robert W. Baird & Co. Global Consumer, Technology & Services Conferences, which is available on 2U's investor website. The EA Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 248, and on that basis, deny them.

249. The EA Defendants deny the allegations in Paragraph 249.

250. The EA Defendants admit that Mr. Mokkarala presented at a June 5, 2018 Robert W. Baird & Co. Global Consumer, Technology & Services Conferences. The EA Defendants refer to the transcript of Mr. Mokkarala's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 250, and on that basis, deny them.

251. The EA Defendants deny the allegations in Paragraph 251.

252.     The EA Defendants admit that on August 2, 2018, 2U filed its 2018 second quarter 10-Q, which is available on 2U's investor website.  The EA Defendants refer to that 10-Q for its complete and accurate contents, and deny any allegations inconsistent with that 10-Q.

253.     The EA Defendants admit that on August 2, 2018, 2U filed a press release on Form 8-K.  The EA Defendants refer to that press release for its complete and accurate contents, and deny any allegations inconsistent with that press release.

254.     The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.   The EA Defendants deny the remaining allegations in Paragraph 254.

255.     The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 255.

256.     The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 256.

257.     The EA Defendants deny the allegations in Paragraph 257.

258.     The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 258.

259.     The EA Defendants deny the allegations in Paragraph 259.

260.     The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 260.

261. The EA Defendants deny the allegations in Paragraph 261.

262. The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 262.

263. The EA Defendants deny the allegations in Paragraph 263.

264. The EA Defendants admit that Ms. Graham presented at an August 8, 2018 Oppenheimer Technology, Internet & Communications Conference. The EA Defendants refer to the transcript of Ms. Graham's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 264.

265. The EA Defendants deny the allegations in Paragraph 265.

266. The EA Defendants admit that Ms. Graham presented at an August 8, 2018 Oppenheimer Technology, Internet & Communications Conference. The EA Defendants refer to the transcript of Ms. Graham's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 266.

267. The EA Defendants deny the allegations in Paragraph 267.

268. The EA Defendants admit that Ms. Graham presented at an August 8, 2018 Oppenheimer Technology, Internet & Communications Conference. The EA Defendants refer to the transcript of Ms. Graham's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 268.

269.     The EA Defendants admit that Ms. Graham presented at an August 8, 2018 Oppenheimer Technology, Internet & Communications Conference.  The EA Defendants refer to the transcript of Ms. Graham's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript.  The EA Defendants deny the remaining allegations in Paragraph 269.

270.     The EA Defendants deny the allegations in Paragraph 270.

271.     The EA Defendants admit that Ms. Graham presented at an August 8, 2018 Oppenheimer Technology, Internet & Communications Conference.  The EA Defendants refer to the transcript of Ms. Graham's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript.  The EA Defendants deny the remaining allegations in Paragraph 271.

272.     The EA Defendants deny the allegations in Paragraph 272.

273.     The EA Defendants admit that Mr. Paucek presented at an August 14, 2018 KeyBanc Capital Markets Technology Leadership Forum.  The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript.  The EA Defendants deny the remaining allegations in Paragraph 273.

274.     The EA Defendants deny the allegations in Paragraph 274.

275.     The EA Defendants admit that Mr. Paucek presented at an August 2, 2018 KeyBanc Capital Markets Technology Leadership Forum.  The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript.  The EA Defendants deny the remaining allegations in Paragraph 275.

276.     The EA Defendants deny the allegations in Paragraph 276.

277. The EA Defendants admit that Mr. Paucek presented at an August 2, 2018 KeyBanc Capital Markets Technology Leadership Forum. The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 277.

278. The EA Defendants deny the allegations in Paragraph 278.

279. The EA Defendants admit that on November 5, 2018, 2U filed its 2018 third quarter 10-Q, which is available on 2U's investor website. The EA Defendants refer to that 10-Q for its complete and accurate contents, and deny any allegations inconsistent with that 10-Q.

280. The EA Defendants admit that on November 5, 2018, 2U filed a press release on Form 8-K. The EA Defendants refer to that press release for its complete and accurate contents, and deny any allegations inconsistent with that press release.

281. The EA Defendants admit that on November 5, 2018, 2U released a press release, which is available on 2U's investor website. The EA Defendants further admit that Plaintiffs excerpt quotes from that press release accurately, but with added emphasis. The EA Defendants refer to that press release for its complete and accurate contents, and deny any allegations inconsistent with the press release.

282. The EA Defendants admit that on November 5, 2018, 2U filed a press release on Form 8-K. The EA Defendants refer to that press release for its complete and accurate contents, and deny any allegations inconsistent with that press release.

283. The EA Defendants admit that 2U held an earnings call on November 5, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 283.

284. The EA Defendants deny the allegations in Paragraph 284.

285. The EA Defendants admit that 2U held an earnings call on November 5, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 285.

286. The EA Defendants deny the allegations in Paragraph 286.

287. The EA Defendants admit that 2U held an earnings call on November 5, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 287.

288. The EA Defendants deny the allegations in Paragraph 288.

289. The EA Defendants admit that Mr. Paucek presented at a November 28, 2018 Credit Suisse Technology, Media & Telecom Conference. The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 289.

290. The EA Defendants deny the allegations in Paragraph 290.

291. The EA Defendants admit that Mr. Paucek presented at a November 28, 2018 Credit Suisse Technology, Media & Telecom Conference. The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript. The EA Defendants deny the remaining allegations in Paragraph 291.

292. The EA Defendants deny the allegations in Paragraph 292.

293. The EA Defendants admit that Mr. Paucek presented at a November 28, 2018 Credit Suisse Technology, Media & Telecom Conference. The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations

inconsistent with the transcript.  The EA Defendants deny the remaining allegations in Paragraph 293.

294.    The EA Defendants deny the allegations in Paragraph 294.

295.    The EA Defendants admit that Mr. Paucek presented at a November 28, 2018 Credit Suisse Technology, Media & Telecom Conference.  The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript.  The EA Defendants deny the remaining allegations in Paragraph 295.

296.    The EA Defendants deny the allegations in Paragraph 296.

297.    The EA Defendants admit that on February 25, 2019, 2U filed a press release on Form 8-K.  The EA Defendants refer to that press release for its complete and accurate contents, and deny any allegations inconsistent with that press release.

298.    The EA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.

299.    The EA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 299.

300.    The EA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 300.

301.    The EA Defendants deny the allegations in Paragraph 301.

302.    The EA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.   The EA Defendants deny the remaining allegations in Paragraph 302.

303.    The EA Defendants deny the allegations in Paragraph 303.

304.    The EA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 304.

305.    The EA Defendants deny the allegations in Paragraph 305.

306.    The EA Defendants refer to the 2018 10-K for its complete and accurate contents, and deny any allegations inconsistent with the 2018 10-K.

307.    The EA Defendants admit that on May 7, 2019, 2U filed its 2019 first quarter 10-Q, which is available on 2U's investor website.  The EA Defendants refer to that 10-Q for its complete and accurate contents, and deny any allegations inconsistent with that 10-Q.

308.    The EA Defendants admit that on May 7, 2019, 2U filed a press release on Form 8-K.  The EA Defendants refer to that press release for its complete and accurate contents, and deny any allegations inconsistent with that press release.

309.    The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.

310.    The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 310.

311.    The EA Defendants deny the allegations in Paragraph 311.

312.     The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 312.

313.     The EA Defendants deny the allegations in Paragraph 313.

314.     The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 314.

315.     The EA Defendants deny the allegations in Paragraph 315.

316.     The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 316.

317.     The EA Defendants deny the allegations in Paragraph 317.

318.     The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 318.

319.     The EA Defendants deny the allegations in Paragraph 319.

320.     The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by Corey Greendale.  The EA Defendants deny the remaining allegations in Paragraph 320.

321.     The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 321.

322.     The EA Defendants deny the allegations in Paragraph 322.

323.    The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by Jeffrey Meuler. The EA Defendants deny the remaining allegations in Paragraph 323.

324.    The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 324.

325.    The EA Defendants deny the allegations in Paragraph 325.

326.    The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by Mr. Meuler and the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 326.

327.    The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants and others. The EA Defendants deny the remaining allegations in Paragraph 327.

328.    The EA Defendants deny the allegations in Paragraph 328.

329.    The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by Brian Schwartz and the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 329.

330.    The EA Defendants deny the allegations in Paragraph 330.

331.    The EA Defendants admit the 2017 10-K included the quoted language, and refer to the 2017 10-K filing for its complete and accurate contents. The EA Defendants deny the remaining allegations in Paragraph 331.

332.    The EA Defendants admit the 2017 10-K included the quoted language, but with added emphasis, and refer to the 2017 10-K filing for its complete and accurate contents.  The EA Defendants deny the remaining allegations in Paragraph 332.

333.    The EA Defendants deny the allegations in Paragraph 333.

334.    The EA Defendants admit that Plaintiffs excerpt quotes from the 2017 10-K accurately.  The EA Defendants refer to the 2017 10-K for its complete and accurate contents, and deny any allegations inconsistent with the 2017 10-K.  The EA Defendants deny the remaining allegations in Paragraph 334.

335.    The EA Defendants deny the allegations in Paragraph 335.

336.    The EA Defendants admit that Plaintiffs excerpt quotes from the 2017 10-K accurately.  The EA Defendants refer to the 2017 10-K for its complete and accurate contents, and deny any allegations inconsistent with the 2017 10-K.  The EA Defendants deny the remaining allegations in Paragraph 336.

337.    The EA Defendants deny the allegations in Paragraph 337.

338.    The EA Defendants deny the allegations in Paragraph 338.

339.    The EA Defendants admit that 2U was required to file a Form 10-Q quarterly and 10-K annually, which are available on 2U's investor website.  The EA Defendants refer to 2U's 10-K and 10-Q filings and to Item 303 of Regulation S-K for their complete and accurate contents, and deny any allegations inconsistent with these documents.

340.    The EA Defendants admit that the SEC issued interpretive guidance related to Item 303 in 1989 and refer to that guidance for its complete and accurate contents.

341.    The EA Defendants admit that the SEC issued interpretive guidance related to Item 303 in 2003.  The EA Defendants admit that Plaintiffs accurately excerpt quotes from that

49

guidance. The EA Defendants refer to that guidance for its complete and accurate contents, and deny any allegations inconsistent with that guidance.

342. The EA Defendants deny the allegations in Paragraph 342.

343. The EA Defendants admit that 2U was required to file a Form 10-Q quarterly and 10-K annually, which are available on 2U's investor website. The EA Defendants refer to 2U's 10-K and 10-Q filings and to Item 105 of Regulation S-K for their complete and accurate contents, and deny any allegations inconsistent with these documents. The EA Defendants deny the remaining allegations in Paragraph 343.

344. The EA Defendants deny the allegations in Paragraph 344.

345. The EA Defendants deny the allegations in Paragraph 345.

346. The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The EA Defendants deny the remaining allegations in Paragraph 346.

347. The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The EA Defendants deny the remaining allegations in Paragraph 347.

348. The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The EA Defendants deny the remaining allegations in Paragraph 348.

349. The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The EA Defendants deny the remaining allegations in Paragraph 349.

350.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 350.

351.    The EA Defendants deny the allegations in Paragraph 351.

352.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 352.

353.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 353.

354.    The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 354.

355.    The EA Defendants deny the allegations related to FE-1.  The EA Defendants lack knowledge or information sufficient to form a belief as to the statements made by other anonymous former employees, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 355.

356.    The EA Defendants deny the allegations in Paragraph 356.

357.    The EA Defendants deny the allegations related to FE-1.  The EA Defendants lack knowledge or information sufficient to form a belief as to the statements made by other anonymous former employees, and on that basis, deny them.  The EA Defendants deny the remaining allegations in Paragraph 357.

51

358. The EA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The EA Defendants deny the remaining allegations in Paragraph 358.

359. The EA Defendants admit that 2U held an earnings call on February 28, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 359.

360. The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 360.

361. To the extent Paragraph 361 purports to quote or describe documents or statements made by the EA Defendants, the EA Defendants refer to those documents or statements for their complete and accurate contents, and deny any allegations inconsistent with those documents or statements. The EA Defendants deny the remaining allegations in Paragraph 361.

362. The EA Defendants admit that 2U held an earnings call on February 26, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 362.

363. The EA Defendants admit that 2U held an earnings call on May 3, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 363.

364. The EA Defendants admit that 2U held an earnings call on August 2, 2018, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 364.

365.    The EA Defendants admit that Ms. Graham gave remarks at an August 8, 2018 Oppenheimer Technology, Internet & Communications Conference.  The EA Defendants refer to the transcript of Ms. Graham's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript.  The EA Defendants deny the remaining allegations in Paragraph 365.

366.    The EA Defendants admit that Mr. Paucek presented at an August 14, 2018 KeyBanc Capital Markets Technology Leadership Forum.  The EA Defendants refer to the transcript of Mr. Paucek's presentation for its complete and accurate contents, and deny any allegations inconsistent with the transcript.  The EA Defendants further admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call and the accompanying presentation for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 366.

367.    The EA Defendants deny the allegations in Paragraph 367.

368.    The EA Defendants deny the allegations in Paragraph 368.

369.    The EA Defendants admit that Mr. Paucek sold 300,290 shares pursuant to a pre-scheduled and non-discretionary 10b-5 plan during the putative class period.  The EA Defendants deny the remaining allegations in Paragraph 369.

370.    The EA Defendants deny the allegations in Paragraph 370.

371.    The EA Defendants deny the allegations in Paragraph 371.

372.    The EA Defendants admit that on August 22, 2019, 2U issued a press release.  The EA Defendants refer to that press release for its complete and accurate contents, and deny any allegations inconsistent with the press release.  The EA Defendants deny the remaining allegations in Paragraph 372.

373.    The EA Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 373, and on that basis, deny them.

374.    The EA Defendants refer to the 2017 10-K and the 2018 10-K for the full and complete description of 2U's business during the putative class period and deny any allegation in Paragraph 374 inconsistent with those documents.  The EA Defendants deny the remaining allegations in Paragraph 374.

375.    The EA Defendants refer to the 2017 10-K and the 2018 10-K for the full and complete description of 2U's business during the putative class period and deny any allegation in Paragraph 375 inconsistent with those documents.  The EA Defendants deny the remaining allegations in Paragraph 375.

376.    The EA Defendants deny the allegations in Paragraph 376.

377.    The EA Defendants deny the allegations in Paragraph 377.

378.    The EA Defendants deny the allegations in Paragraph 378.

379.    The EA Defendants deny the allegations in Paragraph 379.

380.    The EA Defendants deny the allegations in Paragraph 380.

381.    The EA Defendants deny the allegations in Paragraph 381.

382.    The EA Defendants deny the allegations in Paragraph 382.

383.    The EA Defendants deny the allegations in Paragraph 383.

384.    The EA Defendants admit that on May 7, 2019, 2U issued a press release that is available on 2U's investor website.  As stated in the May 7, 2019 press release, the Company reduced its 2019 guidance, expected an adjusted EBITDA loss of between $13.1 million and $12.6 million for the second quarter of 2019 and positive adjusted EBITDA of between $12.5 million and $14.3 million for the full year.  The EA Defendants refer to that press release for its complete

and accurate contents, and deny any allegations inconsistent with the press release. The EA Defendants deny the remaining allegations in Paragraph 384.

385. The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 385.

386. The EA Defendants deny the allegations in Paragraph 386.

387. The EA Defendants refer to public sources for a true and accurate record of the trading prices and volumes of 2U stock. The EA Defendants deny the remaining allegations in Paragraph 387.

388. The EA Defendants admit that on May 8, 2019, Barrington Research, BMO Capital Markets, and Oppenheimer each published a report. The EA Defendants further admit that Plaintiffs excerpt quotes from these reports accurately, but with added emphasis. The EA Defendants refer to those reports for their complete and accurate contents, and deny any allegations inconsistent with the reports. Defendants deny the remaining allegations in Paragraph 388.

389. The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 389.

390. The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 390.

391. The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants. The EA Defendants deny the remaining allegations in Paragraph 391.

392.     The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny any remaining allegations in Paragraph 392.

393.     The EA Defendants admit that 2U held an earnings call on May 7, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.  The EA Defendants deny the remaining allegations in Paragraph 393.

394.     The EA Defendants admit that on May 8, 2019, Macquarie Research, BMO Capital Markets and Credit Suisse each published a report.  The EA Defendants further admit that Plaintiffs excerpt quotes from these reports accurately, but with added emphasis.  The EA Defendants refer to those reports for their complete and accurate contents, and deny any allegations inconsistent with the reports.  The EA Defendants deny the remaining allegations in Paragraph 394.

395.     The EA Defendants admit that on July 30, 2019, 2U reported that the Company reduced its 2019 guidance and projected expected net loss for 2019 between $76.9 and $70.9 million.  The EA Defendants deny the remaining allegations in Paragraph 395.

396.     The EA Defendants admit that 2U held an earnings call on July 30, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.   The EA Defendants deny the remaining allegations in Paragraph 396.

397.     The EA Defendants admit that 2U held an earnings call on July 30, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.   The EA Defendants deny the remaining allegations in Paragraph 397.

398.     The EA Defendants admit that 2U held an earnings call on July 30, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the EA Defendants.   The EA Defendants deny the remaining allegations in Paragraph 398.

399.     The EA Defendants deny the allegations in Paragraph 399.

400.     The EA Defendants refer to public sources for a true and accurate record of the trading prices and volumes of 2U stock.  The EA Defendants deny the remaining allegations in Paragraph 400.

401.     The EA Defendants admit that on July 31, 2019, Oppenheimer published a report. The EA Defendants further admit that Plaintiffs excerpt quotes from these reports accurately, but with added emphasis.  The EA Defendants refer to that report for its complete and accurate contents, and deny any allegations inconsistent with the report.  The EA Defendants deny the remaining allegations in Paragraph 401.

402.     The EA Defendants admit that on July 31, 2019, Macquarie Research and BMO Capital Markets each published a report and admit that on August 12, 2019, William Blair published a report.  The EA Defendants further admit that Plaintiffs excerpt quotes from the Macquarie and BMO Capital Markets reports accurately, but with added emphasis.  The EA Defendants refer to those reports for their complete and accurate contents, and deny any allegations inconsistent with the reports.   The EA Defendants deny the remaining allegations in Paragraph 402.

403.     The EA Defendants deny the allegations in Paragraph 403.

404.     The EA Defendants deny the allegations in Paragraph 404.

405.     The EA Defendants refer to public sources for a true and accurate record of the trading prices and volumes of 2U stock. The EA Defendants lack knowledge or information sufficient to form a belief as to the nature of the overall market for 2U common stock, and on that basis, deny these allegations.  The EA Defendants deny the remaining allegations in Paragraph 405.

406.    The EA Defendants deny the allegations in Paragraph 406.

407.    The EA Defendants deny the allegations in Paragraph 407.

408.    The EA Defendants admit that 2U's common stock was listed and actively traded on the NASDAQ Exchange.  The EA Defendants further admit that 2U filed public reports with the SEC and the NASDAQ.  The EA Defendants further admit that 2U communicated with public investors in a variety of ways.  The EA Defendants deny the remaining allegations in Paragraph 408.

409.    The EA Defendants lack knowledge or information sufficient to form a belief as to the nature of the overall market for 2U common stock, and on that basis, deny these allegations. The EA Defendants deny the remaining allegations in Paragraph 409.

410.    The EA Defendants deny the allegations in Paragraph 410.

411.    The EA Defendants deny the allegations in Paragraph 411.

412.    The EA Defendants admit that 2U has approximately 63.33 million shares of stock outstanding.  The EA Defendants deny the remaining allegations in Paragraph 412.

413.    The EA Defendants deny the allegations in Paragraph 413.

414.    The EA Defendants deny the allegations in Paragraph 414.

415.    The EA Defendants deny the allegations in Paragraph 415.

416.    The EA Defendants deny the allegations in Paragraph 416.

417.    The EA Defendants deny the allegations in Paragraph 417.

418.    The EA Defendants deny the allegations in Paragraph 418.

419.    The EA Defendants deny the allegations in Paragraph 419.

420.    In response to Paragraph 420, the EA Defendants repeat and incorporate by reference their responses to all of Plaintiffs' allegations above as though set forth fully herein.

421.    The EA Defendants deny the allegations in Paragraph 421.

422.    The EA Defendants deny the allegations in Paragraph 422.

423.    The EA Defendants deny the allegations in Paragraph 423.

424.    Defendants deny the allegations in Paragraph 424.

425.    In response to Paragraph 425, the EA Defendants repeat and incorporate by reference their responses to all of Plaintiffs' allegations above as though set forth fully herein.

426.    The EA Defendants deny the allegations in Paragraph 426.

427.    The EA Defendants deny the allegations in Paragraph 427.

428.    The EA Defendants deny the allegations in Paragraph 428.

429.    The EA Defendants deny the allegations in Paragraph 429.

430.    The SA Defendants admit that the Securities Act claims Plaintiffs purport to bring arise under Sections 11, 12(a)(2), and 15 of the Securities Act, but deny that the SA Defendants violated the federal securities laws in any way.

431.    The SA Defendants lack knowledge or information sufficient to form a belief as to the formation of OKCERS, and on that basis, deny these allegations.  On August 5, 2021, the Court entered an order which dismissed OKCERS' Section 12(a)(2) claims against Mr. Paucek, Ms. Graham, and the Director Defendants.  Accordingly, these individuals are not required to answer any allegations supporting that claim.  The SA Defendants deny the remaining allegations in Paragraph 431.

432.    The SA Defendants admit the allegations in Paragraph 432.

433.    The SA Defendants admit the allegations in Paragraph 433.

434.    The SA Defendants admit the allegations in Paragraph 434.

435.    The SA Defendants admit the allegations in Paragraph 435.

436.    The SA Defendants admit the allegations in Paragraph 436.

437.    The SA Defendants admit the allegations in Paragraph 437.

438.    The SA Defendants admit the allegations in Paragraph 438.

439.    The SA Defendants admit the allegations in Paragraph 439.

440.    The SA Defendants admit the allegations in Paragraph 440.

441.    The SA Defendants admit the allegations in Paragraph 441.

442.    The SA Defendants admit the allegations in Paragraph 442.

443.    The SA Defendants admit the allegations in Paragraph 443.

444.    The SA Defendants admit the allegations in Paragraph 444.

445.    The SA Defendants admit the allegations in Paragraph 445.

446.    The SA Defendants admit that each Director Defendants was a Director at the time of the Offering.  The SA Defendants refer to the Registration Statement for its full contents.  The SA Defendants deny the remaining allegations in Paragraph 446.

447.    The SA Defendants admit the allegations in Paragraph 447.

448.    The SA Defendants admit the allegations in Paragraph 448.

449.    The SA Defendants admit the allegations in Paragraph 449.

450.    The SA Defendants admit the allegations in Paragraph 450.

451.    The SA Defendants admit the allegations in Paragraph 451.

452.    The SA Defendants admit the allegations in Paragraph 452.

453.    The SA Defendants refer to the Offering Materials for their complete and accurate contents, and deny any allegations inconsistent with those documents.  The SA Defendants deny the remaining allegations in Paragraph 453.

454. The SA Defendants admit that 2U filed a Preliminary Prospectus Supplement with the SEC on May 21, 2018, and on May 23, 2018, 2U filed a Prospectus Supplement with the SEC. The SA Defendants refer to the Prospectus Supplement and Registration Statement for their full contents. The SA Defendants deny the remaining allegations in Paragraph 454.

455. The SA Defendants admit that Mr. Paucek, Ms. Graham, and the Director Defendants signed the Registration Statement. The SA Defendants further admit that the Company issued shares on May 25, 2018 in the aggregate principal amount of $300 million. The SA Defendants deny the remaining allegations in Paragraph 455.

456. The SA Defendants deny the allegations in Paragraph 456.

457. The SA Defendants admit the 2017 10-K included the quoted language, and refer to the 2017 10-K filing for its complete and accurate contents. The SA Defendants deny the remaining allegations in Paragraph 457.

458. The SA Defendants admit the 2017 10-K included the quoted language, and refer to the 2017 10-K filing for its complete and accurate contents. The SA Defendants deny the remaining allegations in Paragraph 458.

459. The SA Defendants admit the 2017 10-K included the quoted language, but with added emphasis, and refer to the 2017 10-K filing for its complete and accurate contents. The SA Defendants deny the remaining allegations in Paragraph 459.

460. The SA Defendants admit the 2017 10-K included the quoted language, and refer to the 2017 10-K filing for its complete and accurate contents. The SA Defendants deny the remaining allegations in Paragraph 460.

461. The SA Defendants admit the 2017 10-K included the quoted language, and refer to the 2017 10-K filing for its complete and accurate contents. The SA Defendants deny the remaining allegations in Paragraph 461.

462. The SA Defendants admit the 2017 10-K included the quoted language, and refer to the 2017 10-K filing for its complete and accurate contents. The SA Defendants deny the remaining allegations in Paragraph 462.

463. The allegations set forth in Paragraph 463 of the Consolidated Complaint relate to statements that the Court held were not actionable in its Memorandum Opinion, dated August 5, 2021, and therefore require no response. To the extent a response is required, the SA Defendants admit the 2017 10-K included the quoted language, but with added emphasis, and refer to the 2017 10-K filing for its complete and accurate contents. The SA Defendants deny the remaining allegations in Paragraph 463.

464. The allegations set forth in Paragraph 464 of the Consolidated Complaint relate to statements that the Court held were not actionable in its Memorandum Opinion, dated August 5, 2021, and therefore require no response. To the extent a response is required, the SA Defendants admit the 2017 10-K included the quoted language, and refer to the 2017 10-K filing for its complete and accurate contents. The SA Defendants deny the remaining allegations in Paragraph 464.

465. The allegations set forth in Paragraph 465 relate to statements that the Court held were not actionable in its Memorandum Opinion, dated August 5, 2021, and therefore Paragraph 465 requires no response. To the extent a response is required, the SA Defendants admit the 2017 10-K included the quoted language, but with added emphasis, and refer to the 2017 10-K filing for

its complete and accurate contents.  The SA Defendants deny the remaining allegations in Paragraph 465.

466.     The allegations set forth in Paragraph 466 relate to statements that the Court held were not actionable in its Memorandum Opinion, dated August 5, 2021, and therefore Paragraph 466 requires no response.  To the extent a response is required, the SA Defendants admit the 2017 10-K included the quoted language, and refer to the 2017 10-K filing for its complete and accurate contents.  The SA Defendants deny the remaining allegations in Paragraph 466.

467.     The allegations set forth in Paragraph 467 relate to statements that the Court held were not actionable in its Memorandum Opinion, dated August 5, 2021, and therefore Paragraph 467 requires no response.  To the extent a response is required, the SA Defendants admit the 2017 10-K included the quoted language, and refer to the 2017 10-K filing for its complete and accurate contents.  The SA Defendants deny the remaining allegations in Paragraph 467.

468.     The allegations set forth in Paragraph 468 relate to statements that the Court held were not actionable in its Memorandum Opinion, dated August 5, 2021, and therefore Paragraph 468 requires no response.  To the extent a response is required, the SA Defendants deny the allegations in Paragraph 468.

469.     The SA Defendants deny the allegations in Paragraph 469.

470.     The SA Defendants deny the allegations in Paragraph 470.

471.     The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The SA Defendants deny the remaining allegations in Paragraph 471.

472.    The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The SA Defendants deny the remaining allegations in Paragraph 472.

473.    The SA Defendants deny the allegations in Paragraph 473.

474.    The SA Defendants deny the allegations in Paragraph 474.

475.    The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The SA Defendants deny the remaining allegations in Paragraph 475.

476.    The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The SA Defendants deny the remaining allegations in Paragraph 476.

477.    The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The SA Defendants deny the remaining allegations in Paragraph 477.

478.    The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The SA Defendants deny the remaining allegations in Paragraph 478.

479.    The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The SA Defendants deny the remaining allegations in Paragraph 479.

480.    The SA Defendants deny the allegations in Paragraph 480.

481.    The SA Defendants deny the allegations in Paragraph 481.

482. The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The SA Defendants deny the remaining allegations in Paragraph 482.

483. The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The SA Defendants deny the remaining allegations in Paragraph 483.

484. The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The SA Defendants deny the remaining allegations in Paragraph 484.

485. The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The SA Defendants deny the remaining allegations in Paragraph 485.

486. The SA Defendants deny the allegations in Paragraph 486.

487. The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The SA Defendants deny the remaining allegations in Paragraph 487.

488. The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The SA Defendants deny the remaining allegations in Paragraph 488.

489. The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The SA Defendants deny the remaining allegations in Paragraph 489.

490.    The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The SA Defendants deny the remaining allegations in Paragraph 490.

491.    The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The SA Defendants deny the remaining allegations in Paragraph 491.

492.    The SA Defendants deny the allegations in Paragraph 492.

493.    The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The SA Defendants deny the remaining allegations in Paragraph 493.

494.    The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The SA Defendants deny the remaining allegations in Paragraph 494.

495.    The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The SA Defendants deny the remaining allegations in Paragraph 495.

496.    The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The SA Defendants deny the remaining allegations in Paragraph 496.

497.    The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them.  The SA Defendants deny the remaining allegations in Paragraph 497.

498.    The SA Defendants lack knowledge or information sufficient to form a belief as to what statements anonymous former employees may have made to Plaintiffs, and on that basis, deny them. The SA Defendants deny the remaining allegations in Paragraph 498.

499.    The SA Defendants admit, as stated in the 2017, 2018, and 2019 10-Ks, that USC programs accounted for 27% of 2U's revenue in 2017, 21% in 2018, and 15% in 2019, and Simmons programs accounted for 17% of 2U's revenue in 2017, 13% in 2018, and 8% in 2019. The SA Defendants further admit, as stated in the 2017, 2018, and 2019 10-Ks, that those two schools combined contributed 44%, 34%, and 23% of 2U's revenue in 2017, 2018, and 2019, respectively. The SA Defendants refer to those documents for their full and complete contents. The SA Defendants deny the remaining allegations in Paragraph 499.

500.    The SA Defendants admit that 2U held an earnings call on February 25, 2019, and refer to the audio recording of that call and accompanying presentation for the complete and accurate statements made by the SA Defendants. The SA Defendants deny the remaining allegations Paragraph 500.

501.    The SA Defendants deny the allegations in Paragraph 501.

502.    The SA Defendants admit that 2U held an earnings call on May 7, 2019 and refer to the audio recording of that call for the complete and accurate statements made by the SA Defendants. The SA Defendants deny the remaining allegations in Paragraph 502.

503.    The SA Defendants refer to public sources for a true and accurate record of the trading prices and volumes of 2U stock. The SA Defendants deny the remaining allegations in Paragraph 503.

504.    The SA Defendants deny the allegations in Paragraph 504.

505.    The SA Defendants admit that 2U held an earnings call on July 30, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the SA Defendants.  The SA Defendants deny the remaining allegations in Paragraph 505.

506.    The SA Defendants admit that 2U held an earnings call on July 30, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the SA Defendants.  The SA Defendants deny the remaining allegations in Paragraph 506.

507.    The SA Defendants admit that 2U held an earnings call on July 30, 2019, and refer to the audio recording of that call for the complete and accurate statements made by the SA Defendants.  The SA Defendants deny the remaining allegations in Paragraph 507.

508.    The SA Defendants refer to public sources for a true and accurate record of the trading prices and volumes of 2U stock.  The SA Defendants deny the remaining allegations in Paragraph 508.

509.    The SA Defendants admit that Securities Act Plaintiffs purport to bring this putative class action, but deny that the SA Defendants violated the federal securities laws in any way.  On August 5, 2021, the Court entered an order which dismissed OKCERS' Section 12(a)(2) claims against Mr. Paucek, Ms. Graham, and the Director Defendants.  Accordingly, these individuals are not required to answer any allegations supporting that claim.  The SA Defendants deny the remaining allegations in Paragraph 509.

510.    The SA Defendants admit that 2U sold approximately 3.33 million shares of common stock in the Offering.  The SA Defendants lack knowledge or information sufficient to form a belief as to the truth of OKCERS' belief, and on that basis, deny the allegations.  The SA Defendants deny the remaining allegations in Paragraph 510.

511.    The SA Defendants deny the allegations in Paragraph 511.

512. The SA Defendants lack knowledge or information sufficient to form a belief as to whether OKCERS' has interests contrary to other members of the Class or the competency of retained counsel, and on that basis, deny the allegations. The SA Defendants deny the remaining allegations in Paragraph 512.

513. The SA Defendants deny the allegations in Paragraph 513.

514. The SA Defendants deny the allegations in Paragraph 514.

515. In response to Paragraph 515, the SA Defendants repeat and incorporate by reference their responses to all of Plaintiffs' allegations above as though set forth fully herein.

516. The SA Defendants admit that the Securities Act claims Plaintiffs purport to bring arise under the Securities Act, but deny that the SA Defendants violated the federal securities laws in any way.

517. The SA Defendants deny the allegations in Paragraph 517.

518. The SA Defendants deny the allegations in Paragraph 518.

519. The SA Defendants deny the allegations in Paragraph 519.

520. The SA Defendants deny the allegations in Paragraph 520.

521. The SA Defendants deny the allegations in Paragraph 521.

522. The SA Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 522, and on that basis, deny the allegations.

523. The SA Defendants deny the allegations in Paragraph 523.

524. The SA Defendants deny the allegations in Paragraph 524.

525. 2U repeats and incorporates by reference its responses to all of Plaintiffs' allegations above as though set forth fully herein.

526.    2U admits that the Securities Act claims Plaintiffs purport to bring arise under Section 12(a)(2) of the Securities Act, but deny that it violated the federal securities laws in any way.  On August 5, 2021, the Court entered an order which dismissed OKCERS' Section 12(a)(2) claims against Mr. Paucek, Ms. Graham, and the Director Defendants.  Accordingly, these individuals are not required to answer any allegations supporting that claim.

527.    2U denies the allegations in Paragraph 527.

528.    2U denies the allegations in Paragraph 528.

529.    2U denies the allegations in Paragraph 529.

530.    2U denies the allegations in Paragraph 530.

531.    2U lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 531, and on that basis, denies the allegations.

532.    2U denies the allegations in Paragraph 532.

533.    2U denies the allegations in Paragraph 533.

534.    In response to Paragraph 534, the SA Defendants repeat and incorporate by reference their responses to all of Plaintiffs' allegations above as though set forth fully herein.

535.    The SA Defendants admit that the Securities Act claims Plaintiffs purport to bring arise under Section 15 of the Securities Act, but deny that the SA Defendants violated the federal securities laws in any way.

536.    The SA Defendants deny the allegations in Paragraph 536.

537.    The SA Defendants deny the allegations in Paragraph 537.

538.    The SA Defendants deny the allegations in Paragraph 538.

539.    The SA Defendants deny the allegations in Paragraph 539.

540.    The SA Defendants deny the allegations in Paragraph 540.

541.    The SA Defendants deny the allegations in Paragraph 541.

542.    The SA Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 542, and on that basis, deny the allegations.

543.    The SA Defendants deny the allegations in Paragraph 543.

544.    The SA Defendants deny the allegations in Paragraph 544.

**AFFIRMATIVE DEFENSES**

By asserting these defenses, the 2U Defendants do not concede that they bear the burden of proof on any defense.  Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations.  The 2U Defendants further reserve the right to assert any additional affirmative defenses, cross-claims, or third party claims of which they may become aware through discovery or other investigation, as may be appropriate at a later time.  The 2U Defendants also adopt and incorporate by reference any applicable defense pleaded or to be pleaded by any other Defendant in this action not expressly set forth herein, to the extent that the 2U Defendants may invoke such a defense.

**FIRST AFFIRMATIVE DEFENSE**

The 2U Defendants exercised reasonable care and acted in good faith, including good faith conformity with applicable SEC rules, regulations, and orders, and also did not directly or indirectly induce the act or acts constituting the alleged violations or causes of action.  Defendants are therefore not subject to liability under the federal securities laws.  15 U.S.C. §§ 78(t), 78w(a)(1).

**SECOND AFFIRMATIVE DEFENSE**

No 2U Defendant is liable for any alleged damages suffered by Plaintiffs and other members of the putative class to the extent that their putative damages, if any, were caused or

71

contributed, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than Defendant over which Defendant had no control.  15 U.S.C. § 78u-4(f)(3)(A)

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' and other members of the putative class' claims are barred, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and other members of the putative class' claims are barred, in whole or in part, by their actions, omissions, and/or comparative fault and contributory negligence, including the failure to undertake their own due diligence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and other members of the putative class' claims are barred, in whole or in part, because Plaintiffs and/or other members of the putative class had actual or constructive knowledge of the risks involved with 2U's business and the online education industry and thus assumed the risk that the value of 2U's stock would decline if such risks materialized.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and other members of the putative class are barred from recovery for damages, in whole or part, because they failed to make reasonable efforts to mitigate any such damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are not liable because certain alleged misstatements were forward-looking statements and thus are immunized by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-5(c)(1), and/or the bespeaks caution doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and other members of the putative class are not entitled to any recovery from the Defendants because Plaintiffs and other members of the putative class would have acquired 2U securities even if, when acquired, they had known of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which Defendants' putative liability rests.

## NINTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs and other members of the putative class is subject to offset in the amount of any value gained through the investment (including tax benefits actually received) and is subject to the "90-day-bounce-back" damages limitation, 15 U.S.C. § 78u-4(e).

## TENTH AFFIRMATIVE DEFENSE

This action cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and other members of the putative class' claims are barred, in whole or in part, because pursuant to Section 21D of the Exchange Act, Defendants are covered persons who did not knowingly commit a violation of the securities laws.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' and other members of the putative class' claims against Defendants are barred, in whole or in part, because the putative misstatements or omissions alleged in the Complaint that are attributed to Defendants did not affect the market price of 2U's securities.

### THIRTEENTH AFFIRMATIVE DEFENSE

Certain matters alleged to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain, and as such were known by or available to Plaintiffs, other members of the putative class, and/or the securities markets.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and other members of the putative class' claims against the SA Defendants are barred by the statute of limitations. 15 U.S.C. § 77m.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from the SA Defendants because, with regard to any part of any Offering Materials challenged in the Complaint (1) not purporting to be made on the authority of an expert, (2) not purporting to be a copy of or an extract from a report or valuation of an expert, and (3) not purporting to be made on authority of a public official document or statement, the SA Defendants, after reasonable investigation, had reasonable grounds to believe, and did believe, at the time such part of the Offering Materials became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading. 15 U.S.C. §77k(b)(3)(A).

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from the SA Defendants because, with regard to any part of the Offering Materials challenged in the Complaint (1) purporting to be made on the authority of an expert, or (2) purporting to be a copy of or an extract from a report or valuation of an expert, the SA Defendants had no reasonable grounds to believe, and did believe at the time, such part of the Offering Materials became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make

the statements therein not misleading, or that such part of the Offering Materials did not fairly represent the statement of the expert or was not a fair copy of or an extract from the report or valuation of the expert. 15 U.S.C. §77k(b)(3)(C).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from the SA Defendants because, with regard to any part of the Offering Materials challenged in the Complaint (1) purporting to be a statement made by an official person, or (2) purporting to be a copy of or extract from a public official document, the SA Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the Offering Materials became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading, or did not fairly represent the statement made by the official person or was not a fair copy of or extract from the public official document. 15 U.S.C. §77k(b)(3)(D).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and other members of the putative class cannot recover that portion or all of such damages that represents other than the depreciation in value of such security resulting from such part of the Registration Statement, with respect to which the SA Defendants' liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading. 15 U.S.C. §77k(e).

## NINETEENTH AFFIRMATIVE DEFENSE

The SA Defendants are informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the SA Defendants because, at the time Plaintiffs acquired 2U securities, Plaintiffs knew of any alleged untrue statement of a material fact in the Offering

75

Materials or of any alleged omission of a material fact required to be stated therein or necessary to make the statements therein not misleading. 15 U.S.C.§ 77k(a).

## TWENTIETH AFFIRMATIVE DEFENSE

A portion or all of the damages sought by Plaintiffs and other members of the putative class represents other than the depreciation in value of 2U stock resulting from such part of the Registration Statement, Prospectus, or oral communication, with respect to which the SA Defendants' liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.  15 U.S.C. § 77l(b).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The SA Defendants did not know, and in the exercise of reasonable care could not have known that the Prospectus or any oral communication contained an untrue statement of material fact or omitted to state a material fact necessary in order to make any statement in the light of the circumstances under which it was made, not misleading.   15 U.S.C. §77l(a)(2).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The 2U Defendants adopt by reference any applicable defense pleaded by any other Defendant not expressly set forth herein to the extent applicable to the 2U Defendants.

76

Dated:  September 16, 2021

Respectfully submitted,

**LATHAM & WATKINS LLP**

*/s/ J. Christian Word*
J. Christian Word (Bar No.: 26400)
Sarah A. Tomkowiak (admitted *pro hac vice*)
Andrew Clubok (admitted *pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
christian.word@lw.com
sarah.tomkowiak@lw.com
andrew.clubok@lw.com

Kathryn K. George  (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Fax: (312) 993-9767
kathryn.george@lw.com

*Attorneys for Defendants 2U, Inc., Christopher J. Paucek, Catherine A. Graham, Harsha Mokkarala, Paul A. Maeder, Robert M. Stavis, Gregory K. Peters, Timothy M. Haley, Valerie B. Jarrett, Earl Lewis, Coretha M. Rushing, Sallie L. Krawcheck, John M. Larson, Edward S. Macias, and Mark J. Chernis*