```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND
                        SOUTHERN DISTRICT


- - - - - - - - - - - - - - - - -x
                                  :
IN RE:                            :
                                  :   Civil No. 19-3455-TDC
2U INC., SECURITY CLASS           :
ACTION,                           :
                                  :
              Debtor.             :
                                  :
- - - - - - - - - - - - - - - - -x   Greenbelt, Maryland

                                     September 10, 2021
```

**CASE MANAGEMENT CONFERENCE**

       BEFORE:   THE HONORABLE THEODORE D. CHUANG, Judge

APPEARANCES:                    JEREMY A. LIEBERMAN, Esq.
                                EMMA GILMORE, Esq.
                                VILLI SHTEYN, Esq.
                                Pomerantz, LLP
                                600 3rd Avenue, 20th Floor
                                New York, New York  10016
                                  On Behalf of the Plaintiffs

                                JAMES W. JOHNSON, Esq.
                                THOMAS SCHWARTZ, Esq.
                                Labaton Sucharow, LLP
                                140 Broad Street
                                New York, New York  10005
                                  On Behalf of the Plaintiffs

                                ANDREW CLUBOK, Esq.
                                CHRISTIAN WORD, Esq.
                                SARAH TOMKOWIAK, Esq.
                                Latham and Watkins
                                555 Eleven Street, NW
                                Washington, DC  20004
                                  On Behalf of the Defendants

Proceeding recorded by electronic sound recording,
transcript produced by transcription service.

```
APPEARANCES (Continued):        KEVIN BROUGHEL, Esq.
                                Paul Hastings, LLP
                                200 Park Avenue
                                New York, New York  10166


Audio Operator:                 Dianne Solomon

Transcription Company:          CompuScribe
                                P.O. Box 789
                                Cheltenham, Maryland  20623-9998
```

## **I N D E X**

                                                          Page

Preliminary Matters                                          3

Discussion - Re: Answer to Motion to Reconsider

   by Jeremy A. Lieberman, Esq.
   On Behalf of the Plaintiffs                           5

   by Andrew Clubok, Esq.
   On Behalf of the Defendants                           10

   Rebuttal by Jeremy A. Lieberman, Esq.                 19

   Surrebuttal by Andrew Clubok, Esq.                    20

Ruling by Judge Theodore D. Chuang                           25

KEYNOTE:  "---" Indicates inaudible in the transcript.
          "*"  Indicates phonetic spelling in the transcript.

bek                                                                    4

P R O C E E D I N G S

(Whereupon, at 4:03 p.m., the proceedings began.)

MR. LIEBERMAN:  Good afternoon, Your Honor, Jeremy Lieberman, Pomerantz, LLP.  I represent lead Plaintiffs, and we are Court-appointed lead Counsel.  With me on the line are Emma Gilmore, from Pomerantz, LLP, Villi Shteyn, from Pomerantz, LLP, Jim Johnson, from Labaton Sucharow, and Tom Schwartz, from Labaton Sucharow.

THE COURT:  Good afternoon.  And for the defense?

MR. CLUBOK:  Good afternoon, Your Honor.  This is Andrew Clubok, from Latham and Watkins.  I am here along with my partners Christian Word and Sarah Tomkowiak, on behalf of the 2 U Defendants.

MR. BROUGHEL:  And good afternoon, Your Honor. This is Kevin Broughel, from Paul Hastings, LLP, appearing on behalf of the underwriter Defendants.

THE COURT:  Okay.  I am just trying to find your name on the list --- Counsel, here.  (Laughing).

MR. BROUGHEL:  Sure.

THE COURT:  Spell your name last name --

MR. BROUGHEL:  It is B -- sure, it is B-r-o-u-g-h-e-l.

(Pause)

THE COURT:  I don't know.  I guess my list might not be up to date.  Did you enter an appearance in this case?

MR. BROUGHEL:  I was admitted *pro hoc vice*, Your Honor.  It is about a week and a half ago.

THE COURT:  Okay.  Okay.  So, the Court issued an order on August 5th, requiring an answer to be filed within 14 days, after the motion to dismiss was denied, at least in part.  And rather than getting the expected answer, I got this letter about a motion for reconsideration that the Defendants are proposing to file.

I will say, motions for reconsideration are amongst the most disfavored motions in the Court.  And I am a little surprised that there is a proposed motion that basically says, "We want to inject some new facts into this case," about what certain people referenced in the complaint said or didn't say.  To me, that is the kind of thing that happens in discovery.  And if you have good facts after discover, you handle it through a motion for summary judgement.  But maybe I am missing something.

Let me just start by asking the Plaintiff your position on this motion.  Is there anything that you think we need to litigate at this point?

MR. LIEBERMAN:  No, Your Honor.  Your Honor, there is simply no basis for a motion for reconsideration.  The Court is limited by the corner of the complaint and by the allegations pleaded by Plaintiffs, and the Court has issued an order based on such allegations.

What we do have is some type of claim of one recanting witness.  But what we really look at is the fact that Counsel -- or, per the Counsel who has not even appeared here today, representing that witness, does not even deny that it made the statements to Plaintiff's Counsel and this investigator that is -- that are recorded in the complaint.

And you also have the assertions made that they do make the -- that they say contradict the allegation of the --- -- really contradict the allegations of the Plaintiff, and don't lend to them false.  So, really, you have this -- some type of claim that after time, after basically some type of effort by -- campaign by Defendants to talk to confidential witnesses, which we believe actually is engaging in improper discovery.

And after this effort where we know of a number of confidential witnesses we have not spoken to, some of who have retained separate Counsel.  They found one witness here who quote on quote, says the statements were false.  They never denied they made the statements to our investigators, to Counsel that was present on the phone with the investigators.

And so, really, the thing now, with the benefit of Counsel, I have seen these allegations before -- you know, we have sent them a copy of the complaint a good six months before, all of the sudden, these allegations are falsely --

are made.

And so, really, I mean, we think it is gamesmanship. We don't even think it is an improper motion. We think that they -- that we sent this to Ms. ---. We sent her a copy of the complaint over a year ago and -- I think, in July of 2020. And she sat on it, and for -- really, for six months, before all of a sudden, then contacting us, and through a ---, making assertions, which don't even contradict the elements of the complaint.

So, there is clearly no basis for a motion to reconsider. There is an allegation that she didn't make the statements through investigators. Really, what she figures now, somehow, those statement are false. She can make that assertion if Defendants want to take a deposition. And we will ask her questions, and see whether or not she made those statements, and why that she now says that some of those statements were -- really, the characterizations of those statements are false.

That is full fodder for discovery. The Defendants seeking -- really, they are not seeking for a motion to reconsider. What they want to do is, they want to limit discovery to these particular informants, and only take their depositions, not with the benefit of context, not with the benefit of -- if we want to take her deposition, well, I would to like Passick's* deposition.

I would like to take other executive's depositions at 2 U to see, did they make the statements to Ms. Regal* that we claim that they did?  Do our allegations about --- comport with the other depositions, and documents, or her testimony?  We need full blown discovery in order for any challenge to be made to these allegations.

Defendants suffer no prejudice, and they will have their discovery.  They will have their day in court.  If for any reason, Ms. Regal now recants her testimony -- which she has not.  But if she does, she can make those statements in deposition, and then can make a motion for summary judgement.

I don't think even if they get a recantation of her testimony, even at stage summary judgement would not be appropriate.  That is really an issue for the trier of fact, and they will get their day in court.  But really, I think what is important is that they cite to a case for this limited discovery, the Sassel* case, in front of Judge Stanton in the Southern District of New York.

And there, the Court in that instance did grant limited discovery.  And it went through a whole process of a motion to reconsider, and it went through the discovery witnesses, and after a nine-month delay in the case -- after nine-months of full delay, the Court denied the motion to reconsider, denied the motion for sanctions, and found that just because certain witnesses had recanted, did not cast any

issues regarding plaintiffs -- lead plaintiffs' and lead counsels' Rule 11 -- satisfying Rule 11 of ---.

So, that is what we are looking at. If Defendants get their motion, we are looking at a nine-month delay for limited discovery, we will have briefing on the issue. And given the very protracted steps that we took to confirm the testimony, we are very confident that any motion to reconsider would be denied. And we will just have a delay in the progress of the case, really, based on a waving of a piece of paper by Counsel who is not even present here, by --- Johnson, making some allegations that say the allegations in the complaint are false.

But when we look at even the descriptions to why those allegations are false, they don't even meet the allegations -- false and fleeting. One example is, we state in our complaint that concern was expressed, regarding the dropping numbers in enrollment. The letter by Ms. Fox*, from Stepstone* Johnson says, "Well, she didn't know about these. She didn't have any awareness of the enrollment numbers." We don't know when --

THE COURT: Okay. Let me jump. I don't want to get into the details of --

MR. LIEBERMAN: Sure.

THE COURT: -- in the weeds of these allegations. Let me ask you a question which I probably could have figured

out on my own, but I think you might know better than me. The consolidated complaint, which was the one we were focused on in the motion, was filed in July of 2020.  But there were these earlier cases that were consolidated.  Did any of the earlier complaints have the allegations from this employee in the same way, or at least substantially the same way as in the joint consolidated complaint?

MR. LIEBERMAN:  No, she is not referenced.  There are no confidential informants in the initial complaints.

THE COURT:  So, it is really just the July 2020 one where this person comes up?

MR. LIEBERMAN:  Sure.  Exactly.

THE COURT:  Okay.  So, let me just ask defense Counsel.  I don't know if it is Mr. Word or Mr. Broughel, but -- so, you all received this confidential complaint -- or, the consolidated complaint of July 2020?  Why from July 2020, until your reply brief on the motion in February 2021, did you not raise anything about this issue?

MR. CLUBOK:  Your Honor, it is -- at the risk of giving a third option -- this Andrew Clubok.  I think I will respond, if that is okay.  I am with Latham --

THE COURT:  And who do you represent?  Which party?

MR. CLUBOK:  And I am with Mr. Word, and we represent the 2 U Defendants.

THE COURT:  Okay, just so the defense knows.  I

mean, it is -- like in any other situation, it is one attorney per issue.  So, happy to hear from Mr. Clubok, but it is his issue.  And I am not going to have three or four attorneys jumping in on the same issue.  Go ahead.

MR. CLUBOK:  That is fine, Your Honor.  Thank you.  So, Your Honor, this is a situation which, first of all, let me just be clear.  We do not enjoy having to bring up, in anyway.  Okay?  --- --

THE COURT:  Okay.  I just want answer to my question.  Why, if this is such an issue -- you had notice of these allegations over a year ago.  Why are we just hearing about this now, after the -- look, you had two briefs that you filed.

The Court had a lengthy period of time, as you can imagine, given the length of the complaint and the motions, to try to resolve the motion.  None of this was brought to the Court's attention until after the motion was resolved against you -- at least, partially against you.  Why did it take so long?

MR. CLUBOK:  Because we --- --

THE COURT:  I don't want to hear anything other than an answer to that question.

MR. CLUBOK:  Sure.  Defendants are not allowed to raise these issues in a motion to dismiss, according to many cases.  We cited them in our letter.  And I can read from you

the --

THE COURT:  Well, why didn't you try to supplement -- I mean, again, a motion for reconsideration is to ask me to resolve -- reconsider the motion to dismiss.  You have just said you are not allowed to raise these issues in the motion to dismiss.  You are asking me to reconsider the motion to dismiss.  Haven't you just acknowledged that these are procedurally improper?

MR. CLUBOK:  Your Honor, what the Court's decisions have said -- the ones we cite in our cases, I think uniformly, is that during the pendency of the motion to dismiss, you are not allowed to bring these factual challenges.  But after a motion -- the time to bring them is after a motion to dismiss is granted.

The Courts specifically say the defense can move for sanctions or discovery, after the motion to dismiss has been adjudicated.  That is the only time, according to several other judges who have been in the same situation, have allowed defendants to bring these issues.

And Courts have pretty sharply, like Judge Shabria* in the Northern District of Illinois, in the Union Asset Management case.  We cited the Livonia case.  We cited several others -- they are all in our letter -- in which Courts have said the proper time to do this is if that -- those confidential witness statements actually become a key

basis for the Court's order.  Afterwards, then you move for reconsideration.

And Courts have -- in several cases -- like the one Mr. Lieberman cited.  What they do is exactly what we have asked this Court to do, which is stay the case -- temporarily take discovery, just on this serious allegation.  Something like, 60 days, maybe.  Something as quick as humanly possible.

And because the motion to dismiss --- as Your Honor well knows is a gating issue, and the whole point -- and there is irreparable injury.  Defendants are not allowed to go forward unless they have plausibly pled falsity, ---, the other requirements.

Your Honor, appropriately, they -- your decision, fundamentally, certainly, on F.E., former employee, confidential witness, whatever you want to call her, one, who was the only witness, I think, in all of this list of confidential sources that specifically said she supposedly -- or according to the complaint, supposedly heard the CEO specifically worrying about employment trends, and talking about employment trends.  And certainly, the fundamental base of the decision -- we saw these letters.

And of course, we -- she is a former employee.  So, we see these letters.  We are not allowed to bring them to Your Honor's attention.  We would have expected you to very

sharply rebuke us for that, because we are not allowed to do it.  The soonest we are allowed to bring it to you, Your Honor, is if you grant the motion in reliance on these statements.

And then, the process, according to these other judges -- and it is not binding.  I get it; they are District Court judges.  And so, this is -- you know, I am not saying that there is Fourth Circuit precedent that forces you to do this.  This is discretionary.

But what the other judges have all done in the same circumstance that we were able to find -- and as Mr. Lieberman even referenced -- is they say, okay.  These are serious allegations.  We will have a short period of time to focus just on the --- question.  We understand the defendants were not allowed to present it to the judge at the motion to dismiss stage --

THE COURT:  Do you have controlling authority?  You have controlling authority saying that you even, like, notify me that there is this -- the allegations going on?  Because I am not even --- --

MR. CLUBOK:  --- --

THE COURT:  I am sure other judges take a certain stand.  I am not bound by that.  To me, you sat on this information for a year, and you didn't like the result of the motion, so here you are.  And then, calling it a motion for

reconsideration as opposed to -- if you want discovery, you can file a motion of that type, or sanctions, I suppose.

But to say you are going to reconsider something that has been -- that was pending for a long time, with no notice of this -- and again, if it is reconsideration, then it should be based on the four corners of the complaint.  You are asking to reconsider a ruling on a motion to dismiss.

If this is some other impropriety, that -- maybe that is a different motion, but calling it reconsideration -- again, I mean, maybe other judges see it a certain way.  I certainly don't see it that way.

MR. CLUBOK:  So --

THE COURT:  Here is what we are going to do.  I understand what your position is.  I understand you are making these allegations.  I know there is a lot of factual disputes about what is going on here.  The basis issue, as you can see, since your letter seems to want to invite a lot of -- effectively, factual analysis, is you can file your motion, and you can call it whatever you want.

I think if it is a reconsider, it is limited to the four corners of the complaint.  You can call it something else.  We can set a briefing schedule for that.  I also think -- well, I am not going to -- I mean, you can ask to see discovery and to move onto other discovery, or to limit discovery.  But until there is a ruling on the motion,

discovery is going to go forward.

I am not going to delay this case over this factual dispute, which again, is something that should be resolved later in the case.  So, the answer needs to be filed.  It was not filed on time.  And the discovery will begin.  Once this motion to resolve -- if there is a finding that there is a need to -- there is enough in the motion to say, well, we should narrow -- start narrowing discovery, then maybe we can do that.

But I tell -- I can tell you now, that is a pretty extraordinary remedy, which I am not prepared to do actually something very, very compelling.  This case has been on the docket for over a year now.  I know a lot of it was this motion, and there are a lot of complicated issues.

It just going to take awhile to get through this case.  We are not going to sit on the case for a long period of time.  And you know how long it takes for the Court to get to these kinds of motions.  Your motion does not jump ahead of anyone else's motions.  You had to wait for me to rule on the last one, and now there are a bunch of other motions that were filed after your last one.

So, you can file your motion but regular discovery is going to proceed.  And if there is reason to do something different at some later point, after I review the motion, then you will hear about that.  But we are not slowly this

case down over this issue.  And you can make that request in the motion, but you still got to wait for ruling.  So, when are you going to file your answer in this case?

MR. CLUBOK:  We can file our answer two weeks from today, if that is acceptable.

THE COURT:  I guess since you are -- okay.  I assume you thought the letter here -- even though it was not really clear what the motion is about.  It is not, obviously, trying to reconsider the Court's determination.  You were just trying to inject this whole new issue to it.  I don't really see that as addressing the issue of whether -- it is in lieu of an answer.

But assuming that you believe that that was the equivalent of an answer -- two weeks.  That takes us out to September 24th.  The schedule, I think -- I guess we will wait for the answer, and we will issue the schedule, and we will start discovery.

When you file your motion -- if you would like to file your motion, then again, that will run in parallel.  And I guess, given -- I am still wrestling with the procedural posture of this, in terms of where this puts into -- I mean, are you planning to file a motion before or after you get discovery on these issues?  I guess, that is what I am --- --

MR. CLUBOK:  After discovery, Your Honor.  We have to -- you know, we saw these letters a couple months ago, not

a year ago.  We want to take -- we were not allowed to take depositions.  We would like to take depositions as soon as humanly possible.  We will probably issue dep notices, you know, of next week, if we can arrange to.

We are going to move forward on this as quickly as possible.  Okay?  We have not let grass grow under this.  And so, we will move forward on discovery.  And we understand the -- that you are going to allow the rest of the case to go forward in parallel, and we understand that ruling.

But we will move forward as quickly as possible to take depositions of these people.  If it turns out that there was no issue here, and there was a misunderstanding, we are not going to pursue it.  If it turns out that they say under oath that they were misstated, misquoted, or you know -- intentionally or unintentionally, then we will bring it to your attention in the proper way.

And I do think, with all due respect, that the proper way is for a motion -- technically, it is Rule 54 Motion, because it can be done anytime.  But we can style it something different, if it is not a motion for reconsideration.  We can style it something.  But --

MR. LIEBERMAN:  ---.

MR. CLUBOK:  We will work that out with Mr. Lieberman, with Mr. Johnson.  I mean, again, we don't likely want to bring this motion.  We want to take the

discovery and see if it is appropriate to bring.  We are concerned by the letters we saw.  Okay?  And we want to pursue it, to find out if there is something there.  But we are not --- --

MR. LIEBERMAN:  Actually --

MR. CLUBOK:  -- file a lawsuit -- a motion on this.

MR. LIEBERMAN:  Your Honor, Jeremy Lieberman for Plaintiffs.  And I am sorry, I was interjecting.  You know, one thing is, it is nice that the Defendants want to take a deposition of Ms. Regal now, right away, immediately.  That is not the way this works, Your Honor.  We have a requirement to get discovery.

First, we need document discovery.  We need to see what -- you know, if we are going to take a deposition from Ms. Regal we need to see all emails and all communications that Ms. Regal was on.  We need to be -- also, in the context, what we will need to see of document discovery, of all relevant materials related to enrollment numbers to see whether or not this was a concern.

What the real attempt is to narrow discovery in a very, very narrow manner.  Then, you could find some type of contradiction and say, "Your Honor, oh, Ms. Regal denies what she said."  Then all of a sudden, we will find documents four months later that actually support our allegations.

So that, we are not going to -- you know, it can't

be done in a piecemeal manner where Defendants can kind of front-load certain discovery that they think is going to fair -- be fair and then try to throw out the case.  We need a full discovery schedule, which typically -- we are going to get documents first.  We are going to be able to analyze the documents.  And then, of course, we will allow for depositions.

And it is not just the deposition of Ms. Regal, we need the depositions of all Defendants.  But it has to be done in an orderly manner.  We are not going to take Ms. Regal's deposition twice, and nor are we going to do that with Mr. Passick or anybody else.

And so, Defendant's ability to -- kind of try to flip the order of discovery just because they have this letter, which is --- a bunch of hearsay, again, is not much in the way of content, simply does not suffice, and there nothing in the PSLRA or the Federal rules that allow for that.

MR. CLUBOK:  Your Honor, can I respond to that?

THE COURT:  Okay.

MR. CLUBOK:  Your Honor, again, there is no controlling precedent on this.  The Fourth Circuit has not ruled on it.  But other District Courts have either stayed everything else and allowed just defendants go forward on this.  Or I suppose, although neither side cited any cases,

they certainly have not stopped Defendants from discovery on this.

What I hear Mr. Lieberman now saying is, having put in a declaration, which -- or I am sorry -- having put in an allegation in a complaint, which there is a very serious question as to whether it is factually supported. In fact, the witness who was -- supposedly said it, said that it is false and misleading.

So, it is not hearsay. It is the actual witness herself saying that the statements in the complaint are false and misleading in letters that were sent a couple months. And we ask this Court, appropriately, based on this other precedent, if we could just have, say, 60 days to investigate just this issue.

We get it, that we are not going to get that. But we certainly should not be blocked. I now hear Mr. Lieberman -- you can almost hear the concern that we might get a deposition relatively quickly of some of these people. And it turns out that the whole thing that the complaint -- you know, that the motion to dismiss was based on, the reason why they are even allowed to have discovery -- which is, you know, they only get if they meet the exacting standards of the PSLRA.

If it all falls apart because the witnesses were misquoted, either intentionally or unintentionally, that is

something we should find out right away.  And I just -- I can't even believe that we are going from maybe what other Courts have done, which is stay discovery and focus on this gatekeeping issue, to now Mr. Lieberman telling you you should block us from being able to go forward with this discovery.  That is pretty extraordinary.  And that would be --

THE COURT:  ---.  I didn't hear him say that.  What I heard him say was that if you just want to get a deposition, he wants other discovery in and around the same issue, in the same timeframe, whether it is written discovery, or depositions of other witnesses who might have the ability to either corroborate or contradict what this person is saying.  And at least --- --

MR. CLUBOK:  As a practical matter -- yes.  As a practical manner, he knows that effectively means we won't be able to go forward.  The type of discovery that we were --

THE COURT:  What do you mean, that means we won't be able to go forward?  Noone is saying you can't have discovery on this issue.  And I think what he is asking for is just to have other discovery on the same issue, in addition to --

(Simultaneous discussion.)

THE COURT:  But that seems to be the issue.  So, what do you mean you can't --- --

bek                                                                    23

MR. CLUBOK:  Well, we -- because we will move forward on the other discovery.  If this was a normal case, Mr. Lieberman -- we have litigated many securities cases with Mr. Lieberman, and Mr. Johnson, and their firms.  And the amount of discovery that I expect they will say they need is going to be significant, will take significant time.

And what Mr. Lieberman just suggested, implied, is that you have to wait for the document discovery -- there is no need to wait for anything to take Ms. Regal's deposition. There can always be a supplemental deposition, there can be follow-up.  But if Ms. Regal is going to say, flat-out, contrary to what Mr. Lieberman just told you or told you earlier, that these statements in this complaint are false and misleading, and here is exactly why, the fact that there might be fishing expeditions -- there might be documents somewhere that maybe -- it doesn't even make sense.

You know, on its face, these statements were supposed to have been true without any document.  They can be tested right now in a deposition.  And many Courts would stay all discovery to let us do that.  We get it that that won't be stayed, but we -- if we notice a deposition for next week, or two weeks, or whenever Ms. Regal is available, and Mr. Lieberman comes back and says, no, we can't do that until we have got all the of the document -- all the email discovery before we do six months of document discovery, or

bek                                                                    24

three months of document discovery, or any document discovery to get, you know, electronic discovery, which we all know in cases like this takes months, and months, and months.

That is just a way to avoid the day of reckoning here on statements that, on their face, are either true or not true.  And we should not be precluded from going forward with the -- those depositions as soon as the witnesses are available.  And you know, again, if it a problem with documents we could stay all other discovery.  If it is not, we will move forward with all -- with as much speed as, you know, any reasonable defendant can move forward on discovery, and we are not going to try to block that in any way.

But I just hear something that suspiciously sounds like, yes, we can't do that -- those depositions -- which are critical to this threshold issues -- until X, Y, and Z happens.  And I know from past experience that X, Y, and Z will take months, if not longer.  That is the rhythm of these cases --

THE COURT:  To me, the issue really is not how long it will take.  You are not really prejudiced if this issue is sorted out now, or two weeks from now, or several months from now.  What you potentially are prejudiced by is the rest of the case moving forward.

So, I am not sure it is really that critical.  We can have a more generous timeline for discovery to allow some

bek                                                                    25

of these things to happen, but it doesn't seem to me like you have to have a ruling on this motion right now. You just want -- you are trying to avoid incurring the -- you know, the expenditures for the rest of the case, I think. And so --

MR. CLUBOK: But Your Honor, that is what the PSLRA does. It gives defendants --

THE COURT: Well, you know what? You know what? Maybe you should let me finish speaking, if you don't mind. Again, you had a very extensive briefing on this issue. You got a ruling, and here we are. And you know, I am not going to, at this point, referee the question of when a deposition of Ms. Regal occurs, but I do agree with the Plaintiffs that it is not enough to say, "I'm going to take a deposition of her, and then we are going to come in and file a motion."

There may be other things that are relevant to being able to make an assessment of her credibility and so forth. And so, I think there is going to have to be a meeting of the minds between the two sides, as to what discovery is needed on that topic.

And I can't prejudge that right now, but if someone says, "Look, we just want a deposition with this one person, and we're going to come back and file a motion," if the other side says, "Well, wait a minute. There's other discovery I would like before that," that sounds reasonable to me.

Now, whether it is going to be too much and beyond what is really necessary, as you are concerned about, that could be as well.  Counsel tend to overreach from both sides.  And so, that is a possibility.  Hopefully, it is something where, as with all discovery, the parties can work it out among themselves, as to a reasonable amount of discovery that is needed from both sides.

And I would prefer that if there is a dispute about whether enough discovery has been provided on this issue, that that be worked out through discovery dispute resolution rather than filing the motion with all of the substance of it, and then the other side come back and make a procedural argument about not enough discovery as well a merits arguments.

So, I think that is something the parties are just going to have to work out.  Obviously, if there is a dispute, there is a discovery process for that, as you know in the local rules, as well as the scheduling order, which you will see.  Whether it is me or more likely, a magistrate judge who would referee that.

I hope that it doesn't come to that, but you are saying maybe it will.  Hopefully, the parties will be reasonable and come up with an approach.  But there is no reason to try to prejudge right now exactly what is needed on this issue and -- or to presume the other side won't

negotiate in good faith, in terms of setting an appropriate schedule.

And again, you can talk about the PSLRA.  I mean, that was fully analyzed in the motion.  So, you get one bite at the apple in a motion.  To me, this is a different issue.  There are a number of scenarios that can come out of it, which I think include -- the range of things is, you know, some completely bad faith complaint, which may lead to sanctions or otherwise, to a valid complaint where there is either a change of heart from the witness or a misunderstanding, to something where this whole issue is sort of a non-issue.

I don't know where it is going to end up but I am not going to prejudge that right now.  But I do think, in addition to other discovery, that whatever discovery is needed to get to the bottom of this issue should happen.  And I would prefer that everyone reach an agreement on what is needed rather than, again, having multiple notions; one in which someone says there was not enough discovery, and then maybe have to go back and get the discovery before we resolve the issue.  And that is just not productive for any side, I think.

So, I don't think we need to resolve that right now.  I guess what I misunderstood, perhaps, was whether or not you are ready to file the motion now or whether you are

waiting for this discovery.  It sounds like you are waiting for this discovery to actually file the motion.  And --

MR. LIEBERMAN:  --- Your Honor --

THE COURT:  So, I think that is where we are.

MR. LIEBERMAN:  Yes, Your Honor, Jeremy Lieberman.  We will try and negotiate in good faith with Defendants on discovery.  And we will see what we can come up with.  Nothing in the PSLRA or the Federal Rules of Civil Procedures say that when some attorney representing a witness -- you know, kind of waves a letter saying you made misrepresentations, all of the sudden, that discovery gets expedited and front-loaded, and Defendants can then kind of cherry-pick certain discovery that they want to do so.  So, we will try and negotiate in good faith --

THE COURT:  Well, I -- you have already convinced me of that.  And I have had this issue in other cases, believe me.

MR. LIEBERMAN:  Yes.

THE COURT:  Not necessarily securities case, but others in which, you know -- again, someone says, "Look.  There was some sort of fraud.  We've got to stop everything and do that."  And I don't find that convincing, generally, or specifically.  I am not saying we should not get to the bottom of it.  We will.  But we have waited a long time to get to the rest of the case, and we are not going to wait any

longer.   So --

          MR. LIEBERMAN:  Okay.

          THE COURT:  -- I am not sure what else there is to discuss now, other than I do hope, as you just said, Mr. Lieberman, you are not going to try to obstruct or delay this process anymore than it needs to be --

          (Whereupon, a phone rings.)

          THE COURT:  -- to sort of, you know, make unreasonable demands for discovery when they are not required.  But again, noone -- I don't come into this assuming any attorney is going to do that.  And so, to the extent that the opposing Counsel is concerned with that, I am hoping you will prove them wrong, and it will all be very reasonable.

          Okay.  So, I guess the issue then is -- again, we will get the answer in 14 days.  We will have the discovery schedule go out.  Now, you will see the discovery schedule rather than negotiate it right now because what I -- I mean, I will give you the standard schedule because I think it is just the starting point to see what the --- are on the way.

          If any side wants to change the schedule, which I am guessing at least the Defendants will want to make some adjustments to it, I would ask you to meet to confer and then submit any proposed changes.  Ideally, a joint proposal thereafter.

And you know, I think, as I said, I am not going to stay all discovery, other than on this issue.  But if the parties in their negotiations over a discovery schedule can reach some agreements to frame certain things to happen sooner rather than later, I am certainly not opposed to that either.

I just think, as I have seen in other cases, running things in parallel is the fair way to approach this.  I don't think one side should be able to completely divert the other side that has waited for discovery by a single issue.  And so -- at least not until it has been fully established that there is some issue there.

And so, again, the default is the schedule.  Both sides can ask whatever they want.  I think it could get kind of chaotic, based on what we are hearing.  So, I would ask the parties really to work very hard to come up with some modifications to the schedule, even if there are new categories in the schedule that relate to this issue, so that everyone ends up with a process they think is fair.

And obviously, if that can't be resolved then someone will have to come in and referee it but I really hope it doesn't come to that.  I find that to be not productive at all.  And so, any proposed scheduling changes you want to make.

And then, in terms of a motion -- ideally, in an

ideal world, as I said earlier, this would all be resolved because these are essentially factual disputes at the summary judgement stage.  If the evidence gathered is of a level that is certainly compelling enough for some sort of -- maybe I should look into more carefully what would be the appropriate posture for this; whether it is a motion for reconsider or a motion for partial summary judgement, based on this issue.

Or if summary judgement just on this issue, I don't know.  You know, if there is a desire to file that before the end of discovery, which it sounds like there probably will be, I think what we need to have is another letter like the one here, certainly -- to explain why we are at the point procedurally where it makes sense to file that motion.

And the main issue there will be does each side have what they need to contest this issue?  And certainly, if both sides agree that discovery on this issue has been sufficient, then -- and the Defendants argue they have got enough information here to --- some sort of ruling that predates the end of discovery, then even though I normally load any kind of mid-discovery dispositive motions -- I like to see it all together at once.  But if there is a compelling reason to do it mid-discovery, then we will certainly have discussion about that.

And again, one of the main issues will be, is there enough discovery on this issue to fairly adjudicate that

motion, and is it compelling enough that it needs to happen now versus at the end of discovery, which would be the default?  And we will take it from there.

And again, given that there seems like -- it seems like both sides are forecasting a dispute over whether each side has got enough facts.  I think it is good to have a discussion about that before we actually roll into the motion.

Hopefully, again, if both sides are reasonable about the discovery, there won't really be a dispute that everyone has what they need, and the timing -- the motion could then proceed at that point.

Any questions about any of that?

MR. LIEBERMAN:  Not for Plaintiff --

MR. CLUBOK:  No, Your Honor.  That all sounds fine.

THE COURT:  Okay.  So, the only sort of immediate steps are the answer being filed, the scheduling order being issued, and then the scheduling order will describe for you how to submit proposed changes to that schedule, and I will go from there.

(Simultaneous discussion.)

MR. CLUBOK:  --- Your Honor, and -- well, one piece of good news, maybe, for everybody, slightly.  Mr. Word has just reminded me.  We actually -- you had said that you would order the answer being filed in 14 days.  We actually moved

for more time, but we moved for just until September 16th, and we are going to be prepared to file an answer on September 16th.  So, I said two weeks, but we will rachet that back, that maybe that will make everybody -- you know, eight days after your -- that we will get our answer to the Plaintiffs by next -- by September 16th.

THE COURT:  Okay.  Well, that is helpful.  Let me ask one other topic while we are here.  And sometimes, particularly, since there is, you know, more threats of motions, and the like, and protracted discovery.  Are the parties now in a position to think about mediation, either again or for the first time in terms of how we want to approach this?

MR. LIEBERMAN:  And Your Honor --

MR. CLUBOK:  Your Honor, again --

MR. LIEBERMAN:  Your Honor, Jeremy Lieberman for lead Plaintiffs, sorry.  Yes.  So, we have spoken to defense Counsel and we have preliminarily agreed that we -- you know, it makes sense to look into a private mediation.  And so, we have, you know, suggested some names.  We are going to take it back to our clients, and we will -- you know, hopefully, in the next few weeks we will get those and see if we can come to an agreement on whether or not we should mediate, and then, a mediator.  And then, we will update the Court if we have agreed on a mediator and what the --- mediation will be.

bek                                                                          34

THE COURT:  Okay.  Mr. Clubok, any -- or anyone else?  This is a different issue.

MR. CLUBOK:  Well --

THE COURT:  From the defense side.

MR. CLUBOK:  Well, Your Honor, yes.  I was going to say that that was standing that we have some -- they have disagreements on the merits of this case.  Mr. Lieberman and I had a very good discussion yesterday.  We are going to see if we can give peace a chance, and we are going to explore whether private mediation will work.

So, we are committed to looking into that.  And there are a lot of clients, a lot of people we have to talk to.  We are going to work together over the next couple weeks to see if we can work out a process for perhaps an early mediation.

THE COURT:  Okay.  Well, that is encouraging.  What I would say is, certainly, if you are going with a private mediator, which I can understand in a -- you know, given our -- all the competing cases our magistrate judges have.  It would probably take awhile to get to them, anyways.  It is usually two to three months.

I think that is fine.  And obviously, since you are not asking for the Court's resources, is it not critical that we know all of the details of your mediation plans.  But I would just say that if you want to factor those discussions

into any proposed changes to the scheduling order, particularly if they are agreed upon, it certainly should not be a problem if the parties were to say, look, we are going to push discovery further out because we know we are going to have a mediation.  We want to back-load some things some we are not doing things that maybe we won't need to do if we can resolve it.

Then that is, generally, you know, something that the Court would agree to.  Same thing, in terms of if it affects, you know, motion practice.  You don't need to let us know about mediation specifically that is going on.  But to the extent it may lead you to want to address the schedule, let me know and describe what your plans are on the mediation front.  And again, if it agreed to, to tailor a schedule to the mediation schedule, that certainly makes a lot of sense.

So, perhaps when you get to the point of proposing any changes to the schedule, you will know more on that front and how that might affect what you think the schedule should be.

MR. LIEBERMAN:  That sounds great, Your Honor --

MR. CLUBOK:  --- appreciate that.  Yes, we appreciate it.

THE COURT:  Okay.  Well, if there is nothing else, thank you very much.  And we will look forward to the answer, and you will look forward to the schedule.  Thank you.

MR. LIEBERMAN:  Thank you.

MR. CLUBOK:  Thanks very much.  Have a good weekend.

MR.            :  Thank you, Your Honor.

(Whereupon, at 4:44 p.m., the hearing concluded.)

bek                                                                           37

## C E R T I F I C A T E

I certify that the foregoing is correct transcript

from the electronic sound recording of the proceedings in the

above-entitled matter.


*Brenda Khan*     10/15/2021
Brenda Khan                        Date
Transcriber, CompuScribe