## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| IN RE 2U, INC. SECURITIES CLASS ACTION | Consolidated Case No. 8:19-cv-03455-TDC<br><br>Judge Theodore D. Chuang<br><br>EXHIBIT A |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, Lead Plaintiff Fiyyaz Pirani ("Lead Plaintiff") and Additional Named Plaintiff Oklahoma City Employee Retirement System ("OCERS" and, with Lead Plaintiff, "Plaintiffs"), individually and on behalf of the Settlement Class, and Defendants 2U, Inc. ("2U"), Christopher J. Paucek, Catherine A. Graham, Harsha Mokkarala, Paul A. Maeder, Robert M. Stavis, Gregory K. Peters, Timothy M. Haley, Valerie B. Jarrett, Earl Lewis, Coretha M. Rushing, Sallie L. Krawcheck, John M. Larson, Edward S. Macias, Mark J. Chernis, Goldman Sachs & Co. LLC, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., Compass Point Research & Trading, LLC, KeyBanc Capital Markets Inc., and Macquarie Capital (USA) Inc. ("Defendants") have entered into the Stipulation and Agreement of Settlement dated May 31, 2022 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits annexed thereto and a separate Confidential Supplemental Agreement executed between the Plaintiffs and the Defendants (the "Supplemental Agreement"), sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the securities class action pending before this Court entitled *In re 2U, Inc. Securities Class Action,* No. 8:19-cv-3455 TDC (the "Action"), and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 23 day of June, 2022, that:

1.      On a preliminary basis, the Court finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that it will likely be able to approve the proposed Settlement as fair, reasonable, and

- 2 -

adequate under Federal Rule of Civil Procedure 23(e)(2). The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement. Accordingly, the Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

2.     A hearing (the "Settlement Fairness Hearing") shall be held before this Court on December 9, 2022, at 9:30 a.m., at the United States District Court, District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770, or remotely per details that will be made publicly available on the Settlement website (www.2USecuritiesClassAction.com) in advance of the Settlement Fairness Hearing, for the following purposes:

> (a)     to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;
>
> (b)     to determine finally whether Judgment as provided under the Stipulation should be entered, dismissing the Consolidated Class Action Complaint on the merits and with prejudice, and to determine whether the release of the Released Claims, as set forth in the Stipulation, should be ordered;
>
> (c)     to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;
>
> (d)     to consider the application of Lead Counsel on behalf of all Plaintiffs' Counsel for an award of attorneys' fees and expenses, and any application for an award to the Plaintiffs;

- 3 -

(e)    to consider Settlement Class Members' objections, if any, to the Settlement, Plan of Allocation, or application for attorneys' fees and expenses; and

(f)    to rule upon such other matters as the Court may deem appropriate.

3.    The Court may adjourn the Settlement Fairness Hearing without further individual notice to the members of the Settlement Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law. The Court may decide to hold the Settlement Fairness Hearing telephonically or by other virtual means without further individual notice. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Consolidated Class Action Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or made awards to the Plaintiffs.

4.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities that purchased or otherwise acquired the publicly traded common stock of 2U, including shares purchased or acquired pursuant or traceable to 2U's Preliminary Prospectus Supplement dated May 21, 2018 and Prospectus Supplement filed with the U.S. Securities Exchange Commission on May 23, 2018, which are part of the Registration Statement on Form S-3 ("2U Securities"), during the period of time from February 26, 2018 through July 30, 2019, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of 2U; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of 2U

- 4 -

and the directors and officers of 2U and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Settlement Class; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

5.     Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

6.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs Fiyyaz Pirani and Oklahoma City Employee Retirement System are adequate class representatives and certifies them as the Class Representatives for the Settlement Class.

7.     The Court also appoints Lead Counsel Pomerantz LLP as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only. Class Counsel has the authority to enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf of the Settlement Class with

respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

8. The Court approves, as to form and content, the Notice of (i) Proposed Settlement of Class Action, (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses, and (iii) Settlement Fairness Hearing (the "Notice"), the Proof of Claim and Release form (the "Claim Form"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶9-12 of this Order, meet the requirements of Rule 23 and due process, and provides the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons or entities entitled thereto.

9. The firm of Epiq Class Action & Claims Solutions, Inc. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

10. 2U shall provide, or cause to be provided, to Lead Counsel, or the Claims Administrator, within five (5) business days after the Court enters this Order, at no cost to the Settlement Fund, a list, in electronic form, of record holders of 2U Securities during the Class Period obtained from 2U's present or former transfer agent (consisting of names and addresses, as well as e-mail addresses if available), to the extent that such information is reasonably available. The Parties acknowledge that any information provided, or caused to be provided, by 2U pursuant to this paragraph shall be treated as confidential and will be used by Lead Counsel and the Claims Administrator solely to disseminate notice, to apprise Settlement Class Members of the Settlement, and/or to implement the Settlement.

- 6 -

11.    Lead Counsel, through the Claims Administrator, shall commence mailing the Notice and Claim Form, substantially in the forms annexed hereto, within ten (10) calendar days after the Court signs this Order (the "Notice Date"), or by  July 3  , 2022, by first-class mail to all Settlement Class Members who can be identified with reasonable effort, and cause the Notice and Claim Form to be posted on the Settlement website at www.2USecuritiesClassAction.com. Lead Counsel, through the Claims Administrator, shall substantially complete such mailing no later than sixty (60) calendar days after the Notice Date.

12.    Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily* and once over a national newswire service.

13.    At least seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

14.    Nominees who purchased or otherwise acquired 2U Securities for beneficial owners who are Settlement Class Members shall (a) request, within ten (10) calendar days of receipt of the Notice, additional copies of the Notice and the Claim Form ("Notice Packet") from the Claims Administrator for such beneficial owners; or (b) send a list of the names, addresses, and email addresses (to the extent available) of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of the Notice. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within ten (10) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use

- 7 -

in connection with any possible future notice to the Settlement Class. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

15.     In order to be entitled to receive a distribution from the Net Settlement Fund after the Effective Date, each Claimant shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Claim Form must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Claim Form, postmarked no later than one hundred and twenty (120) calendar days from the Notice Date. Such deadline may be further extended by Order of the Court or in the discretion of Lead Counsel. Each Claim Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Claim Form submitted by each Claimant must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting

documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator, or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Claimant must be provided with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such Claim is valid, deficient, or rejected. For each Claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the Claim was so determined. Persons or entities that timely submit a Claim Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days for timely Claim Forms and a lesser reasonable period for untimely Claim Forms, to the extent allowed) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court.

16. Any Settlement Class Member who does not timely submit a valid Claim Form shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

17. Any member of the Settlement Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

18. All Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons or entities request to be excluded, or "opt out," from the Settlement Class. A Settlement Class Member wishing to be excluded from the Settlement Class must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, or otherwise hand-deliver it, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, or November 18, 2022, to the address listed in the Notice. A Request for Exclusion must be signed and must legibly state: (a) the name, address, and telephone number of the person or entity requesting exclusion; (b) the number of shares of 2U Securities that the person or entity requesting exclusion (i) owned as of the opening of trading on February 26, 2018 and as of the close of trading on October 28, 2019 and (ii) purchased, acquired, and/or sold from February 26, 2018 through October 28, 2019, inclusive, as well as the dates and prices for each such purchase, acquisition and sale; and (c) that the person or entity wishes to be excluded from the Settlement Class in *In re 2U,*

- 10 -

*Inc. Securities Class Action,* No. 8:19-cv-3455 TDC. All Settlement Class Members who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any Judgment. Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation.

19.     The Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion as expeditiously as possible, but in no event later than five (5) calendar days of receipt thereof and in any event at least fourteen (14) calendar days before the Settlement Fairness Hearing.

20.     No later than seven (7) calendar days before the Settlement Fairness Hearing, Lead Counsel shall file a list of all persons or entities that have submitted timely Requests for Exclusion with its determinations as to whether any Request for Exclusion was not submitted timely.

21.     The Court will consider comments or objections to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, including an award to the Plaintiffs under 15 U.S.C. §78u-4(a)(4), only if such comments or objections and any supporting papers are submitted to the Court either by mailing them to the Clerk of the Court, United States District Court, District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770, or by filing them in person at any location of the United States District Court for the District of Maryland. Such comments or objections must be received or filed, not simply postmarked, at least twenty-eight (28) calendar days prior to the Settlement Fairness Hearing, or November 10, 2022. Attendance at the Settlement Fairness Hearing is not necessary but any person or entity wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for

- 11 -

attorneys' fees and expenses or awards to the Plaintiffs is required to state in their written objection whether they intend to appear at the Settlement Fairness Hearing. The notice of objection must include documentation establishing the objector's membership in the Settlement Class, including the number of 2U Securities that the objector (i) owned as of the opening of trading on February 26, 2018 and close of trading on October 28, 2019, and (ii) purchased, acquired, and/or sold from February 26, 2018 through October 28, 2019, as well as the dates and prices for each such purchase, acquisition and sale, and contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. The objection must identify all other class action settlements the objector or his, her, or its counsel has previously objected to; copies of any papers, briefs, or other documents upon which the objection is based; and the objector's signature, even if represented by counsel. Any member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, or awards to the Plaintiffs, unless otherwise ordered by the Court. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

22.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and awards

- 12 -

to the Plaintiffs shall be filed and served no later than forty-two (42) calendar days before the Settlement Fairness Hearing, or October 28, 2022. Replies to any objections shall be filed and served at least fourteen (14) calendar days prior to the Settlement Fairness Hearing, or November 25, 2022.

24. Defendants' Releasees shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action.

25. At or after the Settlement Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

26. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

27. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

28. If the Stipulation and the Settlement set forth therein is terminated, or is otherwise not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties *status quo ante*.

- 13 -

29.     Pending final determination of whether the proposed Settlement should be approved, neither the Plaintiffs, nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants' Releasees any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

30.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: June 23, 2022

_____

THE HONORABLE THEODORE D. CHUANG
UNITED STATES DISTRICT JUDGE