# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE 2U, INC. SECURITIES CLASS ACTION | Consolidated Case No. 8:19-cv-03455-TDC |

**DECLARATION OF PAUL BRONSON IN SUPPORT OF
MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
APPLICATION FOR ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES,
AND COMPENSATORY AWARDS FOR PLAINTIFFS**

I, Paul Bronson, declare as follows, pursuant to 28 U.S.C. §1746:

1.      I am the Chairman of the Oklahoma City Employee Retirement System ("OCERS") and am authorized to submit this declaration on its behalf. OCERS is Additional Named Plaintiff in the above-captioned proposed securities class action (the "Action").[1]

2.      I respectfully submit this declaration in support of final approval of the proposed settlement of the Action for $37 million, approval of the proposed Plan of Allocation for distributing the proceeds of the Settlement, and approval of Lead Counsel's request for attorneys' fees and expenses. I also respectfully submit this declaration in support of OCERS' request for an award, pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(4), in recognition of the time that I, and others associated with OCERS, dedicated to the litigation on behalf of the proposed Settlement Class. I have personal knowledge of the statements herein and, if called as a witness, could competently testify about them.

3.      On July 30, 2020, Court-appointed Lead Plaintiff Fiyyaz Pirani filed the Consolidated Class Action Complaint in the case, which added OCERS as an Additional Named Plaintiff. Since that time, my colleagues and I have monitored the progress of this litigation and have regularly conferred with counsel concerning its prosecution and developments. In that regard, we regularly reviewed significant filings with the Court, communicated with counsel regarding litigation developments, responded to discovery requests, searched for and produced documents to Defendants, discussed with counsel the potential for settlement, and I attended the mediation that resulted in the Settlement.

4.      OCERS believes that the Settlement represents a fair, reasonable, and adequate result for the Settlement Class. OCERS has weighed the substantial benefits to the Settlement

---

[1] Unless otherwise indicated, capitalized terms have those meanings contained in the Stipulation and Agreement of Settlement, dated as of May 31, 2022.

- 1 -

Class against the significant risks and uncertainties of continued litigation. After doing so, OCERS believes that the Settlement represents a very favorable recovery, and believes that final approval of the Settlement is in the best interests of the Settlement Class.

5.     OCERS also believes that Lead Counsel's request for an award of attorneys' fees in the amount of 33.4% of the Settlement Fund is fair and reasonable under the circumstances of this case. OCERS has evaluated Lead Counsel's request in light of the effort required by Plaintiffs' Counsel to pursue the case to date, the risks and challenges in the litigation, as well as the recovery obtained for the Settlement Class. OCERS understands that Lead Counsel will also devote additional time in the future to administering the Settlement. OCERS further believes that the litigation expenses to be requested, of no more than $425,000, are reasonable and represent the costs and expenses that were necessary for the successful prosecution and resolution of this case. Based on the foregoing, OCERS fully supports Lead Counsel's motion for attorneys' fees and payment of litigation expenses.

6.     OCERS understands that reimbursement of a plaintiff's costs and expenses in connection with the representation of a class, including lost wages, is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4). For this reason, in connection with Lead Counsel's request for litigation expenses, OCERS is seeking reimbursement for the time it dedicated to the prosecution of the Action, which was time that ordinarily would have been dedicated to the work of OCERS.

7.     As discussed above, my colleagues and I diligently oversaw the prosecution of the Action, including gathering and producing documents, responding to discovery, and attending the mediation. Below is a table listing the OCERS personnel who contributed to the litigation, together with a conservative estimate of the time that they spent and their effective hourly rates (which are based on the annual salaries of the respective personnel):

| Personnel | Hours | Rate | Total |
|---|---|---|---|
| Paul Bronson, Chairman | 20 | $91.67 | $1,833.40 |
| Regina Story, Retirement System Manager | 20 | $44.95 | $899.00 |
| Wiley Williams, Deputy Municipal Counselor | 15 | $96.11 | $1,441.65 |
| Rene Roy, Information Security Analyst | 20 | $47.38 | $947.60 |
| TOTALS | 75 | | $5,121.65 |

8.    Accordingly, OCERS seeks $5,121.65 for the 75 hours it dedicated to representing the Settlement Class throughout the litigation.

9.    In conclusion, OCERS was closely involved throughout the prosecution and settlement of the claims in the Action and strongly endorses the Settlement as fair, reasonable, and adequate, and believes it represents a very favorable recovery for the Settlement Class. OCERS further supports Lead Counsel's attorneys' fee and expense request, in light of the work performed, the recovery obtained for the Settlement Class, and the attendant litigation risks.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 27 day of October, 2022.

_Paul Bronson_

Paul Bronson, Chairman
Oklahoma City Employee Retirement System

-3-