# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE 2U, INC. SECURITIES CLASS ACTION | Consolidated Case No. 8:19-cv-03455-TDC |

**DECLARATION OF BRADFORD AMANN REGARDING: (A) MAILING OF THE NOTICE AND PROOF OF CLAIM; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION**

I, Bradford Amann, declare and state as follows, pursuant to 28 U.S.C. § 1746:

1.    I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision and, if called on to do so, I could and would testify competently thereto.

2.    Epiq was retained by Lead Counsel for the Settlement Class to provide notice and administration services in the above-captioned class action litigation (the "Action"), and appointed by the Court as the Claims Administrator.[1]    I submit this Declaration in order to provide the Court and the parties to the Settlement with information regarding, among other things, the mailing of the Court-approved Notice of (i) Proposed Settlement; (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses; and (iii) Settlement Fairness Hearing (the "Notice") and the Proof of Claim Form (the "Claim Form") (together, the Notice and Claim Form are referred to herein as the "Notice Packet"), as well as the publication of the Summary Notice and establishment of the

---

[1]  Unless otherwise defined herein, all capitalized terms shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated May 31, 2022 (the "Stipulation").

website and toll-free numbers dedicated to this class action, in accordance with the Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order").

## DISSEMINATION OF THE NOTICE PACKET

3.      Epiq is responsible for disseminating the Notice Packet to potential Settlement Class Members in this Action. By definition, Settlement Class Members all persons and entities who purchased or otherwise acquired the publicly traded common stock of 2U, Inc., including shares purchased or otherwise acquired pursuant or traceable to the Company's Preliminary Prospectus Supplement dated May 21, 2018 and Prospectus Supplement filed with the U.S. Securities and Exchange Commission on  May 23, 2018, which are part of the Registration Statement on Form S-3 (the "2U Securities") during the period from February 26, 2018, through July 30, 2019, both dates inclusive.

4.      On June 27, 2022, Lead Counsel forwarded to Epiq a spreadsheet from Defendants' Counsel that was provided by the transfer agent for 2U, Inc., containing shareholders of record of 2U Securities.  This file had a total of 81 names and addresses for noticing.  Epiq extracted the names and addresses.  After data clean-up and de-duplication, there remained 81 unique names and addresses of potential Settlement Class Members.  Epiq added this data into a database created for the Action.

5.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  Epiq maintains and updates a proprietary list of the largest and most common banks, brokers and other nominees.  Accordingly, the list of known holders of 2U Securities provided by the 2U, Inc. transfer agent

{00522835;1 }

was supplemented with Epiq's internal broker list containing 1,063 additional names and addresses.

6.    Epiq thereafter formatted the Notice Packet and caused it to be printed, personalized with the name and address of each potential Settlement Class Member or nominee, and mailed by first-class mail, postage prepaid, to the known potential Settlement Class Members and nominees on July 1, 2022 (the "Notice Date").

7.    On the Notice Date, 1,144 copies of the Notice Packet were mailed. A copy of the Notice Packet is attached hereto as Exhibit A.

8.    The Notice requested that nominees who purchased or otherwise acquired 2U Securities during the Class Period for the beneficial interest of a person or entity other than themselves to either: (i) within ten (10) calendar days of receipt of the Notice, request sufficient copies of the Notice Packet to forward to all such beneficial owners and with ten (10) calendar days of receipt of these Notice Packets to forward to all such beneficial owners; or (ii) within ten (10) calendar days of receipt of the Notice, provide a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to Epiq. Nominees also received an instruction letter with their Notice Packets. A true and accurate copy of the letter sent to nominees is attached as Exhibit B.

9.    Epiq has received requests from nominees for additional unaddressed copies of the Notice Packet and for Notice Packets to be mailed directly by Epiq to potential Settlement Class Members identified by the nominee. From the Notice Date through October 27, 2022, Epiq has mailed an additional 30,559 copies of the Notice Packet to potential members of the Class whose names and addresses were received from individuals or nominees. Epiq has also mailed another 14,050 Notice Packets to nominees who requested Notice Packets to forward to their customers.

{00522835;1 }

All requests for notice have been responded to in a timely manner and Epiq will continue to timely respond to any additional requests received.

10.    Epiq performed a personalized calling campaign to the largest nominees in order to field any questions they had regarding the Notice and to prompt them to respond to the Notice by either identifying Settlement Class Members or requesting copies of the Notice to forward directly to their clients.  Epiq's typical practice, which was followed here, is to make multiple attempts to reach a person at the nominees' offices.  If Epiq is unable to reach the nominee by phone, Epiq sends the nominee an email reminding them to provide Epiq with the names and addresses of their clients in accordance with the Notice.

11.    On July 1, 2022, Epiq mailed a letter to all of the banks, brokers, and other nominees contained on its proprietary list, to serve as a reminder of their obligation to respond to the Notice, as required by Order of this Court.

12.    As of October 27, 2022, an aggregate of 45,753 Notice Packets have been disseminated to potential Settlement Class Members and nominees by first-class mail.

13.    As of October 27, 2022, 974 Notice Packets have been returned by the United States Postal Service to Epiq as undelivered as addressed (the "UAA").  Of those returned UAA, 3 had forwarding addresses and were promptly re-mailed to the updated address.

**PUBLICATION OF THE SUMMARY NOTICE**

14.    The Court's Preliminary Approval Order also directed that the Summary Notice be published once in *Investor's Business Daily* and be transmitted once over the *PR Newswire* not later than ten (10) calendar days after the Notice Date.  Accordingly, the Summary Notice was published in *Investor's Business Daily* and transmitted over the *PR Newswire* on July 11, 2022.

Attached as Exhibit C is a confirmation of publication, attesting to the publication in *Investor's Business Daily* and a screen shot attesting to transmission over *PR Newswire.*

## CALL CENTER SERVICES

15.     Epiq reserved a toll-free phone number for the Settlement, (855) 789-0808, and published that toll-free number in the Notice Packet, in the Summary Notice, and on the Settlement website.  Epiq made the toll-free helpline available on July 1, 2022, the same date Epiq commenced mailing of Notice Packets.

16.     The toll-free numbers connect callers with an Interactive Voice Recording (the "IVR").  The IVR provides potential Settlement Class Members and others who call the toll-free telephone numbers access to additional information that has been pre-recorded.  The toll-free telephone lines with pre-recorded information are available 24 hours a day, 7 days a week. Specifically, the pre-recorded message provides callers with a brief summary of the Settlement and the option to select one of several more detailed recorded messages addressing frequently asked questions.  The IVR also allows callers to request that a copy of the Notice Packet be mailed to them or the caller may opt to speak live with a trained operator.  Callers are able to speak to a live operator regarding the status of the Settlement and/or obtain answers to questions they may have, Monday through Friday from 9:00 a.m. to 9:00 p.m. Eastern Time (excluding official holidays).  During other hours, callers may leave a message for an agent to call them back.

## WEBSITE

17.     On July 1, 2022, Epiq established and is maintaining a website dedicated to the Action (www.2USecuritiesClassAction.com) to provide information to Settlement Class Members and to answer frequently asked questions.  Users of the website can download a copy of the Notice, Claim Form, and Order Granting Preliminary Approval. The web address was set forth in the

{00522835;1 }

Notice Packet and the Summary Notice.  Epiq will continue operating, maintaining and, as appropriate, updating the website until the conclusion of this administration.

## REQUESTS FOR EXCLUSION

18.    The Notice informed Settlement Class Members that written requests for exclusion from the Class must be mailed, so that they are received no later than November 18, 2022, addressed to *2U, Inc. Securities Settlement*, ATTN: EXCLUSION REQUEST, c/o Epiq, P.O. Box 5413, Portland, OR 97208-5413.  Epiq has monitored all mail that has been delivered to this Post Office Box.  As of the date of this Declaration, Epiq has received two (2) requests for exclusion from the Class, representing approximately 54 shares.  Epiq will continue to be the repository for exclusion requests up to and beyond the receipt deadline and will report any exclusion requests that are received.

19.    Epiq will submit a supplemental declaration after the November 18, 2022, deadline for requesting exclusion, which will address all exclusion requests that are received.

20.    The deadline to object to the Settlement is November 10, 2022.  As of the date of this Declaration, Epiq has not received any objections to the Settlement.  Epiq's supplemental declaration will also provide an estimate of Recognized Losses for claims received from Settlement Class members.

## ESTIMATE OF ADMINISTRATION COST

21.    At this time, Epiq cannot predict the total Notice and Administration Costs that will be incurred in connection with providing notice to the Settlement Class and processing claims in this Action as it will depend upon the total number of Notice Packets ultimately mailed and the total number of claims received, among other factors. At this time, based on the 45,753 Notice Packets mailed to date, Epiq estimates that the costs of claims processing in this matter will not

exceed $65,000.00, and the total Notice and Administration Costs are currently estimated to be

$135,000.00, excluding broker/nominee research fees and postage.


    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Executed on October 28, 2022, at West Palm Beach, FL.


*Braford Amann*
Bradford Amann

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE 2U, INC. SECURITIES CLASS ACTION | Consolidated Case No. 8:19-cv-03455-TDC |
| | NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING |

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired the publicly traded common stock of 2U, Inc. ("2U" or the "Company"), including shares purchased or otherwise acquired pursuant or traceable to the Company's Preliminary Prospectus Supplement dated May 21, 2018 and Prospectus Supplement filed with the U.S. Securities and Exchange Commission on May 23, 2018, which are part of the Registration Statement on Form S-3 ("2U Securities") during the period of time from February 26, 2018 through July 30, 2019, both dates inclusive (the "Class Period").**

**NOTICE OF SETTLEMENT: Please also be advised that the Lead Plaintiff Fiyyaz Pirani ("Pirani" or "Lead Plaintiff") and Additional Named Plaintiff Oklahoma City Employee Retirement System ("OCERS" or "Additional Named Plaintiff") (collectively, "Plaintiffs"), on behalf of the Settlement Class (as defined in ¶1 below), have reached a proposed settlement of the Action for a total of $37 million in cash that will resolve all claims in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.[1] If you are a Settlement Class Member, your legal rights will be affected whether or not you act. Please read this Notice carefully!**

1.      **Description of the Action and the Settlement Class**: This Notice relates to a proposed Settlement of a class action lawsuit pending against Defendants 2U, Christopher J. Paucek, Catherine A. Graham, Harsha Mokkarala, Paul A. Maeder, Robert M. Stavis, Gregory K. Peters, Timothy M. Haley, Valerie B. Jarrett, Earl Lewis, Coretha M. Rushing, Sallie L. Krawcheck, John M. Larson, Edward S. Macias, Mark J. Chernis (collectively, the "2U Defendants") and Goldman Sachs & Co. LLC, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., Compass Point Research & Trading, LLC, KeyBanc Capital Markets Inc., and Macquarie Capital (USA) Inc. ("Underwriter Defendants"; with the 2U Defendants, "Defendants"). Defendants are collectively, with Plaintiffs, the "Parties." The proposed Settlement, if approved by the Court, will apply to the following Settlement Class (the "Settlement Class"): all persons and entities who purchased or otherwise acquired publicly traded 2U Securities during the period from February 26, 2018 through July 30, 2019, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of 2U; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of 2U and the directors and officers of 2U and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, *provided, however*, that any "Investment Vehicle" shall not be excluded from the Settlement Class; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion. Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at (855) 789-0808.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated May 31, 2022 (the "Stipulation"), which is available on the Settlement website, www.2USecuritiesClassAction.com.

AG7631 v.05

1

2.    **Statement of Settlement Class's Recovery**: Subject to Court approval, and as described more fully in ¶¶22-25 and 54-60 below, Plaintiffs, on behalf of the Settlement Class, have agreed to settle all Released Plaintiffs' Claims (as defined in ¶57 below) against Defendants and other Defendants' Releasees (as defined in ¶55 below) in exchange for a settlement payment of $37 million in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Costs, and attorneys' fees and litigation expenses and awards to the Plaintiffs) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") to be approved by the Court, which will determine how the Net Settlement Fund shall be distributed to members of the Settlement Class. The Plan of Allocation is a basis for determining the relative positions of Settlement Class Members for purposes of allocating the Net Settlement Fund. The proposed Plan of Allocation is included in this Notice and may be modified by the Court without further notice.

3.    **Statement of Average Recovery Per Share**: The "Settlement Fund" consists of the $37 million Settlement Amount plus any and all interest earned thereon. Assuming all potential Settlement Class Members elect to participate, the estimated average recovery is $1.15 per damaged share before the deduction of fees and expenses. Settlement Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms, as explained in the Plan of Allocation below; when their shares were purchased or otherwise acquired and the price at the time of purchase or acquisition; whether the shares were sold and, if so, when they were sold and for how much. In addition, the actual recovery of Settlement Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4.    **Statement of the Parties' Position on Damages**: Defendants deny all claims of fault, liability, wrongdoing, or damages whatsoever, deny that they engaged in any wrongdoing, deny that they are liable to Plaintiffs and/or the Settlement Class, and deny that Plaintiffs or other members of the Settlement Class suffered any damages, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. Moreover, the Parties do not agree on the amount of recoverable damages if Plaintiffs were to prevail on each of the claims. The issues on which the Parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false, or misleading; (2) whether the statements were made with intent to deceive, manipulate, or defraud investors; (3) whether Defendants are otherwise liable under the securities laws for those statements or omissions or any alleged scheme to defraud; and (4) whether all or part of the damages allegedly suffered by members of the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.    **Statement of Attorneys' Fees and Expenses Sought**: Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees from the Settlement Fund of no more than 33.4% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses (reasonable expenses or costs of Plaintiffs' Counsel in connection with commencing and prosecuting the Action), in a total amount not to exceed $425,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share is $0.40. In addition, Lead Counsel may apply for awards to Plaintiffs in connection with their representation of the Settlement Class in an amount not to exceed $60,000, combined.

6.    **Identification of Attorneys' Representatives**: Plaintiffs and the Settlement Class are being represented by Pomerantz LLP ("Lead Counsel"), Labaton Sucharow LLP (Additional Counsel), and Goldman & Minton, P.C. (Local Counsel). Any questions regarding the Settlement should be directed to Jeremy Lieberman, Esq. at Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100, jalieberman@pomlaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
| --- | --- |
| DO NOTHING | Get no payment. Remain a Settlement Class Member. Give up your rights. |
| REMAIN A MEMBER OF THE SETTLEMENT CLASS AND SUBMIT A CLAIM FORM **POSTMARKED NO LATER THAN OCTOBER 29, 2022** | This is the only way to be potentially eligible to receive a payment. If you wish to obtain a payment as a member of the Settlement Class, you will need to submit a claim form (the "Claim Form"), which is included with this Notice, postmarked no later than October 29, 2022. |

AG7632 v.05

2

| | |
|---|---|
| EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* **NO LATER THAN NOVEMBER 18, 2022** | Receive no payment pursuant to this Settlement. This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| OBJECT TO THE SETTLEMENT SO THAT IT IS *RECEIVED* **NO LATER THAN NOVEMBER 10, 2022** | Write to the Court about your view of the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses, or why you don't think the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses is fair to the Settlement Class. If you do not exclude yourself from the Settlement Class, you may object. You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |
| GO TO THE HEARING ON DECEMBER 9, 2022, AT 9:30 a.m., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* **NO LATER THAN NOVEMBER 10, 2022** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |

AG7633 v.05

3

## WHAT THIS NOTICE CONTAINS

WHY DID I GET THIS NOTICE?.................................................................................PAGE 5

WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR? ....................................PAGE 6

HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? .......................................PAGE 7

WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? ........................................PAGE 7

WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?...........................................PAGE 7

HOW MUCH WILL MY PAYMENT BE? ......................................................................PAGE 8

PLAN OF ALLOCATION .........................................................................................PAGE 8

WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? ...................... PAGE 12

WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID? ..................................................................... PAGE 14

HOW DO I PARTICIPATE IN THE SETTLEMENT?
WHAT DO I NEED TO DO? .................................................................................. PAGE 14

WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?
HOW DO I EXCLUDE MYSELF?............................................................................. PAGE 14

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? ................................. PAGE 15

WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?................................... PAGE 16

CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?............................. PAGE 17

AG7634 v.05

## WHY DID I GET THIS NOTICE?

7.      The purpose of this Notice is to inform you about: (a) this Action, (b) the terms of the proposed Settlement, and (c) your rights in connection with a hearing to be held before the United States District Court, District of Maryland (the "Court"), on December 9, 2022, at 9:30 a.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to be excluded from the Settlement Class and, for those who remain Settlement Class Members, the steps necessary to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court. (For more information on excluding yourself from the Settlement Class, please read "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" located below.)

8.      A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.

9.      The Court in charge of this case is the United States District Court for the District of Maryland, and the case is known as *In re 2U, Inc. Securities Class Action*, No. 8:19-cv-03455-TDC. The judge presiding over this case is the Honorable Theodore D. Chuang, United States District Judge. The people who are suing are called the Plaintiffs, and those who are being sued are called Defendants. In this case, the Defendants are 2U, Christopher J. Paucek, Catherine A. Graham, Harsha Mokkarala, Paul A. Maeder, Robert M. Stavis, Gregory K. Peters, Timothy M. Haley, Valerie B. Jarrett, Earl Lewis, Coretha M. Rushing, Sallie L. Krawcheck, John M. Larson, Edward S. Macias, Mark J. Chernis, Goldman Sachs & Co. LLC, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., Compass Point Research & Trading, LLC, KeyBanc Capital Markets Inc., and Macquarie Capital (USA) Inc.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. It also is being sent to inform you of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Fairness Hearing").

11.     The Settlement Fairness Hearing will be held on December 9, 2022, at 9:30 a.m., before the Honorable Theodore D. Chuang, at the United States District Court, District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770, or remotely per details that will be made publicly available on the Settlement website (www.2USecuritiesClassAction.com) in advance of the Settlement Fairness Hearing, for the following purposes:

(a)      to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)      to determine whether the Judgment as provided for under the Stipulation should be entered;

(c)      to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)      to determine whether the application by Lead Counsel for an award of attorneys' fees and litigation expenses should be approved; and

(e)      to rule upon such other matters as the Court may deem appropriate.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. This process takes time. Please be patient.

AG7635 v.05

5

## WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

13.     This Action arises under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Defendants 2U, Inc., Christopher J. Paucek, Catherine A. Graham, and Harsha Mokkarala, and sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") against all Defendants except Harsha Mokkarala, and alleges that during the Class Period, Defendants made materially false and misleading statements about 2U's growth and business model, among other things, that allegedly inflated 2U's stock price. Plaintiffs also allege that the Preliminary Prospectus Supplement dated May 21, 2018 and Prospectus Supplement filed with the U.S. Securities Exchange Commission on May 23, 2018, which are part of the Registration Statement on Form S-3 (together, the "Registration Statement"), were inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

14.     Plaintiffs allege that the misrepresentations or omissions of the true state of 2U's business artificially inflated the price of publicly traded 2U common stock ("2U Securities") and that, when the true facts were revealed, the artificial inflation was removed from the price of 2U Securities, causing the price to drop and damage to members of the Settlement Class.

15.     On August 7, 2019, Aaron Harper, the plaintiff in *Harper v. 2U, Inc.*, No. TDC-19-03455 ("the *Harper* Action"), filed a class action Complaint in the United States District Court for the Southern District of New York alleging federal securities law violations by Defendants 2U, Christopher J. Paucek, and Catherine A. Graham. *Harper* Action, ECF No. 1. On August 9, 2019, Anne Chinn, the plaintiff in *Chinn v. 2U, Inc.*, No. TDC-20-1006 ("the Chinn Action"), filed a separate class action in the Southern District of New York also alleging federal securities law violations by the same defendants. *Chinn* Action, ECF No. 1. Both cases were transferred to the United States District Court for the District of Maryland and consolidated. On June 1, 2020, the Court appointed Fiyyaz Pirani as Lead Plaintiff and Pomerantz LLP as Lead Counsel. ECF No. 86.

16.     On July 30, 2020, Pirani filed the Consolidated Class Action Complaint (the "Complaint") alleging violations of sections 10(b) and 20(a) of the Exchange Act and sections 11, 12(a)(2), and 15 of the Securities Act, and adding OCERS as an additional plaintiff. ECF No. 92. On October 27, 2020, Defendants moved to dismiss the Complaint. ECF No. 144. Plaintiffs filed their opposition to the motion to dismiss on December 18, 2020. ECF No. 155. Defendants filed a reply in support of their motion to dismiss on February 9, 2021. ECF No. 157. The Court issued a memorandum and order granting in part and denying in part the motion to dismiss the Complaint on August 5, 2021. ECF Nos. 166-67.

17.     After the Court's August 5, 2021 Order, fact discovery proceeded. Plaintiffs served document requests and interrogatories, served numerous subpoenas on relevant third parties, received and reviewed hundreds of thousands of pages of documents, and participated in numerous meet and confers with both Defendants and the subpoenaed third parties.

18.     On December 3, 2021, Plaintiffs moved for class certification and appointment of class representative and class counsel. ECF No. 210. The Parties engaged in discovery related to class certification, Plaintiffs filed a market efficiency report, and Plaintiffs produced documents.

19.     The Parties also engaged in settlement discussions. Plaintiffs and 2U Defendants engaged in a mediation with Greg Lindstrom, a nationally known mediator of securities class actions. In advance of the mediation, which took place in April 2022, Plaintiffs and 2U Defendants submitted detailed mediation statements. The Parties negotiated in good faith, but were unable to reach a resolution at mediation, as the Parties' positions remained far apart.

20.     Settlement discussions resumed later and the mediator worked closely with the Parties to achieve a settlement in this matter. These negotiations were protracted, complex, and challenging. After extensive further discussions and negotiations, with the involvement of the mediator, the Parties reached an agreement-in-principle to settle the case for $37 million and asked the Court on April 29, 2022, to stay all deadlines to allow the Parties to focus their attention on finalizing the settlement. ECF No. 222. On May 31, 2022, the Parties reached an agreement to settle the Action for $37 million.

AG7636 v.05

6

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

21.     If you are a member of the Settlement Class, you will be affected by the Settlement unless you timely request to be excluded. The Settlement Class consists of all persons and entities who purchased or otherwise acquired 2U Securities[2] during the Class Period, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of 2U; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of 2U and the directors and officers of 2U and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Class; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion. Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at (855) 789-0808. (See "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?," below.)

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN OCTOBER 29, 2022.

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

22.     Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. Plaintiffs and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue the claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages. Plaintiffs and Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one. Such risks include, among others, the risk that Plaintiffs would be unsuccessful in proving that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Settlement Class.

23.     In light of the amount of the Settlement and the certainty of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $37 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery, after summary judgment, trial and appeals, possibly years in the future, as well as the risks associated with 2U's financial position.

24.     Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Action. Defendants expressly have denied and continue to deny all allegations of fault, liability, wrongdoing, or damages against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Settlement Class have suffered any damage, and that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

25.     If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of the alleged claims, neither Plaintiffs nor the Settlement Class would recover anything from Defendants. Additionally, if Defendants were successful in proving any of their defenses, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

---

[2] During the Class Period, 2U Securities were listed on the NASDAQ under the ticker symbol "TWOU".

AG7637 v.05

## HOW MUCH WILL MY PAYMENT BE?

26.     2U has agreed to cause to be paid Thirty-Seven Million ($37,000,000.00) in cash into escrow for the benefit of the Settlement Class. At this time, it is not possible to make any determination as to how much individual Settlement Class Members may receive from the Settlement. Plaintiffs have proposed a plan for allocating the Net Settlement Fund to those Settlement Class Members who timely submit valid Claim Forms. The Plan of Allocation proposed by Plaintiffs is set forth below.

27.     All members of the Settlement Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Settlement Class Members' release of all Released Plaintiffs' Claims.

28.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Settlement Class.

29.     The Plan of Allocation set forth below is the proposed plan submitted by Plaintiffs and Lead Counsel for the Court's approval. The Court may approve this plan as proposed or it may modify it without further notice to the Settlement Class.

30.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the District of Maryland with respect to his, her, or its Claim Form.

31.     Persons and entities that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and shall not submit Claim Forms.

## PLAN OF ALLOCATION

32.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. In developing the Plan of Allocation, Plaintiffs' damages expert calculated the potential amount of estimated artificial inflation in 2U Securities, which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions. The estimated artificial inflation in the price of 2U Securities during the Class Period is reflected in Table A below. In calculating the estimated alleged artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Plaintiffs' damages expert considered the market- and industry-adjusted changes in the price of 2U Securities following certain alleged corrective disclosures regarding 2U and the allegations in the Complaint.

33.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

34.     Based on the formula set forth below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of 2U Securities during the Class Period that is listed in the Claim Form and for which adequate documentation is provided. In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions. If a Recognized Loss Amount calculates to a negative number or zero, that Recognized Loss Amount shall be zero. A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts, subject to ¶¶43-53 below.

35.     In this case, Plaintiffs allege that certain Defendants are liable for materially false and/or misleading misstatements and/or omissions in the Registration Statement, and that certain Defendants made material false statements and omitted material facts during the Class Period, which allegedly had the effect of artificially inflating or maintaining inflation in the prices of 2U Securities. In order to have recoverable damages, a disclosure of the alleged truth omitted or concealed by the alleged misrepresentations must be the cause of the decline in the price of 2U Securities. Plaintiffs have alleged that such price declines occurred on May 8, 2019 and July 31, 2019 (the "Corrective Disclosure Dates"). Accordingly, if 2U Securities were sold before May 8, 2019 (the earliest Corrective Disclosure Date), the Recognized Loss Amount for those shares is $0.00, and any loss suffered is not

compensable under the federal securities laws. Likewise, if 2U Securities were both purchased and subsequently sold between the two Corrective Disclosure Dates, the Recognized Loss Amount for those shares is $0.00, because they were purchased and sold at an allegedly inflated price.

**Table A**

| Artificial Inflation in 2U Securities[3] | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| February 26, 2018 | May 7, 2019 | $35.72 |
| May 8, 2019 | July 30, 2019 | $21.54 |
| July 31, 2019 | Thereafter | $0.00 |

36.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of Recognized Loss Amounts for 2U Securities under the Exchange Act. Accordingly, losses on shares of 2U Securities purchased/acquired during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for the 2U Securities and the average price of 2U Securities during the 90-Day Lookback Period. The Recognized Loss Amount on 2U Securities purchased/acquired during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for 2U Securities and the rolling average price of 2U Securities during the portion of the 90-Day Lookback Period elapsed as of the date of sale. *See* Table B below.

### Calculation of Recognized Loss Amount Per Share for Exchange Act Claims

37.    For each share of 2U Securities purchased or otherwise acquired during the Class Period (i.e., February 26, 2018 through July 30, 2019, inclusive), the Recognized Loss Amount per share under the Exchange Act ("Exchange Act Claims") shall be calculated as follows:

i.    For each share of 2U Securities purchased during the Class Period that was sold prior to May 8, 2019, the Recognized Loss Amount per share is $0.

ii.    For each share of 2U Securities purchased or otherwise acquired during the Class Period that was subsequently sold during the period May 8, 2019 through July 30, 2019, inclusive, the Recognized Loss Amount per share is *the lesser of*:

a.    the amount of per-share price inflation on the date of purchase as appears in Table A above *minus* the amount of per-share price inflation on the date of sale as appears in Table A above; or

b.    the per-share purchase price *minus* the per-share sale price.

iii.    For each share of 2U Securities purchased during the Class Period that was subsequently sold during the period July 31, 2019 through October 28, 2019, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss Amount per share is *the least of*:

a.    the amount of per-share price inflation on the date of purchase as appears in Table A above; or

b.    the per-share purchase price *minus* the per-share sale price; or

c.    the per-share purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table B below.

iv.    For each share of 2U Securities purchased during the Class Period and still held as of the close of trading on October 28, 2019, the Recognized Loss Amount per share is *the least of*:

a.    the amount of per-share price inflation on the date of purchase as appears in Table A above; or

b.    the per-share purchase price *minus* the per-share sale price; or

---

[3] Any transactions in 2U Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

AG7639 v.05

c.   the per-share purchase price *minus* the average closing price for 2U Securities during the 90-Day Lookback Period, which is $16.92.

**Table B**

| 90-Day Lookback Values | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 7/31/2019 | $12.80 | 8/29/2019 | $15.96 | 9/30/2019 | $16.95 |
| 8/1/2019 | $13.36 | 8/30/2019 | $16.04 | 10/1/2019 | $16.93 |
| 8/2/2019 | $13.47 | 9/3/2019 | $16.10 | 10/2/2019 | $16.91 |
| 8/5/2019 | $13.57 | 9/4/2019 | $16.17 | 10/3/2019 | $16.89 |
| 8/6/2019 | $13.54 | 9/5/2019 | $16.25 | 10/4/2019 | $16.88 |
| 8/7/2019 | $13.65 | 9/6/2019 | $16.32 | 10/7/2019 | $16.87 |
| 8/8/2019 | $13.76 | 9/9/2019 | $16.41 | 10/8/2019 | $16.85 |
| 8/9/2019 | $13.94 | 9/10/2019 | $16.49 | 10/9/2019 | $16.83 |
| 8/12/2019 | $14.05 | 9/11/2019 | $16.59 | 10/10/2019 | $16.81 |
| 8/13/2019 | $14.25 | 9/12/2019 | $16.71 | 10/11/2019 | $16.81 |
| 8/14/2019 | $14.37 | 9/13/2019 | $16.79 | 10/14/2019 | $16.82 |
| 8/15/2019 | $14.56 | 9/16/2019 | $16.87 | 10/15/2019 | $16.82 |
| 8/16/2019 | $14.72 | 9/17/2019 | $16.96 | 10/16/2019 | $16.83 |
| 8/19/2019 | $14.91 | 9/18/2019 | $16.98 | 10/17/2019 | $16.83 |
| 8/20/2019 | $15.14 | 9/19/2019 | $17.01 | 10/18/2019 | $16.83 |
| 8/21/2019 | $15.36 | 9/20/2019 | $17.02 | 10/21/2019 | $16.83 |
| 8/22/2019 | $15.50 | 9/23/2019 | $17.02 | 10/22/2019 | $16.84 |
| 8/23/2019 | $15.63 | 9/24/2019 | $17.02 | 10/23/2019 | $16.86 |
| 8/26/2019 | $15.73 | 9/25/2019 | $17.01 | 10/24/2019 | $16.87 |
| 8/27/2019 | $15.80 | 9/26/2019 | $16.99 | 10/25/2019 | $16.90 |
| 8/28/2019 | $15.87 | 9/27/2019 | $16.96 | 10/28/2019 | $16.92 |

### Calculation of Recognized Loss Amount Per Share for Securities Act Claims

Calculation of Recognized Loss Amount Per Share for Securities Act Claims

38.   Plaintiffs also asserted claims in the Action under the Securities Act with respect to 2U Securities purchased or otherwise acquired pursuant or traceable to the Registration Statement ("Securities Act Claims"), pursuant to which shares of 2U Securities were sold to the public at the offering price of $90.00 per share.

39.   The Securities Act Claims asserted in the Action were brought only with respect to 2U Securities that were purchased or otherwise acquired pursuant or traceable to the Registration Statement.

40.   Shares of 2U Securities purchased or otherwise acquired on or between May 21, 2018 and May 25, 2018, both dates inclusive, at the offering price of $90.00 per share ("Securities Act Eligible 2U Securities"), are eligible for additional Recognized Loss Amounts.

41.   For any Securities Act Eligible 2U Securities that were purchased or otherwise acquired, Recognized Loss Amounts will be calculated in the manner set forth above concerning Exchange Act Claims, and any Recognized Loss Amount greater than zero for any Securities Act Eligible 2U Securities will then be increased by 25%.

42.   This approach to calculating Recognized Loss Amounts for Securities Act Claims is intended to reflect the determination of Lead Counsel that, although the damages alleged to be actionable under the Exchange Act Claims and the Securities Act Claims generally relate to similar alleged misconduct, the Securities Act Claims add value to the overlapping Exchange Act Claims because they would be easier to prove and therefore were more likely to be successful if litigated to a conclusion.

**ADDITIONAL PROVISIONS**

43.     The Net Settlement Fund will be allocated among Authorized Claimants based on the amount of each Authorized Claimant's Recognized Claim.

44.     If a Settlement Class Member has more than one purchase/acquisition or sale of 2U Securities, purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

45.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

46.     Purchases or acquisitions and sales of 2U Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of 2U Securities during the Class Period shall not be deemed a purchase, acquisition, or sale of 2U Securities for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any 2U Securities unless (i) the donor or decedent purchased or otherwise acquired such 2U Securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

47.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the 2U Securities. The date of a "short sale" is deemed to be the date of sale of the 2U Securities. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in 2U Securities, the earliest Class Period purchases or acquisitions of 2U Securities shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

48.     Option contracts are not securities eligible to participate in the Settlement. With respect to 2U Securities purchased or sold through the exercise of an option, the purchase/sale date of the 2U Securities is the exercise date of the option and the purchase/sale price of the 2U Securities is the exercise price of the option.

49.     To the extent an Authorized Claimant had a market gain with respect to his, her, or its overall transactions in 2U Securities during the Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement. To the extent an Authorized Claimant suffered an overall market loss with respect to his, her, or its overall transactions in 2U Securities during the Class Period, but that market loss was less than the Recognized Claim calculated above, then the Authorized Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

50.     For purposes of determining whether an Authorized Claimant had a market gain with respect to his, her, or its overall transactions in 2U Securities during the Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and the Holding Value.[6] If the Authorized Claimant's Total Purchase Amount *minus* the sum of the Total Sales Proceeds and the Holding Value is a positive number, that number will be the Authorized Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Authorized Claimant's market gain on such securities.

51.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund within a reasonable time after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a

---

[4] The "Total Purchase Amount" is the total amount the Authorized Claimant paid (excluding commissions and other charges) for all 2U Securities purchased or acquired during the Class Period.

[5] The Claims Administrator shall match any sales of 2U Securities during the Class Period, first against the Authorized Claimant's opening position in 2U Securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of 2U Securities sold during the Class Period shall be the "Total Sales Proceeds."

[6] The Claims Administrator shall ascribe a "Holding Value" to shares of 2U Securities purchased or otherwise acquired during the Class Period and still held as of the close of trading on July 30, 2019, which shall be $12.80 (i.e., the closing price of 2U Securities on the latest Corrective Disclosure Date). The total calculated holding values for all 2U Securities shall be the Authorized Claimant's "Total Holding Value."

AG76311 v.05

11

re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.

52. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Claimants. No Claimant shall have any claim against the Plaintiffs, the Settlement Class, Plaintiffs' Counsel, Defendants' Releasees (as defined below), Defendants' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, the Plan of Allocation, or otherwise as further ordered by the Court. The Plaintiffs, Defendants, their respective counsel, Plaintiffs' damages expert, and all other Releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

53. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement website.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

54. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). Upon the Effective Date of the Settlement, the Judgment will dismiss with prejudice the claims against Defendants and will provide that Plaintiffs and all other Plaintiffs' Releasees (as defined in ¶56 below) and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment or Alternative Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (as defined in ¶57 below), including, without limitation, Unknown Claims (as defined in ¶59 below), against any and all Defendants' Releasees (as defined in ¶55 below) and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees, in this Action or in any other proceeding, whether or not they execute and deliver the Claim Form or share in the Settlement Fund. Claims to enforce the terms of the Settlement are not released.

55. "Defendants' Releasees" means any and all defendants named in any of the complaints filed in the Action, and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, representatives, associates, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' Immediate Family, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

56. "Plaintiffs' Releasees" means Plaintiffs, the Settlement Class, and any and all of their related parties, in their capacities as such, including, without limitation, any and all of their past or present parents, subsidiaries, affiliates, predecessors, or successors, as well as any and all of their current or former officers, directors, employees, associates, members of their immediate families, agents or other persons acting on their behalf, underwriters, attorneys (including Plaintiffs' Counsel), advisors, financial advisors, publicists, independent certified public accountants, auditors, accountants, assigns, creditors, administrators, heirs, estates, or legal representatives and Plaintiffs' Counsel and their respective successors, assigns, representatives, officers, directors, attorneys and agents. Plaintiffs' Releasees does not include any person or entity that timely and validly seeks exclusion from the Settlement Class.

57. "Released Plaintiffs' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, including both known claims and Unknown Claims, whether contingent or non-contingent, indirect or direct, or suspected

or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, and regardless of legal theory, and including claims for indemnification, contribution, or otherwise denominated, that have been asserted, could have been asserted, or could be asserted in the future, that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Complaint or in any of the prior complaints and (ii) in any way are based upon or related to, directly or indirectly, the purchase, acquisition, or sale or other acquisition or disposition, or holding of 2U Securities during the Class Period. Notwithstanding the aforementioned, the following claims are explicitly excluded from release: all claims (1) related to enforcement of the MOU or the Stipulation or (2) asserted derivatively on behalf of 2U in *Lucey v. Paucek*, No. 20-cv-02424-GLR (D. Md.), *Theis v. Paucek*, No. 20-cv-3360-PAC (S.D.N.Y), and *Shumacher v. Paucek*, No. 2020-1019-LWW (Del. Ch.). Nothing in the Stipulation shall release any claims of any person or entity that properly and timely excludes itself from the Settlement Class.

58.    "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, including both known claims and Unknown Claims, whether contingent or non-contingent, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against all Defendants. "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of the Settlement or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court.

59.    "Unknown Claims" means (i) any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member, and their respective heirs, executors, administrators, attorneys, agents, predecessors, successors and assigns in their capacities as such, do not know or suspect to exist in his, her or its favor at the time of the release of such claims, and (ii) any Released Defendants' Claims which any Defendant, and their respective heirs, executors, administrators, attorneys, agents, predecessors, successors and assigns in their capacities as such, do not know or suspect to exist in his, her, or its favor at the time of the release of such claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, to the fullest extent permitted by law, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Parties and Settlement Class Members acknowledge, and shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he or she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Plaintiffs and Defendants shall expressly, fully, finally, and forever, settle and release, and each of the other Settlement Class Members shall be deemed to have settled and released, and upon the Effective Date by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, fully, finally, and forever, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

60.    The Judgment also will provide that Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees, in this Action or in any other proceeding, except for claims relating to the enforcement of the Settlement.

AG76313 v.05

13

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
## HOW WILL THE LAWYERS BE PAID?

61.     Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been paid for their expenses. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel (Pomerantz LLP, Labaton Sucharow LLP, and Goldman & Minton, P.C.) from the Settlement Fund of no more than 33.4% of the Settlement Amount, plus interest. At the same time, Lead Counsel also intends to apply for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses in a total amount not to exceed $425,000, plus accrued interest. The Court will determine the amount of the award of fees and expenses. Lead Counsel may apply for awards to Plaintiffs, in an amount not to exceed $60,000, in connection with their representation of the Settlement Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?
## WHAT DO I NEED TO DO?

62.     If you fall within the definition of the Settlement Class as described above, and you are not excluded by the definition of the Settlement Class and you do not elect to exclude yourself from the Settlement Class, then you are a Settlement Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Settlement Class.

63.     If you are a Settlement Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement. A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you or to submit a claim electronically. The website is www.2USecuritiesClassAction.com. You may also request a Claim Form by calling toll-free (855) 789-0808. Those who exclude themselves from the Settlement Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court. Please retain all original records of your ownership of, or transactions in, 2U Securities, as they may be needed to document your claim.

64.     As a Settlement Class Member, for purposes of the Settlement, you are represented by Plaintiffs, and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf with the Court so that the notice is received **on or before November 10, 2022**.

65.     If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" below. If you exclude yourself from the Settlement Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Defendants' Releasees (as defined in ¶55 above) with respect to any of the Released Plaintiffs' Claims (as defined in ¶57 above).

66.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below. If you exclude yourself from the Settlement Class, you are not entitled to submit an objection.

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?
## HOW DO I EXCLUDE MYSELF?

67.     Each Settlement Class Member will be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Settlement Class, addressed to *2U, Inc. Securities Settlement*, ATTN: EXCLUSION REQUEST, c/o Epiq Class Action & Claims Solutions, Inc., PO Box 5413, Portland, OR 97228-5413. The exclusion request must be *received* **no later than November 18, 2022**. Each request for exclusion must clearly indicate the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Settlement Class in *In re 2U, Inc. Securities Class Action*, No. 8:19-cv-03455-TDC, and must be signed by such person or entity. Such persons

or entities requesting exclusion are also directed to provide the following information: the number of shares of 2U Securities that the person or entity requesting exclusion (i) owned as of the opening of trading on February 26, 2018 and as of the close of trading on October 28, 2019 and (ii) purchased, acquired and/or sold from February 26, 2018 through October 28, 2019, inclusive, as well as the dates and prices for each such purchase, acquisition and sale. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

68.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have, or later file, a pending lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of limitations and/or statute of repose.

69.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. If a person or entity requests to be excluded from the Settlement Class, that person or entity will not receive any benefit provided for in the Stipulation.

70.    If the requests for exclusion from the Settlement exceed a certain amount, as set forth in a separate confidential supplemental agreement between Plaintiffs and Defendants (the "Supplemental Agreement"), 2U shall have, in its sole discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

71.    **You can object to or be part of the Settlement without attending the Settlement Fairness Hearing. If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Fairness Hearing.**

72.    The Settlement Fairness Hearing will be held on December 9, 2022, at 9:30 a.m., before the Honorable Theodore D. Chuang, at the United States District Court, District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770, or remotely per details that will be made publicly available on the Settlement website (www.2USecuritiesClassAction.com) in advance of the Settlement Fairness Hearing. The Court reserves the right to approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

73.    Any Settlement Class Member who does not request exclusion may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.[7] You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the proposed Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

74.    Any objection to the proposed Settlement must be in writing. All written objections and supporting papers must (a) clearly identify the case name and number (*In re 2U, Inc. Securities Class Action*, No. 8:19-cv-3455 TDC), (b) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court, District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770, or by filing them in person at any location of the United States District Court for the District of Maryland, and (c) be **filed or postmarked on or before November 10, 2022**.

75.    The notice of objection must include documentation establishing the objecting person or entity's membership in the Settlement Class, including the number of shares of 2U Securities that the objecting person or entity (1) owned as of the opening of trading on February 26, 2018 and close of trading on October 28, 2019, and

---

[7] Plaintiffs' initial motion papers in support of these matters will be filed with the Court on or before October 28, 2022.

(2) purchased, acquired and/or sold from February 26, 2018 through October 28, 2019, as well as the dates and prices for each such purchase, acquisition and sale, and contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Fairness Hearing, and the objector's signature, even if represented by counsel. The objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

76.     You may not object to the Settlement or any aspect of it if you exclude yourself from the Settlement Class.

77.     You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not appear at the Settlement Fairness Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

78.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. If you decide to hire an attorney, which will be at your own expense, he or she must file a notice of appearance with the Court so that the notice is *received* **on or before November 10, 2022**.

79.     The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the Settlement website, www.2USecuritiesClassAction.com. If you plan to attend the Settlement Fairness Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

80.     Nominees who purchased or acquired 2U Securities for beneficial owners who are Settlement Class Members are directed to: (a) request, within ten (10) calendar days of receipt of this Notice, additional copies of the Notice and the Claim Form ("Notice Packet") from the Claims Administrator for such beneficial owners; or (b) send a list of the names, addresses, and email addresses (to the extent available) of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of this Notice. If a nominee elects to send the Notice Packet to beneficial owners, such nominee is directed to mail the Notice Packet within ten (10) calendar days of receipt of the additional copies of the Notice Packet from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions in an amount not to exceed $0.10 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free (855) 789-0808, and may be downloaded from the Settlement website, www.2USecuritiesClassAction.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

81.     This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.2USecuritiesClassAction.com, including, among other documents, copies of the Stipulation and Claim Form. This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Stipulation available at www.2USecuritiesClassAction.com, or by contacting Lead Counsel below. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court, District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770, during regular office hours, Monday through Friday, excluding Court holidays. All inquiries concerning this Notice or the Claim Form should be directed to:

*2U, Inc. Securities Settlement*
c/o Epiq Class Action & Claims Solutions, Inc.
PO Box 5413
Portland, OR 97228-5413
(855) 789-0808
info@2USecuritiesClassAction.com
www.2USecuritiesClassAction.com

Claims Administrator

**-or-**

Jeremy Lieberman, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com

Lead Counsel

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS'
COUNSEL, OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: June 24, 2022                    By Order of the Court
                                        United States District Court
                                        District of Maryland

AG76317 v.05

17

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE 2U, INC. SECURITIES CLASS ACTION | Consolidated Case No. 8:19-cv-03455-TDC |
| | PROOF OF CLAIM AND RELEASE |

## PART I - INTRODUCTION

**A.      General Instructions**

1.      To recover as a member of the Settlement Class based on your claims in the action entitled *In re 2U, Inc. Securities Class Action*, No. 8:19-cv-03455-TDC (the "Action"), you must complete, and on page 6 (and page 7, if applicable), sign this Proof of Claim and Release ("Claim Form"). If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action (the "Settlement").[1]

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Action.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, ON OR BEFORE OCTOBER 29, 2022, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR AT THE FOLLOWING ADDRESS:

*2U, Inc. Securities Settlement*
c/o Epiq Class Action and Claims Solutions, Inc.
PO Box 5413
Portland, OR 97228-5413

Online submissions: www.2USecuritiesClassAction.com

If you are NOT a member of the Settlement Class, as defined below and in the Notice of (i) Proposed Settlement, (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses, and (iii) Settlement Fairness Hearing (the "Notice"), DO NOT submit a Claim Form.

4.      If you are a member of the Settlement Class and you do not timely and validly request exclusion from the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.      It is important that you read the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read the Notice, including the terms of the releases described in the Notice and provided for in the Settlement.

---

[1] This Proof of Claim and Release incorporates the definitions in the Stipulation and Agreement of Settlement (the "Stipulation"), which can be obtained at www.2USecuritiesClassAction.com.

**B.      Claimant Identification**

1.      You are a member of the Settlement Class if you purchased or otherwise acquired publicly traded common stock of 2U, Inc. ("2U"), including shares purchased or acquired pursuant or traceable to 2U's Preliminary Prospectus Supplement dated May 21, 2018 and Prospectus Supplement filed with the U.S. Securities and Exchange Commission on May 23, 2018, which are part of the Registration Statement on Form S-3 ("2U Securities"), during the period from February 26, 2018 through July 30, 2019, both dates inclusive. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of 2U; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of 2U and the directors and officers of 2U and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Settlement Class; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

2.      If you purchased or otherwise acquired and held 2U Securities in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or otherwise acquired 2U Securities that were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

3.      Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of 2U Securities. The complete name(s) of the beneficial owner(s) must be entered. If you held the eligible 2U Securities in your own name, you are the beneficial owner as well as the record owner. If, however, your shares of eligible 2U Securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. THIS CLAIM MUST BE SUBMITTED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S), OF THE 2U SECURITIES UPON WHICH THIS CLAIM IS BASED.

4.      All joint purchasers must sign this Claim Form and be identified in Part II. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

5.      **One Claim Form should be submitted for each separate legal entity.** A separate Claim Form should be submitted for each separate legal entity (*e.g.*, a claim for joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

6.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons or entities represented by them, and they must:

       (a)      expressly state the capacity in which they are acting;

       (b)      identify the name, account number, Social Security number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the 2U Securities; and

       (c)      provide evidence of their authority to bind the person or entity on whose behalf they are acting. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of trust documents. (Authority to complete and sign a Claim Form cannot be established by a stockbroker demonstrating only that it has discretionary authority to trade securities in another person or entity's accounts.)

7.      By submitting a signed Claim Form, you will be swearing that you:

       (a)      own or owned the 2U Securities you have listed in the Claim Form; or

       (b)      are expressly authorized to act on behalf of the owner thereof.

**C.     Transactions in 2U Securities**

1.      Use Part III of this form entitled "Schedule of Transactions in 2U Securities" to supply all required details of your transaction(s) in 2U Securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases, acquisitions, and sales of 2U Securities that took place at any time from February 26, 2018 through October 28, 2019, both dates inclusive, including whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim. Also, list the number of 2U Securities held as of the opening of trading on February 26, 2018, and as of the close of trading on October 28, 2019.

3.      List each of the transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4.      For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of 2U Securities, and the date of a "short sale" is deemed to be the date of sale of 2U Securities.

5.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of 2U Securities set forth in the Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in 2U Securities. IF THESE DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

6.      The requests in this Claim Form are designed to gather the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional information as required to efficiently and reliably process your claim.

7.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

8.      **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

9.      If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., at the address on the first page of the Claim Form, by email at info@2USecuritiesClassAction.com, or by toll-free phone at (855) 789-0808, or you can visit the website, www.2USecuritiesClassAction.com, where copies of the Claim Form and Notice are available for downloading.

10.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. (This is different than submitting a claim online using the Settlement website.) All such claimants MUST also submit a manually signed paper Claim Form whether or not they also submit electronic copies. To obtain the *mandatory* electronic filing requirements and file layout, please visit the Settlement website at www.2USecuritiesClassAction.com or you may email the Claims Administrator's electronic filing department at info@2USecuritiesClassAction.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** Only one claim should be submitted for each separate legal entity (*see* ¶B.5 above) and the *complete* name of the beneficial owner(s) of the 2U Securities must be entered where called for (*see* ¶B.3 & 4 above). No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email indicating receipt and acceptance of electronically submitted data. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@2USecuritiesClassAction.com to inquire about your file and confirm it was received.**

**IMPORTANT: PLEASE NOTE**

YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR EMAIL. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (855) 789-0808.

## PART II – CLAIMANT IDENTIFICATION

Beneficial Owner's First Name         MI         Beneficial Owner's Last Name

Joint Beneficial Owner's First Name (if applicable)         MI         Joint Beneficial Owner's Last Name (if applicable)

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City         State         ZIP Code

Country

Social Security Number or Taxpayer Identification Number

Telephone Number (work)         Telephone Number (home)

Claimant Account Type (check appropriate box)

☐ Individual         ☐ Corporation         ☐ Other _____ (please specify)

Record Owner's Name (if different from beneficial owner listed above)

**PART III – SCHEDULE OF TRANSACTIONS IN 2U SECURITIES**

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.5 of the Instructions. Do not include information regarding securities other than 2U Securities.

| | |
|---|---|
| A. Number of shares of 2U common stock held at the opening of trading on February 26, 2018. (Must be documented.) If none, write "zero": <br><br> _____ | Confirm Proof of Position Enclosed <br><br> ☐ |

B. Purchases or acquisitions of 2U common stock from February 26, 2018 through October 28, 2019, both dates inclusive. (Must be documented).

| Date of Purchase/ Acquisition (List Chronologically) (MM/DD/YY) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) | IMPORTANT If any purchase listed covered a "short sale," please mark Yes | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|---|
| ☐☐ ☐☐ ☐☐ | ☐☐☐☐☐ | $ ☐☐☐☐ . ☐☐ | $ ☐☐☐☐ . ☐☐ | ☐ Yes | ☐ |
| ☐☐ ☐☐ ☐☐ | ☐☐☐☐☐ | $ ☐☐☐☐ . ☐☐ | $ ☐☐☐☐ . ☐☐ | ☐ Yes | ☐ |
| ☐☐ ☐☐ ☐☐ | ☐☐☐☐☐ | $ ☐☐☐☐ . ☐☐ | $ ☐☐☐☐ . ☐☐ | ☐ Yes | ☐ |
| ☐☐ ☐☐ ☐☐ | ☐☐☐☐☐ | $ ☐☐☐☐ . ☐☐ | $ ☐☐☐☐ . ☐☐ | ☐ Yes | ☐ |

| | |
|---|---|
| C. Purchases During 90-Day Lookback Period – State the total number of shares of 2U common stock purchased from July 31, 2019 through and including October 28, 2019. (Must submit documentation.)[2] <br><br> _____ | Confirm Proof of Position Enclosed <br><br> ☐ |
| D. Sales of 2U common stock from February 26, 2018 through October 28, 2019, both dates inclusive. (Must be documented.): | IF NONE, CHECK HERE <br><br> ☐ |

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| ☐☐ ☐☐ ☐☐ | ☐☐☐☐☐ | $ ☐☐☐☐ . ☐☐ | $ ☐☐☐☐ . ☐☐ | ☐ |
| ☐☐ ☐☐ ☐☐ | ☐☐☐☐☐ | $ ☐☐☐☐ . ☐☐ | $ ☐☐☐☐ . ☐☐ | ☐ |
| ☐☐ ☐☐ ☐☐ | ☐☐☐☐☐ | $ ☐☐☐☐ . ☐☐ | $ ☐☐☐☐ . ☐☐ | ☐ |
| ☐☐ ☐☐ ☐☐ | ☐☐☐☐☐ | $ ☐☐☐☐ . ☐☐ | $ ☐☐☐☐ . ☐☐ | ☐ |

| | |
|---|---|
| E. Number of shares of 2U common stock held at the close of trading on October 28, 2019. (Must be documented.) If none, write "zero": <br><br> _____ | Confirm Proof of Position Enclosed <br><br> ☐ |

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6 (AND PAGE 7, IF APPLICABLE). FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

_____

[2] Information requested in this Claim Form with respect to your transactions on July 31, 2019 through and including the close of trading on October 28, 2019, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases during this period, however, are not eligible for a recovery because these purchases are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

**PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement dated May 31, 2022 ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Maryland, with respect to my (our) claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of 2U Securities during the Class Period and know of no other person or entity having done so on my (our) behalf.

**PART V – RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Plaintiffs' Claims (including Unknown Claims) against each and all of the Defendants' Releasees (including all Defendants), all as defined herein and in the Notice and Stipulation.

2.      This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of 2U Securities and know of no other person or entity having done so on my (our) behalf.

4.      I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) holdings of 2U Securities on the dates set forth above and my (our) purchases, acquisitions, and sales of 2U Securities during the time periods set forth above.

5.      The Social Security (or taxpayer identification) number(s) shown on this form is (are) correct.

6.      I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

7.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2022,
                                          (Month/Year)

in _____, _____
            (City)                              (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, e.g., Beneficial Purchaser or Acquirer, Executor or Administrator)

For Joint Beneficial Purchaser, if any:

|  |
|---|

(Sign your name here)

|  |
|---|

(Type or print your name here)

ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.      Please sign the above release and acknowledgment.

2.      Remember to attach copies of supporting documentation.

3.      Do not send originals of stock certificates or other documentation as they will not be returned to you.

4.      Keep a copy of your Claim Form and all supporting documentation for your records.

5.      Your claim is not deemed submitted until you receive an acknowledgement postcard. The Claims Administrator will acknowledge receipt of your Claim Form within 60 days. **If you do not receive an acknowledgement postcard or email within 60 days, please call the Claims Administrator toll free at (855) 789-0808.**

6.      If you move, please send your new address to the address below.

7.      Do not use highlighter on the Claim Form or supporting documentation.

8.      If you have any questions or concerns regarding your claim, contact the Claims Administrator at *2U, Inc. Securities Settlement* c/o Epiq Class Action and Claims Solutions, Inc., PO Box 5413, Portland, OR 97228-5413, by email at info@2USecuritiesClassAction.com, or by toll-free phone at (855) 789-0808, or you may visit www.2USecuritiesClassAction.com. DO NOT call the Court, 2U, the other Defendants, or their counsel with questions regarding your claim.

# EXHIBIT B

*2U, Inc. Securities Settlement*
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5413
Portland, OR 97228-5413

| | |
|---|---|
| Website: | www.2USecuritiesClassAction.com |
| Email: | info@2USecuritiesClassAction.com |
| Phone: | 1-855-789-0808 |

## NOTICE TO BROKERS, BANKS, AND OTHER NOMINEES

### TIME-SENSITIVE
### ACTION REQUIRED ON YOUR PART

> ### *In the Matter of In Re 2U, Inc. Securities Class Action*
> ### Consolidated Case No. 8:19-cv-03455-TDC

You may be a bank, broker or other nominee that purchased or acquired 2U Securities for beneficial owners who are Settlement Class Members.

The enclosed Notice Packet provides information on the Settlement. Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired the publicly traded common stock of 2U, Inc. ("2U" or the "Company"), including shares purchased or otherwise acquired pursuant or traceable to the Company's Preliminary Prospectus Supplement dated May 21, 2018 and Prospectus Supplement filed with the U.S. Securities Exchange Commission on May 23, 2018, which are part of the Registration Statement on Form S-3 ("2U Securities") during the period of time from February 26, 2018 through July 30, 2019, both dates inclusive (the "Class Period"). The CUSIP for 2U, Inc. common stock is 90214J101. The ticker symbol is TWOU.

NOTICE OF SETTLEMENT:  Please also be advised that the Lead Plaintiff Fiyyaz Pirani ("Pirani" or "Lead Plaintiff") and Additional Named Plaintiff Oklahoma City Employee Retirement System ("OCERS" or "Additional Named Plaintiff") (collectively, "Plaintiffs"), on behalf of the Settlement Class (as defined in ¶1 below), have reached a proposed settlement of the Action for a total of $37 million in cash that will resolve all claims in the Action (the "Settlement").

If you are a broker or other nominee who purchased or acquired 2U Securities for beneficial owners who are Settlement Class Members are directed to:

   a.   Request, within ten (10) calendar days of receipt of this Notice, additional copies of the Notice and the Claim Form ("Notice Packet") from the Claims Administrator for such beneficial owners; or

   b.   Send a list of the names, addresses, and email addresses (to the extent available) of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of this Notice.

**PLEASE NOTE: These documents contain deadlines that could impact your customers' rights.**

**If you are providing a list of names and addresses to the Claims Administrator, please do the following:**

   (a)   Compile a list of names, last known addresses, and email addresses (to the extent available) of the beneficial owners described above.

   (b)   Prepare the list in Microsoft Excel format following the "Electronic Name and Address File Layout" set forth on page 2 below. A preformatted spreadsheet can also be found on the "Nominees" page on the website, www.2USecuritiesClassAction.com.

   (c)   Then you must do one of the following:

         1.   Burn the Microsoft Excel file(s) to a CD or DVD and mail the CD or DVD to the following address:

*2U, Inc. Securities Settlement*
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5413
Portland, OR 97228-5413

**For Questions, Please Call 855-789-0808**

AG7691 v.03

**1**

2.    Email the spreadsheet to info@2USecuritiesClassAction.com; or

3.    Upload the spreadsheet to the "Nominees" page of the website at www.2USecuritiesClassAction.com.

**If you are going to forward the Notice Packet to the beneficial owners**, request the needed number of copies of the Notice Packet via email to info@2USecuritiesClassAction.com. You must mail the Notice Packets to the beneficial owners within ten (10) calendar days of your receipt of the Notice Packets.

### Expense Reimbursement

Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions in an amount not to exceed $0.10 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Please submit your invoice within one month of completing the mailing or providing your file.

### Electronic Name and Address File Layout

| Column | Description | Length | Notes |
|---|---|---|---|
| A | Account # | 15 | Unique identifier for each record |
| B | Beneficial owner's first name | 25 | |
| C | Beneficial owner's middle name | 15 | |
| D | Beneficial owner's last name | 30 | |
| E | Joint beneficial owner's first name | 25 | |
| F | Joint beneficial owner's middle name | 15 | |
| G | Joint beneficial owner's last name | 30 | |
| H | Business or record owner's name | 60 | Businesses, trusts, IRAs, and other types of accounts |
| I | Representative or contact name | 45 | |
| J | Address 1 | 35 | |
| K | Address 2 | 25 | |
| L | City | 25 | |
| M | U.S. state or Canadian province | 2 | U.S. and Canada addresses only[1] |
| N | ZIP Code | 10 | |
| O | Country (other than U.S.) | 15 | |
| P | Email Address | 15 | |

If you have any questions, you may contact the Claims Administrator at 1-855-789-0808, or by email at info@2USecuritiesClassAction.com. Thank you for your cooperation.

---

[1] For countries other than the U.S. and Canada, place any territorial subdivision in "Address 2" field.

**For Questions, Please Call 855-789-0808**

AG7692 v.03

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE 2U, INC. SECURITIES CLASS ACTION | Consolidated Case No. 8:19-cv-03455-TDC<br><br>SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING |

*IF YOU PURCHASED OR OTHERWISE ACQUIRED 2U, INC. ("2U") COMMON STOCK ("2U SECURITIES") FROM FEBRUARY 26, 2018 THROUGH JULY 30, 2019, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.   CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE SETTLEMENT CLASS AS SET FORTH IN THE STIPULATION AND AGREEMENT OF SETTLEMENT.*

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the United States District Court for the District of Maryland, that in the above-captioned litigation (the "Action"), a Settlement has been proposed for $37,000,000.00 in cash.  A hearing will be held on December 9, 2022, at 9:30 a.m., before the Honorable Theodore D. Chuang, at the United States District Court, District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770, or remotely per details that will be made publicly available on the Settlement website (www.2USecuritiesClassAction.com), for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation and Agreement of Settlement (the "Stipulation") should be entered dismissing the Action against all Defendants with prejudice; (3) a Settlement Class of all persons, other than Defendants and other excluded persons, who purchased or otherwise acquired 2U Securities during the Class Period (the "Settlement Class"), should be finally certified for purposes of the Settlement only; (4) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; (5) the application of Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, should be approved and, if so, in what amount; and (6) to award Plaintiffs out of the Settlement Fund pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Settlement Class and, if so, in what amount.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE ACTION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.**  If you have not received a detailed Notice of (i) Proposed Settlement, (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses, and (iii) Settlement Fairness Hearing (the "Notice") and a copy of the Proof of Claim and Release ("Claim Form"), you may obtain a copy of these documents by contacting the Claims Administrator: *2U Securities Settlement*, c/o Epiq Class Action & Claims Solutions, Inc., PO Box 5413, Portland, OR 97228-5413. You may also obtain copies of the Stipulation, Notice, and Claim Form at www.2USecuritiesClassAction.com.

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form by mail **postmarked no later than October 29, 2022, or submit it online by that date**. If you are a Settlement Class Member and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Action (including the releases provided for therein).

To exclude yourself from the Settlement Class, you must mail a written request for exclusion so that it is **received by November 18, 2022**, in accordance with the instructions set forth in the Notice.  If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by any judgment entered by the Court in this Action (including the releases provided for therein) whether or not you submit a Claim Form.  If you submit a written request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation of Settlement proceeds, or the fee and expense application must be filed with the Court **no later than November 10, 2022**.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Lead Counsel at the following address or by calling (212) 661-1100:

Pomerantz LLP
Jeremy Lieberman
600 Third Avenue, 20th Floor
New York, NY 10016
jalieberman@pomlaw.com

DATED: June 24, 2022                    BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        DISTRICT OF MARYLAND

# INVESTOR'S BUSINESS DAILY®

### Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication:     IBD Weekly
Address:     12655 Beatrice Street
City, State, Zip:     Los Angeles, CA 90066
Phone #:     310.448.6700
State of:     California
County of:     Los Angeles

I, __Shaun Shen__ for the publisher of __IBD Weekly__ , published in the city of __Los Angeles__ , state of __California__ , county of __Los Angeles__ hereby certify that the attached notice(s) for __2U, INC.__ was printed in said publication on the following date(s):

**JULY 11, 2022**

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __11th__ day of __July__ , __2022__ , by

_____ , proved to me on the basis of satisfactory evidence to be the person(s) who

appeared before me.

Signature _____ (Seal)



RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

# Pomerantz LLP Announces Settlement of Class Action Involving Purchasers of 2U, Inc. Common Stock

NEWS PROVIDED BY

**Pomerantz LLP** ➜
Jul 11, 2022, 09:00 ET

GREENBELT, Md., July 11, 2022 /PRNewswire/ --

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE 2U, INC. SECURITIES CLASS ACTION | Consolidated Case No. 8:19-cv-03455-TDC<br><br>SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING |

*IF YOU PURCHASED OR OTHERWISE ACQUIRED 2U, INC. ("2U") COMMON STOCK ("2U SECURITIES") FROM FEBRUARY 26, 2018 THROUGH JULY 30, 2019, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.  CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE SETTLEMENT CLASS AS SET FORTH IN THE STIPULATION AND AGREEMENT OF SETTLEMENT.*

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the United States District Court for the District of Maryland, that in the above-captioned litigation (the "Action"), a Settlement has been proposed for $37,000,000.00 in cash.  A hearing will be held on December 9, 2022, at 9:30 a.m., before the Honorable Theodore D. Chuang, at the United States District Court, District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770, or remotely per details that will be made publicly available on the Settlement website (www.2USecuritiesClassAction.com), for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation and Agreement of Settlement (the "Stipulation") should be entered dismissing the Action against all Defendants with prejudice; (3) a Settlement Class of all persons, other than Defendants and other excluded persons, who purchased or otherwise acquired 2U Securities during the Class Period (the "Settlement Class"), should be finally certified for purposes of the Settlement only; (4) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; (5) the application of Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, should be approved and, if so, in what amount; and (6) to award Plaintiffs out of the Settlement Fund pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Settlement Class and, if so, in what amount.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE ACTION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND**.  If you have not received a detailed Notice of (i) Proposed Settlement, (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses, and (iii) Settlement Fairness Hearing (the "Notice") and a copy of the Proof of Claim and Release ("Claim Form"), you may obtain a copy of these documents by contacting the Claims Administrator: *2U Securities Settlement*, c/o Epiq Class Action & Claims Solutions, Inc., PO Box 5413, Portland, OR 97228-5413.  You may also obtain copies of the Stipulation, Notice, and Claim Form at www.2USecuritiesClassAction.com.

If you are a Settlement Class Member to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form by mail **postmarked no later than October 29, 2022, or submit it online by that date**.  If you are a Settlement Class Member and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Action (including the releases provided for therein).

To exclude yourself from the Settlement Class, you must mail a written request for exclusion so that it is **received by November 18, 2022**, in accordance with the instructions set forth in the Notice.  If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by any judgment entered by the Court in this Action (including the releases provided for therein) whether or not you submit a Claim Form.  If you submit a written request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation of Settlement proceeds, or the fee and expense application must be filed with the Court **no later than November 10, 2022**.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**  If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Lead Counsel at the following address or by calling (212) 661-1100:

Pomerantz LLP

Jeremy Lieberman

600 Third Avenue, 20th Floor

New York, NY 10016

jalieberman@pomlaw.com

DATED: June 24, 2022

BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND


URL// www.2USecuritiesClassAction.com


SOURCE Pomerantz LLP