# Exhibit 8

*Unreported cases cited in Memorandum of Law in Support of otion For an Award of Attorneys' Fees, Payment of Litigation Expenses, And Reimbursement to Plaintiffs and Memorandum of Law in Support of Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation of the Net Proceeds of the Settlement*

| A. | *City of Farmington Hills Emps. Ret. Sys. v. Wells Fargo Bank N.A.,* No. 0:10-cv-04372 (D. Minn. Aug. 18, 2014), ECF No. 686 |
|---|---|
| B. | *Grae v. Corrections Corp. of Am.,* No. 3:16- cv-02267 (M.D. Tenn. Nov. 8, 2021), ECF No. 478 |
| C. | *In re Massey Energy Co. Sec. Litig.,* C. A. No. 5:10-cv-00689-ICB (S.D. W. Va. June 4, 2014), ECF No. 203 |
| D. | *In re Tronox, Inc. Sec. Litig.,* No. 09-cv-6220 (SAS) (S.D.N.Y. Nov. 26, 2012), ECF No. 202 |
| E. | *Landmen Partners, Inc. v. The Blackstone Grp., L.P.,* No. 1:08-cv-03601 (S.D.N.Y. Dec. 18, 2013), ECF No. 191 |
| F. | *Nieman v. Duke Energy Corp.,* No. 3:12-cv-00456 (W.D.N.C. Nov. 2, 2015), ECF No. 112 |



## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

THE CITY OF FARMINGTON HILLS
EMPLOYEES RETIREMENT SYSTEM
AND THE BOARD OF TRUSTEES OF
THE ARIZONA STATE CARPENTERS
PENSION TRUST FUND AND THE
ARIZONA STATE CARPENTERS
DEFINED CONTRIBUTION TRUST FUND,
Individually and on Behalf of All Others
Similarly Situated,

Civil No. 10-4372 (DWF/JJG)

Plaintiffs

v.

WELLS FARGO BANK, N.A.,

**FINAL ORDER AND JUDGMENT**

Defendant.

WHEREAS, the Named Plaintiffs The City of Farmington Hills Employees

Retirement System, The Board Of Trustees Of The Arizona State Carpenters Pension

Trust Fund and The Arizona State Carpenters Defined Contribution Trust Fund

(collectively, the "Named Plaintiffs") on behalf of themselves and the members of the

Class, and Wells Fargo Bank, N.A. ("Wells Fargo") entered into a Settlement

Agreement dated May 28, 2014, that provides for the payment of $62,500,000 and a

complete dismissal with prejudice of the claims asserted in the above-referenced litigation

against Wells Fargo on the terms and conditions set forth in the Settlement Agreement,

subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated June 5, 2014 (the "Preliminary Approval Order"), this

Court (a) preliminarily approved the Settlement; (b) ordered that notice of the

proposed Settlement be provided to members of the Class; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class; and

WHEREAS, the Court conducted a hearing on August 14, 2014 ("Final Approval Hearing") to (a) determine whether the Settlement should be approved by the Court as fair, reasonable and adequate; (b) determine whether judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Action against Wells Fargo with prejudice and extinguishing and releasing all Settled Claims (as defined therein) against all Wells Fargo Releasees and all Class Member Releasees ("Released Parties"); (c) rule on Class Counsel's application for an award of attorneys' fees and the reimbursement of Litigation Expenses; (d) rule on the Named Plaintiffs' requests for Service Awards; and (e) rule on such other matters as the Court may deem appropriate.

The Court has considered all matters submitted to it at the Final Approval Hearing and otherwise, the pleadings on file, the applicable law, and the record.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Court, for purposes of this Final Order and Judgment (the "Judgment") adopts all defined terms as set forth in the Settlement, and incorporates them herein by reference as if fully set forth.

2

2.     The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

3.     The Notice, the publication of Notice on a dedicated website and the notice methodology implemented pursuant to the Settlement Agreement and the Court's orders: (i) constituted the best notice practicable under the circumstances to all persons within the definition of the Class; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement Agreement, including releases, of their right to object to the proposed Settlement, of their right to participate in the Settlement, and of their right to appear at the Final Approval Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

4.     Pursuant to and in accordance with Rule 23 of the Federal Rules of Civil Procedure, the Settlement, including, without limitation, the Settlement Amount, the releases set forth therein, and the dismissal with prejudice of the Settled Claims against the Released Parties set forth therein, is finally approved as fair, reasonable and adequate.  The Settling Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the Settlement Agreement, and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

5.      The Action and the Complaint and all claims included therein, as well as all Settled Claims (defined in the Settlement Agreement), are dismissed with prejudice as to the Class Member Releasees (defined in the Settlement Agreement), and as against each and all of the Wells Fargo Releasees (defined in the Settlement Agreement).

(a)      All Class Members on behalf of themselves and their respective predecessors, successors and assigns, are hereby deemed to have finally, fully, and forever released, relinquished, and discharged all of the Wells Fargo Releasees from the Settled Claims.

(b)      Wells Fargo, on behalf of itself and its predecessors, successors and assigns, is hereby deemed to have finally, fully, and forever released, relinquished, and discharged all of the Class Member Releasees from the Settled Claims.

The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

6.      Notwithstanding Paragraph 5, nothing in this Judgment shall bar any action or claim by any of the Settling Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

7.      This Judgment and the Settlement Agreement, including any provisions contained in the Settlement Agreement, any negotiations, statements, or proceedings in connection therewith, or any action undertaken pursuant thereto:

4

(a) shall not be admissible in any action or proceeding for any reason, other than an action to enforce the settlement terms; and

(b) is not, and shall not be deemed, described, construed, offered or received as evidence of any presumption, concession, or admission by any person or entity of the truth of any fact alleged in the Action; the validity or invalidity of any claim or defense that was or could have been asserted in the Action or in any litigation; the amount of damages, if any, that would have been recoverable in the Action; or any liability, negligence, fault, or wrongdoing of any person or entity.

8. The Court hereby appoints Garden City Group as Settlement Administrator and Wells Fargo Bank, N.A. and Glancy Binkow & Goldberg LLP as Joint Escrow Agents.

9. The Plan of Allocation is approved as fair and reasonable, and Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Settlement Agreement.

10. The Court finds that the Settling Parties and their counsel have complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein, and that Named Plaintiffs and Class Counsel at all times acted in the best interests of the Class and had a good faith basis to bring, maintain and prosecute this Action in accordance with Federal Rule of Civil Procedure 11. The Court further finds that the Named Plaintiffs and Class Counsel adequately represented the Class Members in entering into and implementing the Settlement.

5

11.    No Class Member shall have any claim against Class Counsel, the Claims Administrator, or other agent designated by Class Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court.

12.    Subject to the Settlement Agreement, neither Wells Fargo nor its counsel, shall have any responsibility for, interest in, or liability whatsoever with respect to, and no Class Member shall have any claim against the Wells Fargo Releasees or Wells Fargo's Counsel with respect to: (a) the provisions of the Notice, including identifying and locating Class Members; (b) the design, administration or implementation of the Plan of Allocation; (c) the determination or administration of Taxes; (d) any act, omission or determination of Class Counsel, the Joint Escrow Agents or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (e) the management, investment or distribution of the Gross Settlement Fund and/or the Net Settlement Fund; (f) the Plan of Allocation; (g) the determination, administration, calculation or payment of claims asserted against the Gross Settlement Fund and/or the Net Settlement Fund; (h) the administration of the Settlement Escrow Account; (i) any losses suffered by, or fluctuations in the value of, the Gross Settlement Fund and/or the Net Settlement Fund; or (j) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Gross Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns; or (k) any expenses, costs, or losses incurred in connection with any of the above.

13.     Any order approving or modifying the Plan of Allocation set forth in the Notice, the application by Class Counsel for an award of attorneys' fees and reimbursement of expenses, or the application for Class Representative Service Awards, shall not disturb or affect the Finality of this Judgment or the Settlement Agreement.

14.     The Notice stated that Class Counsel would move for attorneys' fees in an amount not to exceed 33-⅓% of the Gross Settlement Fund, and Litigation Expenses in an amount not to exceed $2,450,000. In their Motion for Final Approval, Class Counsel requested attorneys' fees of 33-⅓% of the Gross Settlement Fund, totaling $20,833,333, and Litigation Expenses of $2,064,548.45.

15.     Class Counsel is hereby awarded a total of $ 20,833,333 in fees and $2,064,548.45 in Litigation Expenses, which sum the Court finds to be fair and reasonable. The foregoing award of fees and expenses shall be paid to Glancy Binkow & Goldberg, LLP from the Gross Settlement Fund, and such payment shall be made at the time and in the manner provided in the Settlement Agreement, with interest from the date the Gross Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Gross Settlement Fund. The appointment and distribution among Plaintiffs' Counsel of any award of attorneys' fees shall be within Glancy Binkow & Goldberg, LLP and the Miller Law Firm, PC's sole discretion.

16.     The Named Plaintiffs, Farmington and Arizona, are each awarded $50,000 (for a total combined award of $100,000) for their service, costs and expenses directly relating to the representation of the Class, which sum the Court finds to be fair and reasonable. The foregoing award shall be paid to the Named Plaintiffs from the Gross

7

Settlement Fund, and such payment shall be made at the time and in the manner provided in the Settlement Agreement, with interest from the date the Gross Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Gross Settlement Fund.

17. In making this award of attorneys' fees and Litigation Expenses and the Class Representative Service Awards to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $62,500,000 in cash that is already on deposit, plus interest thereon, and that numerous Class Members will benefit from the Settlement;

(b) Notice was disseminated to Class Members stating that Class Counsel were moving for attorneys' fees not to exceed 33-⅓% of the Gross Settlement Fund in a total amount not to exceed $20,833,333, and for Litigation Expenses in an amount not to exceed $2,450,000. Class Counsel filed their application for attorneys' fees and reimbursement of expenses 14 days prior to the deadline for objections in this Action, and one (1) objection was filed by a Class Member against the terms of the proposed Settlement or the fees and expenses contained in the Notice and Class Counsel's application;

(c) Class Counsel has conducted the litigation and achieved the Settlement in good faith and with skill, perseverance and diligent advocacy;

8

(d)    The Action involves complex factual and legal issues and was actively prosecuted for over three years, proceeded until trial was imminent, and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)    During discovery in this case, the Plaintiffs' Counsel produced and/or reviewed over approximately 7,000,000 pages of documents: in total, approximately 6,800,000 pages were produced by Wells Fargo, more than approximately 130,000 pages by Named Plaintiffs, and more than approximately 135,000 pages by third parties. Plaintiffs' Counsel took, defended and/or had access to more than 90 depositions. These depositions resulted in approximately 22,725 pages of recorded testimony and the inclusion of approximately 2,399 exhibits. The parties filed various motions including motions for partial summary judgment;

(f)    Had Class Counsel not achieved the Settlement there would remain a significant risk that the Named Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(g)    The amount of attorneys' fees and Litigation Expenses awarded from the Gross Settlement Fund are fair and reasonable under all of the circumstances and consistent with awards in similar cases; and

9

(h)    The Class Representative Service Awards are fair and reasonable considering the time commitment and diligence of the Named Plaintiffs in prosecuting this action on behalf of the class members and is consistent with service awards in similar cases.

18.    Without affecting the Finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Class Member Releasees and the Wells Fargo Releasees for purposes of: (a) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Plan of Allocation, and this Judgment; (b) supervising the distribution of the Gross Settlement Fund and/or the Net Settlement Fund; and (c) resolving any dispute regarding a party's right to terminate pursuant to the terms of the Settlement Agreement.

19.    In the event that the Settlement is terminated or does not become Final in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Settlement Agreement, including with respect to the repayment by Class Counsel of attorneys' fees and Litigation Expenses awarded by the Court, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

20.    There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21.    Therefore, the Motion for Attorney Fees and Costs and Class Representative Service Awards (Doc. No. [670]) and the Motion for Approval of Settlement and Plan of Allocation of Settlement Proceeds (Doc. No. [675]) are **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 18, 2014                s/Donovan W. Frank
                                                     DONOVAN W. FRANK
                                                     United States District Judge

# B

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and ) on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>CORRECTIONS CORPORATION OF )<br>AMERICA, et al., )<br><br>Defendants. ) | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>ORDER AWARDING ATTORNEYS'<br>FEES AND EXPENSES |

This matter having come before the Court on November 8, 2021, on Class Counsel's motion for an award of attorneys' fees and expenses incurred in this action, the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated June 24, 2021 (the "Stipulation"). ECF No. 463.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. The Court hereby awards Class Counsel attorneys' fees of one-third of the Settlement Amount, and litigation expenses in the amount of $1,949,862.24, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees and expenses shall be allocated amongst counsel in a manner which, in Class

Counsel's good faith judgment, reflects each such counsel's contribution to the institution, prosecution and resolution of the Litigation. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method considering, among other things, the following: the highly favorable result achieved for the Class; the contingent nature of Class Counsel's representation; Class Counsel's diligent prosecution of the Litigation; the quality of legal services provided by Class Counsel that produced the Settlement; that the Plaintiff appointed by the Court to represent the Class supports the requested fee; the reaction of the Class to the fee request; and that the awarded fee is in accord with Sixth Circuit precedent.

4.  The awarded attorneys' fees and expenses shall be paid to Class Counsel immediately after the Court executes the Judgment and this Order is executed subject to the terms, conditions and obligations of the Stipulation and in particular ¶6.2 thereof, which terms, conditions and obligations are incorporated herein.

5.  Pursuant to 15 U.S.C. §78u-4(a)(4), Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund, is awarded $17,525 as payment for its time and expenses representing the Class.

IT IS SO ORDERED.

_____
THE HONORABLE ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

C

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | | |
|---|---|---|
| In re MASSEY ENERGY CO. SECURITIES LITIGATION | ) ) ) | Civil Action No. 5:10-cv-00689-ICB |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | The Honorable Irene C. Berger |
| ALL ACTIONS. | ) ) ) | |

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**

On June 4, 2014, a hearing having been held before this Court to determine, among other things, whether and in what amount to award Co-Lead Counsel in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses relating to its representation of the Settlement Class.  All capitalized terms used herein having the meanings as set forth and defined in the Stipulation and Agreement of Settlement (the "Stipulation"), dated as of February 5, 2014.  The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all reasonably identified Persons who purchased or otherwise acquired shares of the common stock of Massey Energy Company during the period between February 1, 2008 and July 27, 2010, inclusive, and who were damaged thereby; and that a summary notice of the hearing, substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 4th day of June, 2014 that:

1.      The Court has jurisdiction over the subject matter of this Action and over all Settling Parties to the Action, including all Settlement Class Members and the Claims Administrator.

2.      Notice of Co-Lead Counsel's application for attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7),

as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and constituted the best notice practicable under the circumstances and due and sufficient notice to all persons and entities entitled thereto.

3.      Co-Lead Counsel is hereby awarded attorneys' fees in the amount of $31,838,168 (or approximately 12% of the Settlement Fund, less the litigation expenses sought by Co-Lead Counsel) and payment of litigation expenses in the amount of $592,549.85, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

4.      The award of attorneys' fees and litigation expenses may be paid to Co-Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

5.      In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Fourth Circuit and found that:

(a)     Through the efforts of Co-Lead Counsel, the Settlement has created a fund of $265,000,000 in cash that returns a significant percentage of the potentially recoverable damages and that numerous Settlement Class Members, who submit eligible Proofs of Claim, will benefit from;

(b)     Co-Lead Counsel and Liaison Counsel have devoted more than 21,800 hours to the Action, with a lodestar value of $11,085,145.50, to achieve the Settlement;

(c)     The Action involves complex and difficult factual and legal issues, and, in the absence of settlement, would involve further lengthy proceedings with uncertain resolution if the case were to proceed to trial;

(d)    Co-Lead Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(e)    Co-Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee award has been contingent on the result achieved;

(f)    The amount of attorneys' fees awarded are fair and reasonable and lower than fee awards approved in cases with similar recoveries;

(g)    Public policy considerations support the requested fee award;

(h)    The requested attorneys' fees were the subject of informed negotiation prior to the Settlement being reached between Labaton Sucharow, on behalf of Co-Lead Counsel, and Lead Plaintiff, a sophisticated institutional investor that was directly involved in the prosecution and resolution of the Action and who has a substantial interest in ensuring that any fees paid to Co-Lead Counsel are duly earned and not excessive; and

(i)    Notice was disseminated to putative Settlement Class Members stating that Co-Lead Counsel would seek an award of attorneys' fees in an amount not to exceed 12.2% of the Settlement Fund, and payment of litigation expenses incurred in connection with the prosecution of the Action in an amount not to exceed $950,000, plus interest, and no Settlement Class Member has filed an objection to the fees and expenses requested by Co-Lead Counsel.

6.    In accordance with the PSLRA, the Court hereby awards Lead Plaintiff reimbursement of the Massachusetts Pension Reserve Investment Management Board's reasonable lost wages and expenses directly related to Lead Plaintiff's representation of the Settlement Class in the amount of $33,889.18.

7.     Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8.     Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all Parties to the Action, including the attorneys' fee award, its payment, and the administration and distribution of the Settlement proceeds to Settlement Class Members.

9.     In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Dated:  June 4, 2014

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

4

# D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| _____ | ) |
| IN RE TRONOX, INC. | ) |
| SECURITIES LITIGATION | ) |
| _____ | ) |
| | ) |
| THIS DOCUMENT RELATES TO | ) |
| ALL CLASS ACTIONS | ) |
| _____ | ) |

Civil Action No. 09-CV-06220-SAS

Electronically filed

### ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came on for hearing on November 19, 2012 (the "Settlement Hearing") on Class Counsel's motion to determine whether and in what amount to award Plaintiffs' Counsel in the above-captioned consolidated class action (the "Action") attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who or which could be identified with reasonable effort, except those persons or entities excluded from the definition of the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated August 3, 2012 (ECF No. 186-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

1

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the application for attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 25 % of the Settlement Fund, which sum the Court finds to be fair and reasonable, and 1,985,000 in reimbursement of Litigation Expenses, which fees and expenses shall be paid to Plaintiffs' Counsel from the Settlement Fund.

5. Lead Plaintiffs LaGrange Capital Partners, LP and LaGrange Capital Partners Offshore Fund, Ltd. are hereby awarded 129,804 23/100 from the Settlement Fund as reimbursement for the reasonable costs and expenses directly related to their representation of the Class.

6. Named Plaintiff The San Antonio Fire and Police Pension Fund is hereby awarded 49,030 from the Settlement Fund as reimbursement for the reasonable costs and expenses directly related to its representation of the Class.

7. Named Plaintiff The Fire and Police Pension Association of Colorado is hereby awarded 15,626 15/100 from the Settlement Fund as reimbursement for the reasonable costs and expenses directly related to its representation of the Class.

2

8. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $37 million in cash that has been funded into an escrow account pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) Copies of the Notice were mailed to over 80,000 potential Class Members or their nominees stating that Class Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $1,985,000, which may include the reasonable costs and expenses of Plaintiffs directly related to the representation of the Class, and there are no objections to the requested award of attorneys' fees or expenses;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The Action involves complex factual and legal issues and was actively prosecuted for three years;

(e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Class may have recovered less or nothing from the Defendants;

(f) Plaintiffs' Counsel devoted over 17,000 hours, with a lodestar value of approximately $8,477,000, to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

3

9.    Pursuant to Paragraph 20 of the Stipulation, Lead Counsel shall have the sole authority to allocate the Court-awarded attorneys' fees amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the prosecution and settlement of the Action.

10.    Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

11.    Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

12.    In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

13.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _26_ day of _November_, 2012.

The Honorable Shira A. Scheindlin
United States District Judge

4

# E

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————— x

LANDMEN PARTNERS INC., Individually :    Civil Action No. 08-cv-03601-HB-FM
and On Behalf of All Others Similarly Situated, :

                     :    CLASS ACTION

          Plaintiff,     :

                     :    FINAL JUDGMENT AND ORDER OF

vs.                 :    DISMISSAL WITH PREJUDICE

                     :

THE BLACKSTONE GROUP L.P., et al., :

                     :

          Defendants.    :

—————————————————— x

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice to the Class ("Notice Order") dated August 30, 2013, on the unopposed application of Lead Plaintiffs for approval of the Settlement set forth in the Settlement Agreement, dated August 28, 2013 ("Stipulation"), and following a hearing on December 18, 2013. Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

3. For purposes of this Judgment, as certified by the Court's August 13, 2013 Order, the Class is defined as all Persons who purchased the common units of The Blackstone Group L.P. ("Blackstone") in Blackstone's initial public offering ("IPO") or in the open market on the New

- 1 -

York Stock Exchange between June 21, 2007 and March 12, 2008, inclusive, and who sustained compensable damages in connection with any such purchase of Blackstone units pursuant to Sections 11 and 15 of the Securities Act of 1933.

Excluded from the Class are: (i) the persons who submitted valid and timely requests for exclusion from the Class, who are listed on Exhibit A hereto; (ii) Defendants; (iii) members of the immediate family of each of the Defendants; (iv) any Person that acted as an underwriter of the IPO; (v) any natural Person who sold Blackstone common units to the public in the IPO or who serves or served as an officer or director of Blackstone or as a partner of any predecessor to Blackstone, the members of the immediate families of any such persons, and any entity in which any of Defendants have or had a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded Person (collectively, "Excluded Persons").

For the avoidance of doubt, the Excluded Persons are excluded from the Class only to the extent they purchased Blackstone common units in the IPO for their own account and not for or on behalf of a third-party customer or for resale to customers. Further, to the extent that any of the Excluded Persons was a statutory "seller" who resold the Blackstone common units to a third-party customer, client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, or purchased Blackstone common units in a fiduciary capacity or otherwise on behalf of any third-party customer, client, account, fund, trust, or employee benefit plan that falls within the Class, the Excluded Person is excluded from the Class but the third-party customer, client, account, fund, trust, or employee benefit plan is not excluded from the Class with respect to such purchases of Blackstone common units.

4.    For purposes of this Judgment, as certified by the Court's August 13, 2013 Order, Lead Plaintiffs Martin Litwin and Francis Brady are Class Representatives, and Lead Counsel

Robbins Geller Rudman & Dowd LLP and Brower Piven, A Professional Corporation, are Class Counsel.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. There are no objections to the proposed Settlement.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Stipulation and herein.

8. Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiffs shall, and each of the Class Members shall, be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

9. Upon the Effective Date hereof, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, Lead Counsel and Abraham Fruchter & Twersky LLP from all claims (including, without

- 3 -

limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action.

10. Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class, and their respective predecessors, successors, agents, representatives, attorneys, and affiliates, and the respective heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

11. Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class, and their respective predecessors, successors, agents, representatives, attorneys, and affiliates, and the respective heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

- 4 -

12.     The Notice of Proposed Settlement of Class Action ("Notice") given to the Class in accordance with the Notice Order, entered on August 30, 2013, was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort, of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, the proposed Plan of Distribution of the proceeds of the Settlement set forth in the Notice, Lead Counsel's application for attorneys' fees and reimbursement of expenses, and Lead Plaintiffs' request for an award of reasonable costs and expenses relating to their representation of the Class, and said Notice and notice procedures fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and the requirements of due process. There are no objections to the Notice and/or notice procedures.

13.     The Court hereby approves the Plan of Distribution as set forth in the Notice as fair and equitable. The Court directs Lead Counsel to proceed with processing Proofs of Claim and the administration of the Settlement pursuant to the terms of the Plan of Distribution and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Class Members, as provided in the Stipulation and the Plan of Distribution.  There are no objections to the Plan of Distribution.

14.     The Court hereby awards Lead Counsel attorneys' fees equal to 33.33% percent of the Settlement Fund (including interest accrued thereon), and litigation expenses in the amount of $1,047,005.77, with interest to accrue thereon at the same rate and for the same periods as has accrued by the Settlement Fund from the date of this Judgment to the date of actual payment of said attorneys' fees and expenses to Lead Counsel as provided in the Stipulation.  The Court finds the amount of attorneys' fees awarded herein are fair and reasonable based on: (a) the work performed

- 5 -

and costs incurred by Lead Counsel; (b) the complexity of the case; (c) the risks undertaken by Lead Counsel and the contingent nature of their employment; (d) the quality of the work performed by Lead Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; (e) awards to successful plaintiffs' counsel in other, similar litigation; (f) the benefits achieved for Class Members through the Settlement; and (g) the absence of any objections from any Class Members to either the application for an award of attorneys' fees or expenses to Lead Counsel.

15. The Court also finds that the requested expenses are proper as the expenses incurred by Lead Counsel, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Class Members. There are no objections to Lead Counsel's application for reimbursement of their expenses.

16. The Court approves payment of $15,000.00 to Lead Plaintiff Martin Litwin for his reasonable time and expenses (including lost wages) relating to their representation of the Class. Such payment shall be paid out of the Settlement Fund. There are no objections to Lead Plaintiff Litwin's application for reimbursement of his costs and expenses.

17. All fees and expenses awarded or allowed in this Judgment shall, except as otherwise expressly provided in the Stipulation, be paid from the Settlement Fund.

18. Lead Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Class Members which, except as expressly provided in the Stipulation, shall be paid from the Settlement Fund.

19. Neither appellate review nor modification of the Plan of Distribution set forth in the Notice, nor any action in regard to the motion by Lead Counsel for attorneys' fees and/or expenses

- 6 -

and the award of costs and expenses to Lead Plaintiffs, shall affect the finality of any other portion of this Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Judgment.

20. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and/or the Released Persons may file the Stipulation and/or this Judgment from this Action in any other action in which they are parties or that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; (d) payment of taxes by the Settlement Fund; (e) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation; and (f) any other matters related to finalizing the Settlement and distribution of proceeds of the Settlement.

22. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement

- 7 -

Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

23.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

24.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

25.     The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED

DATED: Dec 18, 2013

THE HONORABLE HAROLD BAER, JR.
UNITED STATES DISTRICT JUDGE

- 8 -

# EXHIBIT A
## BLACKSTONE: LIST OF EXCLUSIONS

| | Name | City | St | Country | Zip |
|---|---|---|---|---|---|
| 1 | LINA HU | OSHAWA | ON | CA | L1J 7C6 |
| 2 | ESTATE OF ANTHONY J FABEC | WILLOUGHBY HILLS | OH | US | 44094 |
| 3 | WILLIAM PATTERSON | KINGS MOUNTAIN | NC | US | 28086 |
| 4 | MARY ANN SHOTWELL | VIRGILINA | VA | US | 24598 |
| 5 | RICHARD A LEWIS | BULLARD | TX | US | 75757 |
| 6 | JOHN MERCADENTE, JR. | READING | PA | US | 19606 |
| 7 | DOUGLAS BARHORST | SIDNEY | OH | US | 45365 |
| 8 | PATRICIA G NORMAN | KEARNEY | NE | US | 68845 |
| 9 | ESTATE OF RICHARD A NORMAN | KEARNEY | NE | US | 68845 |
| 10 | ROBERT W DUER | ALTA LOMA | CA | US | 91701 |
| 11 | ANIBAL MARRERO | CORAL GABLES | FL | US | 33134 |
| 12 | RUSS D SONNIER | NEW YORK | NY | US | 10150 |
| 13 | MARCUS E & JOANNE R NORTH | VICTORIA | TX | US | 77905 |
| 14 | SUZANNE EMETAROM | WALNUT CREEK | CA | US | 94595 |
| 15 | WILLIAM W & FRANCES E MAIN | ROBERTS | MT | US | 59070 |
| 16 | ANTHONY BRIENZA | COLD SPRING HARBOR | NY | US | 11724 |
| 17 | SHU HAO HUANG | SNOHOMISH | WA | US | 98296 |
| 18 | KENNETH O PARRIS | ATHENS | GA | US | 30604 |
| 19 | DUFF S MCEVERS | LAGUNA NIGUEL | CA | US | 92677 |
| 20 | SHERRIE L FRANTZ | EUGENE | OR | US | 97404 |
| 21 | DEBBIE CRINK | OMAHA | NE | US | 68138 |
| 22 | MARK A SUMMERS | MINNETRISTA | MN | US | 55364 |
| 23 | PAULINE MEYEROWITZ | FT LAUDERDALE | FL | US | 33308 |
| 24 | ANDREW WAHL | SAN FRANCISCO | CA | US | 94115 |

*PRO SE* OFFICE
# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET, ROOM 230
NEW YORK, NEW YORK 10007

**Ruby J. Krajick**
CLERK OF COURT

_____
Date

**Re:** _____ **No.** ____ **Civ.** _____ ( )

Dear Litigant:

Enclosed is a copy of the judgment entered in your case.

Should you disagree with the decision of the district court, you may request that a higher federal court review your case by filing an appeal. You may appeal your case from the Southern District of New York to the United States Court of Appeals for the Second Circuit by filing a "Notice of Appeal" with the *Pro Se* Office. Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure your notice of appeal must be filed within thirty (30) days of the date that the judgment is entered onto the Court's docket, or sixty (60) days if the United States or an officer or agency of the United States is a party.

If you wish to appeal the judgment but you are unable to file your notice of appeal within the required time, you may make a motion for extension of time in accordance with the provisions of Rule 4(a)(5) of the Federal Rules of Appellate Procedure. That rule requires that you show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the *Pro Se* Office no later than sixty (60) days from the date of entry of the judgment, or ninety (90) days if the United States or an officer or agency of the United States is a party.

Please note that the notice of appeal is a one-page document containing your name, a description of the final order or judgment (or part thereof) being appealed, and the name of the court to which the appeal is taken (the Second Circuit). The notice of appeal does <u>not</u> include your reasons or grounds for the appeal. Once your appeal is processed by the district court, your notice of appeal will be sent to the Court of Appeals and a Court of Appeals docket number will be assigned to your case. Once you receive a docket number from the Court of Appeals, all further questions regarding your appeal must be directed to that court.

The filing fee for a notice of appeal is <u>$455</u> payable in cash, by credit card, or by bank check, certified check, or money order, made payable to "Clerk of Court, S.D.N.Y." <u>No personal checks are accepted.</u> If you are unable to pay the $455 filing fee, you may request that the Judge grant you *in forma pauperis* status and waive the appeal fee. You make this request by submitting an application to proceed *in forma pauperis* on appeal with your notice of appeal to the *Pro Se* Office. If the Judge has certified that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), you must submit an application to proceed *in forma pauperis* on appeal even if you have been previously granted *in forma pauperis* status by the district court.

**Ruby J. Krajick**
Clerk of Court

By _____
Deputy Clerk

*Rev. 05/2010*

PRO SE OFFICE
## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET, ROOM 230
NEW YORK, NEW YORK 10007

**Ruby J. Krajick**
CLERK OF COURT

## HOW TO APPEAL YOUR CASE TO THE
## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Should you disagree with the decision of the district court, you may request that a higher federal court review your case by filing an appeal. You may appeal your case from the Southern District of New York to the United States Court of Appeals for the Second Circuit by filing a "Notice of Appeal" with the *Pro Se* Office. Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure your notice of appeal must be filed within thirty (30) days of the date that the judgment is entered onto the Court's docket, or sixty (60) days if the United States or an officer or agency of the United States is a party.

If you wish to appeal the judgment but you are unable to file your notice of appeal within the required time, you may make a motion for extension of time in accordance with the provisions of Rule 4(a)(5) of the Federal Rules of Appellate Procedure. That rule requires that you show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the *Pro Se* Office no later than sixty (60) days from the date of entry of the judgment, or ninety (90) days if the United States or an officer or agency of the United States is a party.

Please note that the notice of appeal is a one-page document containing your name, a description of the final order or judgment (or part thereof) being appealed, and the name of the court to which the appeal is taken (the Second Circuit). The notice of appeal does not include your reasons or grounds for the appeal. Once your appeal is processed by the district court, your notice of appeal will be sent to the Court of Appeals and a Court of Appeals docket number will be assigned to your case. Once you receive a docket number from the Court of Appeals, all further questions regarding your appeal must be directed to that court.

The filing fee for a notice of appeal is $455 payable in cash, by credit card, or by bank check, certified check, or money order, made payable to "Clerk of Court, S.D.N.Y." No personal checks are accepted. If you are unable to pay the $455 filing fee, you may request that the Judge grant you *in forma pauperis* status and waive the appeal fee. You make this request by submitting an application to proceed *in forma pauperis* on appeal with your notice of appeal to the *Pro Se* Office. If the Judge has certified that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), you must submit an application to proceed *in forma pauperis* on appeal even if you have been previously granted *in forma pauperis* status by the district court.

*Rev. 05/2010*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

_____ Civ. _____ (___)(___)

**NOTICE OF APPEAL
IN A CIVIL CASE**

Notice is hereby given that _____
*(party)*

hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment

_____
*(describe the judgment)*

_____

_____

entered in this action on the _____ day of _____, 20_____.
  *(date)*          *(month)*      *(year)*

_____
*Signature*

_____
*Address*

_____
*City, State & Zip Code*

DATED: _____ ____, 20___        (_____)_____-_____
                                        *Telephone Number*

**NOTE:** To take an appeal, this form must be received by the *Pro Se* Office of the Southern District of New York within thirty (30) days of the date on which the judgment was entered, or sixty (60) days if the United States or an officer or agency of the United States is a party.

*Rev. 05/2007*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

-against-

_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

___ Civ. _____ (___) (___)

**REQUEST TO PROCEED**
***IN FORMA PAUPERIS***
**ON APPEAL**

I, _____, *(print or type your name)* am the plaintiff/petitioner in the above entitled case and I hereby request to proceed *in forma pauperis* on appeal and without being required to prepay fees or costs or give security. I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor, and that I believe I am entitled to redress.

The issues I desire to present on appeal are the following:_____

_____
_____
_____
_____

1.  If you are presently employed:
    a) give the name and address of your employer
    b) state the amount of your earnings per month

_____

_____

2.  If you are NOT PRESENTLY EMPLOYED:
    a) state the date of start and termination of your last employment
    b) state your earnings per month
    **YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.**

_____

_____

*Rev. 07/2007*                                           1

3.   Have you received, within the past twelve months, any money from any source? If so, name the source and the amount of money you received.

_____

a) Are you receiving any public benefits?       ☐  No.      ☐  Yes, $_____.

b) Do you receive any income from any other source?  ☐  No.    .   ☐  Yes, $_____.

4.   Do you have any money, including any money in a checking or savings account? If so, how much?

☐  No.        ☐  Yes, $_____.

5.   Do you own any apartment, house, or building, stock, bonds, notes, automobiles or other property? If the answer is yes, describe the property and state its approximate value.

☐  No.        ☐  Yes,    $ _____.

6.   Do you pay for rent or for a mortgage? If so, how much each month?

☐  No.        ☐  Yes,    _____.

7.   List the person(s) that you pay money to support and the amount you pay each month.

_____

_____

8.   State any special financial circumstances which the Court should consider.

_____

_____

_____

_____

*Rev. 07/2007*

I understand that a false statement or answer to any question in this declaration shall subject me to the penalties for perjury.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, _____.
            *date*                 *month*        *year*

_____
                                      *Signature*

**Let the applicant proceed on appeal without prepayment of cost or fees or the necessity of giving security therefor.**

_____
                         United States District Judge

DATED:        _____ ____, 20__

                _____, New York

*Rev. 07/2007*

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

\_\_\_\_ Civ. _____ ( \_\_ )( \_\_ )

- against -

_____

**MOTION FOR AN EXTENSION
OF TIME TO FILE A NOTICE
OF APPEAL**

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

Pursuant to Rule 4(a) (5) of the Federal Rules of Appellate Procedure, _____
                                                                                                                        *(party)*

respectfully requests leave to file the within notice of appeal out of time. _____
                                                                                                                        *(party)*
desires to appeal the judgment in this action entered on _____, but failed to
                                                                                        *(date)*
file a notice of appeal within the required number of days because: *(Explain here the "excusable neglect" or "good
cause" which led to your failure to file a notice of appeal within the required number of days.)*

_____

_____

_____

_____

DATED: _____ ____, 20___

                                                                _____
                                                                *Signature*

                                                                _____
                                                                *Address*

                                                                _____
                                                                *City, State & Zip Code*

                                                                ( _____ ) _ - _____
                                                                *Telephone Number*

**NOTE:** You may use this form, together with a copy of the Notice of Appeal, if you are seeking to appeal a judgment and did not file a copy of the Notice of Appeal within the required time. If you follow this procedure, these forms must be <u>received</u> in the *Pro Se* Office no later than sixty (60) days from the date on which the judgment was entered, or ninety (90) days if the United States or an officer or agency of the United States is a party.

*Rev. 10/2010*

# F

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00456-MOC-DSC

| | | |
|---|---|---|
| MAURINE NIEMAN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CLASS ACTION |
| Vs. | ) | ATTORNEYS' FEES ORDER |
| | ) | |
| DUKE ENERGY CORPORATION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** having come before the Court on August 12, 2015, on the motion of Lead Counsel for an award of attorneys' fees and expenses and Lead Plaintiff's expenses in the litigation, and the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement dated March 5, 2015 (the "Stipulation") and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Settlement Class who have not timely and validly requested exclusion.

3.      The Court hereby awards Lead Counsel attorneys' fees of **18%** of the Settlement Fund, plus expenses in the amount of $191,738.27, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is appropriate and that the amount

1

of fees awarded is fair and reasonable under the "percentage-of-recovery" method after an analysis of relevant factors outlined by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714-717-19 (5th Cir. 1974), which were adopted by the Fourth Circuit in *Barber v. Kimbrell's*, 577 F.2d 216, 226 (4th Cir. 1978). In so doing, the court has considered the objections to the fee award filed by Donald Robert Pierson II and Fiduciary Counselors, Inc. While plaintiffs' counsel requested **24.5%**, the requested lodestar multiplier of 8.75 (which is merely a crosscheck) is far beyond the range courts have found acceptable in other large securities actions. Most courts agree that the typical lodestar multiplier in a large post-PSLRA securities class actions ranges from 1.3 to 4.5. In re Cendant Corp. PRIDES Litigation, 243 F.3d 722 (3rd Cir. 2001). A multiplies of 4.5 would, in the circumstances of this case, be inappropriately too low. Where courts do approve a particularly high multiplier, they have held, as follows:

> the Court is not uncomfortable with deviating from the normal range of lodestar multipliers, at least to some extent. Given the outstanding settlement in this case and the noticeable skill of counsel, a lodestar multiplier greater than the average would not be unwarranted or unprecedented. Indeed, the Court has adopted the percentage approach, and the lodestar cross check is but one of several factors it must consider; it should not unilaterally control the Court's analysis. From the Court's analysis of the previous factors, the Court has found that approximately 18% is a reasonable award, which would yield a lodestar multiplier of six. Though significantly above average, the Court finds this award reasonable under the circumstances.

In re Cardinal Health Inc. Securities Litigations, 528 F.Supp.2d 752, 768 (S.D.Ohio 2007). Even at 18%, the multiplier remains high, but is facially reasonable under the circumstances of this action wherein counsel took substantial risk, results were not assured, the legal issues were difficult, and the class was broad. The amount of the settlement and the efficiency of counsel in reaching such a resolution reinforce an upward variance from a 4.5 multiplier, but not an 8.0 multiplier. Considering all of the arguments presented, the court finds that the work

accomplished in this case -- which was substantial -- is reasonably compensated by an 18% fee when the *Johnson* factors are considered and then crosschecked.

4.      The fees and expenses shall be allocated among plaintiffs' Counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each such counsel's contribution to the institution, prosecution, and resolution of the litigation. Pursuant to 15 U.S.C. §77z-1(a)(4) and 15 U.S.C. §78u-4(a)(4), Lead Plaintiff Amalgamated Bank is awarded $20,612.50 for its representation of the Settlement Class during the litigation.

5.      The awarded attorneys' fees and expenses and interest earned thereon, shall immediately be paid to Lead Counsel subject to the terms, conditions, and obligations of the Stipulation, and in particular ¶¶8.1-8.2 thereof, which terms, conditions, and obligations are incorporated herein.

## ORDER

**IT IS, THEREFORE, ORDERED** that Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses (ECF No. 96) is **GRANTED** attorneys' fees of 18% of the Settlement Fund are **ALLOWED**, plus expenses in the amount of $191,738.27, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. Lead Plaintiff Amalgamated Bank is awarded $20,612.50 for its representation of the Settlement Class during the litigation.

Signed: November 2, 2015

Max O. Cogburn Jr
United States District Judge

3