**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| |
|---|
| IN RE 2U, INC. SECURITIES CLASS ACTION |

Consolidated Case No. 8:19-cv-03455-TDC

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION OF
THE NET PROCEEDS OF THE SETTLEMENT**

WHEREAS, Lead Plaintiff Fiyyaz Pirani ("Lead Plaintiff") and Additional Named Plaintiff Oklahoma City Employee Retirement System ("OCERS" and, with Lead Plaintiff, "Plaintiffs"), individually and on behalf of the Settlement Class, and Defendants 2U, Inc. ("2U"), Christopher J. Paucek, Catherine A. Graham, Harsha Mokkarala, Paul A. Maeder, Robert M. Stavis, Gregory K. Peters, Timothy M. Haley, Valerie B. Jarrett, Earl Lewis, Coretha M. Rushing, Sallie L. Krawcheck, John M. Larson, Edward S. Macias, Mark J. Chernis, Goldman Sachs & Co. LLC, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., Compass Point Research & Trading, LLC, KeyBanc Capital Markets Inc., and Macquarie Capital (USA) Inc. ("Defendants") have entered into the Stipulation and Agreement of Settlement dated May 31, 2022 (the "Stipulation") that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation;

WHEREAS, by Order dated June 23, 2022 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) preliminarily certified the Settlement Class for purposes of this Settlement only; (c) directed that notice of the proposed Settlement be provided to Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, the Court conducted a hearing on December 9, 2022 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and

2

(b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court, having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on June 2, 2022; and (b) the Notice and Summary Notice, each of which were filed with the Court on June 2, 2022.

3.      **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, solely for the purposes of the Settlement, a Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure consisting of all persons and entities that purchased or otherwise acquired the publicly traded common stock of 2U, including shares purchased or acquired pursuant or traceable to 2U's Preliminary Prospectus Supplement dated May 21, 2018 and Prospectus Supplement filed with the U.S. Securities and Exchange Commission on May 23, 2018, which are part of the Registration Statement on Form S-3 ("2U Securities"), during the period of time from February 26, 2018 through July 30, 2019, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of 2U; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and

affiliates of 2U and the directors and officers of 2U and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Settlement Class; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's Motion for an Award of Attorneys' Fees,  Payment of Litigation Expenses, and Reimbursement to Plaintiffs; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's Motion for an Award of Attorneys' Fees,  Payment of Litigation Expenses, and Reimbursement to Plaintiffs; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Fairness

Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.

6.    **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7.    **Objections** – The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.  The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.

8.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), having considered and found that:

(a)    Plaintiffs and Lead Counsel have adequately represented the Class;

(b)    the proposal was negotiated at arm's length between experienced counsel;

(c)    the relief provided for the Settlement Class is adequate, having taken into account:

(1)    the costs, risks, and delay of motion practice, trial and appeal;

5

(2)     the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; and

(3)     the terms of any proposed award of attorney's fees, including timing of payment; and

(d)     the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

9.     Accordingly, the Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10.     The Action and all of the claims asserted therein, as well as all of the Released Claims, are hereby dismissed with prejudice as against Defendants and the Releasees. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

11.     **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

12.     **<u>Releases and Bars</u>** – The Releases set forth in paragraphs 4 through 8 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Plaintiffs' Releasees and each of the other Settlement Class Members (whether or not such person submitted a Claim Form), on behalf of themselves, and their

respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment or Alternative Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including, without limitation, any Unknown Claims) against any and all of Defendants' Releasees, and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

(b)        Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Defendants' Releasees, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

13.    Notwithstanding paragraphs 12(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

15.    **No Admissions** – Neither this Judgment, the MOU, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against or to the prejudice of any of the Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs and the Settlement Class, or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or

8

proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      shall be offered or received against or to the prejudice of Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable in this Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(c)      shall be offered or received against or to the prejudice of any of the Defendants' Releasees, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any other reason against or to the prejudice of any of the Defendants' Releasees, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(d)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate

the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

16.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion to approve the Settlement Class Distribution Order; and (d) the Settlement Class Members for all matters relating to the Action.

17.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

18.    **Plan of Allocation** – The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

19.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, Class Members, and Defendants, and the Parties shall be

deemed to have reverted *nunc pro tunc* to their respective positions in the Action as of the date immediately prior to the execution of the MOU on April 28, 2022.  Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes and Tax Expenses paid, due, or owing, shall be returned to 2U (or such other persons or entities as 2U may direct), in accordance with the Stipulation.

20.    **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.


IT IS SO ORDERED.

DATED:  _____     _____
                                                         THE HONORABLE THEODORE D. CHUANG
                                                         UNITED STATES DISTRICT JUDGE