## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE 2U, INC. SECURITIES CLASS ACTION | Consolidated Case No. 8:19-cv-03455-TDC |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF (I) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION OF THE NET PROCEEDS OF THE SETTLEMENT AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES, PAYMENT OF <u>LITIGATION EXPENSES, AND REIMBURSEMENT TO PLAINTIFFS</u>**

**TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 4

I.     THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL
OF THE SETTLEMENT AND THE PLAN OF ALLOCATION. ........................ 4

II.    THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL
OF THE REQUESTED ATTORNEYS' FEES AND EXPENSES. ....................... 6

III.   2U'S FINANCIAL CONDITION HAS CONTINUED TO DETERIORATE. ..... 6

IV.   CONCLUSION .................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Feinberg v. T. Rowe Price Grp., Inc.*,
    No. CV JKB-17-0427, 2022 WL 2529545 (D. Md. July 6, 2022) .......................................5, 6

*Galloway v. Williams*,
    No. 3:19-cv-470, 2020 WL 7482191 (E.D. Va. Dec. 18, 2020)................................................5

*In re Citigroup Inc. Sec. Litig.*,
    965 F. Supp. 2d 369 (S.D.N.Y. 2013).....................................................................................6

*In re Genworth Fin. Sec. Litig.*,
    210 F. Supp. 3d 837 (E.D. Va. 2016) ..................................................................................5, 6

*In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg. Sales Pracs.*,
    No. 1:15-md-2627, 2018 WL 11203065 (E.D. Va. Oct. 9, 2018), *aff'd*, 952
    F.3d 471 (4th Cir. 2020) ........................................................................................................5

*In re MicroStrategy, Inc. Sec. Litig.*,
    148 F. Supp. 2d 654 (E.D. Va. 2001) ....................................................................................5

*In re The Mills Corp. Sec. Litig.*,
    265 F.R.D. 246 (E.D. Va. 2009) .....................................................................................4, 5, 6

*Phillips v. Triad Guar., Inc.*,
    No. 1:09CV71, 2016 WL 1175152 (M.D.N.C. Mar. 23, 2016) ...............................................6

Plaintiffs and Lead Counsel respectfully submit this reply memorandum of law in support of (1) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation of the Net Proceeds of the Settlement (ECF No. 239), and (2) Lead Counsel's Motion for an Award of Attorneys' Fees, Payment of Litigation Expenses, and Reimbursement to Plaintiffs (ECF No. 241).[1]

## INTRODUCTION

On June 23, 2022, the Court entered an order preliminarily approving the Settlement and approving the proposed forms and methods of providing notice to the Settlement Class. ECF No. 229 (the "Preliminary Approval Order").  Pursuant to the Preliminary Approval Order, on July 1, 2022, the Court-appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), mailed the Notice Packet (i.e., the Notice and the Claim Form) to all shareholders of record identified by 2U's transfer agent.  *See* Declaration of Bradford Amann Regarding: (A) Mailing of the Notice and Proof of Claim; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion ("Mailing Decl.") (ECF No. 243-3), at ¶¶ 4, 6-7.  Because most Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name," Epiq also mailed the Notice Packet to its proprietary list of the largest and most common banks, brokers and other nominees on that same day, July 1, 2022.  *Id.* at ¶¶ 5-7. In addition, pursuant to the Preliminary Approval Order, the Summary Notice was published in *Investor's Business Daily* and transmitted over the internet via *PR Newswire* on July 11, 2022.

---

[1] "Plaintiffs" means Lead Plaintiff Fiyyaz Pirani ("Pirani" or "Lead Plaintiff") and Additional Named Plaintiff Oklahoma City Employee Retirement System ("OCERS" or "Additional Named Plaintiff").  "Lead Counsel" means Pomerantz LLP ("Pomerantz"), and "Plaintiffs' Counsel" means Pomerantz, Labaton Sucharow LLP ("Labaton"), Bronstein Gewirtz & Grossman LLP, and Goldman & Minton, P.C. ("G&M").  All capitalized terms used and not otherwise defined in this Memorandum have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 31, 2022 (the "Stipulation" or "Settlement"), previously filed with the Court (ECF No. 224-3).

1

*Id.* at ¶ 14.  The Notice and Claim Form were also posted, for review and downloading, on a website established and maintained by Epiq for purposes of the Settlement.  *Id.* at ¶ 17.

The Notice requested that nominees who purchased or otherwise acquired 2U Securities during the Class Period for the beneficial interest of a person or entity other than themselves to either: (i) within ten calendar days of receipt of the Notice, request sufficient copies of the Notice Packet to forward to all such beneficial owners and with ten calendar days of receipt of these Notice Packets to forward to all such beneficial owners; or (ii) within ten calendar days of receipt of the Notice, provide a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to Epiq.  *Id.* at ¶ 8.

Thereafter, Epiq received, and timely responded to, requests from nominees for additional unaddressed copies of the Notice Packet and for Notice Packets to be mailed directly by Epiq to potential Settlement Class Members identified by the nominee.  *Id.* at ¶ 9.  Through October 27, 2022, Epiq mailed an additional 30,559 copies of the Notice Packet to potential members of the Class whose names and addresses were received from individuals or nominees, and mailed another 14,050 Notice Packets to nominees who requested Notice Packets to forward to their customers.  *Id.* at ¶ 9.  As of November 23, 2022, Epiq has mailed 45,754 copies of the Notice Packet to potential Settlement Class Members. *See* Supplemental Declaration of Bradford Amann Regarding Notice Dissemination and Requests for Exclusion and Objections Received to Date, at ¶ 3 ("Supplemental Mailing Decl."), filed simultaneously herewith.  980 Notice Packets have been returned by the United States Postal Service as undelivered as addressed, 167 of which were promptly sent to forwarding addresses.  *Id*. at ¶ 4.  Further, as of November 25, 2022, the website Epiq established and maintains for this Settlement has received 2,738 visits.  *Id.* at ¶ 5.

2

The Notice described, *inter alia*, the terms of the Settlement, the maximum amounts that would be sought in attorneys' fees and expenses, the Plan of Allocation, the right to object to the Settlement and the request for attorneys' fees and expenses, and the right to seek to be excluded from the Settlement Class. *See generally* Mailing Decl., Ex. A. The Notice also gave the deadlines for objecting, seeking exclusion, and submitting claims, and advised potential Settlement Class Members of the scheduled Settlement Fairness Hearing before this Court. *Id.* The deadline to object to the Settlement was November 10, 2022. *Id.* at 3. The deadline to request exclusion from the Settlement Class was November 18, 2022. *Id.*

In response to the dissemination of over 45,000 Notice Packets to potential Settlement Class Members, there have been no objections to the Settlement or the Plan of Allocation and no objections to Lead Counsel's motion for attorneys' fees and expenses. Supplemental Mailing Decl. at ¶ 9. Moreover, the Claims Administrator received only two requests for exclusion, concerning a total of only 54 shares out of the more than 50 million shares outstanding during the Settlement Class Period. *Id.* at ¶ 8 and Ex. A thereto; *see also* Expert Report of Matthew D. Cain, PHD dated December 3, 2021 (ECF No. 210-4) at 25-26 and n.61 (the number of 2U shares outstanding during the Settlement Class Period ranged from 52.7 million to 63.3 million). These two requests for exclusion are identified in Exhibit 1 to the [Proposed] Final Judgment and Order of Dismissal with Prejudice, filed simultaneously herewith.

By contrast to the lack of objections and small number of exclusion requests, over 15,000 claims have been received by Epiq. Supplemental Mailing Decl. at ¶ 6. This response rate indicates a high level of participation by the Settlement Class. *Id.* at ¶ 7. Though Epiq has not completed its review of these claims (which usually involves requesting additional documentation and information from claimants), Epiq preliminarily estimates that it has received

3

valid claims representing approximately 85 million shares and $1.5 billion in Recognized Losses. *Id.* at ¶ 6.  This amount of Recognized Losses compares favorably with the classwide damages estimate of up to $1.54 billion (*see* ECF No. 243, ¶ 70), indicating a high percentage of participation by the Settlement Class.  *Id.* at ¶ 7.

Plaintiffs and Lead Counsel respectfully submit that the reaction of the Settlement Class strongly supports approval of both Motions.

## ARGUMENT

I.    **THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT AND THE PLAN OF ALLOCATION.**

As set forth in Plaintiffs' opening papers (*see* ECF No. 308), "the degree of opposition to the settlement" is a factor to be considered in connection with the adequacy of a proposed class action settlement. *In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 257 (E.D. Va. 2009) ("[t]he final *Jiffy Lube* 'adequacy' factor looks to the reaction of the Class to the proposed settlement"). Indeed, "[t]he opinion of class members concerning the settlement is perhaps the most significant factor to be weighed in considering its adequacy." *In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg. Sales Pracs.*, No. 1:15-md-2627, 2018 WL 11203065, at *6 (E.D. Va. Oct. 9, 2018), *aff'd*, 952 F.3d 471 (4th Cir. 2020).[2]

The Settlement Class has overwhelmingly accepted the Settlement.  "[N]otice was issued in the manner outlined in the preliminary approval order, [] and was reasonably calculated to afford interested parties an opportunity to present their objections."  *Feinberg v. T. Rowe Price Grp., Inc.*, No. CV JKB-17-0427, 2022 WL 2529545, at *3 (D. Md. July 6, 2022).  In response to such notice, no Settlement Class Members have objected to the Settlement, and only two have requested exclusion from the Settlement Class.  Supplemental Mailing Decl., at ¶¶ 8-9.  This

---

[2] Unless otherwise noted, all emphasis in quotations is added, and internal quotation marks, citations, and footnotes are omitted.

reaction is strong evidence that the Settlement is fair, adequate, and in the best interests of the Settlement Class. *See, e.g.*, *Feinberg*, 2022 WL 2529545, at \*6; *see also Galloway v. Williams*, No. 3:19-cv-470, 2020 WL 7482191, at \*9 (E.D. Va. Dec. 18, 2020) ("A lack of objections suggests that the Settlement is indeed adequate."); *In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 842 (E.D. Va. 2016) ("A lack of objections to settlement by class members and opt-outs from the class demonstrates low opposition and weighs in favor of approving a settlement."); *Mills*, 265 F.R.D. at 257 ("an absence of objections and a small number of opt-outs weighs significantly in favor of the settlement's adequacy"); *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 668 (E.D. Va. 2001) ("[T]he lack here of any objections to the partial settlement and the small number of class members choosing to opt-out of the case strongly compel a finding of adequacy[.]").

Furthermore, no institutional investors—sophisticated investors with the resources to carefully evaluate the Settlement and object or opt out if they find it appropriate—have objected to the Settlement or requested to be excluded from the Settlement Class. This further supports approval of the Settlement. *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any of the institutional investors" supported settlement).

Similarly, the fact that there are no objections to the proposed Plan of Allocation provides strong support for the plan. *See Phillips v. Triad Guar., Inc.*, No. 1:09CV71, 2016 WL 1175152, at \*4 (M.D.N.C. Mar. 23, 2016) ("The allocation of the settlement proceeds, as well as the lack of objection to the Plan of Allocation, lead the Court to find that the Plan of Allocation is fair and adequate."); *Mills*, 265 F.R.D. at 260 (approving plan of allocation as fair, reasonable, and adequate where there was one objection).

## II.   THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE REQUESTED ATTORNEYS' FEES AND EXPENSES.

No Settlement Class Members have objected to Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses.  The fact that there have been no objections is strong evidence that the requested amount of fees and expenses is reasonable. *See, e.g., Feinberg*, 2022 WL 2529545, at *8 ("[T]hat no class members have objected—either to the proposed settlement as a whole or to the requested fees—confirms that, from the class members' perspective, counsel has achieved a good result and the fees are reasonable."); *Genworth*, 210 F. Supp. 3d at 844 ("A lack of objections by class members as to fees requested by counsel weighs in favor of the reasonableness of the fees."); *Mills*, 265 F.R.D. at 261 ("Further indicating the Class'[s] approval of the result realized by this Settlement, of the one hundred twenty-eight thousand potential class members, only two filed objections to the proposed fee and expense awards.").

Furthermore, though the Notice informed Settlement Class Members that Lead Counsel may seek up to $425,000 in litigation expenses, Lead Counsel has requested only $198,380.16 (plus accrued interest).

In addition, though the Notice stated that Lead Counsel may apply for awards to Plaintiffs in connection with their representation of the Settlement Class in an amount not to exceed $60,000, combined, Lead Counsel has requested only $35,121.65, in total, to reimburse Plaintiffs for their time representing the Settlement Class in this action.

## III.   2U'S FINANCIAL CONDITION HAS CONTINUED TO DETERIORATE.

As detailed in Plaintiffs' opening papers seeking final approval of the Settlement, 2U's financial condition has deteriorated significantly since the Class Period.  *See* ECF No. 243, ¶ 62. This trend has continued after Plaintiffs filed those papers: 2U reported $170 million of cash and

cash equivalents as of September 30, 2022—a decline of $50 million in only three months.[3] 2U's financial trajectory since the Class Period provides powerful evidence that the Settlement constitutes a major achievement for the Settlement Class.

## IV.    CONCLUSION

For the reasons discussed above and in the opening papers seeking final approval and approval of the requested attorneys' fees, litigation expenses, and PSLRA awards to Plaintiffs (ECF Nos. 239-243), Plaintiffs and Plaintiffs' Counsel respectfully request that the Court: (1) grant final approval of the Settlement; (2) award Lead Counsel 33.4% of the Settlement Amount, or $12,358,000, as attorneys' fees, plus accrued interest; (3) award litigation expenses incurred by Plaintiffs' Counsel in the amount of $198,380.16, plus accrued interest; and (4) grant Plaintiffs Fiyyaz Pirani and Oklahoma City Employee Retirement System awards of $30,000 and $5,121.65, respectively.

Plaintiffs and Plaintiffs' Counsel respectfully request that the Court enter the [Proposed] Final Judgment and Order of Dismissal with Prejudice, filed simultaneously herewith, which supersedes the proposed orders submitted on October 31, 2022 (ECF No. 245 and 246).

---

[3] 2U, Inc., Quarterly Report for period ending September 30, 2022 (Form 10-Q), filed November 7, 2022, at 4 (available at
https://www.sec.gov/ix?doc=/Archives/edgar/data/1459417/000145941722000026/twou-20220930.htm); 2U, Inc., Quarterly Report for period ending June 30, 2022 (Form 10-Q), filed July 28, 2022, at 4 (available at
https://www.sec.gov/ix?doc=/Archives/edgar/data/1459417/000145941722000021/twou-20220630.htm).

DATED: November 25, 2022                    Respectfully submitted,


**POMERANTZ LLP**

*By:* /s/ *Jeremy. A. Lieberman*

Jeremy A. Lieberman (admitted *pro hac vice*)
Emma Gilmore (admitted *pro hac vice*)
Villi Shteyn (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
egilmore@pomlaw.com
vshteyn@pomlaw.com

*Counsel for Lead Plaintiff Fiyyaz Pirani and Lead Counsel for the Class*

**GOLDMAN & MINTON, P.C.**

Thomas J. Minton – No. 03370
3600 Clipper Mill Rd., Suite 201
Baltimore, MD 21211
Telephone: (410) 783-7575
Facsimile: (410) 783–1711
Email: tminton@charmcitylegal.com

*Counsel for Lead Plaintiff Fiyyaz Pirani*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Counsel for Lead Plaintiff Fiyyaz Pirani*

**LABATON SUCHAROW LLP**

James W. Johnson (admitted *pro hac vice*)

8

Michael H. Rogers (admitted *pro hac vice*)
Lara Goldstone (admitted *pro hac vice*)
James T. Christie (admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
jjohnson@labaton.com
mrogers@labaton.com
lgoldstone@labaton.com
jchristie@labaton.com

*Counsel for Additional Named Plaintiff*
*Oklahoma City Employee Retirement System*

9

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2022, I caused the foregoing to be electronically filed with the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all registered users.

By: */s/ Jeremy. A. Lieberman*
Jeremy A. Lieberman