## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

IN RE 2U, INC.
SECURITIES CLASS ACTION

Civil Action Nos. TDC-19-3455
TDC-20-1006

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

On the 9th day of December, 2022, this matter came before the Court for hearing pursuant

to the Order of this Court, dated June 23, 2022, on the application of the Parties for approval of

the Settlement set forth in the Stipulation and Agreement of Settlement dated May 31, 2022 (the

"Stipulation"). Due and adequate notice having been given to the Settlement Class as required in

the Order, the Court having considered all papers filed and proceedings held herein and otherwise

being fully informed of the premises and good cause appearing therefore, and for the reasons stated

on the record at the hearing on December 9, 2022, IT IS HEREBY ORDERED, ADJUDGED

AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all

terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise

stated herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties

to the Action, including all members of the Settlement Class.

3.      Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby

approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the

Settlement Class, the complexity and expense of further litigation, the risks of establishing liability

and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that:

(a)     Plaintiffs and Lead Counsel have adequately represented the Settlement Class;

(b)     the proposal was negotiated at arm's-length between experienced counsel;

(c)     the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(d)     the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

4.     Accordingly, the Settlement is hereby approved in all respects and the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those persons or entities who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1 hereto), the Action and all claims contained therein are dismissed with prejudice as to the Plaintiffs and the other Settlement Class Members, and as against each and all of the Defendants' Releasees. The Parties are to bear their own costs except as otherwise provided in the Stipulation.

5.     No person or entity shall have any claim against Plaintiffs, the Settlement Class, Plaintiffs' Counsel, Defendants' Releasees, Defendants' Counsel, or the Claims Administrator

based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

6.     Upon the Effective Date, Plaintiffs' Releasees and each of the other Settlement Class Members (whether or not such person submitted a Claim Form), on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment or Alternative Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including, without limitation, any Unknown Claims) against any and all of Defendants' Releasees, and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

7.     Upon the Effective Date, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against

3

Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

8.     The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who purchased or otherwise acquired 2U Securities between February 26, 2018 through July 30, 2019, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of 2U; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of 2U and the directors and officers of 2U and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Settlement Class; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto, who are excluded from the Settlement Class pursuant to request.

9.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel Pomerantz LLP as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action

4

and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

10.    The distribution of the Notice and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons or entities entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Judgment, except those persons or entities listed on Exhibit 1 to this Judgment.

11.    Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect the remainder of this Judgment and shall be considered separate from remainder of this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Litigation.

5

12.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim or of any wrongdoing, fault, or liability of or damages caused by the Defendants' Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, liability, or omission of or damages caused by any of the Defendants' Releasees; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted in the Action were not valid or that the amount recoverable was not greater than the Settlement Amount in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. A Defendants' Releasee may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

14.     The Court finds that during the course of the Action, Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement

Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. The Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. Lead Counsel (1) is awarded attorneys' fees in the amount of 33.4% of the Settlement Amount, or $12,358,000, plus interest at the same rate and for the same periods as earned by the Settlement Fund (until paid), and (2) expenses in the amount of $198,380.16, plus interest at the same rate and for the same periods as earned by the Settlement Fund (until paid). Such amounts are to be paid out of the Settlement Fund immediately upon entry of this Order, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund or (if the Settlement is vacated or modified) to 2U, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the award of attorneys' fees, Litigation Expenses, or reasonable costs or expenses to Plaintiffs is reduced or reversed and such order reducing or reversing the award has become Final, or the Judgment, or Alternative Judgment, approving the Settlement is vacated or modified. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among itself, Labaton Sucharow LLP, Goldman & Minton P.C., and Bronstein, Gewirtz & Grossman, LLC in

7

the manner in which Lead Counsel in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action. In the event that this Judgment does not become Final, and any portion of the fee and expense award has already been paid from the Settlement Fund, Lead Counsel and all other counsel to whom Lead Counsel has distributed payments shall within thirty (30) calendar days of (i) entry of the order rendering the Settlement and Judgment non-Final, (ii) receiving from 2U's Counsel notice of the termination of the Settlement; (iii) any order reducing or reversing the award of attorneys' fees, Litigation Expenses, or reasonable costs or expenses to Plaintiffs has become Final, or (iv) the occurrence of any other event that precludes the Effective Date from occurring, refund the Settlement Fund the fee and expense award paid to Lead Counsel and, if applicable, distributed to other counsel.

19.     Lead Plaintiff Fiyyaz Pirani is awarded $30,000 and Additional Named Plaintiff Oklahoma City Employee Retirement System is awarded $5,121.65 for their reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), with such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

20.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

21.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

Accordingly, it is hereby ORDERED that:

1.  Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation of the Net Proceeds of the Settlement, ECF No. 239, is GRANTED.

2.  Lead Counsel's Motion for Attorney's Fees, Payment of Litigation Expenses, and Reimbursement to Plaintiffs, ECF No. 241, is GRANTED.

3. Final Judgment is entered and this case is DISMISSED WITH PREJUDICE.

Date:  December 9, 2022

THEODORE D. CHUANG
United States District Judge

## **EXHIBIT 1**

| # | Name/Account | City | State/Country |
|---|---|---|---|
| 1 | David R. Downey | Burleson | Texas |
| 2 | Ronald Dong | Emeryville | California |